BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
JAMIESON N. POE, ESQ.
Nevada Bar No. 008228
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-17
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*email: admin@sdlawoffice.net*

Attorneys for Sumitomo Rubber Industries, Ltd. and
Sumitomo Rubber North America, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased, | CASE NO.<br><br>**NOTICE OF REMOVAL** |
| Plaintiffs, | |
| vs. | |
| SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive, | |
| Defendants. | |

### DEFENDANTS SUMITOMO RUBBER INDUSTRIES, LTD' AND SUMITOMO RUBBER NORTH AMERICA, INC.'S NOTICE OF REMOVAL

COMES NOW Defendants SUMITOMO RUBBER INDUSTRIES, LTD. (hereinafter "SRI") and SUMITOMO RUBBER NORTH AMERICA, INC. (hereinafter "SRNA"), by and through its

counsel, the law firm of STEPHENSON & DICKINSON, P.C., hereby submits this Notice of Removal of Action to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446.

Removal is appropriate pursuant to 28 U.S.C. § 1446(b) because this Court has original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332; the matter in controversy exceeds the $75,000.00 requirements of § 1332 as based upon Plaintiffs' alleged damages, exclusive interests and costs; and diversity jurisdiction exists between Plaintiffs and Defendants, on the following grounds:

## I.      NOTICE OF REMOVAL

**A)      Factual Background:**

1.   Plaintiffs MARIA A. PEREZ-SANCHEZ, individually, and as surviving mother of LUIS ANTONIO MARTINEZ-PEREZ, deceased; and ANDREA A. AVILA-PEREZ, as surviving mother of IKER AXEL GARCIA-AVILA, deceased (hereinafter collectively, "Plaintiffs") filed a Complaint demanding a right to trial by jury and naming several defendants, including SRI; SRNA; Sumitomo Rubber (Thailand) Co., Ltd.; Tire Xpress, Inc.; and does one through twenty.   Copies of all pleadings, process, or orders served upon Defendant are attached to this Notice as Exhibit "A" as required by 28 U.S.C. § 1446(a); See *Plaintiffs' September 12, 2017 Complaint* attached hereto as Exhibit B.

2. The action arises from Plaintiffs' alleged motor vehicle accident in Yavapai County, Arizona on December 13, 2015, in which Plaintiff MARIA A. PEREZ-SANCHEZ alleged that she was injured and minors, LUIS ANTONIO MARTINEZ-PEREZ and IKER AXEL GARCIA-AVILA, were killed due to a tire failure. See *Plaintiffs' First Amended Complaint* attached hereto as Exhibit C at ¶16.   Plaintiffs further allege that the Sumitomo Defendants designed, distributed and manufactured the tire, and Tire Xpress sold and installed the tire.   Exhibit C at ¶ 7, 8, 9 and 19.

**B)      Diversity Jurisdiction – Amount in Controversy**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based upon diversity, as the amount in controversy exceeds $75,000.00, and all the Plaintiffs are diverse from all real Defendants in this matter.

4. Plaintiffs allege that they seek damages in an amount greater than $75,000.00 (the sum of Plaintiffs' general and special damages each in an amount in excess of fifty-thousand dollars and all pure economic loss in an amount in excess of fifty-thousand dollars is $100,000.00).  Exhibit C at ¶ 23, 62, 63, 67, 71 and Plaintiffs' prayer for relief.  Moreover, two persons were killed in the accident and the damages of the heirs and estates also exceed $75,000.00.

5. Furthermore, Plaintiffs also disclosed that their initial computation of damages in what appears to be Plaintiff Maria A. Perez-Sanchez's medical expenses to date, February 27, 2108, were in the amount of $312,039.81.  See *Plaintiffs' NRCP 16.1 Initial Disclosures* attached hereto as Exhibit D at pg.6.  Thus, the amount in controversy requirement for diversity jurisdiction has been met on the face of the Plaintiffs' pleadings.

**C)      Diversity Jurisdiction – Plaintiffs are Diverse from all Sumitomo Defendants**

5. In the First Amended Complaint, Plaintiffs acknowledge that they are residents of the State of Nevada.  Exhibit C at ¶ 3-6.  Thus, the requirements of diversity jurisdiction are met if none of the remaining Defendants, who have not been improperly joined, are not incorporated in Nevada and do not maintain principal places of business in Nevada.  See 28 U.S.C. § 1332.

6. In the Clark County District Court litigation (A-17-761291-C), the Parties agreed with the Court's approval *via Stipulation and Order Granting Leave to Change the Case Caption* to dismiss certain named defendants, whereby the remaining parties to this litigation were:

A) Plaintiffs;

B) SRI;

C) SRNA;

D) Sumitomo Rubber (Thailand) Co., Ltd.; and

E) Tire Xpress, Inc.

See t*he January 8, 2018, Court approved Stipulation and Order Granting Leave to Change the Case Caption* attached hereto as Exhibit E; Exhibit C.

7. As set forth in the *Plaintiffs' First Amended Complaint*, the Sumitomo defendants including SRI and SRNA are not located in Nevada, nor organized under Nevada law.  Exhibit C at ¶ 7, 8 and 9.

8.   Accordingly, all of the Plaintiffs are diverse from all of the remaining Sumitomo Defendants, which include SRI, SRNA and SRT.

**D)      Diversity Jurisdiction – Plaintiffs Fail to State a Claim Against Tire Xpress, Inc.**

9.   Defendant Tire Xpress, Inc. is a Nevada Corporation.  Exhibit C at ¶ 10.

10. Plaintiffs allege that their Falken Sincera SN828 size 195/70R14 91T, DOT R8J93KFR1112 tire had failed causing their alleged claims, which was allegedly purchased from and installed by Tire Xpress, Inc.  Exhibit C at ¶ 19.  As such, the Plaintiffs allege certain causes of action against Tire Xpress, Inc. for strict liability, negligence, wrongful death, personal injury, and negligent infliction of emotional distress.  Exhibit C.

11.    The parties began discovery in this case, and on June 20, 2018, Tire Xpress, Inc., filed its *Answers to Plaintiff Maria A. Perez-Sanchez' First Set of Interrogatories*, under oath, which provided in pertinent part:

**INTERROGATORY NO. 1:**

Please describe the role placed by You in selling and installing the Failed Tire.

**RESPONSE TO INTERROGATORY NO.1:**

Defendant objects to this Interrogatory as it assumes facts that have not been established and are disputed.  Subject to and without waiving said objections, Defendant responds as follows: Defendant did not sell or install the Falken Sincera SN828 Tire that Plaintiff alleges to have failed.

See *Defendant Tire Xpress, Inc.'s Answers to Plaintiff Maria A. Perez-Sanchez' First Set of Interrogatories* attached hereto as Exhibit F at No.1.

12.  Likewise, all of the other pertinent answers provided for by Tire Xpress, Inc., under oath, also denied selling the tire to Plaintiffs or the installation of the tire on Plaintiffs' vehicle.  Exhibit F at Nos. 2–3, 5-8, and 16.

13.    The doctrine of improper joinder prevents the Plaintiffs from defeating diversity jurisdiction by naming this non-diverse party.  See *Richey v. Upjohn Drug Co.,* 139 (F.3d 1313, 1318 (9th Cir. 1998); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. at 97, 42 S.Ct. at 37 ("a removing

1  defendant could submit facts showing that a resident defendant had 'no real connection with the

2  controversy.'").[1]

3      14.  A removing defendant may establish improper joinder by showing either: 1) actual fraud

4  in the jurisdictional facts presented to the court; 2) the plaintiffs have no valid cause of action against

5  the non-diverse defendant; or, 3) the claims against the non-diverse or local defendant have no real

6  connection to the claims against the other defendants.  The test for this second prong is "whether the

7  defendant has demonstrated that there is no possibility of recovery by the plaintiffs against the in-

8  state defendant, which stated differently means that there is no reasonable basis for the district court

9  to predict that the plaintiff might be able to recover against the in-state defendant".  *Smallwood v. Ill.*

10  *Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

11      15.  In this case, Plaintiffs allege Tire Xpress, Inc. was liable to them for selling and installing

12  the tire in question, but such allegations are not true.  *See* Exhibit C and compare to Exhibit E, at

13  Nos. 1, 2–3, 5-8, and 16.

14      16.  As such, Plaintiffs do not have sufficient allegations to state a claim against

15  Tire Xpress, Inc., and the Court may conclude that Plaintiffs do not state viable causes of action

16  against Tire Xpress, Inc., who is a fraudulent defendant and has no real connection with the

17  controversy (it did not install, nor sell the tire in question).  *See Richey v. Upjohn Drug Co., 139*

18  *(F.3d 1313, 1318 (9th Cir. 1998); Wilson v. Republic Iron & Steel Co., 257 U.S. at 97, 42 S.Ct. at 37*

19  *("a removing defendant could submit facts showing that a resident defendant had 'no real*

20  *connection with the controversy.'"); Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1426–*

21  *27 (9th Cir.1989) (joinder fraudulent where no cause of action could be stated); Gasnik v. State*

22  *Farm Ins. Co., 825 F.Supp. 245, 247 (E.D.Cal.1992) (joinder fraudulent where no cause of action*

23  *could be stated).*  Therefore, the Court should conclude that all of the Plaintiffs are diverse from all

24  of the real Defendants.  See 28 U.S.C. § 1332.

25  / / /

26  / / /

27

28

---

[1] Defendants who sought removal to the federal court are entitled to present the facts showing the joinder of resident Tire Xpress, Inc. to be fraudulent.  See *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

**E)** **Removal is Timely**

17. Tire Xpress, Inc. filed its *Answers to the to the Plaintiff Maria A. Perez-Sanchez' First Set of Interrogatories* on June 20, 2018. See Exhibit E. Accordingly, removal is timely as it is being filed within thirty (30) days of the date that SRI and SRNA received *Tire Xpress, Inc.'s Answers*. *See* 28 U.S.C. § 1446(b).

18. All fees required by law in connection with this Notice have been filed by Defendant at the time of filing or any deficiency will be cured immediately as allowed by the Court.

19. Tire Xpress, Inc. consents to this removal.

**F)** **Consent to Removal is not Needed by the Remaining Real Defendants**

19. Defendant Sumitomo Rubber (Thailand) Co., Inc. has not been served in this lawsuit and Defendants does one through twenty and Tire Xpress, Inc. are not real defendants as set forth above. Accordingly, their consent to removal is not required.

## II.   CONCLUSION/PRAYER FOR RELIEF

WHEREFORE, Defendants Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc. remove the above-captioned action to the United States District Court for the District of Nevada.

DATED this _12_ day of July, 2018.

STEPHENSON & DICKINSON, P.C.

By: _____
BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
JAMIESON N. POE, ESQ.
Nevada Bar No. 008228
2820 West Charleston Boulevard, Suite B-17
Las Vegas, Nevada 89102
P: (702) 474-7229
F: (702) 474-7237
*Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b), I hereby certify that I am an employee of STEPHENSON &

DICKINSON and that on this 12th day of July, 2018, I caused to be served a copy of the foregoing:

DEFENDANTS SUMITOMO RUBBER INDUSTRIES, LTD. AND SUMITOMO RUBBER

NORTH AMERICA, INC.'S NOTICE OF REMOVAL on the party(s) set forth below by:

_____       Electronic service

_____       Placing an original or true copy in a sealed envelope placed for collection
              and mailing in the United States Mail, at Las Vegas, Nevada, postage
              prepaid, following ordinary business practices

\_\_\_✓_____       Case Management/Electronic Case Filing

_____       Hand Delivery – Receipt of Copy

addressed as follows:

Donald J. Campbell, Esq.                    Steven T. Jaffe, Esq.
Samuel R. Mirkovich, Esq.                   Jason R. Wigg, Esq.
CAMPBELL & WILLIAMS                         HALL JAFFE & CLAYTON, LLP
700 South Seventh Street                    7425 Peak Drive
Las Vegas, Nevada 89101                     Las Vegas, Nevada 89128
                                            *Attorneys for Tire Express, Inc.*

    &

Robert E. Ammons, Esq.
Randy Canche, Esq.
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiff*

_____
Employee of STEPHENSON & DICKINSON

7

1

<u>**INDEX OF EXHIBITS**</u>

2

**Exhibit A:**   **State Court Index and Record**

3

**Exhibit B:**   *Plaintiffs' Complaint*

4

5

**Exhibit C:**   *Plaintiffs' First Amended Complaint*

6

**Exhibit D:**   *Plaintiffs' NRCP 16.1 Initial Disclosures*

7

**Exhibit E:**   *The January 8, 2018, Court approved Stipulation and Order Granting Leave to Change the Case Caption.*

8

9

**Exhibit F:**   *Defendant Tire Xpress, Inc., filed its Answers to the to the Plaintiff Maria A. Perez-Sanchez' First Set of Interrogatories*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28