# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO RUBBER (Thailand) CO., INC., TIRE EXPRESS, INC. and DOES ONE through TWENTY, inclusive,<br><br>Defendants. | CASE NO.<br><br>**INDEX OF PLEADINGS, PROCESS AND ORDERS FROM STATE COURT ACTION** |

The following is an index of the pleadings, answers to pleadings, process and ordered entered by the state court in Case No. A-17-761291-C; n the above matter: *Maria A. Perez-Sanchez, Individually, and as Surviving Mother of Luis Antonio Martinez-Perez, Deceased and Andrea A. Avila-Perez, as Surviving Mother of Iker Axel Garcia-Avila, Deceased v. Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Rubber (Thailand) Co., Inc., Tire Express, Inc. and does one through twenty, inclusive*; in the 8th Judicial District Court, Clark County, Nevada:

| NO. | NAME OF DOCUMENT | DATE FILED |
|---|---|---|
| 1. | Complaint | 09-12-17 |
| 2. | Plaintiffs' Initial Appearance Fee Disclosure | 09-12-17 |
| 3. | Summons issued to Tire Xpress | 09-26-17 |
| 4. | Summons issues to Midas | 09-26-17 |
| 5. | Defendant Tire Xpress' Initial Appearance Fee Disclosure | 10-13-17 |
| 6. | Defendant Tire Xpress' Answer | 10-13-17 |

| | | |
|---|---|---|
| 7. | Defendant Tire Xpress' Demand for Jury Trial | 10-13-17 |
| 8. | Defendant Sumitomo Rubber North America's Initial Appearance Fee Disclosure | 10-16-17 |
| 9. | Defendant Sumitomo Rubber North America's Motion for More Definite Statement | 10-16-17 |
| 10. | Defendants Sumitomo Corporation, Sumitomo Corporation of America, Carroll's LLC, TBC Corporation, Midas International Corporation, Midas, Inc. and Treadways, LLC's Answer to Plaintiffs' Complaint | 10-20-17 |
| 11. | Defendants Sumitomo Corporation, Sumitomo Corporation of America, Carroll's LLC, TBC Corporation, Midas International Corporation, Midas, Inc. and Treadways, LLC's Initial Appearance Fee Disclosure | 10-20-17 |
| 12. | Defendants Sumitomo Corporation, Sumitomo Corporation of America, Carroll's LLC, TBC Corporation, Midas International Corporation, Midas, Inc. and Treadways, LLC's Demand for Jury Trial | 10-20-17 |
| 13. | Defendants Sumitomo Corporation, Sumitomo Corporation of America, Carroll's LLC, TBC Corporation, Midas International Corporation, Midas, Inc. and Treadways, LLC's Consent to Service by Electronic Means | 10-20-17 |
| 14. | Defendants Sumitomo Corporation, Sumitomo Corporation of America, Carroll's LLC, TBC Corporation, Midas International Corporation, Midas, Inc. and Treadways, LLC's NRCP 7.1 Disclosure | 10-20-17 |
| 15. | Minute Order re recusal of Judge | |
| 16. | Notice of Department Reassignment 10-24-17 | 10-24-17 |
| 17. | Plaintiffs' Motion to Associate Counsel – Ammons | 11-10-17 |
| 18. | Plaintiffs' Motion to Associate Counsel – Canache | 11-10-17 |
| 19. | Plaintiffs' Opposition to Defendant Sumitomo Rubber North America Motion for More Definite Statement | 11-02-17 |
| 20. | Notice of Hearing | 11-08-17 |
| 21. | Defendant Sumitomo Rubber Industries, Ltd.'s Joinder to Defendant Sumitomo Rubber North America Motion for More Definite Statement | 11-09-17 |
| 22. | Defendant Sumitomo Rubber Industries, Ltd.'s Initial Appearance Fee Disclosure | 11-09-17 |
| 23. | Defendant Sumitomo Rubber Industries, Ltd.'s Notice of Association of Counsel | 11-16-17 |
| 24. | Defendants Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.'s Reply in Support of Motion for More Definite Statement | 11-30-17 |
| 25. | Minute Order | 12-04-17 |
| 26. | Stipulation and order to Vacate Defendants Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.'s Motion for More Definite Statement | 12-08-17 |

| | | |
|---|---|---|
| 27. | Notice of Entry of Order Vacating Motion for More Definite Statement | 12-08-17 |
| 28. | Stipulation and Order Granting Leave for Plaintiffs to file Their First Amended Complaint | 12-11-17 |
| 29. | Notice of Entry of Stipulation and Order | 12-12-17 |
| 30. | Plaintiff's First Amended Complaint | 12-12-18 |
| 31. | Sumitomo Rubber Industries' Substitution of Attorney | 12-13-17 |
| 32. | Commissioner's Decision on Request for Exemption from Arbitration | 12-14-17 |
| 33. | Defendants Sumitomo Corporation, Sumitomo Corporation of America, Carroll's LLC, TBC Corporation, Midas International Corporation, Midas, Inc. and Treadways, LLC's Motion to Dismiss Plaintiffs' First Amended Complaint | 12-14-17 |
| 34. | Minute Order | 12-28-17 |
| 35. | Defendant Tire Xpress' Answer to First Amended Complaint | 01-04-18 |
| 36. | Stipulation and Order to Change the Case Caption | 01-08-18 |
| 37. | Notice of Entry of Order to Change Case Caption | 01-10-18 |
| 38. | Order Admitting to Practice | 01-23-18 |
| 39. | Notice of Entry of Order | 01-24-18 |
| 40. | Defendants Sumitomo Rubber Industries and Sumitomo Rubber North America's Answer to First Amended Complaint | 02-05-18 |
| 41. | Defendants Sumitomo Rubber Industries and Sumitomo Rubber North America's Demand for Jury Trial | 02-05-18 |
| 42. | Notice of Change of Address | 02-22-18 |
| 43. | Order Admitting to Practice – Robert Ammons | 02-28-18 |
| 44. | Joint Case Conference Report | 03-05-18 |
| 45. | Notice of Entry of Order | 03-05018 |
| 46. | Notice to Appear for Discovery Conference | 04-24-18 |
| 47. | Motion to Associate Counsel | 04-24-18 |
| 48. | Request for International Judicial Assistance (Letters Rogatory) | 04-27-18 |
| 49. | Stipulation and Order Regarding Tire Inspection | 05-07-18 |
| 50. | Notice of Entry of Order re Tire Inspection | 05-11-18 |
| 51. | Minute Order re Plaintiffs' Motion to Associate Counsel | 06-11-18 |
| 52. | Stipulated Protective Order | 06-18-18 |
| 53. | Scheduling Order | 07-10-18 |

Electronically Filed
9/12/2017 9:17 AM
Steven D. Grierson
CLERK OF THE COURT

Donald J. Campbell, Esq. (#1216)
Samuel R. Mirkovich, Esq. (#11662)
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: 702-382-5222
Fax: 702-382-0540

Robert E. Ammons, Esq. *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché, Esq. *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

A-17-761291-C

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.:
Dept. No.: Department 29

**COMPLAINT**
**(Wrongful Death: Product Liability and Negligence)**
**(Personal Injury: Product Liability and Negligence)**

**Exempt from Arbitration**
**[Amount in Excess of $75,000]**

Plaintiffs MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased, and ANDREA A. AVILA-PEREZ, as Surviving Mother

of IKER AXEL GARCIA-AVILA, Deceased, (collectively, "Plaintiffs") bring this action against SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, N/K/A TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION, TIRE EXPRESS, INC., and DOES ONE through TWENTY ("Defendants"), and allege as follows:

**I. PARTIES**

1. Does One through Twenty, inclusive, and each of them, are sued herein by fictitious names because their true names and capacities, whether individual, associate, corporate or governmental, are not now known to Plaintiffs. Plaintiffs will ask for leave to insert herein the true names and capacities of such Defendants when the same are ascertained. Plaintiffs are informed and believe and upon such information and belief allege that each of the Doe Defendants, which include but are not limited to those providing automotive and/or tire services, is legally responsible and liable for the injuries and damages hereinafter set forth, by reason of strict product liability. Plaintiffs will ask leave to amend this Complaint to insert their true names and capacities and further charging allegations once such facts are ascertained.

2. At all times mentioned herein, Defendants and Does One through Twenty, inclusive, and each of them, were the agents, servants and employees of each and the other, and were engaged in the course and scope of such agency and employment. In doing the acts herein alleged, each Defendant and Does were acting with the consent, permission, advance knowledge and authorization of each of the other Defendants and Does, and all of such acts were ratified and approved by the officers or managing agents of each and every other Defendant and Does One through Twenty.

3. At all times mentioned herein, Plaintiff Maria A. Perez-Sanchez was an adult resident of Nevada.

4. At all times mentioned herein, Plaintiff Andrea A. Avila-Perez was an adult resident of Nevada.

5. At all times mentioned herein, decedent Luis Antonio Martinez-Perez was a minor resident of Nevada, and the son of Plaintiff Maria A. Perez-Sanchez.

6. At all times mentioned herein, decedent Iker Axel Garcia-Avila was a minor resident of Nevada, and the son of Plaintiff Andrea A. Avila-Perez.

7. At all times mentioned herein, Defendant Sumitomo Rubber Industries, Ltd. was and is a Japanese business organization that manufactures, markets, and sells tires, and does business in Nevada. Sumitomo Rubber Industries, Ltd. caused events to occur in Nevada out of which this action arises. Defendant Sumitomo Rubber Industries, Ltd. engages in substantial and not isolated business activities in the State of Nevada but does not maintain an agent for service in Nevada. Sumitomo Rubber Industries, Ltd. is subject to the jurisdiction of this Court and can be served by mail or pursuant to the Hague Convention, 20 U.S.T. 361 (February 10, 1969), as authorized by the Nevada Rules of Civil Procedure. Pursuant thereto, service of process may be effected by serving, by mail, a true and correct copy of the summons, with a copy of the Complaint attached thereto, to its President, Ikuji Ikeda, or any officer, director or agent for Sumitomo Rubber Industries, Ltd., 3-6-9 Wakinohamacho, Chuo-Ku, Kobe, Hyogo 651-0072 Japan.

8. At all times mentioned herein, Defendant Sumitomo Rubber North America, Inc. was and is a California corporation doing business in Nevada out of which this action arises. Sumitomo Rubber North America, Inc. manufactures, markets, and sells tires to consumers. Defendant Sumitomo Rubber North America, Inc. does not maintain an agent for service in Nevada and can be served with process at its home office address of 8656 Haven Ave., Rancho Cucamonga, California 91730 or, alternatively, through its California registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, California 95833.

9. At all times mentioned herein, Defendant Sumitomo Corporation was and is a Japanese business organization, which manufactures, markets, and sells tires, and does business in Nevada. Sumitomo Corporation caused events to occur in Nevada out of which this action arises.

Defendant Sumitomo Corporation engages in substantial and not isolated business activities in the State of Nevada but does not maintain an agent for service in Nevada. Sumitomo Corporation is subject to the jurisdiction of this Court and can be served by mail or pursuant to the Hague Convention, 20 U.S.T. 361 (February 10, 1969), as authorized by the Nevada Rules of Civil Procedure. Pursuant thereto, service of process may be effected by serving via mail a true and correct copy of the summons, with a copy of the complaint attached thereto, to its President, Kuniharu Nakamura, or any officer, director or agent for Sumitomo Corporation, Harumi Island Triton Square Office Tower Y 8-11 Harumi I-chome, Chuo-ku, Tokyo 104-8610 Japan.

10. At all times mentioned herein, Defendant Sumitomo Corporation of Americas was and is a New York corporation doing business in the state of Nevada. It is engaged in the manufacturing, marketing and sale of tires to consumers. It can be served with process through its registered agent, The Corporation Trust Company of Nevada, 701 S. Carson St., Suite 200, Carson City, Nevada 89701.

11. At all times mentioned herein, Defendant Carroll Tire Company, LLC, was and is a Georgia limited liability company with its principal place of business in Riverdale, Georgia. It is engaged in the manufacturing, marketing, and sale of tires to consumers. Carroll Tire Company, LLC does business in the state of Nevada but does not maintain a principal place of business in Nevada. Service of process can be made on Carroll Tire Company, LLC, through the Secretary of State of Nevada who is requested to forward a copy of process and this complaint to Carroll Tire Company, LLC's president, Erik R. Olsen, or alternatively its registered agent, Christopher Smith, at its home office at 184 Hickory Trail, Riverdale, Georgia 30274.

12. At all times mentioned herein, Defendant TBC Corporation, now known as TBC-Tire & Battery Corporation, was and is a Delaware corporation with its principal place of business in Palm Beach Gardens, Florida. TBC Corporation is engaged in the marking and sale of tires. TBC Corporation n/k/a TBC-Tire & Battery Corporation, does business in the state of Nevada but does not maintain a principal place of business in Nevada. Service of process can be made on TBC

Corporation n/k/a TBC-Tire & Battery Corporation through the Secretary of State of Nevada who is requested to forward a copy of process and this complaint to TBC-Tire & Battery Corporation's president, Erik R. Olsen, at TBC-Tire & Battery Corporation, 4300 TBC Way, Palm Beach Gardens, Florida 33410, or alternatively, its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 33410.

13. At all times mentioned herein, Defendant Midas International Corporation was and is a Nevada corporation doing business in the state of Nevada. Midas International Corporation is engaged in the marketing, sale, inspection, maintenance, and installation of tires. It can be served with process through its registered agent, CSC Services of Nevada, Inc., 2215-B Renaissance Dr., Las Vegas, Nevada 89119.

14. At all times mentioned herein, Defendant Midas, LLC was and is a Florida limited liability company with its principal place of business in North Miami Beach, Florida. Midas, LLC is engaged in the marketing, sale, inspection, maintenance, and installation of tires. Midas LLC does business in the state of Nevada but does not maintain a principal place of business in Nevada. Service of process can be made on Midas, LLC through the Secretary of State of Nevada who is requested to forward a copy of process and this complaint to registered agent ES Accounting Services, 18401 Collins Ave. 100-241, North Miami Beach, Florida 33160.

15. At all times mentioned herein, Defendant Treadways Corporation was and is a Pennsylvania corporation with its principal place of business in Lansdale, Pennsylvania. Treadway Corporation is engaged in the marketing, sale, inspection, maintenance, and installation of tires. Treadways Corporation does business in the state of Nevada but does not maintain a principal place of business in Nevada. Service of process can be made on Treadways Corporation through the Secretary of State of Nevada who is requested to forward a copy of process and this complaint to any officer of Treadways Corporation, 1000 N. Cannon Ave., Lansdale, Pennsylvania 19446.

16. At all times mentioned herein, Defendant Tire Xpress, Inc. was and is a Nevada corporation doing business in this state and can be served with process through its registered agent,

Jose Moises Arevalo, 400 S. 4th Street, Suite 270, Las Vegas, Nevada 89101.

17. The named defendants are sued jointly and severally.

## II. VENUE AND JURISDICTION

18. Venue of this case is proper and maintainable in Clark County, Nevada, where Defendant Tire Xpress, Inc. has its principal place of business.

19. Personal jurisdiction is proper as to all of the defendants.

20. Personal jurisdiction is proper as to Defendant Tire Xpress, Inc. because it has its principal place of business in Clark County, Nevada.

21. Personal jurisdiction is proper as to Defendants Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation, and Does One through Twenty under the provisions of Nevada Revised Civil Statues, Section 14.080 because each manufactures, produces, makes, markets, inspects, installs, or supplies directly or indirectly products for distribution, sale, or use in this state, and is thus subject to both personal jurisdiction and service of process in Nevada.

## III. FACTS COMMON TO ALL CAUSES OF ACTION

22. On December 13, 2015, Maria A. Perez-Sanchez (Maria) was operating a 1992 Toyota Camry on the highway with her son and grandson as her passengers.

23. The right rear tire on the Camry experienced a tread separation, and the Camry caused collided with a tractor-trailer traveling on the same highway.

24. Maria was seriously injured in the crash, and the two minors were killed.

25. The tire that failed through tread separation was a Falken Sincera SN828 size 195/70R14 91T ("the tire that failed") that had been purchased at Tire Xpress, Inc.

26. As a direct result of the incident addressed in this complaint, Plaintiff Maria sustained injuries and damages.

27. As a direct and proximate result of the death of Luis Antonio Martinez-Perez, his mother, Maria A. Perez-Sanchez ("Marta"), has been deprived of his love, affection, society and companionship that she would have received from Luis Antonio Martinez-Perez had he lived, in addition to damages for Decedent's pain and suffering and mental anguish before his death. Maria has also sustained grief and sorrow, stress, pain and shock, all to her damage in an amount exceeding the minimum jurisdictional limits of this Court.

28. As a direct and proximate result of the death of Iker Axel Garcia-Avila, his mother, Andrea A. Avila-Perez ("Andrea"), has been deprived of Iker Axel Garcia-Avila's love, affection, society and companionship that she would have received from him had he lived, in addition to damages for Decedent's pain and suffering and mental anguish he experienced before his death.

Andrea has also sustained grief and sorrow, stress, pain and shock, all to her damage as a result of the loss of her son in an amount exceeding the minimum jurisdictional limits of this Court.

29. As a direct and proximate result of the deaths of minor decedents, their estates have incurred special damages, including funeral expenses. No formal estates exist or are necessary.

## IV. FIRST CAUSE OF ACTION

**(Strict Liability Against Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation, and Does One through Twenty)**

30. As a first, separate and distinct cause of action, Plaintiffs complain of Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation, and Does One through Twenty, and allege:

31. Plaintiffs reallege paragraphs 1 through 30 as if herein set forth verbatim.

32. The tire that failed was designed and/or manufactured and/or marketed and/or distributed and/or sold by Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation, and Does One through Twenty. .

33. The tire that failed was unreasonably dangerous and unsafe for its intended use by reason of defects.

34. The tire that failed was defectively designed by Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation, and Does One through Twenty.

35. The tire that failed was defectively manufactured by Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas,

LLC, Treadways Corporation, and Does One through Twenty.

36. At the time of the crash, the tire that failed was being used in a manner that was reasonably foreseeable by Defendants.

37. The tire that failed was expected to and did reach the Plaintiffs without substantial change affecting its condition.

38. The tire that failed was defective because it failed by tread separation before its tread wore to 2/32 of an inch.

39. The tire that failed is defective because it had inadequate fatigue resistance.

40. The tire that failed is defective because it was not sufficiently durable.

41. The tire that failed is defective because it lacked full nylon.

42. The tire that failed is defective because there is poor adhesion between the components of the tire.

43. The tire that failed is defective because its inner liner compound and construction are inadequate.

44. The tire that failed is defective because its belt skim compound formula and the preparation of its belt skim was deficient.

45. The tire malfunctioned while being used by the Plaintiffs. Plaintiffs provide notice of their intent to rely upon the malfunction doctrine.

46. The malfunction of the defective tire occurred prior to Plaintiffs' use.

47. Plaintiffs did not materially alter or modify the defective tire after it was sold by the Defendants and prior to the incident.

48. Plaintiffs did not misuse the defective tire after it was sold by the Defendants and before the defective tire malfunctioned.

49. Safer alternative designs and proper manufacturing processes were known and reasonably available to Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC

Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation, and Does One through Twenty at the time the tire that failed was built.

50. Plaintiffs' injuries and damages described in this Complaint were as a direct and proximate result of the defective tire for which Defendants Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation, and Does One through Twenty, are strictly liable and for which Plaintiffs seek judgment as set out below.

## V. SECOND CAUSE OF ACTION

**(Strict Liability Against Tire Xpress Inc. and Does One through Twenty)**

51. As a second, separate, and distinct cause of action, Plaintiffs complain of Tire Xpress, Inc. and Does One through Twenty, and allege:

52. Plaintiffs reallege paragraphs 1 through 51 as if herein set forth verbatim.

53. The tire that failed was sold and installed by Tire Xpress, Inc. and Does One through Twenty while unreasonably dangerous and unsafe for its intended use by reason of its defects.

54. The tire that failed as sold and installed by Tire Xpress, Inc. and Does One through Twenty is defective because it has inadequate fatigue resistance.

55. The tire that failed as sold and installed by Tire Xpress, Inc. and Does One through Twenty is defective because it is not sufficiently durable.

56. The tire that failed as sold and installed by Tire Xpress, Inc. and Does One through Twenty is defective because it lacks full nylon.

57. The crash and Plaintiffs' injuries and damages described in this Complaint were as a direct and proximate result of the defective product (the tire that failed) for which Defendant Tire Xpress, Inc. and Does One through Twenty are strictly liable and for which Plaintiffs seek judgment as set out below.

## VI. THIRD CAUSE OF ACTION

**(Negligence Against Tire Xpress Inc. and Does One through Twenty)**

58. As a third, separate and distinct cause of action, Plaintiffs complain of Tire Xpress, Inc. and Does One through Twenty, and allege:

59. Plaintiffs reallege paragraphs 1 through 58 as if herein set forth verbatim.

60. Prior to the crash, Defendant Tire Xpress, Inc. and Does One through Twenty sold and installed on the Camry the tire that failed.

61. Subsequently, and only shortly before the crash, the Camry was serviced – including tire inspection – by Tire Xpress, Inc. and Does One through Twenty.

62. Defendant Tire Xpress, Inc. and Does One through Twenty were negligent in failing to inform its customer of the dangers associated with the sale and installation of the defective Falken Sincera SN828 tire on the Camry.

63. Because of such negligence, the tire positioned on the right rear of the Camry experienced a tread separation failure that caused the crash.

64. The crash and Plaintiffs' injuries and damages described in this Complaint were as a direct and proximate result of Defendant Tire Xpress, Inc.'s and Does One through Twenty's negligence, for which Plaintiffs seek judgment as set out below.

## VI. FOURTH CAUSE OF ACTION

**(Wrongful Death Against All Defendants)**

65. As a fourth, separate and distinct cause of action, Plaintiffs complain of all Defendants and allege:

66. Plaintiffs reallege paragraphs 1 through 65 as if herein set forth verbatim.

67. Plaintiffs are heirs of decedents as that term is defined under NRS 41.085 and therefore may maintain an action for damages against Defendants.

68. As a result of the injuries to and deaths of decedents, Plaintiffs are entitled to: pecuniary damages for grief, sorrow, support, loss of probable support, companionship, society,

comfort and consortium as well as for damages for the pain, suffering, mental anguish, and disfigurement of the decedents.

69. In addition, Plaintiffs are entitled to recover damages including, but not limited to, any special damages including funeral expenses.

**VII. FIFTH CAUSE OF ACTION**

**(Personal Injury Against All Defendants)**

70. As a fifth, separate and distinct cause of action, Plaintiff Maria A. Perez-Sanchez complains of all Defendants and alleges:

71. Plaintiff realleges paragraphs 1 through 70 as if herein set forth verbatim.

72. As a direct and proximate result of injuries Plaintiff Maria A. Perez-Sanchez suffered in the crash, she has incurred medical expenses for treatment.

73. Maria A. Perez-Sanchez's injuries resulted in pain, disability, loss of function, emotional distress and loss of enjoyment of life, all to Plaintiff's damage according to proof.

74. Plaintiff are entitled to recover the above damages.

**VIII. SIXTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress Against All Defendants)**

75. As a sixth, separate and distinct cause of action, Plaintiff Maria A. Perez-Sanchez complains of all Defendants and alleges:

76. Plaintiffs reallege paragraphs 1 through 75 as if herein set forth verbatim.

77. As a direct and proximate result of the crash, Plaintiff Maria A. Perez-Sanchez suffered severe nervous shock and emotional upset secondary to her close proximity to and observation of her fatally-injured son and grandson.

78. As a direct and proximate result of the crash, Plaintiff Andrea A. Avila-Perez suffered severe emotional distress and anguish as a result of the death of her son which will burden her for the rest of her life.

79. The actions of Defendants inflicted enormous emotional distress and anguish on

Plaintiffs which will burden Plaintiffs for the remainder of their lives.

80. Defendants had a duty to protect the decedents, Maria A. Perez-Sanchez and Andrea A. Avila-Perez, from the progression of the horrific events which led to the deaths of their two children.

81. Defendants breached their duties which caused emotional distress to Maria A. Perez-Sanchez and Andrea A. Avila-Perez for which they are entitled to damages.

## IX. PUNITIVE DAMAGES

82. Plaintiffs reallege paragraphs 1 through 81 as if herein set forth verbatim.

83. The conduct of the Defendants constitutes gross negligence and malice as those terms are defined and understood in Nevada law because it showed such an entire want of care as to establish that the acts or omissions complained of resulted from actual conscious indifference to the right, welfare, or safety of the persons affected by it, including Plaintiffs, Accordingly, Plaintiffs seek exemplary damages in addition to their compensatory damages.

## X. EXEMPTION FROM ARBITRATION AND STATEMENT REGARDING RIGHT TO TRIAL BY JURY

84. Because the case seeks damages in excess of $50,000, this case is exempt from the arbitration program as set forth in the Nevada Rules. Concurrent with this pleading, Plaintiffs seek exemption from arbitration and right to trial by jury.

WHEREFORE, Plaintiffs, and each of them, expressly reserve the right to amend this Complaint to include all items of damages not yet ascertained, pray for judgment in their favor and against Defendants, and each of them, jointly and severally, as follows.

On the FIRST, SECOND, THIRD, FOURTH, FIFTH and SIXTH CAUSES OF ACTION:

1. For general and special damages each in a sum in excess of FIFTY-THOUSAND DOLLARS ($50,000.00);

2. For all pure economic loss in a sum in excess of FIFTY-THOUSAND DOLLARS ($50,000.00);

3. For pre-judgment interest at the legal rate according to proof;

4. For post-judgment interest as appropriate;

5. For attorneys' fees and costs of suit incurred herein, including costs of expert witnesses and all other allowable costs;

6. For such other and further relief as the Court may deem just and proper in the premises.

DATED this 11th day of September, 2017.

By: ______________________

Donald J. Campbell (#1216)
Samuel R. Mirkovich (#11662)
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, NV 89101
Telephone: 702-382-5222
Fax: 702-382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas State Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas State Bar No. 24050373
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: (713)523-1606
Fax: (713)523-4159

ATTORNEYS FOR PLAINTIFFS

Electronically Filed
9/12/2017 9:17 AM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**

THE AMMONS LAW FIRM
ROBERT E. AMMONS, ESQ. (*Pro Hac Vice Pending)*
rob@ammonslaw.com
RANDY A. CANCHÉ, ESQ. (*Pro Hac Vice Pending)*
randy@ammonslaw.com
3700 Montrose Blvd.
Houston, Texas 77006
Tel.: (713) 523-1606
Fax: (713) 523-4159
**&**
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

A-17-761291-C

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LOUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of ICKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.:
Dept. No.: Department 29

**INITIAL APPEARANCE FEE DISCLOSURE**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ | $270.00 |
| ANDREA A. AVILA-PEREZ | $30.00 |
| LOUIS ANTONIO MARTINEZ-PEREZ | $30.00 |
| ICKER AXEL GARCIA-AVILA | $30.00 |
| TOTAL REMITTED: | $360.00 |

DATED: September 11, 2017.

Respectfully submitted,

CAMPBELL & WILLIAMS

By /s/ ***Samuel R. Mirkovich***

DONALD J. CAMPBELL, ESQ. (1216)
SAMUEL R. MIRKOVICH, ESQ. (11662)
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

*Attorneys for Plaintiff*

*and*

THE AMMONS LAW FIRM

/s/ ***Robert E. Ammons***

ROBERT E. AMMONS, ESQ.
*(Pro Hac Vice Pending)*
RANDY A. CANCHÉ, ESQ.
*(Pro Hac Vice Pending)*
3700 Montrose Blvd.
Houston, Texas 77006
Tel. (713) 523-1606
Fax. (713) 523-4159

*Attorneys for Plaintiff*



Electronically Issued
9/18/2017 5:15 PM

Electronically Filed
9/26/2017 2:24 PM
Steven D. Grierson
CLERK OF THE COURT

**SUMM**

THE AMMONS LAW FIRM
ROBERT E. AMMONS, ESQ. (*Pro Hac Vice Pending*)
rob@ammonslaw.com
RANDY A. CANCHÉ, ESQ. (*Pro Hac Vice Pending*)
randy@ammonslaw.com
3700 Montrose Blvd.
Houston, Texas 77006
Tel.: (713) 523-1606
Fax: (713) 523-4159
&
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.:

**SUMMONS**

. . . . .

Case Number: A-17-761291-C

**SUMMONS – CIVIL**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S): TIRE XPRESS, INC.** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive oRf the day of service, you must do the following:

   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

   (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

.....

.....

.....

.....

.....

**Issued at the direction of:**

CAMPBELL & WILLIAMS

By: ______________________
DONALD J. CAMPBELL, ESQ.
Nevada Bar No. 1216
SAMUEL R. MIRKOVICH, ESQ.
Nevada Bar No. 11662
Attorney for Plaintiff
700 S. Seventh Street
Las Vegas, Nevada 89101

STEVEN D. GRIERSON, CLERK OF COURT

By: Josefina San Juan 9/19/2017
Deputy Clerk
County Courthouse
200 Lewis Avenue
Las Vegas, Nevada 89155

**Campbell & Williams**
Donald J. Campbell, Esq.
Nevada Bar No. 1216
700 S. 7th Street
Las Vegas, Nevada 89101
(702) 382-5222

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ ET AL,

Plaintiff,

vs.

SUMITOMO RUBBER INDUSTRIES LTD. ET AL.,

Defendants.

Case No.: A-17-761291-C
Dept. No.: 29

**AFFIDAVIT OF SERVICE**

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

**Richard Etienne, License No. 1506**, being duly sworn, says: that at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received 1 copies of the **Summons & Complaint** on the **20th** day of **September 2017**, and served the same on the **21st** day of **September 2017 @ 10:53 a.m.** by:

1. Delivering and leaving a copy with ________at her usual place of adobe located at______.

2. Serving the Defendant ______by personally delivering and leaving a copy with _______a person of suitable age and discretion located at ________________,

3. serving the Defendant ____________, at his/her residence of _________ pursuant to N.R.S. 14.090, by personally delivering and leaving a copy with the guard* _______ posted at the gate, who has denied affiant access to the residence.

4. Serving **Tire Xpress Inc.** by personally delivering and leaving a copy **400 S. Fourth St. Suite 270 Las Vegas Nevada 89101.**

a. With as __________**as**____________, an agent lawfully designated by statute to accept service of process;

b. With **Melissa Franco** pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

5. Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

Ordinary mail
Certified mail, return receipt requested
Registered mail, return receipt requested

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this __21st__ day of __September 2017__.

Richard Etienne License# 1506
Report to Court
5940 S. Rainbow Blvd.
Las Vegas, Nevada 89118

No Notary Required per NRS 53.045.

4

Electronically Issued
9/18/2017 5:15 PM

Electronically Filed
9/26/2017 2:28 PM
Steven D. Grierson
CLERK OF THE COURT

SUMM

THE AMMONS LAW FIRM
ROBERT E. AMMONS, ESQ. (*Pro Hac Vice Pending*)
rob@ammonslaw.com
RANDY A. CANCHÉ, ESQ. (*Pro Hac Vice Pending*)
randy@ammonslaw.com
3700 Montrose Blvd.
Houston, Texas 77006
Tel.: (713) 523-1606
Fax: (713) 523-4159
&
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.:

**SUMMONS**

. . . .

**SUMMONS – CIVIL**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S): MIDAS INTERNATIONAL CORPORATION.** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive oRf the day of service, you must do the following:

   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

   (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

.....

.....

.....

.....

.....

**Issued at the direction of:**

CAMPBELL & WILLIAMS

By. ____________________
DONALD J. CAMPBELL, ESQ.
Nevada Bar No. 1216
SAMUEL R. MIRKOVICH, ESQ.
Nevada Bar No. 11662
Attorney for Plaintiff
700 S. Seventh Street
Las Vegas, Nevada 89101

STEVEN D. GRIERSON, CLERK OF COURT

Josefina San Juan 9/19/2017

By: ____________________
Deputy Clerk
County Courthouse
200 Lewis Avenue
Las Vegas, Nevada 89155

UNITED STATES OF AMERICA DISTRICT COURT EIGHTH JUDICIAL DISTRICT COUNTY OF CLARK STATE OF NEVADA

**Campbell & Williams**
Donald J. Campbell, Esq.
Nevada Bar No. 1216
700 S. 7th Street
Las Vegas, Nevada 89101
(702) 382-5222

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ ET AL,

Plaintiff,

vs.

SUMITOMO RUBBER INDUSTRIES LTD. ET AL.,

Defendants.

Case No.: A-17-761291-C
Dept. No.: 29

**AFFIDAVIT OF SERVICE**

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

**Richard Etienne, License No. 1506**, being duly sworn, says: that at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received 1 copies of the **Summons & Complaint** on the **20th** day of **September 2017**, and served the same on the **21st** day of **September 2017 @ 10:06 a.m.** by:

1. Delivering and leaving a copy with ________ at her usual place of adobe located at ______.

2. Serving the Defendant ______ by personally delivering and leaving a copy with _______ a person of suitable age and discretion located at ________________,

3. serving the Defendant ____________, at his/her residence of _________ pursuant to N.R.S. 14.090, by personally delivering and leaving a copy with the guard* _______ posted at the gate, who has denied affiant access to the residence.

4. Serving **Midas International Corporation** by personally delivering and leaving a copy **2215-B Renaissance Las Vegas Nevada 89119.**

a. With as _________ **as** ____________, an agent lawfully designated by statute to accept service of process;

b. With **Frances Gutierrez** pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

5. Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

Ordinary mail
Certified mail, return receipt requested
Registered mail, return receipt requested

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this **21st** day of **September 2017**.

Richard Etienne License# 1506
Report to Court
5940 S. Rainbow Blvd.
Las Vegas, Nevada 89118

No Notary Required per NRS 53.045.

5

Electronically Filed
10/13/2017 4:17 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**

STEVEN T. JAFFE
Nevada Bar No. 007035
sjaffe@lawhjc.com
JASON R. WIGG
Nevada Bar No. 007953
jwigg@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702) 316-4114

Attorney for Defendant,
*TIRE XPRESS, INC.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, Individualym, and as Surviging Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF THE AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive.<br><br>Defendants. | CASE NO. A-17-761291-C<br>DEPT. NO. XXIX<br><br>**INITIAL APPEARANCE FEE DISCLOSURE** |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

TIRE XPRESS, INC. $ 223.00

**TOTAL REMITTED:** $ 223.00

DATED this 13 day of October, 2017.

HALL JAFFE & CLAYTON, LLP

By [signature] #5127 for

STEVEN T. JAFFE
Nevada Bar No. 007035
JASON R. WIGG
Nevada Bar No. 007953
Las Vegas, NV. 89128
Attorneys for Defendant,
*TIRE XPRESS, INC.*

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Nevada Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of HALL JAFFE & CLAYTON, LLP, and that on the 13 day of October 2017 the foregoing **INITIAL APPEARANCE FEE DISCLOSURE** was served upon the parties by placing an original or true copy thereof in a sealed envelope, and depositing it in the U.S. Mail, postage prepaid, at Las Vegas, Nevada, addressed as follows:

Donald J. Cambpell, Esq.
Samuel R. Mirkovich, Esq.
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101

- AND -

Robert E. Ammons, Esq.
Randy Canche, Esq.
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
*Attorneys for Plaintiffs*

An Employee of HALL JAFFE & CLAYTON, LLP



Electronically Filed
10/13/2017 4:14 PM
Steven D. Grierson
CLERK OF THE COURT

**ANSW**

STEVEN T. JAFFE
Nevada Bar No. 007035
sjaffe@lawhjc.com
JASON R. WIGG
Nevada Bar No. 007953
jwigg@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702) 316-4114

Attorney for Defendant,
*TIRE XPRESS, INC.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, Individualym, and as Surviging Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF THE AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive.<br><br>Defendants. | CASE NO. A-17-761291-C<br>DEPT. NO. XXIX<br><br>**DEFENDANT, TIRE XPRESS, INC'S, ANSWER TO COMPLAINT** |

**GENERAL ALLEGATIONS**

Defendant, TIRE XPRESS, INC., by and through its attorneys, STEVEN T. JAFFE, ESQ. and JASON R. WIGG, ESQ., of the law firm of HALL JAFFE & CLAYTON, LLP, and answers Plaintiffs'

Complaint as follows:

1. Answering Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

2. Answering Paragraph 17 of the Complaint, this Answering Defendant denies all allegations.

**VENUE AND JURISDICTION**

3. Answering Paragraphs 18, 19, 20 and 21of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

**FACTS COMMON TO ALL CAUSES OF ACTION**

4. Answering Paragraphs 22, 23, 24, 25 and 26 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

5. Answering Paragraphs 27, 28 and 29 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied. This Answering Defendant denies the remaining allegations contained therein, and demands strict proof of all alleged damages.

**FIRST CAUSE OF ACTION**

**(Strict Liability Against Sumitomo Rubber Industries, Ltd., Sumitomo Ruber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll tire Company, LLC, TBC Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation, and Does One through Twenty)**

6. Answering Paragraphs 30, 31, 32, 33, 34, 35, 36, 37, 38,39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49 and 50 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

///

///

**SECOND CAUSE OF ACTION**

**(Strict Liability Against Tire Xpress Inc. And Does One through Twenty)**

7. Paragraph 51 of the Complaint does not state a claim for relief or make any allegation against this Answering Defendant. If any allegation contained in said paragraph may be construed to be against this Answering Defendant, this Answering Defendant denies each and every allegation against it contained is said paragraph. To the extent said paragraph contains allegations relating to parties other than this Answering Defendant, this Answering Defendant is without knowledge or information to form a belief as to the truth of said allegations and therefore denies each and every allegation contained therein.

8. Answering Paragraph 52 of the Complaint, these Answering Defendants repeat and reallege their answers and responses to paragraphs 1 through 51 as if more fully set forth herein, and thereby incorporate them.

9. Answering Paragraphs 53, 54, 55, 56 and 57 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

**THIRD CAUSE OF ACTION**

**(Negligence Against Tire Xpres Inc and Does One through Twenty)**

10. Paragraph 58 of the Complaint does not state a claim for relief or make any allegation against this Answering Defendant. If any allegation contained in said paragraph may be construed to be against this Answering Defendant, this Answering Defendant denies each and every allegation against it contained is said paragraph. To the extent said paragraph contains allegations relating to parties other than this Answering Defendant, this Answering Defendant is without knowledge or information to form a belief as to the truth of said allegations and therefore denies each and every allegation contained therein.

11. Answering Paragraph 59 of the Complaint, these Answering Defendants repeat and reallege their answers and responses to paragraphs 1 through 58 as if more fully set forth herein, and thereby incorporate them.

12. Answering Paragraphs 60 and 61 of the Complaint, this Answering Defendant is without

sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

13. Answering Paragraphs 62 and 63 of the Complaint, this Answering Defendant denies all allegations.

14. Answering Paragraph 64 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied. This Answering Defendant denies the remaining allegations contained therein, and demands strict proof of all alleged damages.

**FOURTH CAUSE OF ACTION**

**(Wrongful Death Against All Defendants)**

15. Paragraph 65 of the Complaint does not state a claim for relief or make any allegation against this Answering Defendant. If any allegation contained in said paragraph may be construed to be against this Answering Defendant, this Answering Defendant denies each and every allegation against it contained is said paragraph. To the extent said paragraph contains allegations relating to parties other than this Answering Defendant, this Answering Defendant is without knowledge or information to form a belief as to the truth of said allegations and therefore denies each and every allegation contained therein.

16. Answering Paragraph 66 of the Complaint, these Answering Defendants repeat and reallege their answers and responses to paragraphs 1 through 65 as if more fully set forth herein, and thereby incorporate them.

17. Answering Paragraph 67 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

18. Answering Paragraphs 68 and 69 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied. This Answering Defendant denies the remaining allegations contained therein, and demands strict proof of all

alleged damages.

**FIFTH CAUSE OF ACTION**

**(Personal Injury Against All Defendants)**

19. Paragraph 70 of the Complaint does not state a claim for relief or make any allegation against this Answering Defendant. If any allegation contained in said paragraph may be construed to be against this Answering Defendant, this Answering Defendant denies each and every allegation against it contained is said paragraph. To the extent said paragraph contains allegations relating to parties other than this Answering Defendant, this Answering Defendant is without knowledge or information to form a belief as to the truth of said allegations and therefore denies each and every allegation contained therein.

20. Answering Paragraph 71 of the Complaint, these Answering Defendants repeat and reallege their answers and responses to paragraphs 1 through 70 as if more fully set forth herein, and thereby incorporate them.

21. Answering Paragraphs 72, 73 and 74 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied. This Answering Defendant denies the remaining allegations contained therein, and demands strict proof of all alleged damages.

**SIXTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress Against All Defendants)**

22. Paragraph 75 of the Complaint does not state a claim for relief or make any allegation against this Answering Defendant. If any allegation contained in said paragraph may be construed to be against this Answering Defendant, this Answering Defendant denies each and every allegation against it contained is said paragraph. To the extent said paragraph contains allegations relating to parties other than this Answering Defendant, this Answering Defendant is without knowledge or information to form a belief as to the truth of said allegations and therefore denies each and every allegation contained therein.

23. Answering Paragraph 76 of the Complaint, this Answering Defendant repeats and realleges

its answers and responses to paragraphs 1 through 75 as if more fully set forth herein, and thereby incorporate them.

24.  Answering Paragraphs 77, 78 and 79 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied.  This Answering Defendant denies the remaining allegations contained therein, and demands strict proof of all alleged damages.

25.  Answering Paragraphs 80 and 81 of the Complaint, this Answering Defendant denies all allegations.

## PUNITIVE DAMAGES

26.  Answering Paragraph 82 of the Complaint, this Answering Defendant repeats and realleges its answers and responses to paragraphs 1 through 81 as if more fully set forth herein, and thereby incorporate them.

27.  Answering Paragraph 83 of the Complaint, this Answering Defendant denies all allegations.

## EXEMPTION FROM ARBITRATION AND STATEMENT REGARDING RIGHT TO TRIAL BY JURY

28.  Answering Paragraph 84 of the Complaint, this Answering Defendant admits all allegations contained therein.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses in this case, answering Defendant asserts the following:

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that the Plaintiffs expressly assumed whatever risk or hazard existed at the time of the claimed incident(s) and was therefore responsible for the alleged injuries suffered and further, that the Plaintiff was guilty of negligence on his own part which caused or contributed to any injuries suffered by the Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs have failed to timely plead this matter and has delayed the investigation and litigation of this claim to the prejudice of Defendant.  Accordingly, this action should be dismissed.

**THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that there has been insufficiency of process and as a result, Defendant has been prejudiced in this litigation.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant alleges that there has been insufficiency in the service of process and as a result, Defendant has been prejudiced in this litigation.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against the Defendant upon which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**

The court selected by the Plaintiffs is an inappropriate forum pursuant to the doctrine of forum non conveniens.

**SEVENTH AFFIRMATIVE DEFENSE**

The cause of action set forth in the Complaint is subject to dismissal for failure to join a necessary and indispensable party pursuant to NRCP 19.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that the negligence of the Plaintiffs exceeds that of the Defendant, if any, and that the Plaintiffs are thereby barred from any recovery.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate his damages and, thus, monetary recovery, if any, should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint and each and every purported cause of action in the Complaint fails to state facts sufficient to constitute a cause of action or to state a claim on which relief can be granted against Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

All risks and dangers involved in the factual situation set forth in the Complaint were open and obvious to the Plaintiffs.

///

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant, without negligence on his part, was suddenly and unexpectedly confronted with peril arising from the actual presence of or appearance of imminent danger to himself or others and utilized reasonable care in responding to such emergency and therefore, Defendant's conduct is excused.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs were involved in a prior accident or other form of traumatic event which caused the injuries of which he complains, and Plaintiffs must either prove causation or apportion damages, or Plaintiffs will fail to establish causation as a matter of law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to properly and timely file their Complaint pursuant to the applicable statute of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant is entitled to a finding of several liability only between the parties to this action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The accident which is the subject matter of this action was unavoidable, wherefore, Plaintiffs are barred from any recovery against this Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiffs are barred from bringing this claim as all consequences of this claim were avoidable.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the injuries, if any, suffered by the Plaintiffs as set forth in the Plaintiffs Complaint were caused in whole or in part by the negligence of a third party over whom Defendant had no control.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovering any special damages herein for failure to specifically allege the items of special damages claims, pursuant to NRCP 9(g).

**TWENTIETH AFFIRMATIVE DEFENSE**

Any award of punitive damages would be unconstitutional under applicable constitutional

protection.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to receive punitive damages based on any calculations premised upon the wealth of this Defendant, as such calculation is unconstitutional.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Some of Plaintiffs' injuries and problems, as alleged herein, pre-existed the accident at issue in this matter, thereby barring or limiting recovery.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

This Answering Defendant is owed indemnity by another entity for the injuries and damages alleged herein.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs do not belong to the class of persons a statute was designed to protect, and the Plaintiffs' claimed injury is not the type any statute was intended to protect.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

This Defendant had no actual notice of the alleged condition which the Plaintiff alleges caused injuries.

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

This Defendant had no constructive notice of the alleged condition which the Plaintiff alleges caused injuries

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs, another party, or some other person or entity has intentionally or negligently destroyed critical evidence, thereby constituting spoliation of evidence, to this Defendant's prejudice.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Some of the Plaintiffs' medical costs derive from unreasonable or unnecessary treatment, such costs are not usual and customary, and such costs and treatment are presented solely to improperly attempt to increase the value of this case.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The Plaintiffs, or their agent, is barred from asserting any claims against this answering

Defendant because some of the alleged damages were the result of a superceding intervening cause.

**THIRTIETH AFFIRMATIVE DEFENSE**

This Answering Defendant had no duty to warn of any alleged danger of its operation where such danger was open and obvious to all persons of ordinary intelligence and experience, including the decedent.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

The product in question was not being used for its ordinary and intended use and thus the injury was unforeseeable.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

A manufacturer or seller has no duty to warn of patent or obvious dangers.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

The Defendant did not place the equipment into the stream of commerce.

**THIRTY- FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff voluntarily assumed the risk by personally knowing and appreciating the risk or danger created by the defect, encountering the risk while realizing the danger, and the decision to voluntarily assume the known risk was unreasonable.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

The product was misused.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

The Product was altered or modified in some unforeseeable manner which subsequently caused the injuries and damages.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

The product was not in a reasonably dangerous or defective condition at the time it left Defendant's control.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiffs, or their agent, are barred from asserting any claims against this answering Defendant because the alleged damages were the result of intervening, superseding conduct of others.

///

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

If the subject equipment alleged in the Plaintiffs's Complaint was in any way defective, the Plaintiff knew, or with reasonable inspection, should have known, of any such defects, and the Plaintiff negligently and carelessly failed to discover and guard against such alleged defective condition, if any, and the Plaintiffs' injuries, if any, were caused by the Plaintiffs' negligent failure to discover and guard against such condition.

Defendant reserves its right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses would be appropriate.

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiffs take nothing by virtue of their Complaint on file herein;
2. A judgment of dismissal be entered in favor of Defendant;
3. That this answering Defendant be dismissed with costs incurred and reasonable attorney's fees; and
4. For such other and further relief as to the Court deems just and proper in the premises.

DATED this 13 day of October, 2017.

HALL JAFFE & CLAYTON, LLP

By #5127 for

STEVEN T. JAFFE
Nevada Bar No. 007035
JASON R. WIGG
Nevada Bar No. 007953
Las Vegas, NV. 89128
Attorneys for Defendant,
*TIRE XPRESS, INC.*

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Nevada Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of HALL JAFFE & CLAYTON, LLP, and that on the 13th day of October 2017 the foregoing **DEFENDANT, TIRE XPRESS, INC'S, ANSWER TO COMPLAINT** was served upon the parties by placing an original or true copy thereof in a sealed envelope, and depositing it in the U.S. Mail, postage prepaid, at Las Vegas, Nevada, addressed as follows:

Donald J. Cambpell, Esq.
Samuel R. Mirkovich, Esq.
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101

- AND -

Robert E. Ammons, Esq.
Randy Canche, Esq.
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
*Attorneys for Plaintiffs*

Barbara Gray
An Employee of HALL JAFFE & CLAYTON, LLP



Electronically Filed
10/13/2017 4:19 PM
Steven D. Grierson
CLERK OF THE COURT

**DMND**

STEVEN T. JAFFE
Nevada Bar No. 007035
sjaffe@lawhjc.com
JASON R. WIGG
Nevada Bar No. 007953
jwigg@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702) 316-4114

Attorney for Defendant,
*TIRE XPRESS, INC.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individualy, and as Surviing Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiff,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF THE AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive.

Defendants.

CASE NO. A-17-761291-C
DEPT. NO. XXIX

**DEMAND FOR JURY TRIAL**

Defendant, TIRE XPRESS, INC., by and through its attorney, Steven T. Jaffe, Esq. and Jason R.

///

///

///

///

Wigg, Esq., of Hall Jaffe & Clayton, LLP, hereby demand a trial by jury of all issues in this matter.

DATED this 13 day of October, 2017.

HALL JAFFE & CLAYTON, LLP

By #5127
STEVEN T. JAFFE
Nevada Bar No. 007035
JASON R. WIGG
Nevada Bar No. 007953
Las Vegas, NV. 89128
Attorneys for Defendant,
*TIRE XPRESS, INC.*

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Nevada Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of HALL JAFFE & CLAYTON, LLP, and that on the 13 day of October 2017 the foregoing **DEMAND FOR JURY TRIAL** was served upon the parties by placing an original or true copy thereof in a sealed envelope, and depositing it in the U.S. Mail, postage prepaid, at Las Vegas, Nevada, addressed as follows:

Donald J. Cambpell, Esq.
Samuel R. Mirkovich, Esq.
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101

- AND -

Robert E. Ammons, Esq.
Randy Canche, Esq.
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
*Attorneys for Plaintiffs*

Barbara Gray
An Employee of HALL JAFFE & CLAYTON, LLP



Electronically Filed
10/16/2017 4:33 PM
Steven D. Grierson
CLERK OF THE COURT

IAFD

**JENNIFER WILLIS ARLEDGE**
Nevada Bar No.: 8729
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South 4th Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400; Fax (702) 727-1401
Jennifer.Arledge@wilsonelser.com
Attorneys for Defendant
**SUMITOMO RUBBER NORTH AMERICA, INC.**

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

v.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BARRY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive.

Defendants.

CASE NO.: A-17-761291-C
DEPT. NO.: 29

**DEFENDANT SUMITOMO RUBBER NORTH AMERICA, INC.'S INITIAL APPEARANCE FEE DISCLOSURE**

///

///

**DEFENDANT SUMITOMO RUBBER NORTH AMERICA, INC.'S INITIAL APPEARANCE FEE DISCLOSURE**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for the parties appearing in the above entitled action as indicated below:

| | |
|---|---|
| Defendant, **SUMITOMO RUBBER NORTH AMERICA, INC.** | $223.00 |
| TOTAL REMITTED: | $223.00 |

Dated this 16th day of October, 2017.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

BY: Jennifer W. Arledge

**JENNIFER WILLIS ARLEDGE**
Nevada Bar No.: 8729
300 South 4th Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendant
**SUMITOMO RUBBER NORTH AMERICA, INC.**

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of Wilson Elser Moskowitz Edelman & Dicker LLP, and that on this 16th day of October, 2017, I served a true and correct copy of **DEFENDANT SUMITOMO RUBBER NORTH AMERICA, INC.'S INITIAL APPEARANCE FEE DISCLOSURE** as follows:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

☐ via hand-delivery to the addressees listed below;

☐ by transmitting via email the document listed above to the email address set forth below on this date before 5:p.m.

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, NV 89101

Robert E. Ammons, Esq.
Randy Canché, Esq.
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, TX 77006
Attorneys for Plaintiffs

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
Attorneys for Defendant
**TIRE EXPRESS, INC.**

An Employee of
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP



Electronically Filed
10/16/2017 4:33 PM
Steven D. Grierson
CLERK OF THE COURT

**MMDS**
**JENNIFER WILLIS ARLEDGE**
Nevada Bar No.: 8729
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
300 South 4th Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400; Fax (702) 727-1401
Jennifer.Arledge@wilsonelser.com
Attorneys for Defendant
**SUMITOMO RUBBER NORTH AMERICA, INC.**

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

v.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BARRY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive.

Defendants.

CASE NO.: A-17-761291-C
DEPT. NO.: 29

**DEFENDANT SUMITOMO RUBBER NORTH AMERICA, INC.'S MOTION FOR MORE DEFINITE STATEMENT**

///

///

**DEFENDANT SUMITOMO RUBBER NORTH AMERICA, INC.'S MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW Defendant, SUMITOMO RUBBER NORTH AMERICA, INC., by and through undersigned counsel and hereby moves for a more definite statement in the complaint pursuant to NRCP 12(e). This motion is made and based upon the pleadings and papers on file herein, the attached Memorandum of Points and Authorities, and any argument that may be adduced by counsel at the hearing hereof.

Dated this 16th day of October, 2017.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

BY: [signature]

**JENNIFER WILLIS ARLEDGE**
Nevada Bar No.: 8729
300 South 4th Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendant
**SUMITOMO RUBBER NORTH AMERICA, INC.**

**NOTICE OF MOTION**

Notice is hereby given that **DEFENDANT SUMITOMO RUBBER NORTH AMERICA, INC.'S MOTION FOR MORE DEFINITE STATEMENT** will be heard in Department 29 of the Eighth Judicial District Court on November 20, 2017, at 9:00 a.m./XXX, or as soon thereafter as the court's calendar permits.

Dated this 16th day of October, 2017.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

BY: Jennifer W. Arledge

**JENNIFER WILLIS ARLEDGE**
Nevada Bar No.: 8729
300 South 4th Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendant
**SUMITOMO RUBBER NORTH AMERICA, INC.**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

The case involves allegations that a tire experienced a tread separation, resulting in a motor vehicle accident which caused injuries to the driver and the deaths of two minor children. The claims for relief alleged in the complaint include strict liability, negligence, and negligent infliction of emotional distress[1].

Defendant SUMITOMO RUBBER NORTH AMERICA, INC. (hereinafter "SRNA"), brings the instant motion pursuant to NRCP 12(e) on the grounds that the complaint is so vague or ambiguous that SRNA cannot reasonably be required to frame a responsive pleading. The specific defects complained of are set forth below. SRNA respectfully requests an order requiring Plaintiffs to file an amended complaint providing additional facts to clarify the allegations being made which would allow SRNA to respond to same.

## II. BACKGROUND

Plaintiffs Maria A. Perez-Sanchez (hereinafter "Ms. Sanchez") and Andrea A. Avila-Perez (hereinafter "Ms. Perez") filed their complaint on September 12, 2017, against moving Defendant SUMITOMO RUBBER NORTH AMERICA, INC. (hereinafter "SRNA"), as well as three (3) other SUMITOMO entities, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, n/k/a TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION, and TIRE XPRESS, INC. The complaint alleges that on December 13, 2015, Ms. Sanchez was involved in a motor vehicle accident "on the highway" with her son and grandson as passengers. The complaint alleges that the right rear tire on her Toyota Camry experienced a tread separation which caused the Camry to collide with a tractor-trailer

---

[1] The Complaint also contains causes of action entitled, "Wrongful Death," "Personal injury," and "Punitive Damages" which are not true causes of action, but types of damages.

traveling on the same highway.  The complaint further alleges that the two minors were killed and Ms. Sanchez was seriously injured.

SRNA was served with the summons and complaint on September 25, 2017.  This motion is timely as the time for SRNA to respond to the complaint has not yet passed.

## III.   LEGAL STANDARD

NRCP 12(e) provides the basis for a motion seeking a more definite statement.

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

NRCP12(e).

"If the defendants feel that certain allegations in the complaint are not sufficiently focused to permit a definite answer, the defendants may move for a more definite statement under NRCP 12(e), or deny the allegations under NRCP 8(b)." *Mays v. Dist. Ct.*, 105 Nev. 60, 63, 768 P.2d 877, 879 (1989).

In the instant matter, the complaint is so vague or ambiguous that SRNA cannot reasonably be required to frame a responsive pleading.  Critical aspects of the complaint that would establish jurisdiction and venue have been plead so vaguely, that SRNA cannot determine if the Eighth Judicial District Court has jurisdiction over this matter, if venue is proper in Clark County, Nevada, or if there is another more appropriate court.  While these details could be brought forth during the discovery process, SRNA seek to ascertain facts to which it is entitled now and which should have been properly plead in the complaint, so that a determination of the proper jurisdiction and venue can be made before the case proceeds too far into discovery.

## IV. VAGUE STATEMENTS

SRNA submits that the statements contained in the complaint as set forth below are too vague or ambiguous and requests a more definite statement with respect to each.

### A. RESIDENCY OF THE PLAINTIFFS

Paragraph 3 of the complaint alleges that "Plaintiff Maria A. Perez-Sanchez was an adult resident of Nevada." Paragraph 4 alleges that "Plaintiff Andrea A. Avila-Perez was an adult resident of Nevada." Paragraph 5 alleges that "decedent Luis Antonio Martinez-Perez was a minor resident of Nevada, and the son of Plaintiff Maria A. Perez-Sanchez." Paragraph 6 states that "decedent Iker Axel Garcia-Avila was a minor resident of Nevada, and the son of Plaintiff Andrea A. Avila-Perez."[2]

The above statements do not sufficiently allege residency of the Plaintiffs and the decedents. Importantly, the complaint does not allege that Ms. Sanchez and Ms. Perez are currently residents of Nevada. It alleges that Plaintiffs "were" residents of Nevada, but does not explain how formerly being a resident instills this court with jurisdiction. Without more specific information identifying the residency of the Plaintiffs, SRNA cannot assess whether the case is properly venued in the Eighth Judicial District Court, Clark County, Nevada. Moreover, if Plaintiffs are citizens of a foreign country, removal to another appropriate court may be in order. Defendant respectfully requests that Plaintiffs be required to amend their complaint to state the county and state where they currently reside.

### B. ROLE OF ALL OF THE DEFENDANTS

Most paragraphs of the complaint allege that defendants (collectively) are business entities that "manufacture, market, and sell" tires. (Compl. para. 7, 8, 9, 10, 11). Another paragraph alleges that a defendant "markets and sells tires" (Compl. para. 12). While others allege defendants (collectively) are "engaged in the marketing, sale, inspection, maintenance, and installation of tires."

[2] Pursuant to Local Rule 2.27(e), SRNA has not attached a copy of the complaint to the instant motion.

(Compl. para. 13, 14, 15). Later in the complaint, the roles of the various defendants is not made clearer. Paragraph 32 alleges, "[t]he tire that failed was designed and/or manufactured and/or marketed and/or distributed and/or sold by" Sumitomo Rubber Industries, Inc., SRNA, Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation, and Does One through Twenty." See also, paragraphs 34 and 35. Defendants seek clarification and specification of the role of each defendant upon which Plaintiffs base their claims.

### C. ACCIDENT LOCATION

The complaint fails to allege with specificity where the subject accident occurred. In fact, the statements regarding the accident are so vague, SRNA cannot determine if the accident even happened in the State of Nevada. Paragraph 22 alleges, "[o]n December 13, 2015, Maria A. Perez-Sanchez (Maria) was operating a 1992 Toyota Camry **on the highway** with her son and grandson as her passengers." (Emphasis added.) Paragraph 23 states, "[t]he right rear tire on the Camry experienced a tread separation, and the Camry caused [sic] collided with a tractor-trailer traveling on the **same highway**." (Emphasis added.) The accident location is not identified anywhere in the complaint. As discussed above, the location of the accident is important for a determination of the proper jurisdiction, venue, and court.

SRNA requests that Plaintiffs be required to amend the complaint to identify the accident location with specificity, stating the "highway," intersection or mile marker, county, state, and country of the alleged accident.

### D. PRODUCT IDENTIFICATION

The complaint inadequately describes the tire that allegedly failed. Paragraph 25 states, "[t]he tire that failed through tread separation was a Falken Sincera SN828 size 195/70R14 91T."

While said Paragraph identifies the make and model of the tire, it does not provide the DOT number which is critical in identifying when and where the tire was manufactured, similar to a serial number. This information, which is easily acquired by viewing the tire itself, is needed to fully identify the tire at issue. SRNA requests that the complaint be amended to identify the DOT number for the tire.

**E. ALLEGED DEFECTS**

The complaint alleges that the subject tire was "unreasonably dangerous and unsafe for its intended use" (Compl. para. 33); "defectively designed" by nine different defendants (Compl. para. 34); "defectively manufactured" by nine different defendants (Compl. para. 35); and that "safer alternative designs and proper manufacturing processes were known and readily available to" nine different defendants (Compl. para. 49). These are unsupported legal conclusions. There are no additional facts concerning the above allegations to help SRNA identify what Plaintiffs are alleging was defective about the subject tire. SRNA requests that the complaint be amended to state specific facts rather than legal conclusions about the subject tire.

**F. PUNITIVE DAMAGES**

Paragraph 83 of the complaint attempts to allege facts against all defendants to support a punitive damages award. However, this Paragraph refers to all defendants collectively and does not specify the actions by an officer, director, or managing agent of the various corporations as needed to warrant consideration of punitive damages.

The Complaint alleges:

> "The conduct of the Defendants constitutes gross negligence and malice as those terms are defined and understood in Nevada law because it showed such an entire want of care as to establish that the acts or omissions complained of resulted from actual conscious indifference to the right, welfare, or safety of the persons affected by it, including Plaintiffs, [sic] Accordingly, Plaintiffs seek exemplary damages in addition to their compensatory damages."

(Compl. para. 83.)

NRS 42.007 provides that a corporate employer is not liable for exemplary damages for the wrongful act of an employee unless:

> (a) The employer had advance knowledge that the employee was unfit for the purposes of the employment and employed him with a conscious disregard of the rights and safety of others;
>
> (b) The employer expressly authorized or ratified the wrongful act of the employee for which the damages are awarded; or
>
> (c) The employer is personally guilty of oppression, fraud, or malice.
>
> If the employer is a corporation, the employer is not liable for exemplary or punitive damages unless the elements of paragraph (a), (b), or (c) are met by an officer, director or managing agent of the corporation who was expressly authorized to direct or ratify the employee's conduct on behalf of the corporation."

Plaintiffs Complaint does not contain any allegations that set forth the basis for the punitive damages claim as required by Nevada law. Specifically, the Complaint does not set forth how SRNA demonstrated "conscious disregard," "ratified a wrongful act of an employee," or is "personally guilty of oppression, fraud, or malice." Moreover, the Complaint contains no allegations that an officer, director or managing agent of the corporation was responsible for or ratified an employee's conduct that could possibly lead to a punitive damages award. Accordingly, SRNA requests that the Complaint be amended to specifically state the basis for the punitive damages claim.

///
///
///
///
///
///

## V. CONCLUSION

Based on the foregoing, SRNA requests that the complaint be amended to allege specific facts regarding Plaintiffs' residence, the role of the various defendants, accident location, product identification, alleged defects, and punitive damages.

Dated this 16th day of October, 2017.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

BY: [signature]

**JENNIFER WILLIS ARLEDGE**
Nevada Bar No.: 8729
300 South 4th Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendant
**SUMITOMO RUBBER NORTH AMERICA, INC.**

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of Wilson Elser Moskowitz Edelman & Dicker LLP, and that on this 16 day of October, 2017, I served a true and correct copy of **DEFENDANT SUMITOMO RUBBER NORTH AMERICA, INC.'S MOTION FOR MORE DEFINITE STATEMENT** as follows:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

☐ via hand-delivery to the addressees listed below;

☐ by transmitting via email the document listed above to the email address set forth below on this date before 5:p.m.

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, NV 89101

Robert E. Ammons, Esq.
Randy Canché, Esq.
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, TX 77006
Attorneys for Plaintiffs

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
Attorneys for Defendant
**TIRE EXPRESS, INC.**

An Employee of
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

10

Electronically Filed
10/20/2017 2:51 PM
Steven D. Grierson
CLERK OF THE COURT

ANSW

JOSH COLE AICKLEN
Nevada Bar No. 007254
Josh.Aicklen@lewisbrisbois.com
PAUL A. SHPIRT
Nevada Bar No. 10441
Paul.Shpirt@lewisbrisbois.com
AMBER WHITE-DAVIDSON
Nevada Bar No. 11739
Amber.White-Davidson@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
P:702.893.3383
F: 702.893.3789
Attorneys for Defendants
SUMITOMO CORPORATION; SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)

DISTRICT COURT

CLARK COUNTY, NEVADA

MARIA A. PEREZ-SANCHEZ, individually and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC.; SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC; TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE EXPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.. A-17-761291-C
Dept. No.: XXIX

**DEFENDANTS SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL'S LLC, TBC CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, INC. and TREADWAYS, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**

**DEFENDANTS SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL'S LLC, TBC CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, INC. and TREADWAYS, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**

COME NOW, Defendants SUMITOMO CORPORATION; SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)(collectively "Defendants"), by and through their attorneys of record, Josh Cole Aicklen, Esq., Paul A. Shpirt, Esq. and Amber White-Davidson, Esq. of the law firm LEWIS BRISBOIS BISGAARD & SMITH LLP, and hereby Answer the Complaint of Plaintiffs MARIA A. PEREZ-SANCHEZ and ANDRA A. AVILA-PEREZ (hereinafter "Plaintiffs") as follows:

**RESPONSES TO PARTIES**

1. Answering Paragraphs 1, 2, 3, 4, 5, 6, 7 and 8 of the Plaintiffs' Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraphs, and on that basis, deny each and every allegation set forth therein.

2. Answering Paragraph 9 of the Plaintiffs' Complaint, Defendant SUMITOMO CORPORATION admits that it was and is a Japanese corporation. As to the remaining allegations, Defendant SUMITOMO CORPORATION denies each and every remaining allegation contained therein.

3. Answering Paragraph 10 of the Plaintiffs' Complaint, Defendant SUMITOMO CORPORATION OF AMERICAS admits that it was and is located in New York. As to the remaining allegations, Defendant SUMITOMO CORPORATION OF AMERICAS denies each and every remaining allegation contained therein.

4. Answering Paragraph 11 of the Plaintiffs' Complaint, Defendant CARROLL'S, LLC. (erroneously named as Carroll Tire Company, LLC) admits that it was

and is a Georgia corporation. As to the remaining allegations, Defendant CARROLL'S, LLC. denies each and every remaining allegation contained therein.

5. Answering Paragraph 12 of the Plaintiffs' Complaint, Defendant TBC CORPORATION admits that it was and is a Delaware corporation. As to the remaining allegations, Defendant TBC CORPORATION denies each and every remaining allegation contained therein.

6. Answering Paragraph 13 of the Plaintiffs' Complaint, Defendant MIDAS INTERNATIONAL CORPORATION admits that it was and is a Delaware corporation authorized to conduct business in the State of Nevada. As to the remaining allegations, Defendant MIDAS INTERNATIONAL CORPORATION denies each and every remaining allegation contained therein.

7. Answering Paragraph 14 of the Plaintiffs' Complaint, Defendant MIDAS, INC. (erroneously named as MIDAS, LLC) admits that it was and is a Delaware corporation. As to the remaining allegations, Defendant MIDAS, INC. denies each and every remaining allegation contained therein.

8. Answering Paragraph 15 of the Plaintiffs' Complaint, Defendant TREADWAYS, LLC (erroneously named as Treadways Corporations) admits that it was a Delaware corporation. As to the remaining allegations, Defendant TREADWAYS, LLC denies each and every remaining allegation contained therein.

9. Answering Paragraph 16 of the Plaintiffs' Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraph, and on that basis, deny each and every allegation set forth therein.

10. Answering Paragraph 17 of the Plaintiffs' Complaint, this allegation presents legal conclusions and questions of law to which no response is required; therefore, and on that basis, these answering Defendants deny each and every allegation contained therein.

RESPONSES TO VENUE AND JURISDICTION

11. Answering Paragraphs 18, 19, 20 and 21 of the Plaintiffs' Complaint, these allegations presents legal conclusions and questions of law to which no response is required; therefore, and on that basis, these answering Defendants deny each and every allegation contained therein.

RESPONSES TO FACTS COMMON TO ALL CAUSES OF ACTION

12. Answering Paragraphs 22, 23, 24, 25, 26, 27, 28 and 29 of the Plaintiffs' Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraphs, and on that basis, deny each and every allegation set forth therein.

RESPONSES TO FIRST CAUSE OF ACTION

**(Strict Liability Against Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation, and Does One through Twenty)**

13. Answering Paragraph 30 of the Plaintiffs' Complaint, this allegation presents legal conclusions and questions of law to which no response is required; therefore, and on that basis, these answering Defendants deny each and every allegation contained therein.

14. Answering Paragraph 31 of the Plaintiffs' Complaint, these answering Defendants repeat and reallege their responses to Paragraphs 1 through 30 as if fully set forth herein.

15. Answering Paragraphs 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49 and 50 of the Plaintiffs' Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraphs, and on that basis, deny each and every allegation set forth therein.

**RESPONSES TO SECOND CAUSE OF ACTION**
**(Strict Liability Against Tire Xpress Inc. and Does One through Twenty)**

16. Answering Paragraph 51 of the Plaintiffs' Complaint, this allegation presents legal conclusions and questions of law to which no response is required; therefore, and on that basis, these answering Defendants deny each and every allegation contained therein.

17. Answering Paragraph 52 of the Plaintiffs' Complaint, these answering Defendants repeat and reallege their responses to Paragraphs 1 through 51 as if fully set forth herein.

18. Answering Paragraphs 53, 54, 55, 56 and 57 of the Plaintiffs' Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraphs, and on that basis, deny each and every allegation set forth therein.

**RESPONSES TO THIRD CAUSE OF ACTION**
**(Negligence Against Tire Xpress Inc. and Does One through Twenty)**

19. Answering Paragraph 58 of the Plaintiffs' Complaint, this allegation presents legal conclusions and questions of law to which no response is required; therefore, and on that basis, these answering Defendants deny each and every allegation contained therein.

20. Answering Paragraph 59 of the Plaintiffs' Complaint, these answering Defendants repeat and reallege their responses to Paragraphs 1 through 58 as if fully set forth herein.

21. Answering Paragraphs 60, 61, 62, 63 and 64 of the Plaintiffs' Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraphs, and on that basis, deny each and every allegation set forth therein.

**RESPONSES TO FOURTH CAUSE OF ACTION**
**(Wrongful Death Against All Defendants)**

22. Answering Paragraph 65 of the Plaintiffs' Complaint, this allegation presents legal conclusions and questions of law to which no response is required; therefore, and on that basis, these answering Defendants deny each and every allegation contained therein.

23. Answering Paragraph 66 of the Plaintiffs' Complaint, these answering Defendants repeat and reallege their responses to Paragraphs 1 through 65 as if fully set forth herein.

24. Answering Paragraphs 67, 68 and 69 of the Plaintiffs' Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraphs, and on that basis, deny each and every allegation set forth therein.

**RESPONSES TO FIFTH CAUSE OF ACTION**
**(Personal Injury Against All Defendants)**

25. Answering Paragraph 70 of the Plaintiffs' Complaint, this allegation presents legal conclusions and questions of law to which no response is required; therefore, and on that basis, these answering Defendants deny each and every allegation contained therein.

26. Answering Paragraph 71 of the Plaintiffs' Complaint, these answering Defendants repeat and reallege their responses to Paragraphs 1 through 70 as if fully set forth herein.

27. Answering Paragraphs 72, 73 and 74 of the Plaintiffs' Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraphs, and on that basis, deny each and every allegation set forth therein.

## RESPONSES TO SIXTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress Against All Defendants)

28. Answering Paragraph 75 of the Plaintiffs' Complaint, this allegation presents legal conclusions and questions of law to which no response is required; therefore, and on that basis, these answering Defendants deny each and every allegation contained therein.

29. Answering Paragraph 76 of the Plaintiffs' Complaint, these answering Defendants repeat and reallege their responses to Paragraphs 1 through 75 as if fully set forth herein.

30. Answering Paragraphs 77 and 78 of the Plaintiffs' Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraphs, and on that basis, deny each and every allegation set forth therein.

31. Answering Paragraphs 79, 80 and 81 of the Plaintiffs' Complaint, these answering Defendants deny each and every allegation set forth therein.

## RESPONSES TO PUNITIVE DAMAGES

32. Answering Paragraph 82 of the Plaintiffs' Complaint, these answering Defendants repeat and reallege their responses to Paragraphs 1 through 81 as if fully set forth herein.

33. Answering Paragraph 83 of the Plaintiffs' Complaint, these answering Defendants deny each and every allegation set forth therein.

## RESPONSES TO EXEMPTION FROM ARBITRATION AND STATEMENT REGARDING RIGHT TO TRIAL BY JURY

34. Answering Paragraph 84 of the Plaintiffs' Complaint, this allegation presents legal conclusions and questions of law to which no response is required; therefore, and on that basis, these answering Defendants deny each and every allegation contained therein.

35. These answering Defendants deny each and every allegation that they have not expressly admitted herein.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

That it has been necessary for these answering Defendants to employ the services of an attorney to defend this action and a reasonable sum should be allowed it as and for attorneys' fees, together with costs expended in this action.

SECOND AFFIRMATIVE DEFENSE

The allegations contained in Plaintiffs' Complaint fail to state a cause of action upon which relief can be granted.

THIRD AFFIRMATIVE DEFENSE

The damages, if any, suffered by Plaintiffs, as set forth in the Complaint, were caused in whole or in part by the carelessness, negligence, fault or defects of a party over which these answering Defendants had no control.

FOURTH AFFIRMATIVE DEFENSE

The damages complained of, if any, were caused in whole or in part by the carelessness, negligence, fault or defects of other persons, firms corporations or entities other than these answering Defendants, and such carelessness, negligence, fault or defects or other conduct is imputed to Plaintiffs, by reason of the relationship of such parties to the Plaintiffs and/or such negligence or other conduct comparatively reduces the percentage of negligence, if any, of these answering Defendants.

FIFTH AFFIRMATIVE DEFENSE

That responsibility for any harm, injury or damages sustained by Plaintiffs, if any, was caused by acts or events which constitute a superseding and intervening cause.

SIXTH AFFIRMATIVE DEFENSE

That Plaintiffs' claims are barred or limited by the doctrines of estoppel, waiver, release and/or license.

SEVENTH AFFIRMATIVE DEFENSE

That Plaintiffs should be barred from recovery in whole or in part, in proportion to the comparative fault attributed to themselves and/or Plaintiffs' decedents.

EIGHTH AFFIRMATIVE DEFENSE

That the Complaint fails to state facts sufficient to entitle Plaintiffs to an award of punitive or exemplary damages against these answering Defendants. The Complaint, to the extent that it seeks exemplary or punitive damages, violates these answering Defendants' respective right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Nevada, and fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

NINTH AFFIRMATIVE DEFENSE

That the Complaint, to the extent that it seeks exemplary or punitive damages, violates these answering Defendants' respective right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution, Article I, Section 17, of the Constitution of the State of Nevada, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendment of the United States and Nevada Constitutions, and this fails to state a cause of actions supporting an award of punitive or exemplary damages.

TENTH AFFIRMATIVE DEFENSE

That the Complaint fails to state facts sufficient to constitute a cause of action in that Plaintiffs have asserted claims for punitive damages which, if granted, would violate the prohibition against laws impairing the obligations of contracts set forth in Article I, Section 10, of the United States Constitution.

ELEVENTH AFFIRMATIVE DEFENSE

That Plaintiffs' claims for punitive or exemplary damages, if any, alleged by Plaintiffs are barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment.

TWELFTH AFFIRMATIVE DEFENSE

These answering Defendants allege that at all relevant times, these answering Defendants acted with due care and circumspection in the respective performance of any and all duties imposed on them.

THIRTEENTH AFFIRMATIVE DEFENSE

That Plaintiffs' claims fail because Plaintiffs failed to name a necessary party for full and adequate relief.

FOURTEENTH AFFIRMATIVE DEFENSE

These answering Defendants allege that Plaintiffs' claims are barred by the principle of laches.

FIFTEENTH AFFIRMATIVE DEFENSE

That at all relevant times, these answering Defendants did not act negligently or fell below a standard of reasonable care, and therefore, cannot be held liable.

SIXTEENTH AFFIRMATIVE DEFENSE

That Plaintiffs' claims are barred by the applicable statute of limitations.

SEVENTEENTH AFFIRMATIVE DEFENSE

That if, in fact, any untoward, unsafe, or defective condition existed in the product mentioned in the Complaint, which these answering Defendants deny, said condition(s) was/were caused and contributed to by the actions or inactions of Plaintiffs, other named defendants and/or other third parties, in that it/they changed and/or altered said product, thereby barring or reducing Plaintiffs' right to recovery against these answering Defendants.

EIGHTEENTH AFFIRMATIVE DEFENSE

Between these answering Defendants, Plaintiffs, other named defendants and/or other third parties, the equities do not so preponderate in favor of the Plaintiffs so as to allow recovery.

NINETEENTH AFFIRMATIVE DEFENSE

That the events, injuries and damages complained of in the Complaint, if any, were the result of an unavoidable accident insofar as these answering Defendants are concerned and incurred without any negligence, want of care, default, breach of warranty or other breach of duty to Plaintiffs or others on the part of these answering Defendants.

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs and/or other third-parties had knowledge of the risks and hazards set forth in the Complaint and the magnitude thereof, and did voluntarily assume the risks thereof.

TWENTY-FIRST AFFIRMATIVE DEFENSE

That the injury, damage, or loss, if any, sustained by the Plaintiffs and/or other third-parties was due to and proximately caused by the misuse, abuse, and misapplication of the product described in the Plaintiffs' Complaint.

TWENTY-SECOND AFFIRMATIVE DEFENSE

That the injury, damage or loss, if any, sustained by the Plaintiffs and/or other third-parties, was due to the use of a product for a purpose for which it was not intended.

TWENTY-THIRD AFFIRMATIVE DEFENSE

The product identified in the Plaintiffs; Complaint was altered or modified in such a way that was not reasonably foreseeable by these answering Defendants, and precludes or reduces the liability of these answering Defendants, if any.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or other third-parties' use of the subject product identified in the Complaint was contrary to instructions and/or warnings provided with the subject product

thereby precluding recovery against or reducing the liability, if any, of these answering Defendants.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

That Plaintiffs' and/or other third-parties' injuries, if any, were aggravated by their failure to mitigate such damages.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs and/or other parties and/or other defendants and these answering Defendants are not in privity of contract.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

These answering Defendants had no duty to warn of any alleged danger where such danger was open and obvious to all persons of ordinary intelligence and experience, including Plaintiffs and/or other third-parties.

TWENTY-EIGTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or other third-parties' claims are barred in that the product was not in an unreasonably dangerous or defective condition at the time it left these answering Defendants' control.

TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or other third-parties' claims are barred in that these answering Defendants were not and are not a merchant within the meaning of the implied warranty of merchantability.

THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' and/or other third-parties' claims are barred in that these answering Defendants are not the manufacturer, distributor nor seller of the allegedly defective product(s).

THIRTY-FIRST AFFIRMATIVE DEFENSE

These answering Defendants lack a special relationship and/or a pre-existing legal duty to Plaintiffs necessary to support Plaintiffs' causes of action.

THIRTY-SECOND AFFIRMATIVE DEFENSE

These answering Defendants hereby incorporate by reference those affirmative defenses enumerated in Rule 8 and 11 of the Nevada Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, these answering Defendants reserve the right to seek leave of court to amend this Answer to specifically assert any such defenses. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defenses.

THIRTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiffs have failed to timely plead this matter and have delayed the investigation and litigation of this claim to the prejudice of these answering Defendants.

/ / /

/ / /

/ / /

PRAYER FOR RELIEF

WHEREFORE, Defendants SUMITOMO CORPORATION; SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation) pray for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint;

2. That the Court award these answering Defendants their respective costs and attorneys' fees incurred in the defense of this action; and

3. For such other and further relief as this Court deems just and proper.

DATED this 20th day of October, 2017.

By [signature]
JOSH COLE AICKLEN
Nevada Bar No. 007254
PAUL A. SHPIRT
Nevada Bar No. 10441
AMBER WHITE-DAVIDSON
Nevada Bar No. 11739
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendants
SUMITOMO CORPORATION; SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2017, a true and correct copy of **DEFENDANTS SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL'S LLC, TBC CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, INC. and TREADWAYS, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT** to be served by electronic service with the Eighth Judicial District Court Odyssey filing system to the parties on the Electronic Service List as follows:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 S. Seventh Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs
MARIA A. PEREZ-SANCHEZ and
ANDREA A. AVILA-PEREZ

Robert E. Ammons, Esq.
Randy Canché, Esq.
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Attorneys for Plaintiffs
MARIA A. PEREZ-SANCHEZ and
ANDREA A. AVILA-PEREZ

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
Attorneys for Defendant
TIRE XPRESS, INC.

Jennifer Willis Arledge, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
300 S. Fourth Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendant SUMITOMO RUBBER NORTH AMERICA, INC.

By [signature]
Ariana J. Dunbar
LEWIS BRISBOIS BISGAARD & SMITH LLP

Electronically Filed
10/20/2017 2:51 PM
Steven D. Grierson
CLERK OF THE COURT

IAFD

JOSH COLE AICKLEN
Nevada Bar No. 007254
Josh.Aicklen@lewisbrisbois.com
PAUL A. SHPIRT
Nevada Bar No. 10441
Paul.Shpirt@lewisbrisbois.com
AMBER WHITE-DAVIDSON
Nevada Bar No. 11739
Amber.White-Davidson@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
P:702.893.3383
F: 702.893.3789
Attorneys for Defendants
SUMITOMO CORPORATION; SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, individually and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC.; SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC; TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE EXPRESS, INC., and DOES ONE through TWENTY, inclusive,<br><br>Defendants. | Case No.. A-17-761291-C<br>Dept. No.: XXIX<br><br>**INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)** |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

| | |
|---|---|
| SUMITOMO CORPORATION | $223.00 |
| SUMITOMO CORPORATION OF AMERICAS | $ 30.00 |
| CARROLL'S LLC (erroneously sued as Carroll Tire Company, LLC) | $ 30.00 |
| TBC CORPORATION | $ 30.00 |
| MIDAS INTERNATIONAL CORPORATION | $ 30.00 |
| MIDAS, INC. (erroneously sued as Midas, LLC) | $ 30.00 |
| TREADWAYS, LLC (erroneously named as Treadways Corporation) | $ 30.00 |
| Total | $403.00 |

DATED this 20th day of October, 2017.

By [signature]

JOSH COLE AICKLEN
Nevada Bar No. 007254
PAUL A. SHPIRT
Nevada Bar No. 10441
AMBER WHITE-DAVIDSON
Nevada Bar No. 11739
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendants
SUMITOMO CORPORATION; SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October, 2017, a true and correct copy of **INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)** to be served by electronic service with the Eighth Judicial District Court Odyssey filing system to the parties on the Electronic Service List as follows:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 S. Seventh Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs
MARIA A. PEREZ-SANCHEZ and
ANDREA A. AVILA-PEREZ

Robert E. Ammons, Esq.
Randy Canché, Esq.
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Attorneys for Plaintiffs
MARIA A. PEREZ-SANCHEZ and
ANDREA A. AVILA-PEREZ

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
Attorneys for Defendant
TIRE XPRESS, INC.

Jennifer Willis Arledge, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
300 S. Fourth Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendant SUMITOMO RUBBER NORTH AMERICA, INC.

By [signature]
Ariana J. Dunbar
LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

12

Electronically Filed
10/20/2017 2:51 PM
Steven D. Grierson
CLERK OF THE COURT

DMJT

JOSH COLE AICKLEN
Nevada Bar No. 007254
Josh.Aicklen@lewisbrisbois.com
PAUL A. SHPIRT
Nevada Bar No. 10441
Paul.Shpirt@lewisbrisbois.com
AMBER WHITE-DAVIDSON
Nevada Bar No. 11739
Amber.White-Davidson@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
P:702.893.3383
F: 702.893.3789
Attorneys for Defendants
SUMITOMO CORPORATION; SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)

DISTRICT COURT

CLARK COUNTY, NEVADA

MARIA A. PEREZ-SANCHEZ, individually and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC.; SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC; TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE EXPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.. A-17-761291-C
Dept. No.: XXIX

**DEMAND FOR JURY TRIAL**

COMES NOW, Defendants SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL'S LLC (erroneously sued as Carroll Tire Company, LLC), TBC CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, INC. (erroneously sued as Midas, LLC) and TREADWAYS, LLC (erroneously named as Treadways Corporation), by and through their attorneys of record, Josh Cole Aicklen, Paul A. Shpirt and Amber White-Davidson of LEWIS BRISBOIS BISGAARD & SMITH LLP, and hereby demand a jury trial of all of the issues in the above-entitled action.

DATED this 20th day of October, 2017.

By [signature]

JOSH COLE AICKLEN
Nevada Bar No. 007254
PAUL A. SHPIRT
Nevada Bar No. 10441
AMBER WHITE-DAVIDSON
Nevada Bar No. 11739
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendants
SUMITOMO CORPORATION; SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2017, a true and correct copy of **DEMAND FOR JURY TRIAL** to be served by electronic service with the Eighth Judicial District Court Odyssey filing system to the parties on the Electronic Service List as follows:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 S. Seventh Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs
MARIA A. PEREZ-SANCHEZ and
ANDREA A. AVILA-PEREZ

Robert E. Ammons, Esq.
Randy Canché, Esq.
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Attorneys for Plaintiffs
MARIA A. PEREZ-SANCHEZ and
ANDREA A. AVILA-PEREZ

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
Attorneys for Defendant
TIRE XPRESS, INC.

Jennifer Willis Arledge, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
300 S. Fourth Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendant SUMITOMO RUBBER NORTH AMERICA, INC.

By [signature]
Ariana J. Dunbar
LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

13

Electronically Filed
10/20/2017 2:51 PM
Steven D. Grierson
CLERK OF THE COURT

CSRE

JOSH COLE AICKLEN
Nevada Bar No. 007254
Josh.Aicklen@lewisbrisbois.com
PAUL A. SHPIRT
Nevada Bar No. 10441
Paul.Shpirt@lewisbrisbois.com
AMBER WHITE-DAVIDSON
Nevada Bar No. 11739
Amber.White-Davidson@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
P:702.893.3383
F: 702.893.3789
Attorneys for Defendants
SUMITOMO CORPORATION; SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, individually and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC.; SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC; TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE EXPRESS, INC., and DOES ONE through TWENTY inclusive,<br><br>Defendants. | Case No.. A-17-761291-C<br>Dept. No.: XXIX<br><br>**CONSENT TO SERVICE BY ELECTRONIC MEANS THROUGH E-FILING PROGRAM** |

The undersigned hereby consents to service of documents by electronic means through the Court's e-filing program on behalf of the following party or parties:

Documents served by electronic means must be transmitted to the following persons at the e-mail addresses listed: Josh Cole Aicklen, josh.aicklen@lewisbrisbois.com, Paul A. Shpirt, paul.shpirt@lewisbrisbois.com and Amber White-Davidson, amber.white-davidson@lewisbrisbois.com.

It is my understanding that the attachments may be transmitted to the program in any format and will be converted to a PDF file before service is effected.

The undersigned also acknowledges that this Consent does not require service by electronic means unless the serving party elects to do so.

DATED this 20th day of October, 2017.

By [signature]

JOSH COLE AICKLEN
Nevada Bar No. 007254
PAUL A. SHPIRT
Nevada Bar No. 10441
AMBER WHITE-DAVIDSON
Nevada Bar No. 11739
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendants
SUMITOMO CORPORATION; SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2017, a true and correct copy of CONSENT TO SERVICE BY ELECTRONIC MEANS THROUGH E-FILING PROGRAM to be served by electronic service with the Eighth Judicial District Court Odyssey filing system to the parties on the Electronic Service List as follows:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 S. Seventh Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs
MARIA A. PEREZ-SANCHEZ and
ANDREA A. AVILA-PEREZ

Robert E. Ammons, Esq.
Randy Canché, Esq.
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Attorneys for Plaintiffs
MARIA A. PEREZ-SANCHEZ and
ANDREA A. AVILA-PEREZ

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
Attorneys for Defendant
TIRE XPRESS, INC.

Jennifer Willis Arledge, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
300 S. Fourth Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendant SUMITOMO RUBBER NORTH AMERICA, INC.

By [signature]
Ariana J. Dunbar
LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

**Klusmann, Alexa B.**

**From:** efilingmail@tylerhost.net
**Sent:** Friday, October 20, 2017 3:37 PM
**To:** EfileLasVegas
**Subject:** Notification of Service for Case: A-17-761291-C, Maria Perez-Sanchez, Plaintiff(s) vs.Sumitomo Rubber Industries Ltd, Defendant(s) for filing Consent to Service By Electronic Means - CSRE, Envelope Number: 1661985

# Notification of Service

Case Number: A-17-761291-C
Case Style: Maria Perez-Sanchez, Plaintiff(s)vs.Sumitomo Rubber Industries Ltd, Defendant(s)
Envelope Number: 1661985

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | A-17-761291-C |
| **Case Style** | Maria Perez-Sanchez, Plaintiff(s)vs.Sumitomo Rubber Industries Ltd, Defendant(s) |
| **Date/Time Submitted** | 10/20/2017 2:51 PM PST |
| **Filing Type** | Consent to Service By Electronic Means - CSRE |
| **Filing Description** | Consent to Service by Electronic Means Through E-Filing Program |
| **Filed By** | Stacy Bowers |
| **Service Contacts** | Maria A Perez-Sanchez:<br><br>Robert Rozycki (rpr@cwlawlv.com)<br><br>Matthew Wagner (maw@cwlawlv.com)<br><br>John Chong (jyc@cwlawlv.com)<br><br>Lucinda Martinez (lmm@cwlawlv.com)<br><br>Samuel Mirkovich (srm@cwlawlv.com)<br><br>Donald Campbell (djc@cwlawlv.com)<br><br>Sumitomo Corporation:<br><br>Susan Kingsbury (susan.kingsbury@lewisbrisbois.com) |

| | |
|---|---|
| | Paul Shpirt (paul.shpirt@lewisbrisbois.com)<br>Amber White-Davidson (amber.white-davidson@lewisbrisbois.com)<br>Ariana Dunbar (ariana.dunbar@lewisbrisbois.com)<br>Josh Aicklen (josh.aicklen@lewisbrisbois.com)<br><br>Tire Xpress Inc:<br>Barbara Gracey (bgracey@lawhjc.com)<br>Andrea Flintz (aflintz@lawhjc.com)<br>Jason Wigg (jwigg@lawhjc.com)<br><br>Other Service Contacts not associated with a party on the case:<br>Jennifer Arledge (jennifer.arledge@wilsonelser.com)<br>Efile LasVegas (efilelasvegas@wilsonelser.com)<br>Pamela Lamper (pamela.lamper@wilsonelser.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 7 days. | |



Electronically Filed
10/20/2017 2:51 PM
Steven D. Grierson
CLERK OF THE COURT

STAT

JOSH COLE AICKLEN
Nevada Bar No. 007254
Josh.Aicklen@lewisbrisbois.com
PAUL A. SHPIRT
Nevada Bar No. 10441
Paul.Shpirt@lewisbrisbois.com
AMBER WHITE-DAVIDSON
Nevada Bar No. 11739
Amber.White-Davidson@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
P:702.893.3383
F: 702.893.3789
Attorneys for Defendants
SUMITOMO CORPORATION; SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)

DISTRICT COURT

CLARK COUNTY, NEVADA

MARIA A. PEREZ-SANCHEZ, individually and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC.; SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC; TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE EXPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.. A-17-761291-C
Dept. No.: XXIX

**DEFENDANTS SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL'S LLC (erroneously sued as Carroll Tire Company, LLC), TBC CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, INC. (erroneously sued as Midas, LLC) and TREADWAYS, LLC (erroneously named as Treadways Corporation's) NRCP 7.1 DISCLOSURE**

COMES NOW, Defendants SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL'S LLC (erroneously sued as Carroll Tire Company, LLC), TBC CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, INC. (erroneously sued as Midas, LLC) and TREADWAYS, LLC (erroneously named as Treadways Corporation), by and through their attorneys of record, Josh Cole Aicklen, Paul A. Shpirt and Amber White-Davidson of LEWIS BRISBOIS BISGAARD & SMITH LLP, and hereby provide the following disclosure pursuant to NRCP 7.1 in the above-entitled action.

Defendants state they have no parent corporation and that no publicly held corporation owns 10% or more of their stock.

DATED this 20th day of October, 2017.

By [signature]
JOSH COLE AICKLEN
Nevada Bar No. 007254
PAUL A. SHPIRT
Nevada Bar No. 10441
AMBER WHITE-DAVIDSON
Nevada Bar No. 11739
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendants
SUMITOMO CORPORATION; SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2017, a true and correct copy of DEFENDANTS SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL'S LLC (erroneously sued as Carroll Tire Company, LLC), TBC CORPORATION, MIDAS INTERNATIONA CORPORATION, MIDAS, INC. (erroneously sued as Midas, LLC) and TREADWAYS, LLC (erroneously named as Treadways Corporation's) NRCP 7.1 DISCLOSURE to be served by electronic service with the Eighth Judicial District Court Odyssey filing system to the parties on the Electronic Service List as follows:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 S. Seventh Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs
MARIA A. PEREZ-SANCHEZ and
ANDREA A. AVILA-PEREZ

Robert E. Ammons, Esq.
Randy Canché, Esq.
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Attorneys for Plaintiffs
MARIA A. PEREZ-SANCHEZ and
ANDREA A. AVILA-PEREZ

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
Attorneys for Defendant
TIRE XPRESS, INC.

Jennifer Willis Arledge, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
300 S. Fourth Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendant SUMITOMO RUBBER NORTH AMERICA, INC.

By [signature]
Ariana J. Dunbar
LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4812-0175-3682.1



# DISTRICT COURT
# CLARK COUNTY, NEVADA

**Product Liability** **COURT MINUTES** **October 24, 2017**

A-17-761291-C Maria Perez-Sanchez, Plaintiff(s)
vs.
Sumitomo Rubber Industries Ltd, Defendant(s)

**October 24, 2017** **3:00 AM** **Minute Order**

**HEARD BY:** Jones, David M **COURTROOM:** Chambers

**COURT CLERK:** Athena Trujillo

**PARTIES PRESENT:** None.

## JOURNAL ENTRIES

- As Lewis Brisbois Bisgaard & Smith is on Judge Jones recusal list, please have this case randomly reassigned.



Electronically Filed
10/24/2017 10:17 AM
Steven D. Grierson
CLERK OF THE COURT

DISTRICT COURT
CLARK COUNTY, NEVADA
****

| | |
|---|---|
| Maria Perez-Sanchez, Plaintiff(s) vs. Sumitomo Rubber Industries Ltd, Defendant(s) | Case No.: A-17-761291-C<br>Department 32 |

## NOTICE OF DEPARTMENT REASSIGNMENT

NOTICE IS HEREBY GIVEN that the above-entitled action has been randomly reassigned to Judge Rob Bare.

☒ This reassignment is due to: Attorney/Judge conflict.

ANY TRIAL DATE AND ASSOCIATED TRIAL HEARINGS STAND BUT MAY BE RESET BY THE NEW DEPARTMENT.

Any motions or hearings presently scheduled in the FORMER department will be heard by the NEW department as set forth below.

**Motion for More Definite Statement will be heard, on 12/07/2017, at 9:30 AM.**

PLEASE INCLUDE THE NEW DEPARTMENT NUMBER ON ALL FUTURE FILINGS.

STEVEN D. GRIERSON, CEO/Clerk of the Court

By: /s/ Diana Matson
Diana Matson
Deputy Clerk of the Court

## CERTIFICATE OF SERVICE

I hereby certify that this 24th day of October, 2017

☒ The foregoing Notice of Department Reassignment was electronically served to all registered parties for case number A-17-761291-C.

/s/ Diana Matson
Diana Matson
Deputy Clerk of the Court



Electronically Filed
11/1/2017 10:44 AM
Steven D. Grierson
CLERK OF THE COURT

MASS

THE AMMONS LAW FIRM
ROBERT E. AMMONS, ESQ. (*Pro Hac Vice Pending)*
rob@ammonslaw.com
RANDY A. CANCHÉ, ESQ. (*Pro Hac Vice Pending)*
randy@ammonslaw.com
3700 Montrose Blvd.
Houston, Texas 77006
Tel.: (713) 523-1606
Fax: (713) 523-4159
&
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.:

**MOTION TO ASSOCIATE COUNSEL**

. . . . .

Plaintiffs, Maria A. Perez-Sanchez, individually and as surviving mother of Luis Antonio Martinez-Perez, deceased, and Andrea A. Avila-Perez, as surviving mother of Iker Axel Garcia-Avila, deceased and by and through their undersigned counsel of record, Campbell & Williams, is requesting Court for an order permitting Robert E. Ammons, Esq. to practice in this Court for the purpose of this case only, pursuant to Nevada Supreme Court Rule 42 (SCR 42). Robert E. Ammons, Esq., having complied with the requirements as set forth in SCR 42, hereby submits a "Verified Application for Association of Counsel," (Exhibit 1), "Certificates of Good Standing" from the State Bar of Texas, The Supreme Court of Texas, The Supreme Court of Florida, State of New York Supreme Court, and The Supreme Court of Arizona (attached hereto as Exhibit 2), State Bar of Nevada Statement (attached hereto as Exhibit 3) and Proposed Order Admitting to Practice (attached hereto as Exhibit 4).

Dated this 1st day of November, 2017.

Submitted by:

By:____________________

Donald J. Campbell, Esq. (1216)
Samuel R. Mirkovich, Esq. (11662)
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101
(702) 382-5222-phone
(702) 382-0540-fax

*Attorneys for Plaintiffs*

# EXHIBIT 1

# EXHIBIT 1

VAPP

DISTRICT COURT

CLARK COUNTY, NEVADA

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: 29

**VERIFIED APPLICATION FOR ASSOCIATION OF COUNSEL UNDER NEVADA SUPREME COURT RULE 42**

**Robert** (First) **E.** (Middle Name) **Ammons** (Last), Petitioner, respectfully represents:

1. Petitioner resides at **2320 River Oaks Blvd.** (Street Address)

**Houston** (City), **Harris** (County), **Texas** (State), **77019** (Zip Code)

**(832 )816-7149** (Telephone)

2. Petitioner is an attorney at law and a member of the law firm of: The Ammons Law Firm

with offices at **3700 Montrose Blvd.** (Street Address)

**Houston**, **Harris**, **Texas**, **77006**

City County State Zip Code

(713 )523-1606 rob@ammonslaw.com
Telephone Email

3. Petitioner has been retained personally or as a member of the above named law firm by **Maria A. Perez-Sanchez & Andrea Avila-Perez** to provide legal representation in connection with the above-entitled matter now pending before the above referenced court.

4. Since **November 10, 1988**, petitioner has been, and presently is, a member of good standing of the bar of the highest court of the State of **Texas** where petitioner regularly practices law.

5. Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States, and/or courts of other states on the dates indicated for each, and is presently a member in good standing of the bars of said Courts:

| | DATE ADMITTED |
|---|---|
| **State Bar of Texas** | **11/10/1988** |
| **The Supreme Court of Texas** | **11/10/1988** |
| **U.S. District Court / Eastern District of Texas** | **12/20/1995** |
| **U.S. District Court / Southern District of Texas** | **6/1/1990** |
| **U.S. District Court / Western District of Texas** | **11/14/2003** |
| **State Bar of New York** | **3/1/2006** |
| **Arizona Supreme Court** | **6/27/2010** |
| **Florida Supreme Court** | **4/23/1990** |

6. Is Petitioner currently suspended or disbarred in any court? You must answer yes or no. If yes, give particulars; e.g., court, jurisdiction, date: **No.**

7. Is Petitioner currently subject to any disciplinary proceedings by any organization with authority at

law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No.

8. Has Petitioner ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No.

9. Has Petitioner ever had any certificate or privilege to appear and practice before any regulatory administrative body suspended or revoked? You must answer yes or no. If yes, give particulars, e.g. date, administrative body, date of suspension or reinstatement: No.

10. Has Petitioner, either by resignation, withdrawal, or otherwise, ever terminated or attempted to terminate Petitioner's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings? You must answer yes or no. If yes, give particulars: No.

11. Petitioner has filed the following application(s) to appear as counsel under Nevada Supreme Court Rule 42 during the past three (3) years in the following matters, if none, indicate so: *(do not include Federal Pro Hacs)*

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied? |
|---|---|---|---|
| 11/23/2015 | CV15-01752 | Second District / Washoe | Granted |
| 3/1/2017 | A-17-750290-C | District Court / Clark County | Granted |

(If necessary, please attach a statement of additional applications)

12. Nevada Counsel of Record for Petition in this matter is:
(must be the same as the signature on the Nevada Counsel consent page)

**Samuel** (First Name) **R.** (Middle Name) **Mikovich** (Last Name) **11662** (NV Bar #),

who has offices at **Campbell & Williams** (Firm Name/Company),

**700 S. Seventh St.** (Street Address), **Las Vegas** (City), **Clark** (County),

**89101** (Zip Code), **(702) 382-5222** (Phone Number).

13. The following accurately represents the names and addresses of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the names and addresses of each counsel of record who appeared for said parties: (You may attach as an Exhibit if necessary.)

NAME MAILING ADDRESSS

**See Exhibit "A" attached**

14. Petitioner agrees to comply with the provisions of Nevada Supreme Court Rule 42(3) and (13) and Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada in accordance with provisions as set forth in SCR 42(3) and (13). Petitioner respectfully requests that Petitioner be admitted to practice in the above-entitled court FOR THE PURPOSES OF THIS MATTER

ONLY.

15. Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

I, **Robert E. Ammons** , do hereby swear/affirm under penalty of perjury that the assertions of this application and the following statements are true:

Print Petitioner Name

1) That I am the Petitioner in the above entitled matter.

2) That I have read Supreme Court Rule (SCR) 42 and meet all requirements contained therein, including, without limitation, the requirements set forth in SCR 42(2), as follows:

(A) I am not a member of the State Bar of Nevada;

(B) I am not a resident of the State of Nevada;

(C) I am not regularly employed as a lawyer in the State of Nevada;

(D) I am not engaged in substantial business, professional, or other activities in the State of Nevada;

(E) I am a member in good standing and eligible to practice before the bar of any jurisdiction of the United States; and

(F) I have associated a lawyer who is an active member in good standing of the State Bar of Nevada as counsel of record in this action or proceeding.

2) That I have read the foregoing application and know the contents thereof; that the same is true of my own knowledge except as to those matters therein stated on information and belief, and as to the matter I believe them to be true.

That I further certify that I am subject to the jurisdiction of the Courts and disciplinary boards of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada; that I understand and shall comply with the standards of professional conduct required by members of the State Bar of Nevada; and that I am subject to the disciplinary jurisdiction to the State Bar of Nevada with respect to any of my actions occurring in the

course of such appearance.

DATED this 17 day of October, 2017.

Petitioner/Affiant (blue ink)

STATE OF Texas )
) ss
COUNTY OF Harris )

Subscribed and sworn to before me

this 17 day of October, 20 17

Notary Public

CARMEN MARIE SCOTT
Notary Public, State of Texas
Comm. Expires 06-30-2020
Notary ID 10529038

**DESIGNATION, CERTIFICATION AND CONSENT OF NEVADA COUNSEL**

SCR 42(14) Responsibilities of Nevada attorney of record.

(a) The Nevada attorney of record shall be responsible for and actively participate in the representation of a client in any proceeding that is subject to this rule.

(b) The Nevada attorney of record shall be present at all motions, pre-trials, or any matters in open court unless otherwise ordered by the court.

(c) The Nevada attorney of record shall be responsible to the court, arbitrator, mediator, or administrative agency or governmental body for the administration of any proceeding that is subject to this rule and for compliance with all state and local rules of practice. It is the responsibility of Nevada counsel to ensure that the proceeding is tried and managed in accordance with all applicable Nevada procedural and ethical rules.

I Samuel R. Mirkovich hereby agree to associate with Petitioner referenced hereinabove
Print Nevada Counsel Name
and further agree to perform all of the duties and responsibilities as required by Nevada Supreme Court Rule 42.

DATED this 18th day of October, 2017

[signature]
Nevada Counsel of Record (blue ink)

STATE OF Nevada )
) ss
COUNTY OF Clark )

Subscribed and sworn to before me
this 18th day of October, 2017
[signature] Lucinda Martinez
Notary Public

**Exhibit "A"**

**Plaintiff**
Maria A. Perez-Sanchez, Individually, and as Surviving Mother of Luis Antonio Martinez-Perez, Deceased
c/o Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Fax: (702) 282-0540

**Plaintiff**
Andrea A. Avila-Perez, as Surviving Mother of Iker Axel Garcia-Avila, Deceased
c/o Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Fax: (702) 282-0540

**Defendant**
Sumitomo Rubber Industries, Ltd.c/o its President, Ikuji Ikeda, or any officer, director or agent for Sumitomo Rubber Industries, Ltd., 3-6-9 Wakinohamacho, Chuo-Ku, Kobe, Hyogo 651-0072 Japan.

**Defendant**
Sumitomo Rubber North America, Inc.
8656 Haven Ave.,
Rancho Cucamonga, California 91730

**Defendant**
Sumitomo Corporation
c/o President, Kuniharu Nakamura,
or any officer, director or agent for Sumitomo Corporation,
Harumi Island Triton Square Office Tower Y 8-11 Harumi I-chome,
Chuo-ku, Tokyo 104-8610 Japan

**Defendant**
Sumitomo Corporation of Americas
c/o it's registered agent,
The Corporation Trust Company of Nevada
701 S. Carson St., Suite 200

Carson City, Nevada 89701

**Defendant**
Carroll Tire Company, LLC,
c/o Carroll Tire Company, LLC's president,
Erik R. Olsen, or alternatively its registered agent,
Christopher Smith,
184 Hickory Trail
Riverdale, Georgia 30274

**Defendant**
TBC Corporation, now known as TBC-Tire & Battery Corporation,
c/o TBC-Tire & Battery Corporation's president, Erik R. Olsen,
TBC-Tire & Battery Corporation
4300 TBC Way,
Palm Beach Gardens, Florida 33410

**Defendant**
Midas International Corporation
c/o it's registered agent
CSC Services of Nevada, Inc.
2215-B Renaissance Dr.
Las Vegas, Nevada 89119

**Defendant**
Midas, LLC
c/o Secretary of State of Nevada
ES Accounting Services
18401 Collins Ave. 100-241
North Miami Beach, Florida 33160

**Defendant**
Treadways Corporation
Secretary of State of Nevada
c/o officer of Treadways Corporation
1000 N. Cannon Ave.,
Lansdale, Pennsylvania 19446

**Defendant**
Tire Xpress, Inc.
c/o it's registered agent
Jose Moises Arevalo
400 S. 4th Street, Suite 270
Las Vegas, Nevada 89101

# EXHIBIT 2

EXHIBIT 2

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

October 11, 2017


Re: Mr. Robert E. Ammons, State Bar Number 01159820

To Whom It May Concern:

This is to certify that Mr. Robert E. Ammons was licensed to practice law in Texas on November 10, 1988, and is an active member in good standing with the State Bar of Texas. "Good standing" means that the attorney is current on payment of Bar dues; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension from the practice of law.

This certification expires 30 days from the date, unless sooner revoked or rendered invalid by operation of rule or law.


Sincerely,



Linda A. Acevedo
Chief Disciplinary Counsel
LA/web


P.O. BOX 12487, CAPITOL STATION, AUSTIN, TEXAS 78711-2487, 512.427.1350; FAX: 512.427.4167

# The Supreme Court of Texas

AUSTIN

CLERK'S OFFICE

**I, BLAKE HAWTHORNE,** Clerk of the Supreme Court of Texas, certify that the records of this office show that

**Robert E. Ammons**

was duly admitted and licensed as an attorney and counselor at law by the Supreme Court of Texas on the 10th day of November, 1988.

I further certify that the records of this office show that, as of this date

**Robert E. Ammons**

is presently enrolled with the State Bar of Texas as an active member in good standing.

**IN TESTIMONY WHEREOF** witness my signature and the seal of the Supreme Court of Texas at the City of Austin, this, the 11th day of October, 2017.

BLAKE HAWTHORNE, Clerk

Clerk, Supreme Court of Texas

No. 1443C.1

This certification expires thirty days from this date, unless sooner revoked or rendered invalid by operation of rule or law.

# Supreme Court of Florida

## Certificate of Good Standing

*I JOHN A. TOMASINO, Clerk of the Supreme Court of the State of Florida, do hereby certify that*

ROBERT EARL AMMONS

*was admitted as an attorney and counselor entitled to practice law in all the Courts of the State of Florida on* April 23, 1990, *is presently in good standing, and that the private and professional character of the attorney appear to be good.*

*WITNESS my hand and the Seal of the Supreme Court of Florida at Tallahassee, the Capital, this September 19, 2017.*

SUPREME COURT OF THE STATE OF FLORIDA SAT CITO SI RECTE

*Clerk of the Supreme Court of Florida.*



# State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

---

I, Robert D. Mayberger, Clerk of the Appellate Division of the Supreme Court of the State of New York, Third Judicial Department, do hereby certify that

## Robert Earl Ammons

having taken and subscribed the Constitutional Oath of Office as prescribed by law, was duly licensed and admitted to practice by this Court as an Attorney and Counselor at Law in all courts of the State of New York on the **1st day of March, 2006**, is currently in good standing and is registered with the Administrative Office of the Courts as required by section four hundred sixty-eight-a of the Judiciary Law.

In Witness Whereof, I have hereunto set my hand and affixed the Seal of said Court, at the City of Albany, this **18th day of September, 2017.**

Robert D Mayberger

Clerk

# CERTIFICATE OF GOOD STANDING
# ISSUED BY THE DISCIPLINARY CLERK
# FOR AND ON BEHALF OF
# THE SUPREME COURT OF ARIZONA

The Disciplinary Clerk pursuant to Rule 74, Rules of the Supreme Court of Arizona, hereby certifies that according to the records of the State Bar, **ROBERT E. AMMONS** admitted to practice as an attorney and counselor at law in all courts of Arizona by the Supreme Court of Arizona on July 27, 2010 is now, as of the date of this Certificate, an active member of the State Bar of Arizona in good standing.

Given under the seal of the Disciplinary Clerk of the Supreme Court of Arizona this September 20, 2017.

Amanda McQueen
Disciplinary Clerk

# EXHIBIT 3

EXHIBIT 3

STAT

DISTRICT COURT
CLARK COUNTY, NEVADA

Case No. A-17-761291-C
Dept. No. XXIX

Maria A. Perez-Sanchez

vs.

Sumitomo Rubber Industries, LTD.

______________________________/

**STATE BAR OF NEVADA STATEMENT PURSUANT TO SUPREME COURT RULE 42(3)(b)**

THE STATE BAR OF NEVADA, in response to the application of Petitioner, submits the following statement pursuant to SCR42(3):

SCR42(6)**Discretion.** The granting or denial of a motion to associate counsel pursuant to this rule by the court is discretionary. The court, arbitrator, mediator, or administrative or governmental hearing officer may revoke the authority of the person permitted to appear under this rule. Absent special circumstances, repeated appearances by any person or firm of attorneys pursuant to this rule shall be cause for denial of the motion to associate such person.

(a) **Limitation.** It shall be presumed, absent special circumstances, and only upon showing of good cause, that more than 5 appearances by any attorney granted under this rule in a 3-year period is excessive use of this rule.

(b) **Burden on applicant.** The applicant shall have the burden to establish special circumstances and good cause for an appearance in excess of the limitation set forth in subsection 6(a) of this rule. The applicant shall set forth the special circumstances and good cause in an affidavit attached to the original verified application.

1. DATE OF APPLICATION: October 4, 2017

2. APPLYING ATTORNEY: Robert Earl Ammons, Esq.

3. FIRM NAME AND ADDRESS: The Ammons Law Firm, 3700 Montrose Blvd., Houston, TX 77006

4. NEVADA COUNSEL OF RECORD: Samuel Reid Mirkovich, Esq., Campbell & Williams, 700 S. 7th Street, Las Vegas, NV 89101

5. In addition to the present application, petitioner made the following previous applications within the last three years:

**9/21/2015 ADMISSION GRANTED**
**3/6/2017 ADMISSION STATUS NOT REPORTED TO THE STATE BAR**

DATED this October 19, 2017

Suzy Moore
Member Services Admin.
Pro Hac Vice Processor
STATE BAR OF NEVADA

# EXHIBIT 4

EXHIBIT 4

**ORAP**

THE AMMONS LAW FIRM
ROBERT E. AMMONS, ESQ. (*Pro Hac Vice Pending*)
rob@ammonslaw.com
RANDY A. CANCHÉ, ESQ. (*Pro Hac Vice Pending*)
randy@ammonslaw.com
3700 Montrose Blvd.
Houston, Texas 77006
Tel.: (713) 523-1606
Fax: (713) 523-4159
&
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.:

**ORDER ADMITTING TO PRACTICE**

. . . . .

Robert E. Ammons, Esq. having filed this **MOTION TO ASSOCIATE COUNSEL** under Nevada Supreme Court 42, together with a Verified Application for Association of Counsel, a Certificates of Good Standing from the State of Texas, State of Florida, State of New York, State of Arizona and the State Bar of Nevada Statement; said application having been noticed, no objections having been made, and the Court being fully apprised in the premises, and good cause appearing, it is hereby;

**ORDERED**, that said application is hereby granted, and Robert E. Ammons, Esq., is hereby admitted to practice in the above-entitled Court for the purposes of the above-entitled matter only.

DATED this _____ day of November, 2017.

______________________________
District Judge

By:______________________
Donald J. Campbell, Esq. (1216)
Samuel R. Mirkovich, Esq. (11662)
Campbell & Williams
700 South Seventh Street
Las Vegas. Nevada 89101
(702) 382-5222-phone
(702) 382-0540-fax
*Attorneys for Plaintiffs*

**Klusmann, Alexa B.**

| | |
|---|---|
| **From:** | efilingmail@tylerhost.net |
| **Sent:** | Wednesday, November 01, 2017 10:57 AM |
| **To:** | EfileLasVegas |
| **Subject:** | Notification of Service for Case:  A-17-761291-C, Maria Perez-Sanchez, Plaintiff(s) vs.Sumitomo Rubber Industries Ltd, Defendant(s) for filing Motion to Associate Counsel - MASS, Envelope Number: 1705185 |



# Notification of Service

Case Number: A-17-761291-C
Case Style: Maria Perez-Sanchez,
Plaintiff(s)vs.Sumitomo Rubber Industries Ltd,
Defendant(s)
Envelope Number: 1705185



This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | A-17-761291-C |
| **Case Style** | Maria Perez-Sanchez, Plaintiff(s)vs.Sumitomo Rubber Industries Ltd, Defendant(s) |
| **Date/Time Submitted** | 11/1/2017 10:44 AM PST |
| **Filing Type** | Motion to Associate Counsel - MASS |
| **Filing Description** | Motion to Associate Counsel for Robert E. Ammons, Esq. |
| **Filed By** | Lucinda Martinez |
| **Service Contacts** | Maria A Perez-Sanchez:<br><br>Donald Campbell (djc@cwlawlv.com)<br><br>Samuel Mirkovich (srm@cwlawlv.com)<br><br>Lucinda Martinez (lmm@cwlawlv.com)<br><br>Robert Rozycki (rpr@cwlawlv.com)<br><br>Matthew Wagner (maw@cwlawlv.com)<br><br>John Chong (jyc@cwlawlv.com)<br><br>Randy Canche (randy@ammonslaw.com)<br><br>Robert Ammons (rob@ammonslaw.com)<br><br>Carmen Scott (carmen@ammonslaw.com) |

| | |
|---|---|
| | Jacob Cukjati (jacob@ammonslaw.com)<br><br>Sumitomo Corporation:<br>Josh Aicklen (josh.aicklen@lewisbrisbois.com)<br>Susan Kingsbury (susan.kingsbury@lewisbrisbois.com)<br>Paul Shpirt (paul.shpirt@lewisbrisbois.com)<br>Amber White-Davidson (amber.white-davidson@lewisbrisbois.com)<br>Ariana Dunbar (ariana.dunbar@lewisbrisbois.com)<br><br>Tire Xpress Inc:<br>Barbara Gracey (bgracey@lawhjc.com)<br>Jason Wigg (jwigg@lawhjc.com)<br>Andrea Flintz (aflintz@lawhjc.com)<br><br>Other Service Contacts not associated with a party on the case:<br>Jennifer Arledge (jennifer.arledge@wilsonelser.com)<br>Efile LasVegas (efilelasvegas@wilsonelser.com)<br>Pamela Lamper (pamela.lamper@wilsonelser.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 7 days. | |

18

Electronically Filed
11/1/2017 10:46 AM
Steven D. Grierson
CLERK OF THE COURT

**MASS**

THE AMMONS LAW FIRM
ROBERT E. AMMONS, ESQ. (*Pro Hac Vice Pending*)
rob@ammonslaw.com
RANDY A. CANCHÉ, ESQ. (*Pro Hac Vice Pending*)
randy@ammonslaw.com
3700 Montrose Blvd.
Houston, Texas 77006
Tel.: (713) 523-1606
Fax: (713) 523-4159
**&**
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PÉREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,<br><br>Plaintiffs,<br><br>SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,<br><br>Defendants. | Case No.: A-17-761291-C<br>Dept. No.:<br><br>**MOTION TO ASSOCIATE COUNSEL** |

. . . . .

Plaintiffs, Maria A. Perez-Sanchez, individually and as surviving mother of Luis Antonio Martinez-Perez, deceased, and Andrea A. Avila-Perez, as surviving mother of Iker Axel Garcia-Avila, deceased and by and through their undersigned counsel of record, Campbell & Williams, is requesting Court for an order permitting Raudel A. Canche, Esq. to practice in this Court for the purpose of this case only, pursuant to Nevada Supreme Court Rule 42 (SCR 42). Raudel A. Canche, Esq., having complied with the requirements as set forth in SCR 42, hereby submits a "Verified Application for Association of Counsel," (Exhibit 1), "Certificates of Good Standing" from the State Bar of Texas, The Supreme Court of Texas, and the State of New York Supreme Court (attached hereto as Exhibit 2), State Bar of Nevada Statement (attached hereto as Exhibit 3) and Proposed Order Admitting to Practice (attached hereto as Exhibit 4).

Dated this 1st day of November, 2017.

Submitted by:

By:_________________________

Donald J. Campbell, Esq. (1216)
Samuel R. Mirkovich, Esq. (11662)
Campbell & Williams
700 South Seventh Street
Las Vegas. Nevada 89101
(702) 382-5222-phone
(702) 382-0540-fax

*Attorneys for Plaintiffs*

# EXHIBIT 1

EXHIBIT 1

VAPP

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-76129I-C
Dept. No.: 29

**VERIFIED APPLICATION FOR ASSOCIATION OF COUNSEL UNDER NEVADA SUPREME COURT RULE 42**

**Raudel "Randy"** (First) **A.** (Middle Name) **Canché** (Last), Petitioner, respectfully represents:

1. Petitioner resides at **1304 Nashua Street** (Street Address)

**Houston** (City), **Harris** (County), **Texas** (State), **77008** (Zip Code)

**(832 )758-0560** (Telephone).

2. Petitioner is an attorney at law and a member of the law firm of: The Ammons Law Firm

with offices at **3700 Montrose Blvd.** (Street Address)

**Houston**, **Harris**, **Texas**, **77006**

City County State Zip Code

(713 )523-1606 randy@ammonslaw.com

Telephone Email

3. Petitioner has been retained personally or as a member of the above named law firm by **Maria A. Sanchez-Perez & Andrea Avila-Perez** to provide legal representation in connection with the above-entitled matter now pending before the above referenced court.

4. Since **November 4, 2005**, petitioner has been, and presently is, a member of good standing of the bar of the highest court of the State of **Texas** where petitioner regularly practices law.

5. Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States, and/or courts of other states on the dates indicated for each, and is presently a member in good standing of the bars of said Courts:

| | DATE ADMITTED |
|---|---|
| **State Bar of Texas** | **11/4/2005** |
| **The Supreme Court of Texas** | **11/4/2005** |
| **U.S. District Court / Eastern District of Texas** | **8/16/2007** |
| **U.S. District Court / Northern District of Texas** | **8/24/2007** |
| **U.S. District Court / Southern District of Texas** | **8/3/2007** |
| **State Bar of New York** | **9/27/2011** |

6. Is Petitioner currently suspended or disbarred in any court? You must answer yes or no. If yes, give particulars; e.g., court, jurisdiction, date: **No.**

7. Is Petitioner currently subject to any disciplinary proceedings by any organization with authority at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status:

**No.**

8. Has Petitioner ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: **No.**

9. Has Petitioner ever had any certificate or privilege to appear and practice before any regulatory administrative body suspended or revoked? You must answer yes or no. If yes, give particulars, e.g. date, administrative body, date of suspension or reinstatement: **No.**

10. Has Petitioner, either by resignation, withdrawal, or otherwise, ever terminated or attempted to terminate Petitioner's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings? You must answer yes or no. If yes, give particulars: **No.**

11. Petitioner has filed the following application(s) to appear as counsel under Nevada Supreme Court Rule 42 during the past three (3) years in the following matters, if none, indicate so: *(do not include Federal Pro Hacs)*

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied? |
|---|---|---|---|
| None | | | |

(If necessary, please attach a statement of additional applications)

12. Nevada Counsel of Record for Petition in this matter is:
(must be the same as the signature on the Nevada Counsel consent page)

**Samuel** (First Name) **R.** (Middle Name) **Mikovich** (Last Name) **11662** (NV Bar #),

who has offices at **Campbell & Williams** (Firm Name/Company),

**700 S. Seventh St.** (Street Address), **Las Vegas** (City), **Clark** (County),

**89101** (Zip Code), **(702) 382-5222** (Phone Number).

13. The following accurately represents the names and addresses of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the names and addresses of each counsel of record who appeared for said parties: (You may attach as an Exhibit if necessary.)

NAME MAILING ADDRESSS

**See Exhibit "A" attached**

14. Petitioner agrees to comply with the provisions of Nevada Supreme Court Rule 42(3) and (13) and Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada in accordance with provisions as set forth in SCR 42(3) and (13). Petitioner respectfully requests that

Petitioner be admitted to practice in the above-entitled court FOR THE PURPOSES OF THIS MATTER ONLY.

15. Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

I, **Raudel "Randy" A. Canché** (Print Petitioner Name), do hereby swear/affirm under penalty of perjury that the assertions of this application and the following statements are true:

1) That I am the Petitioner in the above entitled matter.

2) That I have read Supreme Court Rule (SCR) 42 and meet all requirements contained therein, including, without limitation, the requirements set forth in SCR 42(2), as follows:

(A) I am not a member of the State Bar of Nevada;

(B) I am not a resident of the State of Nevada;

(C) I am not regularly employed as a lawyer in the State of Nevada;

(D) I am not engaged in substantial business, professional, or other activities in the State of Nevada;

(E) I am a member in good standing and eligible to practice before the bar of any jurisdiction of the United States; and

(F) I have associated a lawyer who is an active member in good standing of the State Bar of Nevada as counsel of record in this action or proceeding.

2) That I have read the foregoing application and know the contents thereof; that the same is true of my own knowledge except as to those matters therein stated on information and belief, and as to the matter I believe them to be true.

That I further certify that I am subject to the jurisdiction of the Courts and disciplinary boards of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada; that I understand and shall comply with the standards of professional conduct required by members of the State Bar of Nevada; and that I am subject to the

disciplinary jurisdiction to the State Bar of Nevada with respect to any of my actions occurring in the course of such appearance.

DATED this 17th day of October, 2017.

Petitioner/Affiant (blue ink)

STATE OF Texas )
) ss
COUNTY OF Harris )

Subscribed and sworn to before me

this 17 day of October, 20 17

Notary Public

CARMEN MARIE SCOTT
Notary Public, State of Texas
Comm. Expires 06-30-2020
Notary ID 10529038

# DESIGNATION, CERTIFICATION AND CONSENT OF NEVADA COUNSEL

SCR 42(14) Responsibilities of Nevada attorney of record.

(a) The Nevada attorney of record shall be responsible for and actively participate in the representation of a client in any proceeding that is subject to this rule.

(b) The Nevada attorney of record shall be present at all motions, pre-trials, or any matters in open court unless otherwise ordered by the court.

(c) The Nevada attorney of record shall be responsible to the court, arbitrator, mediator, or administrative agency or governmental body for the administration of any proceeding that is subject to this rule and for compliance with all state and local rules of practice. It is the responsibility of Nevada counsel to ensure that the proceeding is tried and managed in accordance with all applicable Nevada procedural and ethical rules.

I Samuel R. Mirkovich hereby agree to associate with Petitioner referenced hereinabove
Print Nevada Counsel Name
and further agree to perform all of the duties and responsibilities as required by Nevada Supreme Court Rule 42.

DATED this 18th day of October, 2017

[signature]
Nevada Counsel of Record (blue ink)

STATE OF Nevada )
) ss
COUNTY OF Clark )

Subscribed and sworn to before me

this 18th day of October, 2017

Lucinda Martinez
Notary Public

LUCINDA MARTINEZ
Notary Public - State of Nevada
County of Clark
APPT. NO. 05-99788-1
My App. Expires June 28, 2021

**Exhibit "A"**

**Plaintiff**
Maria A. Perez-Sanchez, Individually, and as Surviving Mother of Luis Antonio Martinez-Perez, Deceased
c/o Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone:      (702) 382-5222
Fax:            (702) 282-0540

**Plaintiff**
Andrea A. Avila-Perez, as Surviving Mother of Iker Axel Garcia-Avila, Deceased
c/o Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone:      (702) 382-5222
Fax:            (702) 282-0540

**Defendant**
Sumitomo Rubber Industries, Ltd.c/o its President, Ikuji Ikeda, or any officer, director or agent for Sumitomo Rubber Industries, Ltd., 3-6-9 Wakinohamacho, Chuo-Ku, Kobe, Hyogo 651-0072 Japan.

**Defendant**
Sumitomo Rubber North America, Inc.
8656 Haven Ave.,
Rancho Cucamonga, California 91730

**Defendant**
Sumitomo Corporation
c/o President, Kuniharu Nakamura,
or any officer, director or agent for Sumitomo Corporation,
Harumi Island Triton Square Office Tower Y 8-11 Harumi I-chome,
Chuo-ku, Tokyo 104-8610 Japan

**Defendant**
Sumitomo Corporation of Americas
c/o it's registered agent,
The Corporation Trust Company of Nevada
701 S. Carson St., Suite 200

Carson City, Nevada 89701

**Defendant**
Carroll Tire Company, LLC,
c/o Carroll Tire Company, LLC's president,
Erik R. Olsen, or alternatively its registered agent,
Christopher Smith,
184 Hickory Trail
Riverdale, Georgia 30274

**Defendant**
TBC Corporation, now known as TBC-Tire & Battery Corporation,
c/o TBC-Tire & Battery Corporation's president, Erik R. Olsen,
TBC-Tire & Battery Corporation
4300 TBC Way,
Palm Beach Gardens, Florida 33410

**Defendant**
Midas International Corporation
c/o it's registered agent
CSC Services of Nevada, Inc.
2215-B Renaissance Dr.
Las Vegas, Nevada 89119

**Defendant**
Midas, LLC
c/o Secretary of State of Nevada
ES Accounting Services
18401 Collins Ave. 100-241
North Miami Beach, Florida 33160

**Defendant**
Treadways Corporation
Secretary of State of Nevada
c/o officer of Treadways Corporation
1000 N. Cannon Ave.,
Lansdale, Pennsylvania 19446

**Defendant**
Tire Xpress, Inc.
c/o it's registered agent
Jose Moises Arevalo
400 S. 4th Street, Suite 270
Las Vegas, Nevada 89101

# EXHIBIT 2

EXHIBIT 2

# STATE BAR OF TEXAS

*Office of the Chief Disciplinary Counsel*

October 11, 2017

Re: Mr. Raudel Armando Canche, State Bar Number 24050373

To Whom It May Concern:

This is to certify that Mr. Raudel Armando Canche was licensed to practice law in Texas on November 04, 2005, and is an active member in good standing with the State Bar of Texas. "Good standing" means that the attorney is current on payment of Bar dues; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension from the practice of law.

This certification expires 30 days from the date, unless sooner revoked or rendered invalid by operation of rule or law.

Sincerely,

Linda A. Acevedo
Chief Disciplinary Counsel
LA/web

P.O. BOX 12487, CAPITOL STATION, AUSTIN, TEXAS 78711-2487, 512.427.1350; FAX: 512.427.4167



# The Supreme Court of Texas

AUSTIN

CLERK'S OFFICE

**I, BLAKE HAWTHORNE,** Clerk of the Supreme Court of Texas, certify that the records of this office show that

**Raudel Armando Canche**

was duly admitted and licensed as an attorney and counselor at law by the Supreme Court of Texas on the 4th day of November, 2005.

I further certify that the records of this office show that, as of this date

**Raudel Armando Canche**

is presently enrolled with the State Bar of Texas as an active member in good standing.

SUPREME COURT OF THE STATE OF TEXAS

**IN TESTIMONY WHEREOF** witness my signature and the seal of the Supreme Court of Texas at the City of Austin, this, the 11th day of October, 2017.

BLAKE HAWTHORNE, Clerk

Blake A. Hawthorne

Clerk, Supreme Court of Texas

No. 1446C.1

This certification expires thirty days from this date, unless sooner revoked or rendered invalid by operation of rule or law.



# State of New York
# Supreme Court, Appellate Division
# Third Judicial Department

---

I, Robert D. Mayberger, Clerk of the Appellate Division of the Supreme Court of the State of New York, Third Judicial Department, do hereby certify that

## Raudel A. Canche

having taken and subscribed the Constitutional Oath of Office as prescribed by law, was duly licensed and admitted to practice by this Court as an Attorney and Counselor at Law in all courts of the State of New York on the **27th day of September, 2011**, is currently in good standing and is registered with the Administrative Office of the Courts as required by section four hundred sixty-eight-a of the Judiciary Law.

In Witness Whereof, I have hereunto set my hand and affixed the Seal of said Court, at the City of Albany, this **18th day of September, 2017**.

Robert D Mayberger

Clerk

# EXHIBIT 3

# EXHIBIT 3

STAT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

Case No. A-17-761291-C
Dept. No. XXIX

Maria A. Perez-Sanchez

vs.

Sumitomo Rubber Industries, LTD.

______________________________/

**STATE BAR OF NEVADA STATEMENT PURSUANT TO SUPREME COURT RULE 42(3)(b)**

THE STATE BAR OF NEVADA, in response to the application of Petitioner, submits the following statement pursuant to SCR42(3):

SCR42(6)**Discretion.** The granting or denial of a motion to associate counsel pursuant to this rule by the court is discretionary. The court, arbitrator, mediator, or administrative or governmental hearing officer may revoke the authority of the person permitted to appear under this rule. Absent special circumstances, repeated appearances by any person or firm of attorneys pursuant to this rule shall be cause for denial of the motion to associate such person.

(a) **Limitation.** It shall be presumed, absent special circumstances, and only upon showing of good cause, that more than 5 appearances by any attorney granted under this rule in a 3-year period is excessive use of this rule.

(b) **Burden on applicant.** The applicant shall have the burden to establish special circumstances and good cause for an appearance in excess of the limitation set forth in subsection 6(a) of this rule. The applicant shall set forth the special circumstances and good cause in an affidavit attached to the original verified application.

1. DATE OF APPLICATION: October 4, 2017

2. APPLYING ATTORNEY: Raudel Armando Canche, Esq.

3. FIRM NAME AND ADDRESS: The Ammons Law Firm, 3700 Montrose Blvd., Houston, TX 77006

4. NEVADA COUNSEL OF RECORD: Samuel Reid Mirkovich, Esq., Campbell & Williams, 700 S. 7th Street, Las Vegas, NV 89101

5. There is no record of previous applications for appearance by petitioner within the past three (3) years.

DATED this October 19, 2017

Suzy Moore
Member Services Admin.
Pro Hac Vice Processor
STATE BAR OF NEVADA

# EXHIBIT 4

EXHIBIT 4

**ORAP**

THE AMMONS LAW FIRM
ROBERT E. AMMONS, ESQ. (*Pro Hac Vice Pending)*
rob@ammonslaw.com
RANDY A. CANCHÉ, ESQ. (*Pro Hac Vice Pending)*
randy@ammonslaw.com
3700 Montrose Blvd.
Houston, Texas 77006
Tel.: (713) 523-1606
Fax: (713) 523-4159
**&**
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.:

**ORDER ADMITTING TO PRACTICE**

. . . . .

Raudel A. Canche, Esq. having filed this **MOTION TO ASSOCIATE COUNSEL** under Nevada Supreme Court 42, together with a Verified Application for Association of Counsel, a Certificates of Good Standing from the State of Texas, State of New York and the State Bar of Nevada Statement; said application having been noticed, no objections having been made, and the Court being fully apprised in the premises, and good cause appearing, it is hereby;

**ORDERED**, that said application is hereby granted, and Raudel A. Canche, Esq., is hereby admitted to practice in the above-entitled Court for the purposes of the above-entitled matter only.

DATED this _____ day of November, 2017.

______________________________
District Judge

By:_____________________
Donald J. Campbell, Esq. (1216)
Samuel R. Mirkovich, Esq. (11662)
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101
(702) 382-5222-phone
(702) 382-0540-fax
*Attorneys for Plaintiffs*

19

Electronically Filed
11/2/2017 5:40 PM
Steven D. Grierson
CLERK OF THE COURT

Donald J. Campbell (1216)
Samuel R. Mirkovich (11662)
Campbell & Williams
700 South Seventh Street
Las Vegas, NV 89101
Telephone: 702-382-5222,
Fax: 702-382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606,
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. Perez-Sanchez, Individually, and as surviving mother of LUIS ANTONIO MARTINEZ-PEREZ, deceased; and ANDREA A. AVILA-PEREZ, as surviving mother of IKER AXEL GARCIA-AVILA, deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS CAROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. And DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: 32

**PLAINTIFFS' OPPOSITION TO THE DEFENDANT SUMITOMO RUBBER NORTH AMERICA, INC.'S MOTION FOR MORE DEFINITE STATEMENT**

Plaintiffs MARIA A. PEREZ-SANCHEZ, Individually, and as surviving mother of LUIS ANTONIO MARTINEZ-PEREZ, deceased, and ANDREA A. AVILA-PEREZ, as surviving mother of IKER AXEL GARCIA-AVILA, deceased, (collectively, "Plaintiffs") herein file this Opposition to Defendant SUMITOMO RUBBER NORTH AMERICA, INC.'s Motion for More Definite Statement pursuant to NRCP 12(e). The Opposition is made and based upon the pleadings and papers by counsel filed herein, and the Points and Authorities that follow.

**POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This matter arises from an automobile collision ("collision") that occurred on December 13, 2015. Plaintiff Maria A. Perez-Sanchez (hereinafter "Ms. Perez") and Andrea A. Avila-Perez (hereinafter "Ms. Avila") filed Plaintiffs' Original Complaint on September 12, 2017, against various Defendants, including Moving Defendant Sumitomo Rubber North America, Inc. ("SRNA"), three other Sumitomo entities, and other non-moving entities.

On December 13, 2015, Ms. Perez was involved in the motor collision wherein her minor son and minor grandson were passengers. Tragically, both children died in the collision. The cause of the collision was a rear right tire that was designed, manufactured, marketed and distributed by the Sumitomo Entities. The subject tire detreaded on Interstate-40 outside of Flagstaff, Arizona. Once the tire detreaded, Ms. Perez's vehicle veered from the left lane to the right lane of travel which caused the vehicle to collide with a tractor-trailer traveling in the right lane of travel. Ms. Perez was knocked unconscious during the collision and hospitalized. Ms. Perez's minor son, Luis Antonio Martinez-Perez ("Luis"), and her minor grandson, Iker Axel-Garcia-Avila ("Iker"), died at the scene. Plaintiffs, thereafter, filed claims against the Defendants for designing, manufacturing, marketing and distributing the subject tire.

Plaintiffs herein respond to Defendant SRNA's Motion, and allege that the facts plead by Plaintiffs are sufficient under the NRCP 8, NRCP 12(e), and Nevada case law.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

## II. ARGUMENT

### A. Legal Standard.

Under NRCP 12(e), a plaintiff's complaint should be dismissed only if it appears so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading. *See Taylor v. State and Univ.*, 311 P.2d 733, 734 (Nev. 1957): *Chavez v. Robberson Steel Co.*, 584 P.2d 159, 160 (Nev. 1978). Nevada Courts have long held that: "a complaint need only set forth sufficient facts to demonstrate the necessary elements of a claim for relief so that the defending party has adequate notice of the nature of the claim and relief sought." *Western States Const. Inc. v. Michoff*, 840 P.2d 1220, 1223 (Nev. 1992); *citing Hay v. Hay*, 678 P.2d 672, 674 (Nev. 1984). A "Notice pleading" requires plaintiffs to set forth the facts which support a legal theory, but does not require the legal theory relied upon to be correctly identified. *Liston v. Las Vegas Metro. Police Dep't*, 906 P.2d 720, 723 (Nev. 1995); *Swartz v. Adams,* 563 P.2d 74, 77 (1977). Here, each of Plaintiffs' allegations meet the foregoing standards and the requirements of NRCP 8 for at least the following reasons.

### B. Plaintiffs' Complaint Sets Forth Sufficient Facts for Moving Defendant to File an Answer.

Pursuant to NRCP 8, Plaintiffs' Complaint sets forth their residency requirements establishing the Eight Judicial District of Nevada's jurisdiction over this matter. Plaintiffs' Complaint states that the Plaintiffs' were residents of the state of Nevada at the time of the collision. Plaintiffs have continued to remain residents of the State of Nevada to satisfy N.R.S. 10.155. Unless otherwise required by a specific statute, N.R.S. 10.155 provides that the legal residence of a person in Nevada is that place where the person has been physically present within the State during the period for which residency is claimed. N.R.S. 10.155. The statute continues that legal residence starts on the day the actual physical presence begins. *Id.* The statute continues that if a person leaves the jurisdiction of his or her residence with the intention, in good faith, of returning without delay

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

and continuing his or her residence, the time of absence is not considered in determining residence. *Id.* Further, Co-Defendant, Tire Xpress, Inc., is a corporate resident of Clark County, Nevada, and has filed an answer with this Court.

**C. Statements Considered by Moving Defendant to be Vague**

**a. Residency of Plaintiffs**

SRNA contends that the residency of Plaintiffs is vague. Yet, Plaintiffs have alleged in their Original Complaint that Plaintiffs reside and have resided in Las Vegas, Clark County, Nevada. These facts satisfy N.R.S. 13.040. The statute states, that in all other cases which do not have mandatory venue requirements, an action shall be tried in the county in which the defendants, **or any one of them, may reside at the commencement of action**; or, if none of the defendants resident in the state, or if residing in the state the county which the Plaintiffs may designate in the complaint; and if any defendant, or defendants, may be about to depart from the state, **such action may be tried in any county where either of the parties may reside**. *Id.* In this matter, Defendant Tire Express, Inc. is a resident of Clark County, does business in Clark County, Nevada, and has answered Plaintiffs' Original Complaint. Plaintiffs resided in Clark County at the time of the incident and continue to reside in Clark County, Nevada. This satisfies the pleading for venue requirements in Nevada.

**b. Role of Defendants**

Moving Defendant next contends that Plaintiffs have not set forth sufficient facts to establish what each of Defendant's role was in the design, manufacture, marketing and distribution and sale of the subject tire. The Plaintiffs need not be required to remind the Court that Nevada is a notice pleading state, and Courts liberally construe pleadings.

**c. Incident Location**

Moving Defendant contends that Plaintiffs fail to allege with specificity where the subject collision occurred. Yet, Plaintiffs have plead that venue is proper in Clark County, Nevada, by

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

virtue of the fact that the Plaintiffs resided in Clark County when the incident occurred and that Defendant Tire Express is a resident of Clark County, Nevada. The only argument proffered by Moving Defendant is that the location of the collision is important for a determination of the proper jurisdiction, venue and court. Yet, the proper jurisdiction, venue and court has been established as proper by this Court and by Co-Defendant Tire Express, Inc.'s Answer to Plaintiffs' Original Complaint and as further explained pursuant to NRS 13.040.

**d. Product Identification**

Moving Defendant argues that Plaintiffs' Complaint inadequately describes the tire that allegedly failed and admits that the pleadings identify the make and model of the tire, but does not provide the DOT number. Moving Defendant contends the DOT number is critical in identifying when and where the tire was manufactured. Plaintiffs disagree. In fact, the DOT number that Defendant seeks is irrelevant to answer Plaintiffs' claims. Paragraphs 30 through 81 of Plaintiffs' Complaint allege sufficient facts to establish Plaintiffs' causes of action. All 51 of these paragraphs set forth Plaintiffs' products liability claims against the Defendants. The DOT number on the subject tire has no bearing on crafting Movant's answer. Plaintiffs have stated the following in pleading the defects in the subject tire.

> 33. The tire that failed was unreasonably dangerous and unsafe for its intended use by reason of defects.
>
> 34. The tire that failed was defectively designed by Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation, and Does One through Twenty.
>
> 35. The tire that failed was defectively manufactured by Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation, and Does One through Twenty.
>
> 36. At the time of the crash, the tire that failed was being used in a manner that was reasonably foreseeable by Defendants.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

37. The tire that failed was expected to and did reach the Plaintiffs without substantial change affecting its condition.

38. The tire that failed was defective because it failed by tread separation before its tread wore to 2/32 of an inch.

39. The tire that failed is defective because it had inadequate fatigue resistance.

40. The tire that failed is defective because it was not sufficiently durable.

41. The tire that failed is defective because it lacked full nylon.

42. The tire that failed is defective because there is poor adhesion between the components of the tire.

43. The tire that failed is defective because its inner liner compound and construction are inadequate.

44. The tire that failed is defective because its belt skim compound formula and the preparation of its belt skim was deficient.

45. The tire malfunctioned while being used by the Plaintiffs. Plaintiffs provide notice of their intent to rely upon the malfunction doctrine.

46. The malfunction of the defective tire occurred prior to Plaintiffs' use.

47. Plaintiffs did not materially alter or modify the defective tire after it was sold by the Defendants and prior to the incident.

48. Plaintiffs did not misuse the defective tire after it was sold by the Defendants and before the defective tire malfunctioned.

49. Safer alternative designs and proper manufacturing processes were known and reasonably available to Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation, and Does One through Twenty at the time the tire that failed was built.

50. Plaintiffs' injuries and damages described in this Complaint were as a direct and proximate result of the defective tire for which Defendants Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas, LLC, Treadways

Corporation, and Does One through Twenty, are strictly liable and for which Plaintiffs seek judgment as set out below.

Plaintiffs are left wondering what requirements under NRCP 8 would be necessary to satisfy the Moving Defendant's request for more information on the defects. As the Court is aware, discovery has not begun and the parties are merely beginning to file answers. The Plaintiffs, at this point in litigation, should not be required to plead with the detail that Moving Defendant asks this Court to mandate. *Compare with Hay v. Hay*, 678 P.2d 672, 673-75 (Nev. 1984) (holding that summary judgment was improper where plaintiff's complaint stated at least one cause of action with sufficient facts, and even after an appeal, plaintiff was allowed to amend her complaint to more clearly state her cause of action).

**e. Punitive Damages**

Moving Defendant's briefing on this topic lacks legal authority or evidence to support the notion that Plaintiffs' claim for punitive damages does not satisfy Nevada's notice pleading requirement, or that a properly plead claim for punitive damages may be dismissed before any discovery has occurred. Moving Defendant's motion should be denied for the foregoing reasons alone.

While Plaintiffs respectfully submit that substantive analysis of Nevada law governing punitive damages is not required at this pre-discovery stage of the proceedings, the Court should note that the tire that failed the Plaintiffs was nearly new when it failed and caused the collision.

Moving Defendant argues in its motion that Plaintiffs' Complaint does not contain any allegations that set forth how SRNA demonstrated "conscious disregard," or that an officer, director, or managing agent of the corporation was responsible for or "ratified an employee's wrongful act that could lead to a punitive damages award" pursuant to N.R.S. 42.007. Yet, Moving Defendant cannot point to one authority where a court would grant a defendant's motion for more definite statement based on the non-inclusion of a corporate officer at the pleading stage.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Nevada Courts evaluate evidence of punitive damages based on malice or a conscious disregard for the safety of others at the trial stage—not the pleading stage. *See Maduike v. Agency Rent-A*-Car, 953 P.2d 24, 26-27 (Nev. 1998); *First Interstate Bank v. Jafbros Auto Body Inc.*, 787 P.2d 765, 767 (Nev. 1990); *Craigo v. Circus-Circus Enterprises Inc.*, 786 P.2d 22, 34-35 (Nev. 1990). Here, Discovery has not yet been conducted. It would be highly premature for the Court to determine whether Plaintiffs' claims for punitive damages based on a malice or conscious disregard for safety others is sufficient, even if Plaintiffs have not yet named an employer or officer responsible for the defective tire. At this stage, Plaintiffs' Complaint need only allege sufficient facts of Defendants' malice and conscious disregard for the safety of others when it designed, manufactured, marketed, and distributed the defective tire, which Plaintiffs have plead.

Even so, Nevada case law is informative on the principle that an inference of implied malice can support a plaintiff's claims for punitive damages. *Countrywide Home Loans v. Thitchner*, 92 P.3d 243, 252-54 (Nev. 2008). *Countrywide* involved a claim by owners of a condo that their lender had wrongfully disposed of some of their personal property. *Id.* at 246. The lender, Countrywide, had mistakenly instigated a foreclosure action against the owners when it intended to foreclose against a neighboring condo owner. *Id.* The trial court judge ruled that the evidence presented a jury question on the issue of punitive damages, and the jury resolved that question against Countrywide. In a unanimous decision, the Nevada Supreme Court affirmed.

Countrywide characterized the evidence against it as a convergence of undetected mistakes, and argued that the evidence did not show that it intended harm. The Nevada Supreme Court held the intent to cause harm is the mental element of *express* malice, but plays no role in analyzing a defendant's conscious disregard for purposes of *implied* malice or oppression. *Id.* at 744-45, 192 P.3d at 256. Where a defendant is aware of probable harmful consequences arising from its conduct, a jury may infer the necessary conscious disregard from conduct that some might

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

characterize as a simple failure to heed warning signs. Indeed, this is the description given the evidence against Countrywide by the Nevada Supreme Court:

> In this case, the district court determined that punitive damages were available and submitted the issue to the jury based on evidence that Countrywide ignored numerous warning signs that likely would have led it to discover its error in misidentifying the Thitchners' condominium unit before it disposed of the Thitchners' personal belongings and listed their unit for sale.

*Id.* at 744, 192 P.2d at 253.

Like Moving Defendant, here Countrywide argued that there was insufficient evidence for the jury to infer that it had acted in conscious disregard of the plaintiff's rights. The Court rejected Countrywide's argument "in light of the new alignment in our punitive damage jurisprudence." *Id.* at 743, 192 P.3d at 255. The Nevada Supreme Court observed that the Countrywide plaintiffs "presented evidence of multiple ignored warning signs suggesting that Countrywide knew of a potential mix-up." *Id.* at 255. The casual response of Countrywide's employee (Baldwin) to these warning signs was sufficient to present a jury issue. The Nevada Supreme Court explained:

> [A]s a foreclosure specialist, Baldwin presumably understood that proceeding in the face of these warning signs involved an imminent, as opposed to merely a theoretical, risk of harm to this particular unit's lawful owner. Given this knowledge of the probable harm that would result from a wrongful foreclosure, the jury reasonably could have inferred that Countrywide's casual attempts at verification indicated a willful and deliberate failure on its part to avoid that harm. Consequently, the jury could have logically concluded that Countrywide consciously disregarded the Thitcheners' rights. As these and other reasonable inferences could have been drawn in the Thitcheners' favor, we cannot conclude that submitting the Thitcheners' punitive damage claim to the jury was improper.

*Id.* at 256.

Based on the Nevada Supreme Court's ruling in *Countrywide*, Plaintiffs may establish Defendants' implied malice by demonstrating that the Plaintiff had purchased a new tire only six months prior to the incident which claimed the life of her minor son and minor grandson and caused her significant injuries.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**III. CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court deny Defendant Sumitomo Rubber North America, Inc.'s Motion for More Definite Statement.

DATED this 2nd day of November, 2017.

By ***/s/ Samuel R. Mirkovich***

Donald J. Campbell (1216)
Samuel R. Mirkovich (11662)
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, NV 89101
Telephone: 702-382-5222
Fax: 702-382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas State Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas State Bar No. 24050373
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: (713)523-1606
Fax: (713)523-4159

ATTORNEYS FOR PLAINTIFFS

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of Campbell & Williams, and that on this 2nd day of November, 2017, I caused the foregoing document entitled **Plaintiffs' Opposition to Defendant Sumitomo Rubber North America's Motion for More Definite Statement** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court e-Filing System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

Jennifer Willis Arledge
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, L.L.P.
300 South 4th Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400 Office
(702) 727-1259 Direct
(702) 727-1401 Facsimile

*Attorney for Sumitomo Rubber Industries Inc. and Sumitomo Rubber North America, Inc*

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, L.L.P.
7425 Peak Drive
Las Vegas, NV 89128
Telephone: (702) 316-4111
Facsimile: (702) 316-4114

*Attorneys for Defendant Tire Xpress, Inc.*

Josh Cole Aicklen
Paul A Shpirt
Amber White-Davidson
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118
Ph: (702) 693-1718
Fax: (702) 893-3789
amber.white-davidson@lewisbrisbois.com

*Attorneys for Defendants Sumitomo Corporation; Sumitomo Corporation of Americas; Carroll's LLC (sued as Carroll Tire Company, LLC); Midas International Corporation; Midas, Inc. (sued as Midas, LLC); and Treadways, LLC (sued as Treadways Corporation).*

*/s/ Lucinda Martinez*
An employee of Campbell & Williams

20

Electronically Filed
11/8/2017 10:49 AM
Steven D. Grierson
CLERK OF THE COURT

NOTC

THE AMMONS LAW FIRM
ROBERT E. AMMONS, ESQ. (*Pro Hac Vice Pending)*
rob@ammonslaw.com
RANDY A. CANCHÉ, ESQ. (*Pro Hac Vice Pending)*
randy@ammonslaw.com
3700 Montrose Blvd.
Houston, Texas 77006
Tel.: (713) 523-1606
Fax: (713) 523-4159
&
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No. 32

**NOTICE OF HEARING**

To: All Interested Parties; and

To: All Counsel of Record;

PLEASE TAKE NOTICE that Plaintiffs, will bring the **MOTION TO ASSOCIATE COUNSEL FOR ROBERT AMMONS, ESQ.** and **MOTION TO ASSOCIATE COUNSEL FOR RAUDEL CANCHE, ESQ.** on for decision on the 9th day of January, ~~2017~~ 2018, in Department XXXII of the above entitled Court. at 9:30 am

Dated this 8th day of November, 2017.

CAMPBELL & WILLIAMS

By */s/ Samuel R. Mirkovich*
DONALD J. CAMPBELL, ESQ. (1216)
SAMUEL R. MIRKOVICH, ESQ. (11662)
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222

*Attorneys for Plaintiff*

**Klusmann, Alexa B.**

**From:** efilingmail@tylerhost.net
**Sent:** Wednesday, November 08, 2017 11:15 AM
**To:** EfileLasVegas
**Subject:** Notification of Service for Case: A-17-761291-C, Maria Perez-Sanchez, Plaintiff(s) vs.Sumitomo Rubber Industries Ltd, Defendant(s) for filing Notice of Hearing - NOH, Envelope Number: 1736413

# Notification of Service

Case Number: A-17-761291-C
Case Style: Maria Perez-Sanchez, Plaintiff(s)vs.Sumitomo Rubber Industries Ltd, Defendant(s)
Envelope Number: 1736413

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | A-17-761291-C |
| **Case Style** | Maria Perez-Sanchez, Plaintiff(s)vs.Sumitomo Rubber Industries Ltd, Defendant(s) |
| **Date/Time Submitted** | 11/8/2017 10:49 AM PST |
| **Filing Type** | Notice of Hearing - NOH |
| **Filing Description** | Notice of Hearing |
| **Filed By** | Lucinda Martinez |
| **Service Contacts** | Maria A Perez-Sanchez:<br><br>Donald Campbell (djc@cwlawlv.com)<br><br>Samuel Mirkovich (srm@cwlawlv.com)<br><br>Lucinda Martinez (lmm@cwlawlv.com)<br><br>Robert Rozycki (rpr@cwlawlv.com)<br><br>Matthew Wagner (maw@cwlawlv.com)<br><br>John Chong (jyc@cwlawlv.com)<br><br>Randy Canche (randy@ammonslaw.com)<br><br>Robert Ammons (rob@ammonslaw.com)<br><br>Carmen Scott (carmen@ammonslaw.com) |

| | |
|---|---|
| | Jacob Cukjati (jacob@ammonslaw.com)<br><br>Sumitomo Corporation:<br>Josh Aicklen (josh.aicklen@lewisbrisbois.com)<br>Susan Kingsbury (susan.kingsbury@lewisbrisbois.com)<br>Paul Shpirt (paul.shpirt@lewisbrisbois.com)<br>Amber White-Davidson (amber.white-davidson@lewisbrisbois.com)<br>Ariana Dunbar (ariana.dunbar@lewisbrisbois.com)<br><br>Tire Xpress Inc:<br>Barbara Gracey (bgracey@lawhjc.com)<br>Jason Wigg (jwigg@lawhjc.com)<br>Andrea Flintz (aflintz@lawhjc.com)<br><br>Other Service Contacts not associated with a party on the case:<br>Jennifer Arledge (jennifer.arledge@wilsonelser.com)<br>Efile LasVegas (efilelasvegas@wilsonelser.com)<br>Pamela Lamper (pamela.lamper@wilsonelser.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 7 days. | |

21

Electronically Filed
11/9/2017 2:20 PM
Steven D. Grierson
CLERK OF THE COURT

**JMOT**

BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*email: admin@sdlawoffice.net*

Attorneys for Sumitomo Rubber Industries, Ltd.

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Moth of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BARRY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive,

Defendants.

CASE NO. A-17-76129-1-C

DEPT. NO. XXXII

**SUMITOMO RUBBER INDUSTRIES, LTD.'S JOINDER TO DEFENDANT SUMITOMO RUBBER NORTH AMERICA, INC.'S MOTION FOR MORE DEFINITE STATEMENT**

The undersigned, counsel of record for Defendant, SUMITOMO RUBBER INDUSTRIES, LTD., hereby joins in Defendant Sumitomo Rubber North America, Inc.'s Motion for More Definite Statement; filed October 16, 2017. This Joinder is based upon the reasons set forth in the Motion, and the papers and pleadings on file herein.[1]

DATED this 9th day of November, 2017.

STEPHENSON & DICKINSON, P.C.

By: ______________________
BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
P: (702) 474-7229
F: (702) 474-7237
*email: admin@sdlawoffice.net*
Attorneys for Sumitomo Rubber Industries, Ltd.

[1] Sumitomo Rubber Industries, Ltd. was served on or about October 2, 2017 via mail at 3-6-9 Wakinohama-cho, Chuo-ku, Kobe, Hyogo 651-0072, Japan. Pursuant to NRS 14.080, a foreign defendant has 40 days within which to answer or plead. Therefore, this Joinder is timely.

**CERTIFICATE OF SERVICE**

Pursuant to N.R.C.P. 5(b), I hereby certify that I am an employee of STEPHENSON & DICKINSON and that on this 9 day of NOV, 2017, I caused to be served a copy of the foregoing: **SUMITOMO RUBBER INDUSTRIES, LTD.'S JOINDER TO DEFENDANT SUMITOMO RUBBER NORTH AMERICA, INC.'S MOTION FOR MORE DEFINITE STATEMENT** on the party(s) set forth below by:

✓ Electronic service pursuant to NECFR 9

________ Placing an original or true copy in a sealed envelope placed for collection and mailing in the United States Mail, at Las Vegas, Nevada, postage prepaid, following ordinary business practices;

________ Facsimile transmission only, pursuant to the amended Eighth Judicial District Court Rule 7.26

________ Case Management/Electronic Case Filing (CM/ECF)

________ Hand Delivery – Receipt of Copy

addressed as follows:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101

&

Robert E. Ammons, Esq.
Randy Canche, Esq.
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiff*

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Tire Express, Inc.*

Jennifer Willis Arledge, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
300 South 4th Street, 11th Floor
Las Vegas, Nevada 89101
*Attorneys for Sumitomo Rubber North America, Inc.*

Josh C. Aicklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD
& SMITH, LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Sumitomo Corporation;*
*Sumitomo Corporation of Americas;*
*Carroll's, LLC (erroneously sued as Carroll Tire Company, LLC);*
*TBC CORPORATION;*
*MIDAS INTERNATIONAL CORPORATION;*
*MIDAS, INC. (erroneously sued as Midas, LLC); and*
*TREADWAYS, LLC (erroneously named as Treadways Corporation)*

Employee of STEPHENSON & DICKINSON

22

Electronically Filed
11/9/2017 2:24 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*email: admin@sdlawoffice.net*

Attorneys for Sumitomo Rubber Industries, Ltd.

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Moth of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BARRY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive,

Defendants.

CASE NO. A-17-76129-1-C

DEPT. NO. XXXII

**SUMITOMO RUBBER INDUSTRIES, LTD.'S INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

Defendant Sumitomo Rubber Industries, Ltd. $223.00

**Total remitted: $223.00**

DATED this 9th day of November, 2017.

STEPHENSON & DICKINSON, P.C.

By: ______________________

BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
P: (702) 474-7229
F: (702) 474-7237
*email: admin@sdlawoffice.net*
Attorneys for Sumitomo Rubber Industries, Ltd.

**CERTIFICATE OF SERVICE**

Pursuant to N.R.C.P. 5(b), I hereby certify that I am an employee of STEPHENSON & DICKINSON and that on this 9 day of NOV, 2017, I caused to be served a copy of the foregoing: **SUMITOMO RUBBER INDUSTRIES, LTD.'S INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)** on the party(s) set forth below by:

✓ Electronic service pursuant to NECFR 9

__________ Placing an original or true copy in a sealed envelope placed for collection and mailing in the United States Mail, at Las Vegas, Nevada, postage prepaid, following ordinary business practices;

__________ Facsimile transmission only, pursuant to the amended Eighth Judicial District Court Rule 7.26

__________ Case Management/Electronic Case Filing (CM/ECF)

__________ Hand Delivery – Receipt of Copy

addressed as follows:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101

&

Robert E. Ammons, Esq.
Randy Canche, Esq.
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiff*

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Tire Express, Inc.*

Jennifer Willis Arledge, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
300 South 4th Street, 11th Floor
Las Vegas, Nevada 89101
*Attorneys for Sumitomo Rubber North America, Inc.*

Josh C. Aicklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD
& SMITH, LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Sumitomo Corporation;*
*Sumitomo Corporation of Americas;*
*Carroll's, LLC (erroneously sued as Carroll Tire Company, LLC);*
*TBC CORPORATION;*
*MIDAS INTERNATIONAL CORPORATION;*
*MIDAS, INC. (erroneously sued as Midas, LLC); and*
*TREADWAYS, LLC (erroneously named as Treadways Corporation)*

Employee of STEPHENSON & DICKINSON

23

Electronically Filed
11/16/2017 3:06 PM
Steven D. Grierson
CLERK OF THE COURT

**ASSC**

BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*email: admin@sdlawoffice.net*

Attorneys for Sumitomo Rubber Industries, Ltd.

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Moth of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BARRY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive,

Defendants.

CASE NO. A-17-761291-C

DEPT. NO. XXXII

**NOTICE OF ASSOCIATION OF COUNSEL**

The law firm of Stephenson & Dickinson hereby associates as co-counsel for Sumitomo Rubber North America, Inc. in the above matter along with Wilson, Elser, Moskowitz, Edelman & Dicker, pending formal substitution.

DATED this 10th day of November, 2017.

STEPHENSON & DICKINSON, P.C.

By: ______________________

BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
P: (702) 474-7229
F: (702) 474-7237
*email: admin@sdlawoffice.net*
Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North American, Inc.

**CERTIFICATE OF SERVICE**

Pursuant to N.R.C.P. 5(b), I hereby certify that I am an employee of STEPHENSON & DICKINSON and that on this 16th day of Aug, 2017, I caused to be served a copy of the foregoing: **NOTICE OF ASSOCIATION OF COUNSEL** on the party(s) set forth below by:

✓ Electronic service pursuant to NECFR 9

________ Placing an original or true copy in a sealed envelope placed for collection and mailing in the United States Mail, at Las Vegas, Nevada, postage prepaid, following ordinary business practices;

________ Facsimile transmission only, pursuant to the amended Eighth Judicial District Court Rule 7.26

________ Case Management/Electronic Case Filing (CM/ECF)

________ Hand Delivery – Receipt of Copy

addressed as follows:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101

&

Robert E. Ammons, Esq.
Randy Canche, Esq.
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiffs*

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Tire Express, Inc.*

Jennifer Willis Arledge, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
300 South 4th Street, 11th Floor
Las Vegas, Nevada 89101
*Attorneys for Sumitomo Rubber North America, Inc.*

Josh C. Aicklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD
& SMITH, LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Sumitomo Corporation; Sumitomo Corporation of Americas; Carroll's, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)*

Employee of STEPHENSON & DICKINSON

24

Electronically Filed
11/30/2017 4:52 PM
Steven D. Grierson
CLERK OF THE COURT

**RPLY**

BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*email: admin@sdlawoffice.net*

Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Moth of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BARRY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive,<br><br>Defendants. | CASE NO. A-17-761291-C<br><br>DEPT. NO. XXXII<br><br>**SUMITOMO RUBBER INDUSTRIES, LTD. AND SUMITOMO RUBBER NORTH AMERICA, INC.'S REPLY IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT** |

**I. Introduction.**

Sumitomo Rubber North America, Inc. ("SRNA") filed its Motion for More Definite Statement based upon vague and/or ambiguous Complaint allegations regarding the residency of the plaintiffs; the role of all of the defendants; product identification; alleged defects; accident location; and punitive damages. Sumitomo Rubber Industries, Inc. ("SRI") (collectively "SR Defendants") filed a Joinder to the Motion. Plaintiffs' Opposition provides limited clarification as to some of the facts; however, their depictions as to the remaining facts are misleading and their statements of law are incomplete. Therefore, SR Defendants respectfully request their Motion for More Definite Statement be granted with respect to residency, product identification, alleged defects and accident location.

With respect to the punitive damages claim, Plaintiffs' Complaint fails to provide facts of wanton conduct and/or malice; authorized or ratified by an officer, director, or managing agent. Further, their Opposition merely states "Plaintiffs *may* establish Defendants' implied malice by *demonstrating* that the Plaintiff had purchased *a new tire* only six months prior to the incident." *Opposition* at 9:23-25 (emphasis added). These allegations fail to provide facts of wanton conduct or malice. Additionally, they are so vague and ambiguous that SR Defendants cannot reasonably respond to the same. Therefore, SR Defendants respectfully submit the punitive damages claims be dismissed. If Plaintiffs discover bad acts during discovery, then they can move to amend to assert a punitive damages claim.

**II. Argument.**

**A. Residency of the Plaintiffs.**

SR Defendants filed their Motion for More Definite Statement regarding the residency of the Plaintiffs, arguing the Complaint vaguely states Plaintiffs were residents of the State of Nevada. This is important for the SR Defendants to assess venue. Plaintiffs' Opposition states "Plaintiffs have alleged in their Original Complaint that Plaintiffs reside and have resided in Las Vegas, Clark County, Nevada." *Opposition* at 4:6-7. However, the Complaint states:

> 3. At all times mentioned herein, Plaintiff Maria A. Perez-Sanchez was an adult resident of Nevada.

4. At all times mentioned herein, Plaintiff Andrea A. Avila-Perez was an adult resident of Nevada.
5. At all times mentioned herein, decedent Luis Antonio Martinez-Perez was a minor resident of Nevada, and the son of Plaintiff Maria A. Perez-Sanchez.
6. At all times mentioned herein, decedent Iker Axel Garcia-Avila was a minor resident of Nevada, and the son of Plaintiff Andrea A. Avila-Perez.

*Complaint* at ¶¶ 3-6. Accordingly, the SR Defendants request the Court Order the Complaint be amended to specifically state the current residency – including Clark County – for each one the Plaintiffs.

**B. Product identification.**

Since filing their Motion, counsel for SR Defendants received a DOT number from Plaintiffs' counsel.[1] It is requested that Plaintiffs be Ordered to amend their Complaint and provide the DOT number to all parties. This is important so the various Defendants can properly confirm or deny their distribution role, as alleged by Plaintiffs.

**C. Role of the Defendants and product identification.**

The instant Motion was filed because the SR Defendants sought clarification and specification of the role of each Defendant upon which Plaintiffs base their claims. Mr. Ammons has been advised how SNRA distributes tires and none of the Defendants have purchased the alleged model tire from the SR Defendants. It is insufficient to merely allege ten different defendants had some kind of role in the distribution, marketing, and selling of one tire. Therefore, it is incumbent on Plaintiffs – who know where they purchased the tire and in what condition (*i.e.*, new or used) – to state in their Complaint the active distribution role of each named Defendant.

**D. Accident location.**

SR Defendants' Motion was filed because the Complaint contains factual allegation regarding the accident which are vague; it cannot even be determined if the accident happened in the Nevada. In Opposition – rather than identifying the accident location – Plaintiffs argue "venue is proper in Clark

[1] The U.S. Department of Transportation ("DOT") National Highway Traffic Safety Administration ("NHTSA") requires that Tire Identification Numbers be a combination of the letters DOT, followed by eight to thirteen letters and/or number that identify the manufacturing location, tire size, and manufacturer's code, along with the week and year the tire was manufactured. *See Tire Identification and Recordkeeping*, A Rule by the National Highway Traffic Safety Administration (November 20, 2009), https://www.federalregister.gov/documents/2015/04/13/2015-08418/tire-identification-and-recordkeeping.

County, Nevada, by virtue of the fact that the Plaintiffs resided in Clark County when the incident occurred and that Defendant Tire Express is a resident of Clark County, Nevada." *Opposition* at 4:28-5:2. This Opposition is wrong for two reasons. First, as stated in section A, the Complaint is vague as to Plaintiffs' residency. Second, it is misleading because Tire Express, Inc. specifically denied Plaintiffs' allegations as to its residency. *Tire Express, Inc.'s Answer to Complaint* at ¶ 1.[2]

Moreover, it has come to SR Defendants' attention that the accident occurred on Interstate 40 in Yavapai County, Arizona. *See Arizona Crash Report*, page 1, attached hereto as Exhibit "A". Therefore, Nevada may not be the proper venue and the SR Defendants reserve their right to make this argument, following the Court's decision on the instant Motion. Accordingly, SR Defendants request the Court Order Plaintiffs to amend their Complaint to identify the accident location: Interstate 40 in Yavapai County, Arizona.

**E. Punitive damages.**

In the underlying Motion, SR Defendants state the Complaint does not contain any specific facts that set forth the basis for Plaintiffs' punitive damages claim. As the Court is aware, a tire is a wear and tear item on an automobile. Tires are susceptible to flats and damage from road conditions, foreign objects, improper driving, or maintenance. Plaintiffs' Complaint does not provide information regarding when the tire was purchased; how many miles the tire was driven between the date of purchase and date of accident; and what service/maintenance Plaintiff had completed on the tire between the date of purchase and date of accident (*i.e.*, repair for prior flats, retread, proper rotation, proper air pressure, etc.). By failing to provide this information, SR Defendants respectfully submit that Plaintiffs' Complaint is defective as a matter of law.

Moreover, the information listed above is relevant to the punitive damages claim because Plaintiffs must include the facts in their Complaint supporting their claimed willful and wanton conduct. Additionally, pursuant to NRS 42.007, Plaintiffs must show an employee's conscious disregard, rising to the level of oppression, fraud or malice, was expressly authorized/ratified by an

---

[2] Furthermore, Tire Express, Inc.'s Sixth Affirmative Defense states: The court selected by the Plaintiffs is an inappropriate forum pursuant to the doctrine of forum non conveniens. *Tire Express, Inc.'s Answer to Complaint* at Affirmative Defense, Sixth.

officer, director or managing agent of the SR Defendants. *NRS 42.007*. Plaintiffs' Complaint has failed to follow Nevada law and, therefore, their claim for punitive damages should be dismissed.

Likewise, the Opposition merely states "Plaintiffs *may* establish Defendants' implied malice by *demonstrating* that the Plaintiff had purchased *a new tire* only six months prior to the incident." *Opposition* at 9:23-25 (emphasis added). These allegations are vague, ambiguous, and, more importantly, do not comply with NRS 42.007; such that the SR Defendants cannot reasonably respond to the same. As such, it is respectfully submitted the punitive damages claims be dismissed. If Plaintiffs discover bad acts during discovery, then they can move to amend to assert a punitive damages claim.[3]

**III. Conclusion.**

Based upon the foregoing, Defendants Sumitomo Rubber North America, Inc. and Sumitomo Rubber Industries, Ltd. respectfully request their Motion for More Definite Statement be Granted and Plaintiffs be Ordered to amend their Complaint to include:

1. The residency for each Plaintiff;
2. The DOT number;
3. Where the tire was purchased and in what condition;
4. The active distribution role of each named Defendant; and

---

[3] With respect to punitive damages, Plaintiffs' Opposition argues two points. First, SR Defendants' Motion "lacks legal authority or evidence to support the notion that Plaintiff's claim for punitive damages does not satisfy Nevada's notice pleading requirement." Opposition at 7:12-13. Plaintiffs are incorrect because the Motion properly cites to NRS § 42.007 and provides an analysis of the statute's applicability to the case at hand; therefore, complying with EDCR 2.20.

Second, the Opposition argues "Plaintiffs may establish Defendants' implied malice by demonstrating that the Plaintiff had purchased *a new tire* only six months prior to the incident". *Id* at 9:24-25 (emphasis added). In support of their claim Plaintiffs rely on the holding in *Countrywide*, wherein the Court found that when a defendant is aware of probably harmful consequences arising from its conduct, a jury may infer the necessary conscious disregard from said conduct. *Countrywide Home Loans v. Thitchner*, 124 Nev. 725, 740, 192 P.3d 243, 253 (2008). In response, SR Defendants would like to address that *Countrywide* was during trial; not at the initial pleading stage. Therefore, Plaintiffs' citation to the same is without merit. However, if the holding in *Countrywide* is found to be applicable this early on, it is important to note that the Court's holding continues to specifically state:

> "[U]nder NRS 42.007, an employer can be vicariously liable for punitive damages if, among other reasons, the employer expressly authorized or ratified the employee's wrongful conduct or the employer is personally guilty of oppression, fraud, or malice, express or implied. ***When the employer is a corporation, however, the authorization, ratification, or oppression, fraud, or malice must be accomplished by an officer, director, or managing agent of the corporation who expressly authorized to direct or ratify the employee's conduct.*** *Id.* at 124 at 747, 192 P.3d at 258 (2008) (internal quotations omitted) (emphasis added).

5. Yavapai County, Arizona as the location of the accident.

With respect to the punitive damages claim, Plaintiffs' Complaint fails to provide facts of wanton conduct and/or malice; authorized or ratified by an officer, director, or managing agent. Therefore, it is defective as a matter of law. The Opposition provides no additional support; relying on vague and ambiguous conclusory language. As a result, SR Defendants respectfully submit the punitive damages claims be dismissed. If Plaintiffs discover bad acts during discovery, then they can move to amend to assert a punitive damages claim.

DATED this 30th day of November, 2017.

STEPHENSON & DICKINSON, P.C.

By: ______________________
BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
P: (702) 474-7229
F: (702) 474-7237
*Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to N.R.C.P. 5(b), I hereby certify that I am an employee of STEPHENSON & DICKINSON and that on this 30 day of November, 2017, I caused to be served a copy of the foregoing: **SUMITOMO RUBBER INDUSTRIES, LTD. AND SUMITOMO RUBBER NORTH AMERICA, INC.'S REPLY IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT** on the party(s) set forth below by:

✓ Electronic service pursuant to NECFR 9

______ Placing an original or true copy in a sealed envelope placed for collection and mailing in the United States Mail, at Las Vegas, Nevada, postage prepaid, following ordinary business practices;

______ Facsimile transmission only, pursuant to the amended Eighth Judicial District Court Rule 7.26

______ Case Management/Electronic Case Filing (CM/ECF)

______ Hand Delivery – Receipt of Copy

addressed as follows:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101

&

Robert E. Ammons, Esq.
Randy Canche, Esq.
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiff*

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Tire Express, Inc.*

Jennifer Willis Arledge, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
300 South 4th Street, 11th Floor
Las Vegas, Nevada 89101
*Attorneys for Sumitomo Rubber North America, Inc.*

Josh C. Aicklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD
& SMITH, LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Sumitomo Corporation; Sumitomo Corporation of Americas; Carroll's, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)*

Employee of STEPHENSON & DICKINSON

25

ELECTRONICALLY SERVED
12/4/2017 4:30 PM

A-17-761291-C

# DISTRICT COURT
# CLARK COUNTY, NEVADA

**Product Liability** — **COURT MINUTES** — **December 04, 2017**

A-17-761291-C Maria Perez-Sanchez, Plaintiff(s)
vs.
Sumitomo Rubber Industries Ltd, Defendant(s)

**December 04, 2017** **8:00 AM** **Minute Order**

**HEARD BY:** Bare, Rob **COURTROOM:** Chambers

**COURT CLERK:** Denise Duron

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:** None – Minute Order Issued from Chambers

## JOURNAL ENTRIES

- At the request of Court, for judicial economy, the Motion for More Definite Statement and Joinders currently scheduled for December 7, 2017 is RESCHEDULED to January 4, 2018 at 9:30 a.m.

CLERK'S NOTE: This Minute Order was electronically served by Courtroom Clerk, Denise Duron, to all registered parties for Odyssey File & Serve. (dd-12/4/17)

26

Electronically Filed
12/8/2017 1:24 PM
Steven D. Grierson
CLERK OF THE COURT

SAO

BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*email: admin@sdlawoffice.net*

Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Moth of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BARRY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive,

Defendants.

CASE NO. A-17-761291-C

DEPT. NO. XXXII

**STIPULATION AND ORDER TO VACATE DEFENDANTS SUMITOMO RUBBER INDUSTRIES, LTD. AND SUMITOMO RUBBER NORTH AMERICA, INC.'S MOTION FOR MORE DEFINITE STATEMENT**

DEC 0 6 2017

IT IS HEREBY STIPULATED AND AGREED, by Defendants Sumitomo Rubber Industries, Inc. and Sumitomo Rubber North America, Inc., through their undersigned counsel of record, that Defendants' Motion for More Definite Statement be VACATED. The Parties have been able to reach an agreement that Plaintiffs' will submit a proposed Amended Complaint within 30 days. If the Amended Complaint is not submitted within said 30 days, Defendants will renew the underlying Motion.

| DATED this 6th day of December, 2017.<br><br>____________________<br>BRUCE SCOTT DICKINSON<br>Nevada Bar No. 002297<br>MICHAEL E. HOTTMAN, ESQ.<br>Nevada Bar No.: 008501<br>JACQUELYN M. FRANCO, ESQ.<br>Nevada Bar No. 13484<br>STEPHENSON & DICKINSON<br>2820 W. Charleston Blvd., Suite 19<br>Las Vegas, Nevada 89102<br>P: 702-474-7229<br>F: 702-474-7237<br>*Attorney for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.* | DATED this 6th day of December, 2017.<br><br>____________________<br>Donald J. Campbell, Esq.<br>Samuel R. Mirkovich, Esq.<br>CAMPBELL & WILLIAMS<br>700 South Seventh Street<br>Las Vegas, Nevada 89101<br>&<br>Robert E. Ammons, Esq.<br>Randy Canche, Esq.<br>THE AMMONS LAW FIRM, LLP<br>3700 Montrose Boulevard<br>Houston, Texas 770066<br>*Attorneys for Plaintiff* |
|---|---|

**ORDER**

**IT IS SO ORDERED this 7 day of Dec, 2017.**

____________________

**DISTRICT COURT JUDGE**

ROB BARE
JUDGE, DISTRICT COURT, DEPARTMENT 32

27

Electronically Filed
12/8/2017 3:44 PM
Steven D. Grierson
CLERK OF THE COURT

**NOTC**

BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*email: admin@sdlawoffice.net*

Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Moth of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BARRY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive,

Defendants.

CASE NO. A-17-761291-C

DEPT. NO. XXXII

**NOTICE OF ENTRY OF ORDER VACATING MOTION FOR MORE DEFINITE STATEMENT**

PLEASE TAKE NOTICE that on December 8, 2017 an Order was entered vacating Sumitomo Rubber North America, Inc.'s Motion for More Definite Statement. A copy of said Order is attached hereto.

DATED this 8th day of December, 2017.

STEPHENSON & DICKINSON, P.C.

*/s/ Bruce Scott Dickinson*

By: ______________________________

BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
P: (702) 474-7229
F: (702) 474-7237
*Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to N.R.C.P. 5(b), I hereby certify that I am an employee of STEPHENSON & DICKINSON and that on this 8th day of December, 2017, I caused to be served a copy of the foregoing: **NOTICE OF ENTRY OF ORDER** on the party(s) set forth below by:

___X___ Electronic service pursuant to NECFR 9

________ Placing an original or true copy in a sealed envelope placed for collection and mailing in the United States Mail, at Las Vegas, Nevada, postage prepaid, following ordinary business practices;

________ Facsimile transmission only, pursuant to the amended Eighth Judicial District Court Rule 7.26

________ Case Management/Electronic Case Filing (CM/ECF)

________ Hand Delivery – Receipt of Copy

addressed as follows:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101

&

Robert E. Ammons, Esq.
Randy Canche, Esq.
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiff*

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Tire Express, Inc.*

Jennifer Willis Arledge, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
300 South 4th Street, 11th Floor
Las Vegas, Nevada 89101
*Attorneys for Sumitomo Rubber North America, Inc.*

///

///

///

Josh C. Aicklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD
& SMITH, LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Sumitomo Corporation;*
*Sumitomo Corporation of Americas;*
*Carroll's, LLC (erroneously sued as Carroll Tire Company, LLC);*
*TBC CORPORATION;*
*MIDAS INTERNATIONAL CORPORATION;*
*MIDAS, INC. (erroneously sued as Midas, LLC); and*
*TREADWAYS, LLC (erroneously named as Treadways Corporation)*

*/s/ Judy Carey*

Employee of STEPHENSON & DICKINSON

28

Electronically Filed
12/11/2017 4:25 PM
Steven D. Grierson
CLERK OF THE COURT

SAO

CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. Perez-Sanchez, Individually, and as surviving mother of LUIS ANTONIO MARTINEZ-PEREZ, deceased; and ANDREA A. AVILA-PEREZ, as surviving mother of IKER AXEL GARCIA-AVILA, deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA. INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS CAROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. And DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: 32

**STIPULATION AND ORDER GRANTING LEAVE FOR PLAINTIFFS' TO FILE THEIR FIRST AMENDED COMPLAINT**

DEC 1 1 2017

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED, by Plaintiffs Maria A. Perez-Sanchez, Individually, and as Surviving Mother of Luis Antonio Martinez-Perez, Deceased, and Andrea A. Avila-Perez, as Surviving Mother of Iker Axel Garcia-Avila ("Plaintiffs") and by Defendants Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc. ("Defendants"), through their respective undersigned counsel of record, that the Parties agree that Plaintiffs will be allowed leave to file Plaintiffs' First Amended Complaint, a copy of which is attached hereto as Exhibit "1."

DATED this 8th day of December, 2017.

______________________________
Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101
&
Robert E. Ammons, Esq. *(pro hac vice pending)*
Randy Canche, Esq. *(pro hac vice pending)*
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiff*

DATED this _____ day of December, 2017.

______________________________
Bruce Scott Dickinson, Esq.
Michael Hottman, Esq.
Jacquelyn M. Franco, Esq.
STEPHENSON & DICKINSON
2820 W. Charleston Blvd., Suite 19
Las Vegas, Nevada 89102
P: 702-474-7229
F: 702-474-7237
&
Jennifer Willis Arledge, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED, by Plaintiffs Maria A. Perez-Sanchez, Individually, and as Surviving Mother of Luis Antonio Martinez-Perez, Deceased, and Andrea A. Avila-Perez, as Surviving Mother of Iker Axel Garcia-Avila ("Plaintiffs") and by Defendants Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc. ("Defendants"), through their respective undersigned counsel of record, that the Parties agree that Plaintiffs will be allowed leave to file Plaintiffs' First Amended Complaint, a copy of which is attached hereto as Exhibit "1."

DATED this _____ day of December, 2017.

______________________________
Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101
&
Robert E. Ammons, Esq. *(pro hac vice pending)*
Randy Canche, Esq. *(pro hac vice pending)*
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiff*

DATED this 8 day of December, 2017.

______________________________
Bruce Scott Dickinson, Esq.
Michael Hottman, Esq.
Jacquelyn M. Franco, Esq.
STEPHENSON & DICKINSON
2820 W. Charleston Blvd., Suite 19
Las Vegas, Nevada 89102
P: 702-474-7229
F: 702-474-7237
&
Jennifer Willis Arledge, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P.

300 South 4th Street, 11th Floor
Las Vegas, Nevada 89101
P: 702-727-1400
F: 702-727-1401
*Attorneys for Sumitomo Rubber Industries, Ltd. And Sumitomo Rubber North America, Inc.*

DATED this 8th day of December, 2017.

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, L.L.P.
7425 Peak Drive
Las Vegas, Nevada 89128
P: 702-316-4111
F: 702-316-4114
*Attorneys for Tire Express, Inc.*

DATED this _____ day of December, 2017.

Josh C. Aicklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, L.L.P.
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
P: 702-693-1718
F: 702-893-3789
*Attorneys for Defendants Sumitomo Corporation; Sumitomo Corporation of Americas; Carroll's L.L.C.; Midas International Corporation; Midas, Inc.; and Treadways, L.L.C.*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 South Seventh Street, Las Vegas, Nevada 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

300 South 4th Street, 11th Floor
Las Vegas, Nevada 89101
P: 702-727-1400
F: 702-727-1401
*Attorneys for Sumitomo Rubber Industries, Ltd. And Sumitomo Rubber North America, Inc.*

DATED this _____ day of December, 2017.

______________________________
Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, L.L.P.
7425 Peak Drive
Las Vegas, Nevada 89128
P: 702-316-4111
F: 702-316-4114
*Attorneys for Tire Express, Inc.*

DATED this 8th day of December, 2017.

______________________________
John C. Aicklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, L.L.P.
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
P: 702-693-1718
F: 702-893-3789
*Attorneys for Defendants Sumitomo Corporation; Sumitomo Corporation of Americas; Carroll's L.L.C.; Midas International Corporation; Midas, Inc.; and Treadways, L.L.C.*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**ORDER**

The Court having considered the papers and pleadings on file herein, together with the terms of the preceding Stipulation;

IT IS ORDERED that Plaintiffs are granted permission to file a First Amended Complaint in Case No. A-17-761291-C, a copy of which is attached hereto as Exhibit "1."

DATED this 11 day of December, 2017.

DISTRICT COURT JUDGE

ROB BARE
JUDGE, DISTRICT COURT, DEPARTMENT 32

Respectfully Submitted By:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101

Robert E. Ammons, Esq. *(pro hac vice pending)*
Randy Canche, Esq. *(pro hac vice pending)*
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiff*

# EXHIBIT 1

EXHIBIT 1

FAC
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. Perez-Sanchez, Individually, and as surviving mother of LUIS ANTONIO MARTINEZ-PEREZ, deceased; and ANDREA A. AVILA-PEREZ, as surviving mother of IKER AXEL GARCIA-AVILA, deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS CAROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. And DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: 32

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

**(Wrongful Death: Product Liability and Negligence)**
**(Personal Injury: Product Liability and Negligence)**

**Exempt from Arbitration**
**(Amount in Excess of $50,000)**

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Plaintiffs MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased, and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased, (collectively, "Plaintiffs") bring this action against SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE EXPRESS, INC., and DOES ONE through TWENTY ("Defendants"), and allege as follows:

## I. PARTIES

1. Does One through Twenty, inclusive, and each of them, are sued herein by fictitious names because their true names and capacities, whether individual, associate, corporate or governmental, are not now known to Plaintiffs. Plaintiffs will ask for leave to insert herein the true names and capacities of such Defendants when the same are ascertained. Upon information and belief, Plaintiffs allege that each of the Doe Defendants, which include but are not limited to, those providing automotive and/or tire services, is legally responsible and liable for the injuries and damages hereinafter set forth, by reason of strict product liability. Plaintiffs will ask leave to amend this Complaint to insert their true names and capacities and further charging allegations once such facts are ascertained.

2. At all times mentioned herein, Defendants and Does One through Twenty, inclusive, and each of them, were the agents, servants and employees of each and the other, and were engaged in the course and scope of such agency and employment. In doing the acts herein alleged, each Defendant and Does were acting with the consent, permission, advance knowledge, and authorization of each of the other Defendants and Does, and all of such acts were ratified and approved by the officers or managing agents of each and every other Defendant and Does One through Twenty.

3. At all times mentioned herein and at all times applicable to the incident and subsequent to, Plaintiff Maria A. Perez-Sanchez was an adult resident of Clark County, Nevada. Further, Plaintiff

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Maria A. Perez-Sanchez is a current adult resident of Clark County, Nevada. The Court maintains jurisdiction over Plaintiff Maria A. Perez-Sanchez as a resident of Las Vegas, Clark County, Nevada.

4. At all times mentioned herein, Plaintiff Andrea A. Avila-Perez was an adult resident of Nevada. Further, Plaintiff Andrea A. Avila-Perez is a current adult resident of Clark County, Nevada. The Court maintains jurisdiction over Plaintiff as a resident of Las Vegas, Clark County, Nevada.

5. At all times mentioned herein, decedent Luis Antonio Martinez-Perez was a minor resident of Clark County, Nevada, and the son of Plaintiff Maria A. Perez-Sanchez.

6. At all times mentioned herein, decedent Iker Axel Garcia-Avila was a minor resident of Clark County, Nevada, and the son of Plaintiff Andrea A. Avila-Perez.

7. At all times mentioned herein, Defendant Sumitomo Rubber Industries, Ltd. was and is a Japanese business organization that designs tires for distribution. Defendant Sumitomo Rubber Industries, Ltd. does business in Nevada. Sumitomo Rubber Industries, Ltd. caused events to occur in Nevada out of which this action arises. In particular, Sumitomo Rubber Industries, Ltd. designed the tire made the basis of this lawsuit. Defendant Sumitomo Rubber Industries, Ltd. engages in substantial and not isolated business activities in the State of Nevada but does not maintain an agent for service in Nevada. However, Sumitomo Rubber Industries, Ltd. has appeared and file a Motion for More Definite Statement to Plaintiff's Original Complaint through counsel.

8. At all times mentioned herein, Defendant Sumitomo Rubber North America, Inc. was and is a California corporation doing business in Nevada out of which this action arises. Sumitomo Rubber North America, Inc. distributes tires throughout North America. Defendant Sumitomo Rubber North America, Inc. does not maintain an agent for service in Nevada, but has been served with process. Defendant Sumitomo Rubber North America has appeared and filed a Motion for More Definite Statement to Plaintiffs' Original Complaint.

////

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

9. At all times mentioned herein, Defendant Sumitomo Rubber (Thailand) Co., Ltd. was and is a Thai business organization that manufactures tires. Further, Defendant Sumitomo Rubber (Thailand) Co., Ltd. does business in Nevada. Sumitomo Rubber (Thailand) Co., Ltd. is located at 7/232 N. 6, Soi Phon Prapha, Map Yang Phon, Pluak Daeng District, Rayong 21140, Thailand. Sumitomo Rubber (Thailand) Co., Ltd. caused events to occur in Nevada out of which this action arises. In particular, Sumitomo Rubber (Thailand) Co., Ltd. distributed the tire made the basis of this lawsuit. Defendant Sumitomo Rubber (Thailand) Co., Ltd. engages in substantial and not isolated business activities in Nevada and can be served with process by serving their President and Chief Executive Officer, Mr. Toru Nagahata, Sumitomo Rubber (Thailand) Co., Ltd., Amata City Industrial Estate, 7/232 Moo 6, Soi Pornprapa, Map Yang Phon, Pluak Daeng, 21140 Rayond, Thailand. Plaintiffs are filing a Motion for Issuance of Requests for International Judicial Assistance (Letters Rogatory) with this Court.

10. At all times mentioned herein, Defendant Tire Xpress, Inc. was and is a Nevada corporation doing business Nevada. Tire Xpress, Inc. has appeared and filed an answer in this matter through counsel.

11. The named defendants are sued jointly and severally.

**II. VENUE AND JURISDICTION**

12. Venue of this case is proper and maintainable in Clark County, Nevada, where Defendant Tire Xpress, Inc. has its principal place of business.

13. Personal jurisdiction is proper as to all of the defendants.

14. Personal jurisdiction is proper as to Defendant Tire Xpress, Inc. because it has its principal place of business in Clark County, Nevada.

15. Personal jurisdiction is proper as to Defendants Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., and Does One through Twenty under the provisions of Nevada Revised Civil Statues, Section 14.080 because each

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

manufactures, produces, makes, markets, inspects, installs, or supplies directly or indirectly products for distribution, sale, or use in this state, and is thus subject to both personal jurisdiction and service of process in Nevada.

## III. FACTS COMMON TO ALL CAUSES OF ACTION

16. On December 13, 2015, Maria A. Perez-Sanchez ("Maria") was operating a 1992 Toyota Camry on I-40 W near Mile Post 125.4 125 in Yavapai County, Arizona, with her son Luis Antonio Martinez-Perez and grandson Iker Axel Garcia-Avila as her passengers.

17. The right rear tire on the Camry experienced a tread separation, and the Camry caused a collision with a tractor-trailer traveling in the right lane of the same highway.

18. Maria was seriously injured in the crash, and the two minors were killed.

19. The tire that failed through tread separation was a Falken Sincera SN828 size 195/70R14 91T, DOT R8J93KFR1112 ("the tire that failed") that had been purchased at Tire Xpress, Inc.

20. As a direct result of the incident addressed in this complaint, Maria sustained injuries and damages.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

21. As a direct and proximate result of the death of Luis Antonio Martinez-Perez, his mother, Maria, has been deprived of his love, affection, society and companionship that she would have received from Luis Antonio Martinez-Perez had he lived, in addition to damages for Decedent's pain and suffering and mental anguish before his death. Maria has also sustained grief and sorrow, stress, pain and shock, all to her damage in an amount exceeding the minimum jurisdictional limits of this Court.

22. As a direct and proximate result of the death of Iker Axel Garcia-Avila ("Iker"), his mother, Andrea A. Avila-Perez ("Andrea"), has been deprived of Iker's love, affection, society, and companionship that she would have received from him had Iker lived, in addition to damages for Decedent's pain and suffering and mental anguish he experienced before his death. Andrea has also sustained grief and sorrow, stress, pain and shock, all to her damage as a result of the loss of her son in an amount exceeding the minimum jurisdictional limits of this Court.

23. As a direct and proximate result of the deaths of minor decedents, their estates have incurred special damages. Their Estates are currently being established.

## IV. FIRST CAUSE OF ACTION

**(Strict Liability Against Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., and Does One through Twenty)**

24. As a first, separate and distinct cause of action, Plaintiffs complain of Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., and Does One through Twenty, and allege:

25. Plaintiffs reallege paragraphs 1 through 30 as if herein set forth verbatim.

26. The tire that failed was defectively designed by Sumitomo Rubber Industries, Ltd.

27. The tire that failed was distributed by Sumitomo Rubber North America, Inc.

28. The tire that failed was manufactured by Sumitomo Rubber (Thailand) Co., Ltd.

///

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

29. The tire that failed was unreasonably dangerous and unsafe for its intended use by reason of defects.

30. At the time of the crash, the tire that failed was being used in a manner that was reasonably foreseeable by Defendants.

31. The tire that failed was expected to and did reach the Plaintiffs without substantial change affecting its condition.

32. The tire that failed was defective because it failed by tread separation before its tread wore to 2/32 of an inch.

33. The tire that failed is defective because it had inadequate fatigue resistance.

34. The tire that failed is defective because it was not sufficiently durable.

35. The tire that failed is defective because it lacked full nylon.

36. The tire that failed is defective because there is poor adhesion between the components of the tire.

37. The tire that failed is defective because its inner liner compound and construction are inadequate.

38. The tire that failed is defective because its belt skim compound formula and the preparation of its belt skim was deficient.

39. The tire malfunctioned while being used by the Plaintiffs. Plaintiffs provide notice of their intent to rely upon the malfunction doctrine.

40. The malfunction of the defective tire occurred prior to Plaintiffs' use.

41. Plaintiffs did not materially alter or modify the defective tire after it was sold by the Defendants and prior to the incident.

42. Plaintiffs did not misuse the defective tire after it was sold by the Defendants and before the defective tire malfunctioned.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

43. Safer alternative designs and proper manufacturing processes were known and reasonably available to Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., and Does One through Twenty at the time the tire that failed was built.

44. Plaintiffs' injuries and damages described in this Complaint were as a direct and proximate result of the defective tire for which Defendants Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd, and Does One through Twenty, are strictly liable and for which Plaintiffs seek judgment as set out below.

## V. SECOND CAUSE OF ACTION

### (Strict Liability Against Tire Xpress Inc. and Does One through Twenty)

45. As a second, separate, and distinct cause of action, Plaintiffs complain of Tire Xpress, Inc. and Does One through Twenty, and allege:

46. Plaintiffs reallege paragraphs 1 through 45 as if herein set forth verbatim.

47. The tire that failed was sold and installed by Tire Xpress, Inc. and Does One through Twenty while unreasonably dangerous and unsafe for its intended use by reason of its defects.

48. The tire that failed as sold and installed by Tire Xpress, Inc. and Does One through Twenty is defective because it has inadequate fatigue resistance.

49. The tire that failed as sold and installed by Tire Xpress, Inc. and Does One through Twenty is defective because it is not sufficiently durable.

50. The tire that failed as sold and installed by Tire Xpress, Inc. and Does One through Twenty is defective because it lacks full nylon.

51. The crash and Plaintiffs' injuries and damages described in this First Amended Complaint were a direct and proximate result of the defective product (the tire that failed) for which Defendant Tire Xpress, Inc. and Does One through Twenty are strictly liable and for which Plaintiffs seek judgment as set out below.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**VI. THIRD CAUSE OF ACTION**

**(Negligence Against Tire Xpress Inc. and Does One through Twenty)**

52. As a third, separate and distinct cause of action, Plaintiffs complain of Tire Xpress, Inc. and Does One through Twenty, and allege:

53. Plaintiffs reallege paragraphs 1 through 52 as if herein set forth verbatim.

54. Prior to the crash, Defendant Tire Xpress, Inc. and Does One through Twenty sold and installed on the Camry the tire that failed.

55. Subsequently, and only shortly before the crash, the Camry was serviced – including tire inspection – by Tire Xpress, Inc. and Does One through Twenty.

56. Defendant Tire Xpress, Inc. and Does One through Twenty were negligent in failing to inform its customer of the dangers associated with the sale and installation of the defective Falken Sincera SN828 tire on the Camry.

57. Because of such negligence, the tire positioned on the right rear of the Camry experienced a tread separation failure that caused the crash.

58. The crash and Plaintiffs' injuries and damages described in this Complaint were as a direct and proximate result of Defendant Tire Xpress, Inc.'s and Does One through Twenty's negligence, for which Plaintiffs seek judgment as set out below.

**VI. FOURTH CAUSE OF ACTION**

**(Wrongful Death Against All Defendants)**

59. As a fourth, separate and distinct cause of action, Plaintiffs complain of all Defendants and allege as follows:

60. Plaintiffs reallege paragraphs 1 through 59 as if herein set forth verbatim.

61. Plaintiffs are heirs of decedents as that term is defined under NRS 41.085 and therefore may maintain an action for damages against Defendants.

62. As a result of the injuries to and deaths of decedents, Plaintiffs are entitled to: pecuniary damages for grief, sorrow, support, loss of probable support, companionship, society, comfort and consortium as well as for damages for the pain, suffering, mental anguish, and disfigurement of the decedents.

63. In addition, Plaintiffs are entitled to recover damages including, but not limited to, any special damages.

## VII. FIFTH CAUSE OF ACTION

**(Personal Injury Against All Defendants)**

64. As a fifth, separate and distinct cause of action, Plaintiff Maria A. Perez-Sanchez complains of all Defendants and alleges as follows.

65. Plaintiff realleges paragraphs 1 through 64 as if herein set forth verbatim.

66. As a direct and proximate result of injuries Plaintiff Maria A. Perez-Sanchez suffered in the crash, she has incurred medical expenses for the substantial injuries she has received.

67. Maria A. Perez-Sanchez's injuries resulted in pain, disability, loss of function, emotional distress and loss of enjoyment of life, all to Plaintiff's damage according to proof.

68. Plaintiff Maria A. Perez-Sanchez is entitled to recover the above damages.

## VIII. SIXTH CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress Against All Defendants)**

69. As a sixth, separate and distinct cause of action, Plaintiff Maria A. Perez-Sanchez complains of all Defendants and alleges.

70. Plaintiffs reallege paragraphs 1 through 69 as if herein set forth verbatim.

71. As a direct and proximate result of the crash, Plaintiff Maria A. Perez-Sanchez suffered severe nervous shock and emotional upset secondary to her close proximity to and observation of her fatally-injured son and grandson.

///

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

72. As a direct and proximate result of the crash, Plaintiff Andrea A. Avila-Perez suffered severe emotional distress and anguish as a result of the death of her son which will burden her for the rest of her life.

73. The actions of Defendants inflicted enormous emotional distress and anguish on Plaintiffs which will burden Plaintiffs for the remainder of their lives.

74. Defendants had a duty to protect the decedents, Maria A. Perez-Sanchez and Andrea A. Avila-Perez, from the progression of the horrific events which led to the deaths of their two children.

75. Defendants breached their duties which caused emotional distress to Maria A. Perez-Sanchez and Andrea A. Avila-Perez for which they are entitled to damages.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

## IX. EXEMPTION FROM ARBITRATION AND STATEMENT REGARDING RIGHT TO TRIAL BY JURY

76. Because the case seeks damages in excess of $50,000, this case is exempt from the arbitration program as set forth in the Nevada Rules. Concurrent with this pleading, Plaintiffs seek exemption from arbitration and right to trial by jury.

WHEREFORE, Plaintiffs, and each of them, expressly reserve the right to amend this Complaint to include all items of damages not yet ascertained, pray for judgment in their favor and against Defendants, and each of them, jointly and severally, as follows.

On the FIRST, SECOND, THIRD, FOURTH, FIFTH and SIXTH CAUSES OF ACTION:

1. For general and special damages each in a sum in excess of FIFTY-THOUSAND DOLLARS ($50,000.00);
2. For all pure economic loss in a sum in excess of FIFTY-THOUSAND DOLLARS ($50,000.00);
3. For pre-judgment interest at the legal rate according to proof;
4. For post-judgment interest as appropriate;

5. For attorneys' fees and costs of suit incurred herein, including costs of expert witnesses and all other allowable costs;

6. For such other and further relief as the Court may deem just and proper in the premises.

DATED this ______ day of December, 2017.

Respectfully submitted,
CAMPBELL & WILLIAMS

By:______________________________

DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Campbell & Williams, and that on the ____day of December, 2017 I, a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court e-Filing System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

Jennifer Willis Arledge, Esq.
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, L.L.P.
300 South 4th Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400 Office
(702) 727-1259 Direct
(702) 727-1401 Facsimile
*Attorneys for Sumitomo Rubber North America, Inc.*

Josh Cole Aiklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, Nevada 89118
(702) 693-1718 Office
(702) 893-3789 Facsimile
*Attorneys for Defendants Sumitomo Corp., Sumitomo Corp. of Americas, Carroll's, LLC, Midas International Corp., and Treadways, LLC*

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
(702) 316-4111 Office
(702) 316-4114 Facsimile
*Attorneys for Tire Express, Inc.*

Bruce Scott Dickinson, Esq.
Michael Hottman, Esq.
Jacquelyn M. Franco, Esq.
STEPHENSON & DICKINSON, P.C.
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*Attorneys for Sumitomo Rubber Industries, Ltd.*

/s/
An employee of Campbell & Williams

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com



Electronically Filed
12/12/2017 9:04 AM
Steven D. Grierson
CLERK OF THE COURT

NTSO

CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. Perez-Sanchez, Individually, and as surviving mother of LUIS ANTONIO MARTINEZ-PEREZ, deceased; and ANDREA A. AVILA-PEREZ, as surviving mother of IKER AXEL GARCIA-AVILA, deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS CAROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. And DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: 32

**NOTICE OF ENTRY OF STIPULATION AND ORDER**

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Please take notice that on the 11th day of December, 2017, a Stipulation and Order Granting Leave for Plaintiffs to File Their First Amended Complaint, was duly entered in the above entitled matter, a copy of which is attached as "Exhibit 1" and by this referenced made part hereof.

DATED this 12th day of December, 2017.

CAMPBELL AND WILLIAMS

By: */s/ Sam Mirkovich*

Samuel R. Mirkovich, Esq. (11662)
700 South 7th Street
Las Vegas, NV 89101
Telephone: 702-382-5222
Facsimile: 702-382-0540

Robert E. Ammons *(pro hac vice pending)*
Randy Canché *(pro hac vice pending)*
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of Campbell & Williams, and that on this 12th day of December, 2017, I caused the foregoing document entitled **NOTICE OF ENTRY OF STIPULATION AND ORDER** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

By: /s/ *Lucinda Martinez*
An Employee of Campbell and Williams

# EXHIBIT 1

EXHIBIT 1

Electronically Filed
12/11/2017 4:25 PM
Steven D. Grierson
CLERK OF THE COURT

SAO

CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. Perez-Sanchez, Individually, and as surviving mother of LUIS ANTONIO MARTINEZ-PEREZ, deceased; and ANDREA A. AVILA-PEREZ, as surviving mother of IKER AXEL GARCIA-AVILA, deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS CAROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. And DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: 32

**STIPULATION AND ORDER GRANTING LEAVE FOR PLAINTIFFS' TO FILE THEIR FIRST AMENDED COMPLAINT**

DEC 1 1 2017

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED, by Plaintiffs Maria A. Perez-Sanchez, Individually, and as Surviving Mother of Luis Antonio Martinez-Perez, Deceased, and Andrea A. Avila-Perez, as Surviving Mother of Iker Axel Garcia-Avila ("Plaintiffs") and by Defendants Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc. ("Defendants"), through their respective undersigned counsel of record, that the Parties agree that Plaintiffs will be allowed leave to file Plaintiffs' First Amended Complaint, a copy of which is attached hereto as Exhibit "1."

DATED this 8th day of December, 2017.

______________________________
Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101
&
Robert E. Ammons, Esq. *(pro hac vice pending)*
Randy Canche, Esq. *(pro hac vice pending)*
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiff*

DATED this _____ day of December, 2017.

______________________________
Bruce Scott Dickinson, Esq.
Michael Hottman, Esq.
Jacquelyn M. Franco, Esq.
STEPHENSON & DICKINSON
2820 W. Charleston Blvd., Suite 19
Las Vegas, Nevada 89102
P: 702-474-7229
F: 702-474-7237
&
Jennifer Willis Arledge, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

STIPULATION

IT IS HEREBY STIPULATED AND AGREED, by Plaintiffs Maria A. Perez-Sanchez, Individually, and as Surviving Mother of Luis Antonio Martinez-Perez, Deceased, and Andrea A. Avila-Perez, as Surviving Mother of Iker Axel Garcia-Avila ("Plaintiffs") and by Defendants Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc. ("Defendants"), through their respective undersigned counsel of record, that the Parties agree that Plaintiffs will be allowed leave to file Plaintiffs' First Amended Complaint, a copy of which is attached hereto as Exhibit "1."

DATED this _____ day of December, 2017.

______________________________
Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101
&
Robert E. Ammons, Esq. *(pro hac vice pending)*
Randy Canche, Esq. *(pro hac vice pending)*
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiff*

DATED this 8 day of December, 2017.

______________________________
Bruce Scott Dickinson, Esq.
Michael Hottman, Esq.
Jacquelyn M. Franco, Esq.
STEPHENSON & DICKINSON
2820 W. Charleston Blvd., Suite 19
Las Vegas, Nevada 89102
P: 702-474-7229
F: 702-474-7237
&
Jennifer Willis Arledge, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P.

300 South 4th Street, 11th Floor
Las Vegas, Nevada 89101
P: 702-727-1400
F: 702-727-1401
*Attorneys for Sumitomo Rubber Industries, Ltd. And Sumitomo Rubber North America, Inc.*

DATED this 8th day of December, 2017.

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, L.L.P.
7425 Peak Drive
Las Vegas, Nevada 89128
P: 702-316-4111
F: 702-316-4114
*Attorneys for Tire Express, Inc.*

DATED this _____ day of December, 2017.

________________________________
Josh C. Aicklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, L.L.P.
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
P: 702-693-1718
F: 702-893-3789
*Attorneys for Defendants Sumitomo Corporation; Sumitomo Corporation of Americas; Carroll's L.L.C.; Midas International Corporation; Midas, Inc.; and Treadways, L.L.C.*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

300 South 4th Street, 11th Floor
Las Vegas, Nevada 89101
P: 702-727-1400
F: 702-727-1401
*Attorneys for Sumitomo Rubber Industries, Ltd. And Sumitomo Rubber North America, Inc.*

DATED this _____ day of December, 2017.

_______________________________
Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, L.L.P.
7425 Peak Drive
Las Vegas, Nevada 89128
P: 702-316-4111
F: 702-316-4114
*Attorneys for Tire Express, Inc.*

DATED this 8th day of December, 2017.

_______________________________
Josh C. Aicklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, L.L.P.
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
P: 702-693-1718
F: 702-893-3789
*Attorneys for Defendants Sumitomo Corporation; Sumitomo Corporation of Americas; Carroll's L.L.C.; Midas International Corporation; Midas, Inc.; and Treadways, L.L.C.*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**ORDER**

The Court having considered the papers and pleadings on file herein, together with the terms of the preceding Stipulation;

IT IS ORDERED that Plaintiffs are granted permission to file a First Amended Complaint in Case No. A-17-761291-C, a copy of which is attached hereto as Exhibit "1."

DATED this 11 day of December, 2017.

DISTRICT COURT JUDGE

ROB BARE
JUDGE, DISTRICT COURT, DEPARTMENT 32

Respectfully Submitted By:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101

Robert E. Ammons, Esq. *(pro hac vice pending)*
Randy Canche, Esq. *(pro hac vice pending)*
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiff*

# EXHIBIT 1

EXHIBIT 1

FAC
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARIA A. Perez-Sanchez, Individually, and as surviving mother of LUIS ANTONIO MARTINEZ-PEREZ, deceased; and ANDREA A. AVILA-PEREZ, as surviving mother of IKER AXEL GARCIA-AVILA, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS CAROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. And DOES ONE through TWENTY, inclusive,<br><br>Defendants. | Case No.: A-17-761291-C<br>Dept. No.: 32<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**(Wrongful Death: Product Liability and Negligence)**<br>**(Personal Injury: Product Liability and Negligence)**<br><br>**Exempt from Arbitration**<br>**(Amount in Excess of $50,000)** |

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Plaintiffs MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased, and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased, (collectively, "Plaintiffs") bring this action against SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE EXPRESS, INC., and DOES ONE through TWENTY ("Defendants"), and allege as follows:

## I. PARTIES

1. Does One through Twenty, inclusive, and each of them, are sued herein by fictitious names because their true names and capacities, whether individual, associate, corporate or governmental, are not now known to Plaintiffs. Plaintiffs will ask for leave to insert herein the true names and capacities of such Defendants when the same are ascertained. Upon information and belief, Plaintiffs allege that each of the Doe Defendants, which include but are not limited to, those providing automotive and/or tire services, is legally responsible and liable for the injuries and damages hereinafter set forth, by reason of strict product liability. Plaintiffs will ask leave to amend this Complaint to insert their true names and capacities and further charging allegations once such facts are ascertained.

2. At all times mentioned herein, Defendants and Does One through Twenty, inclusive, and each of them, were the agents, servants and employees of each and the other, and were engaged in the course and scope of such agency and employment. In doing the acts herein alleged, each Defendant and Does were acting with the consent, permission, advance knowledge, and authorization of each of the other Defendants and Does, and all of such acts were ratified and approved by the officers or managing agents of each and every other Defendant and Does One through Twenty.

3. At all times mentioned herein and at all times applicable to the incident and subsequent to, Plaintiff Maria A. Perez-Sanchez was an adult resident of Clark County, Nevada. Further, Plaintiff

Maria A. Perez-Sanchez is a current adult resident of Clark County, Nevada. The Court maintains jurisdiction over Plaintiff Maria A. Perez-Sanchez as a resident of Las Vegas, Clark County, Nevada.

4. At all times mentioned herein, Plaintiff Andrea A. Avila-Perez was an adult resident of Nevada. Further, Plaintiff Andrea A. Avila-Perez is a current adult resident of Clark County, Nevada. The Court maintains jurisdiction over Plaintiff as a resident of Las Vegas, Clark County, Nevada.

5. At all times mentioned herein, decedent Luis Antonio Martinez-Perez was a minor resident of Clark County, Nevada, and the son of Plaintiff Maria A. Perez-Sanchez.

6. At all times mentioned herein, decedent Iker Axel Garcia-Avila was a minor resident of Clark County, Nevada, and the son of Plaintiff Andrea A. Avila-Perez.

7. At all times mentioned herein, Defendant Sumitomo Rubber Industries, Ltd. was and is a Japanese business organization that designs tires for distribution. Defendant Sumitomo Rubber Industries, Ltd. does business in Nevada. Sumitomo Rubber Industries, Ltd. caused events to occur in Nevada out of which this action arises. In particular, Sumitomo Rubber Industries, Ltd. designed the tire made the basis of this lawsuit. Defendant Sumitomo Rubber Industries, Ltd. engages in substantial and not isolated business activities in the State of Nevada but does not maintain an agent for service in Nevada. However, Sumitomo Rubber Industries, Ltd. has appeared and file a Motion for More Definite Statement to Plaintiff's Original Complaint through counsel.

8. At all times mentioned herein, Defendant Sumitomo Rubber North America, Inc. was and is a California corporation doing business in Nevada out of which this action arises. Sumitomo Rubber North America, Inc. distributes tires throughout North America. Defendant Sumitomo Rubber North America, Inc. does not maintain an agent for service in Nevada, but has been served with process. Defendant Sumitomo Rubber North America has appeared and filed a Motion for More Definite Statement to Plaintiffs' Original Complaint.

////

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

9. At all times mentioned herein, Defendant Sumitomo Rubber (Thailand) Co., Ltd. was and is a Thai business organization that manufactures tires. Further, Defendant Sumitomo Rubber (Thailand) Co., Ltd. does business in Nevada. Sumitomo Rubber (Thailand) Co., Ltd. is located at 7/232 N. 6, Soi Phon Prapha, Map Yang Phon, Pluak Daeng District, Rayong 21140, Thailand. Sumitomo Rubber (Thailand) Co., Ltd. caused events to occur in Nevada out of which this action arises. In particular, Sumitomo Rubber (Thailand) Co., Ltd. distributed the tire made the basis of this lawsuit. Defendant Sumitomo Rubber (Thailand) Co., Ltd. engages in substantial and not isolated business activities in Nevada and can be served with process by serving their President and Chief Executive Officer, Mr. Toru Nagahata, Sumitomo Rubber (Thailand) Co., Ltd., Amata City Industrial Estate, 7/232 Moo 6, Soi Pornprapa, Map Yang Phon, Pluak Daeng, 21140 Rayond, Thailand. Plaintiffs are filing a Motion for Issuance of Requests for International Judicial Assistance (Letters Rogatory) with this Court.

10. At all times mentioned herein, Defendant Tire Xpress, Inc. was and is a Nevada corporation doing business Nevada. Tire Xpress, Inc. has appeared and filed an answer in this matter through counsel.

11. The named defendants are sued jointly and severally.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

## II. VENUE AND JURISDICTION

12. Venue of this case is proper and maintainable in Clark County, Nevada, where Defendant Tire Xpress, Inc. has its principal place of business.

13. Personal jurisdiction is proper as to all of the defendants.

14. Personal jurisdiction is proper as to Defendant Tire Xpress, Inc. because it has its principal place of business in Clark County, Nevada.

15. Personal jurisdiction is proper as to Defendants Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., and Does One through Twenty under the provisions of Nevada Revised Civil Statues, Section 14.080 because each

manufactures, produces, makes, markets, inspects, installs, or supplies directly or indirectly products for distribution, sale, or use in this state, and is thus subject to both personal jurisdiction and service of process in Nevada.

## III. FACTS COMMON TO ALL CAUSES OF ACTION

16. On December 13, 2015, Maria A. Perez-Sanchez ("Maria") was operating a 1992 Toyota Camry on I-40 W near Mile Post 125.4 125 in Yavapai County, Arizona, with her son Luis Antonio Martinez-Perez and grandson Iker Axel Garcia-Avila as her passengers.

17. The right rear tire on the Camry experienced a tread separation, and the Camry caused a collision with a tractor-trailer traveling in the right lane of the same highway.

18. Maria was seriously injured in the crash, and the two minors were killed.

19. The tire that failed through tread separation was a Falken Sincera SN828 size 195/70R14 91T, DOT R8J93KFR1112 ("the tire that failed") that had been purchased at Tire Xpress, Inc.

20. As a direct result of the incident addressed in this complaint, Maria sustained injuries and damages.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

21. As a direct and proximate result of the death of Luis Antonio Martinez-Perez, his mother, Maria, has been deprived of his love, affection, society and companionship that she would have received from Luis Antonio Martinez-Perez had he lived, in addition to damages for Decedent's pain and suffering and mental anguish before his death. Maria has also sustained grief and sorrow, stress, pain and shock, all to her damage in an amount exceeding the minimum jurisdictional limits of this Court.

22. As a direct and proximate result of the death of Iker Axel Garcia-Avila ("Iker"), his mother, Andrea A. Avila-Perez ("Andrea"), has been deprived of Iker's love, affection, society, and companionship that she would have received from him had Iker lived, in addition to damages for Decedent's pain and suffering and mental anguish he experienced before his death. Andrea has also sustained grief and sorrow, stress, pain and shock, all to her damage as a result of the loss of her son in an amount exceeding the minimum jurisdictional limits of this Court.

23. As a direct and proximate result of the deaths of minor decedents, their estates have incurred special damages. Their Estates are currently being established.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

## IV. FIRST CAUSE OF ACTION

**(Strict Liability Against Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., and Does One through Twenty)**

24. As a first, separate and distinct cause of action, Plaintiffs complain of Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., and Does One through Twenty, and allege:

25. Plaintiffs reallege paragraphs 1 through 30 as if herein set forth verbatim.

26. The tire that failed was defectively designed by Sumitomo Rubber Industries, Ltd.

27. The tire that failed was distributed by Sumitomo Rubber North America, Inc.

28. The tire that failed was manufactured by Sumitomo Rubber (Thailand) Co., Ltd.

///

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

29. The tire that failed was unreasonably dangerous and unsafe for its intended use by reason of defects.

30. At the time of the crash, the tire that failed was being used in a manner that was reasonably foreseeable by Defendants.

31. The tire that failed was expected to and did reach the Plaintiffs without substantial change affecting its condition.

32. The tire that failed was defective because it failed by tread separation before its tread wore to 2/32 of an inch.

33. The tire that failed is defective because it had inadequate fatigue resistance.

34. The tire that failed is defective because it was not sufficiently durable.

35. The tire that failed is defective because it lacked full nylon.

36. The tire that failed is defective because there is poor adhesion between the components of the tire.

37. The tire that failed is defective because its inner liner compound and construction are inadequate.

38. The tire that failed is defective because its belt skim compound formula and the preparation of its belt skim was deficient.

39. The tire malfunctioned while being used by the Plaintiffs. Plaintiffs provide notice of their intent to rely upon the malfunction doctrine.

40. The malfunction of the defective tire occurred prior to Plaintiffs' use.

41. Plaintiffs did not materially alter or modify the defective tire after it was sold by the Defendants and prior to the incident.

42. Plaintiffs did not misuse the defective tire after it was sold by the Defendants and before the defective tire malfunctioned.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

43. Safer alternative designs and proper manufacturing processes were known and reasonably available to Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., and Does One through Twenty at the time the tire that failed was built.

44. Plaintiffs' injuries and damages described in this Complaint were as a direct and proximate result of the defective tire for which Defendants Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd, and Does One through Twenty, are strictly liable and for which Plaintiffs seek judgment as set out below.

**V. SECOND CAUSE OF ACTION**

**(Strict Liability Against Tire Xpress Inc. and Does One through Twenty)**

45. As a second, separate, and distinct cause of action, Plaintiffs complain of Tire Xpress, Inc. and Does One through Twenty, and allege:

46. Plaintiffs reallege paragraphs 1 through 45 as if herein set forth verbatim.

47. The tire that failed was sold and installed by Tire Xpress, Inc. and Does One through Twenty while unreasonably dangerous and unsafe for its intended use by reason of its defects.

48. The tire that failed as sold and installed by Tire Xpress, Inc. and Does One through Twenty is defective because it has inadequate fatigue resistance.

49. The tire that failed as sold and installed by Tire Xpress, Inc. and Does One through Twenty is defective because it is not sufficiently durable.

50. The tire that failed as sold and installed by Tire Xpress, Inc. and Does One through Twenty is defective because it lacks full nylon.

51. The crash and Plaintiffs' injuries and damages described in this First Amended Complaint were a direct and proximate result of the defective product (the tire that failed) for which Defendant Tire Xpress, Inc. and Does One through Twenty are strictly liable and for which Plaintiffs seek judgment as set out below.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**VI. THIRD CAUSE OF ACTION**

**(Negligence Against Tire Xpress Inc. and Does One through Twenty)**

52. As a third, separate and distinct cause of action, Plaintiffs complain of Tire Xpress, Inc. and Does One through Twenty, and allege:

53. Plaintiffs reallege paragraphs 1 through 52 as if herein set forth verbatim.

54. Prior to the crash, Defendant Tire Xpress, Inc. and Does One through Twenty sold and installed on the Camry the tire that failed.

55. Subsequently, and only shortly before the crash, the Camry was serviced – including tire inspection – by Tire Xpress, Inc. and Does One through Twenty.

56. Defendant Tire Xpress, Inc. and Does One through Twenty were negligent in failing to inform its customer of the dangers associated with the sale and installation of the defective Falken Sincera SN828 tire on the Camry.

57. Because of such negligence, the tire positioned on the right rear of the Camry experienced a tread separation failure that caused the crash.

58. The crash and Plaintiffs' injuries and damages described in this Complaint were as a direct and proximate result of Defendant Tire Xpress, Inc.'s and Does One through Twenty's negligence, for which Plaintiffs seek judgment as set out below.

**VI. FOURTH CAUSE OF ACTION**

**(Wrongful Death Against All Defendants)**

59. As a fourth, separate and distinct cause of action, Plaintiffs complain of all Defendants and allege as follows.

60. Plaintiffs reallege paragraphs 1 through 59 as if herein set forth verbatim.

61. Plaintiffs are heirs of decedents as that term is defined under NRS 41.085 and therefore may maintain an action for damages against Defendants.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

62. As a result of the injuries to and deaths of decedents, Plaintiffs are entitled to: pecuniary damages for grief, sorrow, support, loss of probable support, companionship, society, comfort and consortium as well as for damages for the pain, suffering, mental anguish, and disfigurement of the decedents.

63. In addition, Plaintiffs are entitled to recover damages including, but not limited to, any special damages.

**VII. FIFTH CAUSE OF ACTION**

**(Personal Injury Against All Defendants)**

64. As a fifth, separate and distinct cause of action, Plaintiff Maria A. Perez-Sanchez complains of all Defendants and alleges as follows.

65. Plaintiff realleges paragraphs 1 through 64 as if herein set forth verbatim.

66. As a direct and proximate result of injuries Plaintiff Maria A. Perez-Sanchez suffered in the crash, she has incurred medical expenses for the substantial injuries she has received.

67. Maria A. Perez-Sanchez's injuries resulted in pain, disability, loss of function, emotional distress and loss of enjoyment of life, all to Plaintiff's damage according to proof.

68. Plaintiff Maria A. Perez-Sanchez is entitled to recover the above damages.

**VIII. SIXTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress Against All Defendants)**

69. As a sixth, separate and distinct cause of action, Plaintiff Maria A. Perez-Sanchez complains of all Defendants and alleges.

70. Plaintiffs reallege paragraphs 1 through 69 as if herein set forth verbatim.

71. As a direct and proximate result of the crash, Plaintiff Maria A. Perez-Sanchez suffered severe nervous shock and emotional upset secondary to her close proximity to and observation of her fatally-injured son and grandson.

///

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

72. As a direct and proximate result of the crash, Plaintiff Andrea A. Avila-Perez suffered severe emotional distress and anguish as a result of the death of her son which will burden her for the rest of her life.

73. The actions of Defendants inflicted enormous emotional distress and anguish on Plaintiffs which will burden Plaintiffs for the remainder of their lives.

74. Defendants had a duty to protect the decedents, Maria A. Perez-Sanchez and Andrea A. Avila-Perez, from the progression of the horrific events which led to the deaths of their two children.

75. Defendants breached their duties which caused emotional distress to Maria A. Perez-Sanchez and Andrea A. Avila-Perez for which they are entitled to damages.

## IX. EXEMPTION FROM ARBITRATION AND STATEMENT REGARDING RIGHT TO TRIAL BY JURY

76. Because the case seeks damages in excess of $50,000, this case is exempt from the arbitration program as set forth in the Nevada Rules. Concurrent with this pleading, Plaintiffs seek exemption from arbitration and right to trial by jury.

WHEREFORE, Plaintiffs, and each of them, expressly reserve the right to amend this Complaint to include all items of damages not yet ascertained, pray for judgment in their favor and against Defendants, and each of them, jointly and severally, as follows.

On the FIRST, SECOND, THIRD, FOURTH, FIFTH and SIXTH CAUSES OF ACTION:

1. For general and special damages each in a sum in excess of FIFTY-THOUSAND DOLLARS ($50,000.00);
2. For all pure economic loss in a sum in excess of FIFTY-THOUSAND DOLLARS ($50,000.00);
3. For pre-judgment interest at the legal rate according to proof;
4. For post-judgment interest as appropriate;

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

5. For attorneys' fees and costs of suit incurred herein, including costs of expert witnesses and all other allowable costs;

6. For such other and further relief as the Court may deem just and proper in the premises.

DATED this ______ day of December, 2017.

Respectfully submitted,
CAMPBELL & WILLIAMS

By:_______________________________

DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Campbell & Williams, and that on the ____day of December, 2017 I, a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court e-Filing System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

Jennifer Willis Arledge, Esq.
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, L.L.P.
300 South 4th Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400 Office
(702) 727-1259 Direct
(702) 727-1401 Facsimile
*Attorneys for Sumitomo Rubber North America, Inc.*

Josh Cole Aiklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, Nevada 89118
(702) 693-1718 Office
(702) 893-3789 Facsimile
*Attorneys for Defendants Sumitomo Corp., Sumitomo Corp. of Americas, Carroll's, LLC, Midas International Corp., and Treadways, LLC*

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
(702) 316-4111 Office
(702) 316-4114 Facsimile
*Attorneys for Tire Express, Inc.*

Bruce Scott Dickinson, Esq.
Michael Hottman, Esq.
Jacquelyn M. Franco, Esq.
STEPHENSON & DICKINSON, P.C.
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102

Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*Attorneys for Sumitomo Rubber Industries, Ltd.*

/s/
An employee of Campbell & Williams

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

30

Electronically Filed
12/12/2017 9:25 AM
Steven D. Grierson
CLERK OF THE COURT

FAC
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. Perez-Sanchez, Individually, and as surviving mother of LUIS ANTONIO MARTINEZ-PEREZ, deceased; and ANDREA A. AVILA-PEREZ, as surviving mother of IKER AXEL GARCIA-AVILA, deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS CAROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. And DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: 32

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

**(Wrongful Death: Product Liability and Negligence)**
**(Personal Injury: Product Liability and Negligence)**

**Exempt from Arbitration**
**(Amount in Excess of $50,000)**

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Plaintiffs MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased, and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased, (collectively, "Plaintiffs") bring this action against SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE EXPRESS, INC., and DOES ONE through TWENTY ("Defendants"), and allege as follows:

## I. PARTIES

1. Does One through Twenty, inclusive, and each of them, are sued herein by fictitious names because their true names and capacities, whether individual, associate, corporate or governmental, are not now known to Plaintiffs. Plaintiffs will ask for leave to insert herein the true names and capacities of such Defendants when the same are ascertained. Upon information and belief, Plaintiffs allege that each of the Doe Defendants, which include but are not limited to, those providing automotive and/or tire services, is legally responsible and liable for the injuries and damages hereinafter set forth, by reason of strict product liability. Plaintiffs will ask leave to amend this Complaint to insert their true names and capacities and further charging allegations once such facts are ascertained.

2. At all times mentioned herein, Defendants and Does One through Twenty, inclusive, and each of them, were the agents, servants and employees of each and the other, and were engaged in the course and scope of such agency and employment. In doing the acts herein alleged, each Defendant and Does were acting with the consent, permission, advance knowledge, and authorization of each of the other Defendants and Does, and all of such acts were ratified and approved by the officers or managing agents of each and every other Defendant and Does One through Twenty.

3. At all times mentioned herein and at all times applicable to the incident and subsequent to, Plaintiff Maria A. Perez-Sanchez was an adult resident of Clark County, Nevada. Further, Plaintiff

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Maria A. Perez-Sanchez is a current adult resident of Clark County, Nevada. The Court maintains jurisdiction over Plaintiff Maria A. Perez-Sanchez as a resident of Las Vegas, Clark County, Nevada.

4. At all times mentioned herein, Plaintiff Andrea A. Avila-Perez was an adult resident of Nevada. Further, Plaintiff Andrea A. Avila-Perez is a current adult resident of Clark County, Nevada. The Court maintains jurisdiction over Plaintiff as a resident of Las Vegas, Clark County, Nevada.

5. At all times mentioned herein, decedent Luis Antonio Martinez-Perez was a minor resident of Clark County, Nevada, and the son of Plaintiff Maria A. Perez-Sanchez.

6. At all times mentioned herein, decedent Iker Axel Garcia-Avila was a minor resident of Clark County, Nevada, and the son of Plaintiff Andrea A. Avila-Perez.

7. At all times mentioned herein, Defendant Sumitomo Rubber Industries, Ltd. was and is a Japanese business organization that designs tires for distribution. Defendant Sumitomo Rubber Industries, Ltd. does business in Nevada. Sumitomo Rubber Industries, Ltd. caused events to occur in Nevada out of which this action arises. In particular, Sumitomo Rubber Industries, Ltd. designed the tire made the basis of this lawsuit. Defendant Sumitomo Rubber Industries, Ltd. engages in substantial and not isolated business activities in the State of Nevada but does not maintain an agent for service in Nevada. However, Sumitomo Rubber Industries, Ltd. has appeared and file a Motion for More Definite Statement to Plaintiff's Original Complaint through counsel.

8. At all times mentioned herein, Defendant Sumitomo Rubber North America, Inc. was and is a California corporation doing business in Nevada out of which this action arises. Sumitomo Rubber North America, Inc. distributes tires throughout North America. Defendant Sumitomo Rubber North America, Inc. does not maintain an agent for service in Nevada, but has been served with process. Defendant Sumitomo Rubber North America has appeared and filed a Motion for More Definite Statement to Plaintiffs' Original Complaint.

////

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

9. At all times mentioned herein, Defendant Sumitomo Rubber (Thailand) Co., Ltd. was and is a Thai business organization that manufactures tires. Further, Defendant Sumitomo Rubber (Thailand) Co., Ltd. does business in Nevada. Sumitomo Rubber (Thailand) Co., Ltd. is located at 7/232 N. 6, Soi Phon Prapha, Map Yang Phon, Pluak Daeng District, Rayong 21140, Thailand. Sumitomo Rubber (Thailand) Co., Ltd. caused events to occur in Nevada out of which this action arises. In particular, Sumitomo Rubber (Thailand) Co., Ltd. distributed the tire made the basis of this lawsuit. Defendant Sumitomo Rubber (Thailand) Co., Ltd. engages in substantial and not isolated business activities in Nevada and can be served with process by serving their President and Chief Executive Officer, Mr. Toru Nagahata, Sumitomo Rubber (Thailand) Co., Ltd., Amata City Industrial Estate, 7/232 Moo 6, Soi Pornprapa, Map Yang Phon, Pluak Daeng, 21140 Rayond, Thailand. Plaintiffs are filing a Motion for Issuance of Requests for International Judicial Assistance (Letters Rogatory) with this Court.

10. At all times mentioned herein, Defendant Tire Xpress, Inc. was and is a Nevada corporation doing business Nevada. Tire Xpress, Inc. has appeared and filed an answer in this matter through counsel.

11. The named defendants are sued jointly and severally.

## II. VENUE AND JURISDICTION

12. Venue of this case is proper and maintainable in Clark County, Nevada, where Defendant Tire Xpress, Inc. has its principal place of business.

13. Personal jurisdiction is proper as to all of the defendants.

14. Personal jurisdiction is proper as to Defendant Tire Xpress, Inc. because it has its principal place of business in Clark County, Nevada.

15. Personal jurisdiction is proper as to Defendants Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., and Does One through Twenty under the provisions of Nevada Revised Civil Statues, Section 14.080 because each

manufactures, produces, makes, markets, inspects, installs, or supplies directly or indirectly products for distribution, sale, or use in this state, and is thus subject to both personal jurisdiction and service of process in Nevada.

## III. FACTS COMMON TO ALL CAUSES OF ACTION

16. On December 13, 2015, Maria A. Perez-Sanchez ("Maria") was operating a 1992 Toyota Camry on I-40 W near Mile Post 125.4 125 in Yavapai County, Arizona, with her son Luis Antonio Martinez-Perez and grandson Iker Axel Garcia-Avila as her passengers.

17. The right rear tire on the Camry experienced a tread separation, and the Camry caused a collision with a tractor-trailer traveling in the right lane of the same highway.

18. Maria was seriously injured in the crash, and the two minors were killed.

19. The tire that failed through tread separation was a Falken Sincera SN828 size 195/70R14 91T, DOT R8J93KFR1112 ("the tire that failed") that had been purchased at Tire Xpress, Inc.

20. As a direct result of the incident addressed in this complaint, Maria sustained injuries and damages.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

21. As a direct and proximate result of the death of Luis Antonio Martinez-Perez, his mother, Maria, has been deprived of his love, affection, society and companionship that she would have received from Luis Antonio Martinez-Perez had he lived, in addition to damages for Decedent's pain and suffering and mental anguish before his death. Maria has also sustained grief and sorrow, stress, pain and shock, all to her damage in an amount exceeding the minimum jurisdictional limits of this Court.

22. As a direct and proximate result of the death of Iker Axel Garcia-Avila ("Iker"), his mother, Andrea A. Avila-Perez ("Andrea"), has been deprived of Iker's love, affection, society, and companionship that she would have received from him had Iker lived, in addition to damages for Decedent's pain and suffering and mental anguish he experienced before his death. Andrea has also sustained grief and sorrow, stress, pain and shock, all to her damage as a result of the loss of her son in an amount exceeding the minimum jurisdictional limits of this Court.

23. As a direct and proximate result of the deaths of minor decedents, their estates have incurred special damages. Their Estates are currently being established.

## IV. FIRST CAUSE OF ACTION

**(Strict Liability Against Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., and Does One through Twenty)**

24. As a first, separate and distinct cause of action, Plaintiffs complain of Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., and Does One through Twenty, and allege:

25. Plaintiffs reallege paragraphs 1 through 30 as if herein set forth verbatim.

26. The tire that failed was defectively designed by Sumitomo Rubber Industries, Ltd.

27. The tire that failed was distributed by Sumitomo Rubber North America, Inc.

28. The tire that failed was manufactured by Sumitomo Rubber (Thailand) Co., Ltd.

///

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

29. The tire that failed was unreasonably dangerous and unsafe for its intended use by reason of defects.

30. At the time of the crash, the tire that failed was being used in a manner that was reasonably foreseeable by Defendants.

31. The tire that failed was expected to and did reach the Plaintiffs without substantial change affecting its condition.

32. The tire that failed was defective because it failed by tread separation before its tread wore to 2/32 of an inch.

33. The tire that failed is defective because it had inadequate fatigue resistance.

34. The tire that failed is defective because it was not sufficiently durable.

35. The tire that failed is defective because it lacked full nylon.

36. The tire that failed is defective because there is poor adhesion between the components of the tire.

37. The tire that failed is defective because its inner liner compound and construction are inadequate.

38. The tire that failed is defective because its belt skim compound formula and the preparation of its belt skim was deficient.

39. The tire malfunctioned while being used by the Plaintiffs. Plaintiffs provide notice of their intent to rely upon the malfunction doctrine.

40. The malfunction of the defective tire occurred prior to Plaintiffs' use.

41. Plaintiffs did not materially alter or modify the defective tire after it was sold by the Defendants and prior to the incident.

42. Plaintiffs did not misuse the defective tire after it was sold by the Defendants and before the defective tire malfunctioned.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

43. Safer alternative designs and proper manufacturing processes were known and reasonably available to Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., and Does One through Twenty at the time the tire that failed was built.

44. Plaintiffs' injuries and damages described in this Complaint were as a direct and proximate result of the defective tire for which Defendants Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd, and Does One through Twenty, are strictly liable and for which Plaintiffs seek judgment as set out below.

## V. SECOND CAUSE OF ACTION

**(Strict Liability Against Tire Xpress Inc. and Does One through Twenty)**

45. As a second, separate, and distinct cause of action, Plaintiffs complain of Tire Xpress, Inc. and Does One through Twenty, and allege:

46. Plaintiffs reallege paragraphs 1 through 45 as if herein set forth verbatim.

47. The tire that failed was sold and installed by Tire Xpress, Inc. and Does One through Twenty while unreasonably dangerous and unsafe for its intended use by reason of its defects.

48. The tire that failed as sold and installed by Tire Xpress, Inc. and Does One through Twenty is defective because it has inadequate fatigue resistance.

49. The tire that failed as sold and installed by Tire Xpress, Inc. and Does One through Twenty is defective because it is not sufficiently durable.

50. The tire that failed as sold and installed by Tire Xpress, Inc. and Does One through Twenty is defective because it lacks full nylon.

51. The crash and Plaintiffs' injuries and damages described in this First Amended Complaint were a direct and proximate result of the defective product (the tire that failed) for which Defendant Tire Xpress, Inc. and Does One through Twenty are strictly liable and for which Plaintiffs seek judgment as set out below.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

## VI. THIRD CAUSE OF ACTION

**(Negligence Against Tire Xpress Inc. and Does One through Twenty)**

52. As a third, separate and distinct cause of action, Plaintiffs complain of Tire Xpress, Inc. and Does One through Twenty, and allege:

53. Plaintiffs reallege paragraphs 1 through 52 as if herein set forth verbatim.

54. Prior to the crash, Defendant Tire Xpress, Inc. and Does One through Twenty sold and installed on the Camry the tire that failed.

55. Subsequently, and only shortly before the crash, the Camry was serviced – including tire inspection – by Tire Xpress, Inc. and Does One through Twenty.

56. Defendant Tire Xpress, Inc. and Does One through Twenty were negligent in failing to inform its customer of the dangers associated with the sale and installation of the defective Falken Sincera SN828 tire on the Camry.

57. Because of such negligence, the tire positioned on the right rear of the Camry experienced a tread separation failure that caused the crash.

58. The crash and Plaintiffs' injuries and damages described in this Complaint were as a direct and proximate result of Defendant Tire Xpress, Inc.'s and Does One through Twenty's negligence, for which Plaintiffs seek judgment as set out below.

## VI. FOURTH CAUSE OF ACTION

**(Wrongful Death Against All Defendants)**

59. As a fourth, separate and distinct cause of action, Plaintiffs complain of all Defendants and allege as follows.

60. Plaintiffs reallege paragraphs 1 through 59 as if herein set forth verbatim.

61. Plaintiffs are heirs of decedents as that term is defined under NRS 41.085 and therefore may maintain an action for damages against Defendants.

62. As a result of the injuries to and deaths of decedents, Plaintiffs are entitled to: pecuniary damages for grief, sorrow, support, loss of probable support, companionship, society, comfort and consortium as well as for damages for the pain, suffering, mental anguish, and disfigurement of the decedents.

63. In addition, Plaintiffs are entitled to recover damages including, but not limited to, any special damages.

**VII. FIFTH CAUSE OF ACTION**

**(Personal Injury Against All Defendants)**

64. As a fifth, separate and distinct cause of action, Plaintiff Maria A. Perez-Sanchez complains of all Defendants and alleges as follows.

65. Plaintiff realleges paragraphs 1 through 64 as if herein set forth verbatim.

66. As a direct and proximate result of injuries Plaintiff Maria A. Perez-Sanchez suffered in the crash, she has incurred medical expenses for the substantial injuries she has received.

67. Maria A. Perez-Sanchez's injuries resulted in pain, disability, loss of function, emotional distress and loss of enjoyment of life, all to Plaintiff's damage according to proof.

68. Plaintiff Maria A. Perez-Sanchez is entitled to recover the above damages.

**VIII. SIXTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress Against All Defendants)**

69. As a sixth, separate and distinct cause of action, Plaintiff Maria A. Perez-Sanchez complains of all Defendants and alleges.

70. Plaintiffs reallege paragraphs 1 through 69 as if herein set forth verbatim.

71. As a direct and proximate result of the crash, Plaintiff Maria A. Perez-Sanchez suffered severe nervous shock and emotional upset secondary to her close proximity to and observation of her fatally-injured son and grandson.

///

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

72. As a direct and proximate result of the crash, Plaintiff Andrea A. Avila-Perez suffered severe emotional distress and anguish as a result of the death of her son which will burden her for the rest of her life.

73. The actions of Defendants inflicted enormous emotional distress and anguish on Plaintiffs which will burden Plaintiffs for the remainder of their lives.

74. Defendants had a duty to protect the decedents, Maria A. Perez-Sanchez and Andrea A. Avila-Perez, from the progression of the horrific events which led to the deaths of their two children.

75. Defendants breached their duties which caused emotional distress to Maria A. Perez-Sanchez and Andrea A. Avila-Perez for which they are entitled to damages.

## IX. EXEMPTION FROM ARBITRATION AND STATEMENT REGARDING RIGHT TO TRIAL BY JURY

76. Because the case seeks damages in excess of $50,000, this case is exempt from the arbitration program as set forth in the Nevada Rules. Concurrent with this pleading, Plaintiffs seek exemption from arbitration and right to trial by jury.

WHEREFORE, Plaintiffs, and each of them, expressly reserve the right to amend this Complaint to include all items of damages not yet ascertained, pray for judgment in their favor and against Defendants, and each of them, jointly and severally, as follows.

On the FIRST, SECOND, THIRD, FOURTH, FIFTH and SIXTH CAUSES OF ACTION:

1. For general and special damages each in a sum in excess of FIFTY-THOUSAND DOLLARS ($50,000.00);

2. For all pure economic loss in a sum in excess of FIFTY-THOUSAND DOLLARS ($50,000.00);

3. For pre-judgment interest at the legal rate according to proof;

4. For post-judgment interest as appropriate;

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

5. For attorneys' fees and costs of suit incurred herein, including costs of expert witnesses and all other allowable costs;

6. For such other and further relief as the Court may deem just and proper in the premises.

DATED this 11th day of December, 2017.

Respectfully submitted,
CAMPBELL & WILLIAMS

By:

DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Campbell & Williams, and that on the 13th day of December, 2017 I, a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court e-Filing System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

Jennifer Willis Arledge, Esq.
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, L.L.P.
300 South 4th Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400 Office
(702) 727-1259 Direct
(702) 727-1401 Facsimile
*Attorneys for Sumitomo Rubber North America, Inc.*

Josh Cole Aiklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, Nevada 89118
(702) 693-1718 Office
(702) 893-3789 Facsimile
*Attorneys for Defendants Sumitomo Corp., Sumitomo Corp. of Americas, Carroll's, LLC, Midas International Corp., and Treadways, LLC*

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
(702) 316-4111 Office
(702) 316-4114 Facsimile
*Attorneys for Tire Express, Inc.*

Bruce Scott Dickinson, Esq.
Michael Hottman, Esq.
Jacquelyn M. Franco, Esq.
STEPHENSON & DICKINSON, P.C.
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102

Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*Attorneys for Sumitomo Rubber Industries, Ltd.*

/s/ [signature]
An employee of Campbell & Williams

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

31

Electronically Filed
12/13/2017 3:22 PM
Steven D. Grierson
CLERK OF THE COURT

**SUB**

BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*email: admin@sdlawoffice.net*

Attorneys for Sumitomo Rubber Industries, Ltd.

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Moth of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BARRY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive,

Defendants.

CASE NO. A-17-761291-C

DEPT. NO. XXXII

**SUBSTITUTION OF ATTORNEYS**

BRUCE SCOTT DICKINSON, ESQ. of the law firm of STEPHENSON & DICKINSON, P.C., is hereby substituted as attorney for Defendant SUMITOMO RUBBER NORTH AMERICA, INC., in the above-entitled action, in the place and stead of JENNIFER WILLIS ARLEDGE, ESQ. of the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP.

DATED this 28th day of November, 2017.

SUMITOMO RUBBER NORTH AMERICA, INC.

By: Mary Fletcher

Its: Director, Risk & Insurance

I hereby consent to the above and foregoing substitution.

DATED this 27th day of November, 2017.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

By: Jennifer W. Arledge
Jennifer Willis Arledge, Esq.
Nevada Bar No.: 8729
300 South 4th Street, 11th Floor
Las Vegas, Nevada 89101

I hereby accept the above and foregoing substitution as attorney for Defendant, SUMITOMO RUBBER NORTH AMERICA, INC.

DATED this 10th day of December, 2017.

STEPHENSON & DICKINSON

By: ______________________
BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102

32

COMS

DISTRICT COURT

CLARK COUNTY, NEVADA

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

v.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

CASE NO. A-17-761291-C
DEPT NO. XXXII

**COMMISSIONER'S DECISION ON REQUEST FOR EXEMPTION**

NATURE OF ACTION: Wrongful death

DATE OF FILING REQUEST FOR EXEMPTION: November 17, 2017

EXEMPTION FILED BY: Plaintiffs OPPOSITION: No

ATTORNEY FOR PLAINTIFFS: Donald J. Campbell, Esq., Campbell & Williams

ATTORNEYS FOR DEFENDANTS, SUMITOMO RUBBER INDUSTRIES, INC.:

Jennifer Willis Arledge, Esq., Wilson, Elser, Moskowitz, Edelman & Dicker

AND Jacquelyn M. Franco, Esq., Stephenson & Dickinson

ATTORNEYS FOR DEFENDANTS, SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC, TBC CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, INC., and TREADWAYS, LLC: Amber White-Davidson, Esq., Lewis Brisbois Bisgaard & Smith

ATTORNEY FOR DEFENDANT, TIRE XPRESS, INC.: Steven T. Jaffe, Esq., Hall, Jaffe & Clayton

**FINDINGS**

DECISION: EXEMPTION GRANTED XX

EXEMPTION DENIED ____

DATED this 9th day of December, 2017.

[signature]

ADR COMMISSIONER

PEREZ-SANCHEZ/A-17-761291-C

**NOTICE**

Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days from the date you are served with this document within which to file written objections with the Commissioner at the ADR Office and serve all parties. The Commissioner's Decision is deemed served three (3) days after the Commissioner's designee deposits a copy of the Decision in the U.S. Mail.

A copy of the foregoing ADR Commissioner's Decision was:

✓ Mailed to the Plaintiff's/Defendant's counsel and Arbitrator at their last known address(es) on the 14th day of December, 2017.

____ Mailed to Plaintiff/Defendant at the following address(es) on the ____ day of December, 2017.

By____________________
ADR COMMISSIONER'S DESIGNEE

ADR COMMISSIONER
EIGHTH JUDICIAL DISTRICT COURT

ELECTRONICALLY SERVED
11/17/2017 3:38 PM

CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. Perez-Sanchez, Individually, and as surviving mother of LUIS ANTONIO MARTINEZ-PEREZ, deceased; and ANDREA A. AVILA-PEREZ, as surviving mother of IKER AXEL GARCIA-AVILA, deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS CAROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. And DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: 32

**<u>REQUEST FOR EXEMPTION FROM ARBITRATION</u>**

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Plaintiffs Maria A. Perez-Sanchez, Individually, and as surviving mother of Luis Antonia Martinez-Perez, deceased, and Andrea A. Avila-Perez, as surviving mother of Iker Axel Garcia-Avila, deceased (collectively "Plaintiffs"), by and through their undersigned counsel, hereby request that the above-entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case:

1._______ Presents a significant issue of public policy;

2._XX_ Involves an amount in excess of $50,000, exclusive of interests and costs;

3._______ Presents unusual circumstances which constitute good cause for removal from the program.

This is a product liability action wherein Plaintiffs have brought claims for negligence, strict liability, and negligent infliction of emotional distress against Defendants. The salient facts that support the instant request for exemption are as follows:

On December 13, 2015, Ms. Perez was involved in the motor collision wherein her son, Luis Antonio Martinez-Perez ("Luis"), and grandson, Iker Axel-Garcia-Avila ("Iker"), were passengers. This collision was caused when Ms. Perez's rear right tire—which was designed, manufactured, marketed and distributed by the Sumitomo Entities—detreaded on Interstate-40. Once the subject tire detreaded, Ms. Perez's vehicle veered from the left lane to the right lane of travel and collided with a tractor-trailer.

As a direct and proximate result of the foregoing incident, both Luis and Iker were killed and Ms. Perez was rendered comatose and hospitalized for weeks. Based on the foregoing, Plaintiffs' respectfully submit that a probable jury verdict in this matter is far in excess of $50,000.00.

. . . . .

. . . . .

. . . . .

**CONCLUSION**

Given the severity of Plaintiffs' damages, a probable jury award in this matter is far in excess of $50,000 and Plaintiffs, therefore, respectfully request that this matter be exempted from arbitration.

DATED this 17th day of November, 2017.

Respectfully submitted,
CAMPBELL & WILLIAMS

By____________________________

DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**CERTIFICATION**

Pursuant to NRCP 11, I hereby certify this case to be within the exemption(s) marked above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

DATED this 17th day of November, 2017.

CAMPBELL & WILLIAMS

By____________________________

DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**CERTIFICATE OF MAILING**

I hereby certify that I am an employee of Campbell & Williams, and that on the 17th day of November, 2017 I deposited for mailing at Las Vegas, Nevada, a true and correct copy of the foregoing **REQUEST FOR EXEMPTION FROM ARBITRATION** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court e-Filing System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

Jennifer Willis Arledge, Esq.
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, L.L.P.
300 South 4th Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400 Office
(702) 727-1259 Direct
(702) 727-1401 Facsimile
*Attorneys for Sumitomo Rubber North America, Inc.*

Josh Cole Aiklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, Nevada 89118
(702) 693-1718 Office
(702) 893-3789 Facsimile
*Attorneys for Defendants Sumitomo Corp., Sumitomo Corp. of Americas, Carroll's, LLC, Midas International Corp., and Treadways, LLC*

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
(702) 316-4111 Office
(702) 316-4114 Facsimile
*Attorneys for Tire Express, Inc.*

/s/ Lucinda Martinez
An employee of Campbell & Williams

33

Electronically Filed
12/14/2017 1:22 PM
Steven D. Grierson
CLERK OF THE COURT

**MTD**

JOSH COLE AICKLEN
Nevada Bar No. 007254
Josh.Aicklen@lewisbrisbois.com
PAUL A. SHPIRT
Nevada Bar No. 10441
Paul.Shpirt@lewisbrisbois.com
AMBER WHITE-DAVIDSON
Nevada Bar No. 11739
Amber.White-Davidson@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
P:702.893.3383
F: 702.893.3789
Attorneys for Defendants
SUMITOMO CORPORATION; SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)

DISTRICT COURT

CLARK COUNTY, NEVADA

MARIA A. PEREZ-SANCHEZ, individually and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC.; SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC; TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE EXPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.. A-17-761291-C
Dept. No.: XXIX

**DEFENDANTS SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL'S LLC, TBC CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, INC. and TREADWAYS, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO NRCP 12(B)(5)**

**Date:**

**Time:**

**DEFENDANTS SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL'S LLC, TBC CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, INC. and TREADWAYS, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO NRCP 12(B)(5)**

COME NOW, Defendants SUMITOMO CORPORATION; SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)(collectively "Defendants"), by and through their attorneys of record, Josh Cole Aicklen, Esq., Paul A. Shpirt, Esq. and Amber White-Davidson, Esq. of the law firm LEWIS BRISBOIS BISGAARD & SMITH LLP, and hereby move the Court for an Order dismissing all causes of action against these Defendants, with prejudice, pursuant to NRCP 12(b)(5).

This Motion is made and based upon the Points and Authorities attached hereto, NRCP 12(b)(5), the papers and pleadings on file herein, and any oral arguments that may be entertained at the hearing on this matter.

DATED this 14th day of Decmeber, 2017.

Respectfully submitted,

By [signature]

JOSH COLE AICKLEN
Nevada Bar No. 007254
PAUL A. SHPIRT
Nevada Bar No. 10441
AMBER WHITE-DAVIDSON
Nevada Bar No. 11739
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendants

**NOTICE OF MOTION**

YOU AND EACH OF YOU PLEASE TAKE NOTICE that Defendant will bring the foregoing **DEFENDANTS SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL'S LLC, TBC CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, INC. and TREADWAYS, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO NRCP 12(B)(5)** on for hearing on the 15th day of FEBRUARY, 2018, before Department XXXII, at the hour of 9:30 a.m., or as soon thereafter as counsel may be heard.

DATED this 14th day of Decemeber, 2017.

Respectfully submitted,

By [signature]

JOSH COLE AICKLEN
Nevada Bar No. 007254
PAUL A. SHPIRT
Nevada Bar No. 10441
AMBER WHITE-DAVIDSON
Nevada Bar No. 11739
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This matter arises out of a single vehicle fatality accident that occurred in Yavapai County, Arizona on December 13, 2015. Plaintiffs filed their First Amended Complaint against SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER (Thailand) CO., LTD, SUMITOMO RUBBER NORTH AMERICA, INC.; SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC; TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE EXPRESS, INC. on December 12, 2017. See, Plaintiffs' First Amended Complaint, attached for the benefit of this Court hereto as **Exhibit A**. In Plaintiffs' First Amended Complaint, Defendants SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL'S LLC, TBC CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, INC. and TREADWAYS, LLC are listed, but there are no specific allegations listed against them.

As such, these Defendants are seeking an Order from the Court Dismissing Plaintiffs' First Amended Complaint with prejudice, because it fails to state any claims upon which relief can be granted against these Defendants. According to the allegations of Plaintiffs' First Amended Complaint, these Defendants did not manufacture, design, sell or install the subject tire, and as such, even if all of the allegations contained in Plaintiffs' First Amended Complaint are true, there are no allegations nor claims against these Defendants.

### II. STANDARD OF REVIEW

Nevada Rule of Civil Procedure 12(b)(5) provides that a plaintiff's complaint may be dismissed for "failure to state a claim upon which relief can be granted." See, NRCP 12(b)(5). When considering a Motion to Dismiss, the Court must accept all the factual allegations in the complaint as true. See, Bemis v. Bemis, 114 Nev. 1021, 1024 (1998);

see also California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972). However, a court should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A court must determine whether a plaintiff's complaint alleges facts that make the causes of action "plausible," not merely "conceivable" or "speculative." See, Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007). This Court also need not accept legal conclusions couched as factual allegations. See also, Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).

Dismissal of a complaint without leave to amend may be appropriate. See, Brown v. Capanna, 105 Nev. 665 (1989) (stating that instances do exist where a court should not grant leave). A district court may dismiss a complaint without leave to amend if a plaintiff's complaint suffers a fatal flaw that cannot be saved by any amendment. See, Bemis v. Bemis, 114 Nev. 1021, 1024 (1998) (a claim may be dismissed if "the plaintiff is not entitled to relief under any set of facts which could be proved in support of the claim") (quotations, citations omitted). A Court's decision to dismiss a complaint without leave to amend will not be overturned absent abuse of discretion. See Cohen v. Mirage Resorts, Inc., 119 Nev. 1, 23, 62 P.3d 720, 734-35 (2003); Nelson v. Sierra Constr. Corp., 77 Nev. 334, 364 P.2d 402 (1961). Where no prejudice to a defendant results and where justice requires it, leave to amend should be granted. See Fischer v. Executive Fund Life Ins. Co., 88 Nev. 704, 504 P.2d 700 (1972).

## III. LEGAL ARGUMENT

### 1. Plaintiffs' First Amended Complaint Does Not Reference Defendants SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CAROLL TIRE COMPANY, LLC, TBC CORPORATION, TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC and TREADWAYS CORPORATION, Outside of The Caption.

Plaintiffs' First Amended Complaint alleges, in the preamble, the following:

> Plaintiffs MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased, and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

(collectively, "Plaintiffs") bring this action against SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE EXPRESS, INC., and DOES ONE through TWENTY ("Defendants"). and allege as follows:

See, Exhibit A, Page 2, Lines 1 - 7.

From the beginning, Plaintiffs establish that their intention is to sue the parties that are listed in the preamble. Nowhere do Plaintiffs reference or mention SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CAROLL TIRE COMPANY, LLC, TBC CORPORATION, TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC and TREADWAYS CORPORATION. This is telling because it sets forth a theme of the Plaintiffs' Complaint which fails to make any allegations against these Defendants. This is most likely because Plaintiffs realized that these Defendants did not have a role in the subject incident nor the alleged injuries.

**2. Plaintiffs' First Amended Complaint Does not Contain Any Allegations Against SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CAROLL TIRE COMPANY, LLC, TBC CORPORATION, TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC and TREADWAYS CORPORATION.**

Plaintiffs' First Amended Complaint begins with the section titled "Parties." Id. at Page 2, Line 8. The Defendants listed are: Sumitomo Rubber Industries, Ltd., (a Japanese business entity represented by Stephenson & Dickenson); Sumitomo Rubber North America, Inc. (a California corporation represented by Stephenson & Dickenson); Sumitomo Rubber (Thailand) Co., Ltd. (as of yet unserved and unrepresented); and Tire Xpress, Inc. (a Nevada corporation represented by Hall Jaffe & Clayton, LLP.). Id. at Pages 2-3. Defendants SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CAROLL TIRE COMPANY, LLC, TBC CORPORATION, TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC and TREADWAYS CORPORATION are not even listed as parties, even though they appear in the Caption.

Continuing with Plaintiffs' First Amended Complaint allegations, Plaintiffs included a "Venue and Jurisdiction" section. Id. at Page 4, Line 19. In it, Defendants SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CAROLL TIRE COMPANY, LLC, TBC CORPORATION, TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC and TREADWAYS CORPORATION are not mentioned, referenced or discussed in any way. The respective corporate addresses, places or business or any other details about these Defendants are missing entirely.

Defendants SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CAROLL TIRE COMPANY, LLC, TBC CORPORATION, TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC and TREADWAYS CORPORATION are not referenced or listed under parties in Plaintiffs' First Amended Complaint. As such, the First Amended Complaint improperly includes these entities in the Caption and this Court should dismiss these parties.

**3. There Are No Specific Facts Or Allegations Against Defendants SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CAROLL TIRE COMPANY, LLC, TBC CORPORATION, TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC and TREADWAYS CORPORATION In Plaintiffs' First Amended Complaint.**

In their First Amended Complaint, Plaintiffs include a section titled "Facts Common to All Causes of Action." Id. at Page 5 Lines 4-5. In that section, Plaintiffs go through some detail about the facts that they allege contributed and/or caused the subject incident. Plaintiffs allege that they purchased a Falken Sincera SN828 tire from Defendant Tire Xpress, Inc. Id. at Page 5, Paragraph 19. Plaintiffs further allege that this tire failed, causing the subject accident.

Plaintiffs then list multiple causes of action, including their first cause of action: "Strict Liability Against Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd. and Does One through Twenty." Id. at Page 6, Lines 18-19. Again, nowhere in this cause of action do Plaintiffs reference

Defendants SUMITOMO CORPORATION OF AMERICAS, CAROLL TIRE COMPANY, LLC, TBC CORPORATION, TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC and TREADWAYS CORPORATION. Plaintiffs allege that Defendants Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd. defectively designed, distributed and manufactured the subject tire that allegedly failed in the accident. Id. at Paragraphs 26, 27 and 28. There is no mention of Defendants SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CAROLL TIRE COMPANY, LLC, TBC CORPORATION, TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC and TREADWAYS CORPORATION.

Plaintiffs' second cause of action is for Strict Liability against Tire Xpress, Inc. Id. at Page 8, Line 11. This is based on Plaintiffs' allegations that the subject tire was sold and installed by Tire Xpress, Inc. Id. at Paragraphs 47 - 50. As such, Plaintiffs allege that the subject tire that allegedly failed causing the accident was defectively designed, distributed and manufactured by Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd. and was then sold and installed on Plaintiffs' vehicle by Tire Xpress, Inc. This fact pattern, if taken as true for the purposes of this Motion, does not allege any involvement by SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CAROLL TIRE COMPANY, LLC, TBC CORPORATION, TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC and TREADWAYS CORPORATION.

Plaintiffs' third cause of action is for Negligence against Tire Xpress, Inc. and Does One through Twenty. Id. at Page 9, Lines 1-2. Again, Plaintiffs reiterate that Tire Xpress, Inc. allegedly installed the subject tire and the accident occurred shortly after that installation. Defendants SUMITOMO CORPORATION ,SUMITOMO

CORPORATION OF AMERICAS, CAROLL TIRE COMPANY, LLC, TBC CORPORATION, TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC and TREADWAYS CORPORATION are not listed, referenced or are alleged to have been negligent in any way.

Plaintiffs' fourth cause of action is entitled: "Wrongful Death Against All Defendants." Id. at Page 9, Lines 21-22. While this title appears to encompass all "Defendants," nowhere in the body of the allegations are SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CAROLL TIRE COMPANY, LLC, TBC CORPORATION, TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC and TREADWAYS CORPORATION listed. It is unclear how Plaintiffs are alleging that they are entitled to recover damages against these Defendants. Because SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CAROLL TIRE COMPANY, LLC, TBC CORPORATION, TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC and TREADWAYS CORPORATION were not listed as parties in the preamble, or under the "Parties" or "Jurisdiction" sections, it appears that Plaintiffs' fourth, fifth and sixths causes of actions, that are generically named "..Against All Defendants" are against the listed Defendants: Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd. and Tire Xpress, Inc. As such, SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CAROLL TIRE COMPANY, LLC, TBC CORPORATION, TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC and TREADWAYS CORPORATION requests that this Court grant their Motion to Dismiss in its entirety.

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Because Plaintiffs' First Amended Complaint contains specific allegations against certain Defendants, but does not contain any reference to or allegations against SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CAROLL TIRE COMPANY, LLC, TBC CORPORATION, TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC and TREADWAYS CORPORATION, these parties respectfully request that this Court dismiss these Defendants, with prejudice.

DATED this 14th day of December, 2017

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By [signature]

JOSH COLE AICKLEN
Nevada Bar No. 007254
PAUL A. SHPIRT
Nevada Bar No. 10441
6385 S. Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383
Attorneys for Defendants SUMITOMO CORPORATION; SUMITOMO CORPORATION OF AMERICAS; CARROLL'S, LLC (erroneously sued as Carroll Tire Company, LLC); TBC CORPORATION; MIDAS INTERNATIONAL CORPORATION; MIDAS, INC. (erroneously sued as Midas, LLC); and TREADWAYS, LLC (erroneously named as Treadways Corporation)

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2017, a true and correct copy of **DEFENDANTS SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL'S LLC, TBC CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, INC. and TREADWAYS, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO NRCP 12(B)(5)**to be served by electronic service with the Eighth Judicial District Court Odyssey filing system to the parties on the Electronic Service List as follows:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 S. Seventh Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs
MARIA A. PEREZ-SANCHEZ and
ANDREA A. AVILA-PEREZ

Robert E. Ammons, Esq.
Randy Canché, Esq.
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Attorneys for Plaintiffs
MARIA A. PEREZ-SANCHEZ and
ANDREA A. AVILA-PEREZ

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
Attorneys for Defendant
TIRE XPRESS, INC.

Bruce Scott Dickinson, Esq.
Michael Hottman, Esq.
STEPHENSON & DICKINSON, P.C.
2820 W Charleston Boulevard, Suite B-19
Las Vegas, NV 89102
Attorneys for Defendants SUMITOMO RUBBER NORTH AMERICA, INC. and SUMITOMO RUBBER INDUSTRIES, LTD.

By [signature]
Ariana J. Dunbar
LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

34

ELECTRONICALLY SERVED
12/28/2017 3:26 PM

A-17-761291-C

# DISTRICT COURT
# CLARK COUNTY, NEVADA

**Product Liability** | **COURT MINUTES** | **December 28, 2017**

A-17-761291-C Maria Perez-Sanchez, Plaintiff(s)
vs.
Sumitomo Rubber Industries Ltd, Defendant(s)

**December 28, 2017** **8:00 AM** **Minute Order**

**HEARD BY:** Bare, Rob **COURTROOM:** Chambers

**COURT CLERK:** Denise Duron

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:** None – Minute Order Issued from Chambers

## JOURNAL ENTRIES

- Having examined the Motions to Associate Counsel for Robert Ammons Esq. and Raudel Canche Esq., noting no Opposition filed, and good cause appearing, the Motions to Associate are GRANTED. Pursuant to EDCR 2.23, the hearing on this matter set for January 9, 2018, are advanced and VACATED. Moving party to prepare and submit proposed order to chambers within 10 days.

CLERK'S NOTE: This Minute Order was electronically served by Courtroom Clerk, Denise Duron, to all registered parties for Odyssey File & Serve. (dd-12/28/17)

35

ELECTRONICALLY SERVED
1/3/2018 10:50 AM

**ANSW**

STEVEN T. JAFFE
Nevada Bar No. 007035
sjaffe@lawhjc.com
JASON R. WIGG
Nevada Bar No. 007953
jwigg@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702) 316-4114

*Attorney for Defendant*
*TIRE XPRESS, INC.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individualym, and as Surviging Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiff,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF THE AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive.

Defendants.

CASE NO. A-17-761291-C
DEPT. NO. XXIX

**DEFENDANT TIRE XPRESS, INC'S, ANSWER TO FIRST AMENDED COMPLAINT**

## GENERAL ALLEGATIONS

Defendant, TIRE XPRESS, INC., by and through its attorneys, STEVEN T. JAFFE, ESQ. and JASON R. WIGG, ESQ., of the law firm of HALL JAFFE & CLAYTON, LLP, and answers Plaintiffs' First Amended Complaint as follows:

1. Answering Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 of the First Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

2. Answering Paragraph 11 of the First Amended Complaint, this Answering Defendant denies all allegations.

**VENUE AND JURISDICTION**

3. Answering Paragraphs 12, 13, 14 and 15 of the First Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

**FACTS COMMON TO ALL CAUSES OF ACTION**

4. Answering Paragraphs 16, 17, 18, 19 and 20 of the First Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

5. Answering Paragraphs 21, 22 and 23 of the First Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied. This Answering Defendant denies the remaining allegations contained therein, and demands strict proof of all alleged damages.

**FIRST CAUSE OF ACTION**

**(Strict Liability Against Sumitomo Rubber Industries, Ltd., Sumitomo Ruber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd,. and Does One through Twenty)**

6. Answering Paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43 and 44 of the First Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

**SECOND CAUSE OF ACTION**

**(Strict Liability Against Tire Xpress, Inc. And Does One through Twenty)**

7. Paragraph 45 of the First Amended Complaint does not state a claim for relief or make any

allegation against this Answering Defendant. If any allegation contained in said paragraph may be construed to be against this Answering Defendant, this Answering Defendant denies each and every allegation against it contained is said paragraph. To the extent said paragraph contains allegations relating to parties other than this Answering Defendant, this Answering Defendant is without knowledge or information to form a belief as to the truth of said allegations and therefore denies each and every allegation contained therein.

8. Answering Paragraph 46 of the First Amended Complaint, these Answering Defendants repeat and reallege their answers and responses to paragraphs 1 through 45 as if more fully set forth herein, and thereby incorporate them.

9. Answering Paragraphs 47, 48, 49, 50 and 51 of the First Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

**THIRD CAUSE OF ACTION**

**(Negligence Against Tire Xpress, Inc and Does One through Twenty)**

10. Paragraph 52 of the First Amended Complaint does not state a claim for relief or make any allegation against this Answering Defendant. If any allegation contained in said paragraph may be construed to be against this Answering Defendant, this Answering Defendant denies each and every allegation against it contained is said paragraph. To the extent said paragraph contains allegations relating to parties other than this Answering Defendant, this Answering Defendant is without knowledge or information to form a belief as to the truth of said allegations and therefore denies each and every allegation contained therein.

11. Answering Paragraph 53 of the First Amended Complaint, these Answering Defendants repeat and reallege their answers and responses to paragraphs 1 through 52 as if more fully set forth herein, and thereby incorporate them.

12. Answering Paragraphs 54 and 55 of the First Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

///

13. Answering Paragraphs 56 and 57 of the First Amended Complaint, this Answering Defendant denies all allegations.

14. Answering Paragraph 58 of the First Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied. This Answering Defendant denies the remaining allegations contained therein, and demands strict proof of all alleged damages.

**FOURTH CAUSE OF ACTION**

**(Wrongful Death Against All Defendants)**

15. Paragraph 59 of the First Amended Complaint does not state a claim for relief or make any allegation against this Answering Defendant. If any allegation contained in said paragraph may be construed to be against this Answering Defendant, this Answering Defendant denies each and every allegation against it contained is said paragraph. To the extent said paragraph contains allegations relating to parties other than this Answering Defendant, this Answering Defendant is without knowledge or information to form a belief as to the truth of said allegations and therefore denies each and every allegation contained therein.

16. Answering Paragraph 60 of the First Amended Complaint, these Answering Defendants repeat and reallege their answers and responses to paragraphs 1 through 59 as if more fully set forth herein, and thereby incorporate them.

17. Answering Paragraph 61 of the First Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

18. Answering Paragraphs 62 and 63 of the First Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied. This Answering Defendant denies the remaining allegations contained therein, and demands strict proof of all alleged damages.

/ / /

**FIFTH CAUSE OF ACTION**

**(Personal Injury Against All Defendants)**

19. Paragraph 64 of the First Amended Complaint does not state a claim for relief or make any allegation against this Answering Defendant.  If any allegation contained in said paragraph may be construed to be against this Answering Defendant, this Answering Defendant denies each and every allegation against it contained is said paragraph.  To the extent said paragraph contains allegations relating to parties other than this Answering Defendant, this Answering Defendant is without knowledge or information to form a belief as to the truth of said allegations and therefore denies each and every allegation contained therein.

20. Answering Paragraph 65 of the First Amended Complaint, these Answering Defendants repeat and reallege their answers and responses to paragraphs 1 through 64 as if more fully set forth herein, and thereby incorporate them.

21. Answering Paragraphs 66, 67 and 68 of the First Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied.  This Answering Defendant denies the remaining allegations contained therein, and demands strict proof of all alleged damages.

**SIXTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress Against All Defendants)**

22. Paragraph 69 of the First Amended Complaint does not state a claim for relief or make any allegation against this Answering Defendant.  If any allegation contained in said paragraph may be construed to be against this Answering Defendant, this Answering Defendant denies each and every allegation against it contained is said paragraph.  To the extent said paragraph contains allegations relating to parties other than this Answering Defendant, this Answering Defendant is without knowledge or information to form a belief as to the truth of said allegations and therefore denies each and every allegation contained therein.

23. Answering Paragraph 70 of the First Amended Complaint, this Answering Defendant repeats and realleges its answers and responses to paragraphs 1 through 69 as if more fully set forth herein, and

thereby incorporate them.

24. Answering Paragraphs 71, 72 and 73 of the First Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied. This Answering Defendant denies the remaining allegations contained therein, and demands strict proof of all alleged damages.

25. Answering Paragraphs 74 and 75 of the First Amended Complaint, this Answering Defendant denies all allegations.

**EXEMPTION FROM ARBITRATION AND STATEMENT REGARDING RIGHT TO TRIAL BY JURY**

26. Answering Paragraph 76 of the Complaint, this Answering Defendant admits all allegations contained therein.

**AFFIRMATIVE DEFENSES**

As and for their affirmative defenses in this case, Answering Defendant asserts the following:

**FIRST AFFIRMATIVE DEFENSE**

Defendant alleges that the Plaintiffs expressly assumed whatever risk or hazard existed at the time of the claimed incident(s) and was therefore responsible for the alleged injuries suffered and further, that the Plaintiff was guilty of negligence on his own part which caused or contributed to any injuries suffered by the Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiffs have failed to timely plead this matter and has delayed the investigation and litigation of this claim to the prejudice of Defendant. Accordingly, this action should be dismissed.

**THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that there has been insufficiency of process and as a result, Defendant has been prejudiced in this litigation.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant alleges that there has been insufficiency in the service of process and as a result, Defendant has been prejudiced in this litigation.

**FIFTH AFFIRMATIVE DEFENSE**

The First Amended Complaint fails to state a claim against the Defendant upon which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**

The Court selected by the Plaintiffs is an inappropriate forum pursuant to the doctrine of forum non conveniens.

**SEVENTH AFFIRMATIVE DEFENSE**

The cause of action set forth in the First Amended Complaint is subject to dismissal for failure to join a necessary and indispensable party pursuant to NRCP 19.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that the negligence of the Plaintiffs exceeds that of the Defendant, if any, and that the Plaintiffs are thereby barred from any recovery.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages and, thus, monetary recovery, if any, should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

The First Amended Complaint and each and every purported cause of action in the First Amended Complaint fails to state facts sufficient to constitute a cause of action or to state a claim on which relief can be granted against Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

All risks and dangers involved in the factual situation set forth in the First Amended Complaint were open and obvious to the Plaintiffs.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant, without negligence on its part, was suddenly and unexpectedly confronted with peril arising from the actual presence of or appearance of imminent danger to himself or others and utilized reasonable care in responding to such emergency and therefore, Defendant's conduct is excused.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs were involved in a prior accident or other form of traumatic event which caused the

injuries of which they complain, and Plaintiffs must either prove causation or apportion damages, or Plaintiffs will fail to establish causation as a matter of law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to properly and timely file their First Amended Complaint pursuant to the applicable statute of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant is entitled to a finding of several liability only between the parties to this action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The accident which is the subject matter of this action was unavoidable, wherefore, Plaintiffs are barred from any recovery against this Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiffs are barred from bringing this claim as all consequences of this claim were avoidable.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the injuries, if any, suffered by the Plaintiffs as set forth in the Plaintiffs First Amended Complaint were caused in whole or in part by the negligence of a third party over whom Defendant had no control.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovering any special damages herein for failure to specifically allege the items of special damages claims, pursuant to NRCP 9(g).

**TWENTIETH AFFIRMATIVE DEFENSE**

Any award of punitive damages would be unconstitutional under applicable constitutional protection.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to receive punitive damages based on any calculations premised upon the wealth of this Answering Defendant, as such calculation is unconstitutional.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Some of Plaintiffs' injuries and problems, as alleged herein, pre-existed the accident at issue in

this matter, thereby barring or limiting recovery.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

This Answering Defendant is owed indemnity by another entity for the injuries and damages alleged herein.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs do not belong to the class of persons a statute was designed to protect, and the Plaintiffs' claimed injury is not the type any statute was intended to protect.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

This Answering Defendant had no actual notice of the alleged condition which the Plaintiff alleges caused injuries.

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

This Answering Defendant had no constructive notice of the alleged condition which the Plaintiff alleges caused injuries

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs, another party, or some other person or entity has intentionally or negligently destroyed critical evidence, thereby constituting spoliation of evidence, to this Answering Defendant's prejudice.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Some of the Plaintiffs' medical costs derive from unreasonable or unnecessary treatment, such costs are not usual and customary, and such costs and treatment are presented solely to improperly attempt to increase the value of this case.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The Plaintiffs, or their agent, is barred from asserting any claims against this Answering Defendant because some of the alleged damages were the result of a superceding intervening cause.

**THIRTIETH AFFIRMATIVE DEFENSE**

This Answering Defendant had no duty to warn of any alleged danger of its operation where such danger was open and obvious to all persons of ordinary intelligence and experience, including the decedent(s).

///

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

The product in question was not being used for its ordinary and intended use and thus the injury was unforeseeable.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

A manufacturer or seller has no duty to warn of patent or obvious dangers.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

The Answering Defendant did not place the equipment into the stream of commerce.

**THIRTY- FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff voluntarily assumed the risk by personally knowing and appreciating the risk or danger created by the defect, encountering the risk while realizing the danger, and the decision to voluntarily assume the known risk was unreasonable.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

The product was misused.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

The Product was altered or modified in some unforeseeable manner which subsequently caused the injuries and damages.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

The product was not in a reasonably dangerous or defective condition at the time it left Answering Defendant's control.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiffs, or their agent, are barred from asserting any claims against this Answering Defendant because the alleged damages were the result of intervening, superseding conduct of others.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

If the subject equipment alleged in the Plaintiffs's First Amended Complaint was in any way defective, the Plaintiff knew, or with reasonable inspection, should have known, of any such defects, and the Plaintiff negligently and carelessly failed to discover and guard against such alleged defective condition, if any, and the Plaintiffs' injuries, if any, were caused by the Plaintiffs' negligent failure to discover and guard against such condition.

Answering Defendant reserves its right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses would be appropriate.

WHEREFORE, Answering Defendant prays for relief as follows:

1. That Plaintiffs take nothing by virtue of their First Amended Complaint on file herein;

2. A judgment of dismissal be entered in favor of Answering Defendant;

3. That this Answering Defendant be dismissed with costs incurred and reasonable attorney's fees; and

4. For such other and further relief as to the Court deems just and proper in the premises.

DATED this 3rd day of January, 2018.

HALL JAFFE & CLAYTON, LLP

By ______________________
STEVEN T. JAFFE
Nevada Bar No. 007035
JASON R. WIGG
Nevada Bar No. 007953
Las Vegas, NV. 89128
*Attorneys for Defendant*
*TIRE XPRESS, INC.*

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Nevada Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of HALL JAFFE & CLAYTON, LLP, and that on the 3d day of January, 2018 the foregoing **DEFENDANT TIRE XPRESS, INC'S, ANSWER TO FIRST AMENDED COMPLAINT** was served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court e-Filing System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules, and if not on the e-serve list, was mailed via U.S. Mail, postage prepaid as noted below, as follows:

Donald J. Cambpell, Esq.
Samuel R. Mirkovich, Esq.
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101

- AND -

Robert E. Ammons, Esq.
Randy Canche, Esq.
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
*Attorneys for Plaintiffs*

Josh Cole Aiklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, Nevada 89118
*Attorneys for Defendants Sumitomo Corp., Sumitomo Corp. of Americas, Carroll's, LLC, Midas International Corp., and Treadways, LLC*

Jennifer Willis Arledge, Esq.
Wilson Elser Moskowitz Edelman & Dicker, L.L.P.
300 South 4'h Street, 11th Floor
Las Vegas, NV 89101
*Attorneys for Sumitomo Rubber North America, Inc.*

Bruce Scott Dickinson, Esq.
Michael Hottman, Esq.
Jacquelyn M. Franco, Esq.
STEPHENSON & DICKINSON, P.C.
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
*Attorneys for Sumitomo Rubber Industries, Ltd.*

Barbara Gray

An Employee of HALL JAFFE & CLAYTON, LLP

36

Electronically Filed
1/8/2018 5:44 PM
Steven D. Grierson
CLERK OF THE COURT

SAO

Donald J. Campbell, Esq. (#1216)
Samuel R. Mirkovich, Esq. (#11662)
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: 702-382-5222
Fax: 702-382-0540

Robert E. Ammons, Esq. *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché, Esq. *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159
*Attorneys for Plaintiffs*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive,<br><br>Defendants. | CASE NO. A-17-761291-C<br><br>DEPT. NO. XXXII<br><br>**STIPULATION AND ORDER GRANTING LEAVE TO CHANGE THE CASE CAPTION** |

IT IS HEREBY STIPULATED AND AGREED, by Plaintiffs Maria A. Perez-Sanchez, Individually, and as Surviving Mother of Luis Antonio Martinez-Perez, Deceased, and Andrea A. Avila-Perez, as Surviving Mother of Iker Axel Garcia-Avila ("Plaintiffs") and by Defendants

Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, now known as TBC-Tire & Battery Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation and Tire Xpress, Inc. ("Defendants"), through their respective undersigned counsel of record, that the Parties agree that that caption of the case shall be:

> Cause No. A-17-761291-C; Maria A. Perez-Sanchez, Individually, and as Surviving Mother of Luis Antonio Martinez-Perez, Deceased; and Andrea A. Avila-Perez, as Surviving Mother of Iker Axel Garcia-Avila, Deceased, Plaintiffs, vs. Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Inc., Tire Express, Inc. and Does One through Twenty, inclusive, Defendants; in the District Court, Clark County, Nevada.

Plaintiff's claims, as alleged in Plaintiff's First Amended Complaint, continue against Defendants Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., Tire Xpress, Inc. and DOES ONE through TWENTY" as accurately reflected in the style of this Stipulation.

IT IS FURTHER STIPULATED AND AGREED that the foregoing changes to the caption render Defendants Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll's LLC, TBC Corporation, Midas International Corporation, Midas, Inc., and Treadways, LLC's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to NRCP 12(B)(5) moot as it is now clear that those Defendants are no longer parties to this litigation. Accordingly, the Parties stipulate this Motion to Dismiss be taken off-calendar.

. . . . .

. . . . .

. . . . .

. . . . .

DATED this 28th day of December, 2017.

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101
&
Robert E. Ammons, Esq. *(pro hac vice pending)*
Randy Canche, Esq. *(pro hac vice pending)*
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiffs*

DATED this 28 day of December, 2017.

Bruce Scott Dickinson, Esq.
Michael Hottman, Esq.
Jacquelyn M. Franco, Esq.
STEPHENSON & DICKINSON
2820 W. Charleston Blvd., Suite 19
Las Vegas, Nevada 89102
P: 702-474-7229
F: 702-474-7237
*Attorneys for Sumitomo Rubber Industries, Ltd. And Sumitomo Rubber North America, Inc.*

DATED this _____ day of December, 2017.

______________________________

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, L.L.P.
7425 Peak Drive
Las Vegas, Nevada 89128
P: 702-316-4111
F: 702-316-4114
*Attorneys for Tire Express, Inc.*

DATED this 27 day of December, 2017.

______________________________

Josh C. Aicklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, L.L.P.
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
P: 702-693-1718
F: 702-893-3789
*Attorneys for Defendants Sumitomo Corporation; Sumitomo Corporation of Americas; Carroll's L.L.C.; Midas International Corporation; Midas, Inc.; and Treadways, L.L.C.*

DATED this 28 day of December, 2017.

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, L.L.P.
7425 Peak Drive
Las Vegas, Nevada 89128
P: 702-316-4111
F: 702-316-4114
*Attorneys for Tire Express, Inc.*

DATED this _____ day of December, 2017.

Josh C. Aicklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, L.L.P.
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
P: 702-693-1718
F: 702-893-3789
*Attorneys for Defendants Sumitomo Corporation; Sumitomo Corporation of Americas; Carroll's L.L.C.; Midas International Corporation; Midas, Inc.; and Treadways, L.L.C.*

**ORDER**

The Court having considered the papers and pleadings on file herein, together with the terms of the preceding Stipulation;

IT IS ORDERED that the caption of the case be hereinafter amended to reflect that the claims alleged by Plaintiffs only include claims against the Defendants listed in the style of this Stipulation. Plaintiff's claims, as alleged in Plaintiff's First Amended Complaint, will continue against Defendants Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., Tire Xpress, Inc. and DOES ONE through TWENTY.

IT IS FURTHER ORDERED that the foregoing modification to the case caption renders Defendant Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll's LLC, TBC Corporation, Midas International Corporation, Midas, Inc., and Treadways, LLC's pending Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to NRCP 12(B)(5) moot. Accordingly, the pending Motion to Dismiss will be taken off calendar.

DATED this 2nd day of January, 2018

DISTRICT COURT JUDGE

ROB BARE
JUDGE, DISTRICT COURT, DEPARTMENT 32

Respectfully submitted by:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
-and-
Robert E. Ammons, Esq. *(pro hac vice pending)*
Randy Canche, Esq. *(pro hac vice pending)*
THE AMMONS LAW FIRM, LLP

*Attorneys for Plaintiffs*

37

Electronically Filed
1/10/2018 1:32 PM
Steven D. Grierson
CLERK OF THE COURT

NTSO
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. Perez-Sanchez, Individually, and as surviving mother of LUIS ANTONIO MARTINEZ-PEREZ, deceased; and ANDREA A. AVILA-PEREZ, as surviving mother of IKER AXEL GARCIA-AVILA, deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS CAROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. And DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: 32

**NOTICE OF ENTRY OF STIPULATION AND ORDER**

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Please take notice that on the 8th day of January, 2018, a Stipulation and Order Granting Leave to Change the Case Caption, was duly entered in the above entitled matter, a copy of which is attached as "Exhibit 1" and by this referenced made part hereof.

DATED this 10th day of January, 2018.

CAMPBELL AND WILLIAMS

By: */s/ Sam Mirkovich*
Samuel R. Mirkovich, Esq. (11662)
700 South 7th Street
Las Vegas, NV 89101
Telephone: 702-382-5222
Facsimile: 702-382-0540

Robert E. Ammons *(pro hac vice pending)*
Randy Canché *(pro hac vice pending)*
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of Campbell & Williams, and that on this 10th day of January, 2018, I caused the foregoing document entitled **NOTICE OF ENTRY OF STIPULATION AND ORDER** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

By: */s/ Lucinda Martinez*
An Employee of Campbell and Williams

# EXHIBIT 1

EXHIBIT 1

Electronically Filed
1/8/2018 5:44 PM
Steven D. Grierson
CLERK OF THE COURT

SAO
Donald J. Campbell, Esq. (#1216)
Samuel R. Mirkovich, Esq. (#11662)
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: 702-382-5222
Fax: 702-382-0540

Robert E. Ammons, Esq. *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché, Esq. *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159
*Attorneys for Plaintiffs*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive,

Defendants.

CASE NO. A-17-761291-C

DEPT. NO. XXXII

**STIPULATION AND ORDER GRANTING LEAVE TO CHANGE THE CASE CAPTION**

IT IS HEREBY STIPULATED AND AGREED, by Plaintiffs Maria A. Perez-Sanchez, Individually, and as Surviving Mother of Luis Antonio Martinez-Perez, Deceased, and Andrea A. Avila-Perez, as Surviving Mother of Iker Axel Garcia-Avila ("Plaintiffs") and by Defendants

Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, now known as TBC-Tire & Battery Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation and Tire Xpress, Inc. ("Defendants"), through their respective undersigned counsel of record, that the Parties agree that that caption of the case shall be:

> Cause No. A-17-761291-C; Maria A. Perez-Sanchez, Individually, and as Surviving Mother of Luis Antonio Martinez-Perez, Deceased; and Andrea A. Avila-Perez, as Surviving Mother of Iker Axel Garcia-Avila, Deceased, Plaintiffs, vs. Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Inc., Tire Express, Inc. and Does One through Twenty, inclusive, Defendants; in the District Court, Clark County, Nevada.

Plaintiff's claims, as alleged in Plaintiff's First Amended Complaint, continue against Defendants Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., Tire Xpress, Inc. and DOES ONE through TWENTY" as accurately reflected in the style of this Stipulation.

IT IS FURTHER STIPULATED AND AGREED that the foregoing changes to the caption render Defendants Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll's LLC, TBC Corporation, Midas International Corporation, Midas, Inc., and Treadways, LLC's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to NRCP 12(B)(5) moot as it is now clear that those Defendants are no longer parties to this litigation. Accordingly, the Parties stipulate this Motion to Dismiss be taken off-calendar.

. . . . .

. . . . .

. . . . .

. . . . .

DATED this 28th day of December, 2017.

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101
&
Robert E. Ammons, Esq. *(pro hac vice pending)*
Randy Canche, Esq. *(pro hac vice pending)*
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiffs*

DATED this 28 day of December, 2017.

Bruce Scott Dickinson, Esq.
Michael Hottman, Esq.
Jacquelyn M. Franco, Esq.
STEPHENSON & DICKINSON
2820 W. Charleston Blvd., Suite 19
Las Vegas, Nevada 89102
P: 702-474-7229
F: 702-474-7237
*Attorneys for Sumitomo Rubber Industries, Ltd. And Sumitomo Rubber North America, Inc.*

DATED this _____ day of December, 2017.

______________________________
Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, L.L.P.
7425 Peak Drive
Las Vegas, Nevada 89128
P: 702-316-4111
F: 702-316-4114
*Attorneys for Tire Express, Inc.*

DATED this 27 day of December, 2017.

______________________________
Josh C. Aicklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, L.L.P.
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
P: 702-693-1718
F: 702-893-3789
*Attorneys for Defendants Sumitomo Corporation; Sumitomo Corporation of Americas; Carroll's L.L.C.; Midas International Corporation; Midas, Inc.; and Treadways, L.L.C.*

DATED this 28 day of December, 2017.

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, L.L.P.
7425 Peak Drive
Las Vegas, Nevada 89128
P: 702-316-4111
F: 702-316-4114
*Attorneys for Tire Express, Inc.*

DATED this _____ day of December, 2017.

Josh C. Aicklen, Esq.
Paul A. Shpirt, Esq.
Amber White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, L.L.P.
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
P: 702-693-1718
F: 702-893-3789
*Attorneys for Defendants Sumitomo Corporation; Sumitomo Corporation of Americas; Carroll's L.L.C.; Midas International Corporation; Midas, Inc.; and Treadways, L.L.C.*

**ORDER**

The Court having considered the papers and pleadings on file herein, together with the terms of the preceding Stipulation;

IT IS ORDERED that the caption of the case be hereinafter amended to reflect that the claims alleged by Plaintiffs only include claims against the Defendants listed in the style of this Stipulation. Plaintiff's claims, as alleged in Plaintiff's First Amended Complaint, will continue against Defendants Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., Tire Xpress, Inc. and DOES ONE through TWENTY.

IT IS FURTHER ORDERED that the foregoing modification to the case caption renders Defendant Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll's LLC, TBC Corporation, Midas International Corporation, Midas, Inc., and Treadways, LLC's pending Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to NRCP 12(B)(5) moot. Accordingly, the pending Motion to Dismiss will be taken off calendar.

DATED this 2nd day of January, 2018

DISTRICT COURT JUDGE

ROB BARE
JUDGE, DISTRICT COURT, DEPARTMENT 32

Respectfully submitted by:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
-and-
Robert E. Ammons, Esq. *(pro hac vice pending)*
Randy Canche, Esq. *(pro hac vice pending)*
THE AMMONS LAW FIRM, LLP

*Attorneys for Plaintiffs*

38

Electronically Filed
1/23/2018 4:36 PM
Steven D. Grierson
CLERK OF THE COURT

ORAP

THE AMMONS LAW FIRM
ROBERT E. AMMONS, ESQ. (*Pro Hac Vice Pending)*
rob@ammonslaw.com
RANDY A. CANCHÉ, ESQ. (*Pro Hac Vice Pending)*
randy@ammonslaw.com
3700 Montrose Blvd.
Houston, Texas 77006
Tel.: (713) 523-1606
Fax: (713) 523-4159
&
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: XXXII

**ORDER ADMITTING TO PRACTICE**

JAN 0 2 2017

. . . . .

Raudel A. Canche, Esq. having filed this **MOTION TO ASSOCIATE COUNSEL** under Nevada Supreme Court 42, together with a Verified Application for Association of Counsel, a Certificates of Good Standing from the State of Texas, State of New York and the State Bar of Nevada Statement; said application having been noticed, no objections having been made, and the Court being fully apprised in the premises, and good cause appearing, it is hereby;

**ORDERED**, that said application is hereby granted, and Raudel A. Canche, Esq., is hereby admitted to practice in the above-entitled Court for the purposes of the above-entitled matter only.

DATED this 18 day of January, 2018.

District Judge

ROB BARE
JUDGE, DISTRICT COURT, DEPARTMENT 32

By: ______________________

Donald J. Campbell, Esq. (1216)
Samuel R. Mirkovich, Esq. (11662)
Campbell & Williams
700 South Seventh Street
Las Vegas. Nevada 89101
(702) 382-5222-phone
(702) 382-0540-fax
*Attorneys for Plaintiffs*



Electronically Filed
1/24/2018 4:54 PM
Steven D. Grierson
CLERK OF THE COURT

**NEOJ**
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas Bar No. 24050373
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. Perez-Sanchez, Individually, and as surviving mother of LUIS ANTONIO MARTINEZ-PEREZ, deceased; and ANDREA A. AVILA-PEREZ, as surviving mother of IKER AXEL GARCIA-AVILA, deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS CAROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. And DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: 32

**NOTICE OF ENTRY OF ORDER**

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Please take notice that on the 23rd day of January, 2018, an Order Admitting to Practice, was duly entered in the above entitled matter, a copy of which is attached as "Exhibit 1" and by this referenced made part hereof.

DATED this 24th day of January, 2018.

CAMPBELL AND WILLIAMS

By: */s/ Sam Mirkovich*
Samuel R. Mirkovich, Esq. (11662)
700 South 7th Street
Las Vegas, NV 89101
Telephone: 702-382-5222
Facsimile: 702-382-0540

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of Campbell & Williams, and that on this 24th day of January, 2018, I caused the foregoing document entitled **NOTICE OF ENTRY OF ORDER** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

By: /s/ *Lucinda Martinez*
An Employee of Campbell and Williams

# EXHIBIT 1

EXHIBIT 1

Electronically Filed
1/23/2018 4:36 PM
Steven D. Grierson
CLERK OF THE COURT

ORAP

THE AMMONS LAW FIRM
ROBERT E. AMMONS, ESQ. (*Pro Hac Vice Pending*)
rob@ammonslaw.com
RANDY A. CANCHÉ, ESQ. (*Pro Hac Vice Pending*)
randy@ammonslaw.com
3700 Montrose Blvd.
Houston, Texas 77006
Tel.: (713) 523-1606
Fax: (713) 523-4159
&
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: XXXII

**ORDER ADMITTING TO PRACTICE**

JAN 0 2 2017

. . . . .

Raudel A. Canche, Esq. having filed this **MOTION TO ASSOCIATE COUNSEL** under Nevada Supreme Court 42, together with a Verified Application for Association of Counsel, a Certificates of Good Standing from the State of Texas, State of New York and the State Bar of Nevada Statement; said application having been noticed, no objections having been made, and the Court being fully apprised in the premises, and good cause appearing, it is hereby;

**ORDERED**, that said application is hereby granted, and Raudel A. Canche, Esq., is hereby admitted to practice in the above-entitled Court for the purposes of the above-entitled matter only.

DATED this 18 day of January, 2018.

District Judge

ROB BARE
JUDGE, DISTRICT COURT, DEPARTMENT 32

By:

Donald J. Campbell, Esq. (1216)
Samuel R. Mirkovich, Esq. (11662)
Campbell & Williams
700 South Seventh Street
Las Vegas. Nevada 89101
(702) 382-5222-phone
(702) 382-0540-fax
*Attorneys for Plaintiffs*

40

Electronically Filed
2/5/2018 12:35 PM
Steven D. Grierson
CLERK OF THE COURT

**ANSC**

BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*email: admin@sdlawoffice.net*

Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive,

Defendants.

CASE NO. A-17-761291-C

DEPT. NO. XXXII

**DEFENDANTS SUMITOMO RUBBER INDUSTRIES, LTD. AND SUMITOMO RUBBER NORTH AMERICA, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants SUMITOMO RUBBER INDUSTRIES, LTD. and SUMITOMO RUBBER NORTH AMERICA, INC. (hereinafter collectively "SR Defendants") answer Plaintiffs' First Amended Complaint as follows:

SR Defendants deny each and every allegation contained in Plaintiffs' First Amended Complaint on file herein except as to the responses hereinafter set forth.

## I.   PARTIES

1. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

2. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

3. SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and therefore deny the same.

4. SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and therefore deny the same.

5. SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and therefore deny the same.

6. SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and therefore deny the same.

7. SR Defendants admit only that Sumitomo Rubber Industries, Ltd. was and is a Japanese business that designs tires for distribution. SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and therefore deny the same.

8. SR Defendants admit only that Sumitomo Rubber North America, Inc. was and is a California corporation. SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and therefore deny the same.

9. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants

are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

10. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

11. This Paragraph states a legal conclusion which requires no response. To the extent that a response is required, SR Defendants deny the allegations contained therein.

## II. VENUE AND JURISDICTION

12. This Paragraph states a legal conclusion which requires no response. To the extent that a response is required, SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

13. This Paragraph states a legal conclusion which requires no response. To the extent this Paragraph is directed to another party, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same. To the extent this Paragraph is directed to the SR Defendants, they deny each and every allegation contained therein.

14. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

15. This Paragraph states a legal conclusion which requires no response. To the extent this Paragraph is directed to another party, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same. To the extent this Paragraph is directed to the SR Defendants, they deny each and every allegation contained therein.

///

///

## III. FACTS COMMON TO ALL CAUSES OF ACTION

16. SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and therefore deny the same.

17. SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and therefore deny the same.

18. SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and therefore deny the same.

19. SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and therefore deny the same.

20. SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and therefore deny the same.

21. SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and therefore deny the same.

22. SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and therefore deny the same.

23. SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and therefore deny the same.

## IV. FIRST CAUSE OF ACTION

**(Strict Liability Against Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Rubber (Thailand) Co., Ltd., and Does One through Twenty)**

24. This Paragraph does not require an admission or denial. To the extent that a response is required, SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

25. SR Defendants incorporate by reference their Answers to all prior Paragraphs, including but not limited to the denials, as though fully set forth herein.

26. SR Defendants deny each and every allegation contained in this Paragraph.

27. SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and therefore deny the same.

28. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

29. SR Defendants deny each and every allegation contained in this Paragraph.

30. SR Defendants deny each and every allegation contained in this Paragraph.

31. SR Defendants deny each and every allegation contained in this Paragraph.

32. SR Defendants deny each and every allegation contained in this Paragraph.

33. SR Defendants deny each and every allegation contained in this Paragraph.

34. SR Defendants deny each and every allegation contained in this Paragraph.

35. SR Defendants deny each and every allegation contained in this Paragraph.

36. SR Defendants deny each and every allegation contained in this Paragraph.

37. SR Defendants deny each and every allegation contained in this Paragraph.

38. SR Defendants deny each and every allegation contained in this Paragraph.

39. SR Defendants deny the tire malfunctioned. With regard to Plaintiffs' notice of their intent to rely upon the malfunction doctrine, this states a legal conclusion which requires no response. To the extent a response is required, the SR Defendants state the malfunction doctrine speaks for itself and any attempt by Plaintiffs to characterize or apply it is denied.

40. SR Defendants deny each and every allegation contained in this Paragraph.

41. SR Defendants deny each and every allegation contained in this Paragraph.

42. SR Defendants deny each and every allegation contained in this Paragraph.

43. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants deny each and every allegation contained in this Paragraph.

44. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants deny each and every allegation contained in this Paragraph.

///

## V. SECOND CAUSE OF ACTION

**(Strict Liability Against Tire Xpress Inc. and Does One through Twenty)**

45. This Paragraph does not require an admission or denial. To the extent that a response is required, SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

46. SR Defendants incorporate by reference their Answers to all prior Paragraphs, including but not limited to the denials, as though fully set forth herein.

47. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

48. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

49. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

50. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

51. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

///

## VI. THIRD CAUSE OF ACTION

**(Negligence Against Tire Xpress Inc. and Does One through Twenty)**

52. This Paragraph does not require an admission or denial. To the extent that a response is required, SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

53. SR Defendants incorporate by reference their Answers to all prior Paragraphs, including but not limited to the denials, as though fully set forth herein.

54. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

55. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

56. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

57. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

58. The allegations of this Paragraph are directed to another party and therefore require no response. To the extent this Paragraph alleges facts directed to SR Defendants, the SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

## VII. FOURTH CAUSE OF ACTION[1]

**(Wrongful Death Against All Defendants)**

59. This Paragraph does not require an admission or denial. To the extent that a response is required, SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

60. SR Defendants incorporate by reference their Answers to all prior Paragraphs, including but not limited to the denials, as though fully set forth herein.

61. This Paragraph states a legal conclusion which requires no response. To the extent that a response is required, SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained therein and therefore deny the same.

62. SR Defendants deny each and every allegation contained in this Paragraph.

63. This Paragraph states a legal conclusion which requires no response. To the extent that a response is required, SR Defendants deny each and every allegation contained in this Paragraph.

## VIII. FIFTH CAUSE OF ACTION[2]

**(Personal Injury Against All Defendants)**

64. This Paragraph does not require an admission or denial. To the extent that a response is required, SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

65. SR Defendants incorporate by reference their Answers to all prior Paragraphs, including but not limited to the denials, as though fully set forth herein.

66. SR Defendants deny each and every allegation contained in this Paragraph.

67. SR Defendants deny each and every allegation contained in this Paragraph.

68. This Paragraph states a legal conclusion which requires no response. To the extent that a response is required, SR Defendants deny each and every allegation contained in this Paragraph.

---

[1] Incorrectly identified as Chapter VI.
[2] Incorrectly identified as Chapter VII.

## IX. SIXTH CAUSE OF ACTION[3]

**(Negligent Infliction of Emotional Distress Against All Defendants)**

69. This Paragraph does not require an admission or denial. To the extent that a response is required, SR Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

70. SR Defendants incorporate by reference their Answers to all prior Paragraphs, including but not limited to the denials, as though fully set forth herein.

71. SR Defendants deny each and every allegation contained in this Paragraph.

72. SR Defendants deny each and every allegation contained in this Paragraph.

73. SR Defendants deny each and every allegation contained in this Paragraph.

74. SR Defendants deny Plaintiff's characterization of their duties and alleges that those duties are set by law; therefore, SR Defendants deny each and every allegation contained in this Paragraph.

75. SR Defendants deny Plaintiff's characterization of their duties and alleges that those duties are set by law; therefore, SR Defendants deny each and every allegation contained in this Paragraph.

## X. EXEMPTION FROM ARBITRATION AND STATEMENT REGARDING RIGHT TO TRIAL BY JURY[4]

76. This Paragraph states a legal conclusion which requires no response.

## AFFIRMATIVE DEFENSES

1. The First Amended Complaint on file herein fails to state a claim against SR Defendants upon which relief can be granted.

2. The Court selected by the Plaintiffs is an inappropriate forum pursuant to the doctrine of forum non conveniens.

3. The Court selected by the Plaintiffs is inappropriate pursuant to the choice of law provisions.

---

[3] Incorrectly identified as Chapter VIII.
[4] Incorrectly identified as Chapter IX.

4.     The Plaintiffs' claims fail because Plaintiffs failed to name a necessary party for full and adequate relief.

5.     The Plaintiffs' claims fail due to lack of standing because Estates have not been appointed for the minor decedents.

6.     The Plaintiffs' claims are barred by the doctrine of federal preemption.

7.     The Plaintiffs' First Amended Complaint is barred, in whole or in part, by the defense of avoidable consequences.

8.     The SR Defendants lack a special relationship and/or a pre-existing legal duty to Plaintiffs necessary to support Plaintiffs' causes of action.

9.     The First Amended Complaint is barred by the doctrine of unclean hands by reason of Plaintiffs Maria A. Perez-Sanchez and/or Andrea A. Avila-Perez's own actions and course of conduct.

10.     Plaintiffs Maria A. Perez-Sanchez and/or Andrea A. Avila-Perez have unreasonably delayed in the filing of the First Amended Complaint, and the SR Defendants have been unjustifiably prejudiced by that delay. Therefore, the causes of action asserted in the First Amended Complaint are barred by the doctrine of laches.

11.     The SR Defendants allege that Plaintiffs' First Amended Complaint, claims, and damages – including but not limited to loss of enjoyment of life -, if any, as alleged, are speculative, uncertain, and not capable of being determined by a finder of fact.

12.     The SR Defendants allege that they did not breach any duty owed to Plaintiffs and, as such, are not responsible for Plaintiffs' alleged injuries and damages, if any.

13.     Plaintiffs' claimed injuries and damages were not proximately caused by and conduct of the SR Defendants, and, therefore, they are not entitled to any recovery from the SR Defendants.

14.     The occurrence referred to in the First Amended Complaint and all damages, if any, arising therefrom were caused by the acts, omissions, negligence or other fault of a third person or persons over whom SR Defendants had no control.

15.     SR Defendants alleges that at the time and place alleged in the complaint, Plaintiffs Maria A. Perez-Sanchez and/or Andrea A. Avila-Perez did not exercise ordinary care, caution or

prudence to avoid said incident and the resulting injuries, if any, complained of were directly and proximately contributed to and caused by the fault, carelessness and negligence of the Plaintiffs.

16. SR Defendants alleges that the injuries, if any, suffered by the Plaintiffs were caused in whole or in part by an independent intervening cause over which SR Defendants had no control and said independent intervening cause was not the result of negligence or fault on the part of SR Defendants.

17. Plaintiffs Maria A. Perez-Sanchez and/or Andrea A. Avila-Perez have failed to mitigate their damages and, thus, their recovery, if any, should be reduced accordingly.

18. The SR Defendants had no duty to warn about obvious conditions that were known or reasonably should have been known or to guard or warn about the alleged condition.

19. Plaintiffs' claims are barred in that the subject product was not in an unreasonably dangerous or defective condition at the time it left the SR Defendants' control.

20. The SR Defendants are informed and believe, and based upon such information and belief allege, that Plaintiffs knowingly and voluntarily assumed the risks of the matters alleged in the First Amended Complaint such that any damages, if any, suffered by the Plaintiffs were the result of risks knowingly and voluntarily assumed by Plaintiffs thereby barring any recovery herein by them.

21. The SR Defendants are informed and believe, and based upon such information and belief allege, there was an alteration of the subject product after leaving the control of SR Defendants and said alteration contributed to and was a proximate cause of the alleged incident referred to in the First Amended Complaint and the alleged injuries and damages, if any, sustained by the Plaintiffs, and if Plaintiffs are entitled to recover damages against the SR Defendants by virtue of the First Amended Complaint, the SR Defendants pray that said recovery be diminished or extinguished by reason of such alteration of the subject product.

22. That any product or products supplied to Plaintiffs by SR Defendants, if any, were altered by parties either named or unnamed in this litigation to such an extent said alteration contributed to and was a proximate cause of the alleged incident referred to in the First Amended Complaint, such that no liability attaches to SR Defendants.

23.     The SR Defendants are informed and believe, and based upon such information and belief allege, that either Plaintiff Maria A. Perez-Sanchez, or by parties either named or unnamed in this litigation, misused, abused, and/or used in an improper and unforeseeable manner the subject product, and such misuse, abuse, and/or improper use contributed to and was a proximate cause of the alleged incident referred to in the First Amended Complaint and the alleged injuries and damages, if any, sustained by the Plaintiffs, and if Plaintiffs are entitled to recover against the SR Defendants by virtue of the First Amended Complaint, the SR Defendants pray that said recover be diminished or extinguished by reason of such misuse, abuse, and/or improper use of the product in an improper and unforeseeable manner.

24.     That any product or products supplied to the Plaintiffs by SR Defendants, if any, were not used in the manner for which they were intended and, as such, no liability attaches to SR Defendants.

25.     Adequate and complete warnings and instructions were provided with the subject product and the subject product was neither defective nor unreasonably dangerous when used according to label instructions.

26.     The subject tire was fit and proper for the use for which it was designed and intended.

27.     Plaintiffs Maria A. Perez-Sanchez and/or Andrea A. Avila-Perez were, or should have been, adequately warned and fully appreciated, were aware of, or should have been aware of, the proper and safe use of the subject tire.

28.     The SR Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff Maria A. Perez-Sanchez failed to properly maintain, service, and/or inspect the subject product, and that said failure to maintain, service, and/or inspect contributed to and was a proximate cause of the alleged incident referred to in the First Amended Complaint, and the alleged injuries and damages, if any, sustained by the Plaintiffs, and if Plaintiffs are entitled to recover damages against the SR Defendants by virtue of the First Amended Complaint, the SR Defendants pray that said recovery be diminished or extinguished by reason of such failure to maintain, service, and/or inspect.

29. The SR Defendants are informed and believe, and based upon such information and belief allege, that the subject product and its factory original components were designed and manufactured according to the state of the art and no other similar products contain safety characteristics or mechanisms not in existence on the subject product and its factory original components.

30. The SR Defendants are informed and believe, and based upon such information and belief allege, that the subject product and its factory original components were designed and manufactured in compliance with regulatory and statutory standards, guidelines, rules and regulations and performed to the reasonable consumer expectations.

31. The SR Defendants allege that the subject tire was not defective, and, therefore, there is no liability based on the subject tire.

32. The SR Defendants allege that at all relevant times, they acted with due care and circumspection in the respective performance of any and all duties imposed on them.

33. That at all relevant times, the SR Defendants did not act negligently nor did their actions fall below a standard of reasonable care, and, therefore, cannot be held liable.

34. To the extent that any physical evidence has been changed, modified, altered, lost, or destroyed, the First Amended Complaint and each purported cause of action contained herein is barred by the doctrines of intentional and/or negligent spoliation of evidence.

35. To the extent that Plaintiffs Maria A. Perez-Sanchez and/or Andrea A. Avila-Perez have failed to preserve evidence, the First Amended Complaint and each purported cause of action contained therein is barred by the doctrines of intentional and/or negligent spoliation of evidence.

36. The events, injuries, and damages complained of in Plaintiffs' First Amended Complaint, if any, were the result of an unavoidable accident.

37. Plaintiffs' claims are barred in that the subject tire was not in an unreasonably dangerous or defective condition at the time it left the SR Defendants' control.

38. The Court selected by the Plaintiffs is an improper forum pursuant to 28 USC § 1391(a).

39. Pursuant to N.R.C.P. 11, as amended, all possible Affirmative Defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer and, therefore, SR Defendants reserve the right to amend this Answer to allege additional Affirmative Defenses if subsequent investigation warrants.

40. Some of the foregoing Affirmative Defenses may have been pled for the purpose of non-waiver. Because SR Defendants have not concluded discovery, they reserve the right to amend this Answer to withdraw affirmative defenses if warranted.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the First Amended Complaint, SR Defendants demand judgment as follows:

1. The Plaintiffs take nothing by way of the First Amended Complaint on file herein;
2. SR Defendants be awarded judgment against Plaintiffs;
3. For costs of suit and reasonable attorney's fees incurred herein; and
4. For such other and further relief as this Court may deem just and proper.

DATED this 5th day of February, 2018.

STEPHENSON & DICKINSON, P.C.

By: ______________________
BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
P: (702) 474-7229
F: (702) 474-7237
*Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to N.R.C.P. 5(b), I hereby certify that I am an employee of STEPHENSON & DICKINSON and that on this 5th day of Feb, 2018, I caused to be served a copy of the foregoing: **DEFENDANTS SUMITOMO RUBBER INDUSTRIES, LTD. AND SUMITOMO RUBBER NORTH AMERICA, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on the party(s) set forth below by:

✓ Electronic service pursuant to NECFR 9

_____ Placing an original or true copy in a sealed envelope placed for collection and mailing in the United States Mail, at Las Vegas, Nevada, postage prepaid, following ordinary business practices;

_____ Facsimile transmission only, pursuant to the amended Eighth Judicial District Court Rule 7.26

_____ Case Management/Electronic Case Filing (CM/ECF)

_____ Hand Delivery – Receipt of Copy

addressed as follows:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101

&

Robert E. Ammons, Esq.
Randy Canche, Esq.
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiff*

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Tire Express, Inc.*

[signature]
Employee of STEPHENSON & DICKINSON

41

Electronically Filed
2/5/2018 12:35 PM
Steven D. Grierson
CLERK OF THE COURT

DMJT

BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*email: admin@sdlawoffice.net*

Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive,

Defendants.

CASE NO. A-17-761291-C

DEPT. NO. XXXII

**DEMAND FOR JURY TRIAL**

///

///

///

Defendants, SUMITOMO RUBBER INDUSTRIES, LTD. and SUMITOMO RUBBER NORTH AMERICA, INC., demand a jury trial of all issues in the above matter.

DATED this 5th day of February, 2018.

STEPHENSON & DICKINSON, P.C.

By: ______________________
BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
P: (702) 474-7229
F: (702) 474-7237
*Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to N.R.C.P. 5(b), I hereby certify that I am an employee of STEPHENSON & DICKINSON and that on this 5th day of Feb, 2018, I caused to be served a copy of the foregoing: **DEMAND FOR JURY TRIAL** on the party(s) set forth below by:

✓ Electronic service pursuant to NECFR 9

________ Placing an original or true copy in a sealed envelope placed for collection and mailing in the United States Mail, at Las Vegas, Nevada, postage prepaid, following ordinary business practices;

________ Facsimile transmission only, pursuant to the amended Eighth Judicial District Court Rule 7.26

________ Case Management/Electronic Case Filing (CM/ECF)

________ Hand Delivery – Receipt of Copy

addressed as follows:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101

&

Robert E. Ammons, Esq.
Randy Canche, Esq.
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiff*

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Tire Express, Inc.*

[signature]
Employee of STEPHENSON & DICKINSON

42

Electronically Filed
2/22/2018 3:09 PM
Steven D. Grierson
CLERK OF THE COURT

**NOTC**

BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*email: admin@sdlawoffice.net*

Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive,<br><br>Defendants. | CASE NO. A-17-761291-C<br><br>DEPT. NO. XXXII<br><br>**NOTICE OF CHANGE OF ADDRESS** |

Please take notice that effective February 26, 2018, Stephenson & Dickinson, P.C.'s new address shall be:

Stephenson & Dickinson, P.C.
2820 West Charleston Boulevard
Suite 17
Las Vegas, Nevada 89102

Please take note of the new suite number. The telephone and facsimile numbers for the firm shall remain the same.

DATED this 22nd day of February, 2018.

STEPHENSON & DICKINSON, P.C.

By: *_/s/ Bruce Scott Dickinson_*

BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
P: (702) 474-7229
F: (702) 474-7237
*Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to N.R.C.P. 5(b), I hereby certify that I am an employee of STEPHENSON & DICKINSON and that on this 22nd day of Feburary, 2018, I caused to be served a copy of the foregoing: **NOTICE OF CHANGE OF ADDRESS** on the party(s) set forth below by:

__✓__ Electronic service pursuant to NECFR 9

______ Placing an original or true copy in a sealed envelope placed for collection and mailing in the United States Mail, at Las Vegas, Nevada, postage prepaid, following ordinary business practices;

______ Facsimile transmission only, pursuant to the amended Eighth Judicial District Court Rule 7.26

______ Case Management/Electronic Case Filing (CM/ECF)

______ Hand Delivery – Receipt of Copy

addressed as follows:

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101

&

Robert E. Ammons, Esq.
Randy Canche, Esq.
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 770066
*Attorneys for Plaintiff*

Steven T. Jaffe, Esq.
Jason R. Wigg, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Tire Express, Inc.*

[signature]
Employee of STEPHENSON & DICKINSON

43

Electronically Filed
2/28/2018 3:11 PM
Steven D. Grierson
CLERK OF THE COURT

**ORAP**

THE AMMONS LAW FIRM
ROBERT E. AMMONS, ESQ. (*Pro Hac Vice Pending*)
rob@ammonslaw.com
RANDY A. CANCHÉ, ESQ. (*Pro Hac Vice Pending*)
randy@ammonslaw.com
3700 Montrose Blvd.
Houston, Texas 77006
Tel.: (713) 523-1606
Fax: (713) 523-4159
&
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: XXXII

**ORDER ADMITTING TO PRACTICE**

. . . . .

FEB 2 0 2018

Robert E. Ammons, Esq. having filed this **MOTION TO ASSOCIATE COUNSEL** under Nevada Supreme Court 42, together with a Verified Application for Association of Counsel, a Certificates of Good Standing from the State of Texas, State of Florida, State of New York, State of Arizona and the State Bar of Nevada Statement; said application having been noticed, no objections having been made, and the Court being fully apprised in the premises, and good cause appearing, it is hereby;

**ORDERED**, that said application is hereby granted, and Robert E. Ammons, Esq., is hereby admitted to practice in the above-entitled Court for the purposes of the above-entitled matter only.

DATED this 07 day of February, 2018.

District Judge
JB BARE
JUDGE, DISTRICT COURT, DEPARTMENT 32

By:____________________

Donald J. Campbell, Esq. (1216)
Samuel R. Mirkovich, Esq. (11662)
Campbell & Williams
700 South Seventh Street
Las Vegas. Nevada 89101
(702) 382-5222-phone
(702) 382-0540-fax
*Attorneys for Plaintiffs*

44

Electronically Filed
3/5/2018 2:20 PM
Steven D. Grierson
CLERK OF THE COURT

**JCCR**

CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
&
THE AMMONS LAW FIRM
ROBERT E. AMMONS, ESQ.
rob@ammonslaw.com
3700 Montrose Blvd.
Houston, Texas 77006
Tel.: (713) 523-1606
Fax: (713) 523-4159

*Attorneys for Plaintiff*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: XXXII

**JOINT CASE CONFERENCE REPORT**

DISPUTE RESOLUTION CONFERENCE REQUESTED: YES ___ NO _X_

SETTLEMENT CONFERENCE REQUESTED: YES ___ NO _X_

# I.

## PROCEEDINGS PRIOR TO CASE CONFERENCE

**A.** **Date of filing First Amended Complaint:** December 12, 2017

**B.** **Date of filing of Answer by Defendant, Tire Xpress, Inc.** January 4, 2018

**Date of filing of Answer by Defendants, Sumitomo Rubber Industries, Ltd. and Sumitomo North America, Inc.** February 5, 2018

**Date of filing of Answer by Defendant, Sumitomo Rubber (Thailand) Co., Ltd.** Service pending

**For Defendants Does One through Twenty** Not applicable

**C.** **Date of Case Conference and those in Attendance:**

**Date:** February 13, 2018

**For Plaintiffs:** Samuel R. Mirkovich, Esq. and Karen Kennedy, Esq.

**For Defendant Tire Xpress, Inc.:** Kenneth Goates, Esq.

**For Defendant, Sumitomo Rubber Industries: and Sumitomo Rubber, North America, Inc.** Bruce S. Dickinson, Esq.

**For Defendant, Sumitomo Rubber (Thailand) Co., Ltd** Service pending

**For Defendants Does One through Twenty** Not applicable.

# II.

## A BRIEF DESCRIPTION OF THE ALLEGED NATURE OF THE ACTION AND EACH CLAIM FOR RELIEF OR DEFENSE [16.1(c)(1)]

**A.** **Brief Description**

Plaintiffs claim that on December 13, 2015, Maria A. Perez-Sanchez was operating a 1992 Toyota Camry on I-40 W near Mile Post 125.4 125 in Yavapai County, Arizona, with her son Luis Antonio Martinez-Perez and grandson Iker Axel Garcia-Avila as her passengers. The right rear tire

on the Camry experienced a tread separation, and the Camry caused a collision with a tractor-trailer traveling in the right lane of the same highway. Maria was seriously injured in the crash, and the two minors were killed. Plaintiffs have asserted wrongful death, product defect and negligence claims as detailed below. Defendants deny the allegations in the First Amended Complaint. Defendants have asserted defenses as also detailed below.

**B. Plaintiffs' Claims for Relief in Complaint:**

1. Strict Liability
2. Negligence
3. Wrongful Death
4. Personal Injury
5. Negligent Infliction of Emotional Stress

Plaintiffs by way of their Complaint are seeking an award of compensatory damages against Defendants.

**C. Defendant Tire Xpress, Inc.'s Affirmative Defenses:**

**FIRST AFFIRMATIVE DEFENSE**

Defendant alleges that the Plaintiffs expressly assumed whatever risk or hazard existed at the time of the claimed incident(s) and was therefore responsible for the alleged injuries suffered and further, that the Plaintiff was guilty of negligence on his own part which caused or contributed to any injuries suffered by the Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiffs have failed to timely plead this matter and has delayed the investigation and litigation of this claim to the prejudice of Defendant. Accordingly, this action should be dismissed.

**THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that there has been insufficiency of process and as a result, Defendant has been prejudiced in this litigation.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant alleges that there has been insufficiency in the service of process and as a result, Defendant has been prejudiced in this litigation.

**FIFTH AFFIRMATIVE DEFENSE**

The First Amended Complaint fails to state a claim against the Defendant upon which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**

The Court selected by the Plaintiffs is an inappropriate forum pursuant to the doctrine of forum non conveniens.

**SEVENTH AFFIRMATIVE DEFENSE**

The cause of action set forth in the First Amended Complaint is subject to dismissal for failure to join a necessary and indispensable party pursuant to NRCP 19.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that the negligence of the Plaintiffs exceeds that of the Defendant, if any, and that the Plaintiffs are thereby barred from any recovery.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages and, thus, monetary recovery, if any, should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

The First Amended Complaint and each and every purported cause of action in the First Amended Complaint fails to state facts sufficient to constitute a cause of action or to state a claim on which relief can be granted against Defendant.

**D. The Sumitomo Defendants' Affirmative Defenses:**

1. The First Amended Complaint on file herein fails to state a claim against SR Defendants upon which relief can be granted.

2. The Court selected by the Plaintiffs is an inappropriate forum pursuant to the doctrine of forum non conveniens.

3. The Court selected by the Plaintiffs is inappropriate pursuant to the choice of law provisions.

4. The Plaintiffs' claims fail because Plaintiffs failed to name a necessary party for full and adequate relief.

5. The Plaintiffs' claims fail due to lack of standing because Estates have not been appointed for the minor decedents.

6. The Plaintiffs' claims are barred by the doctrine of federal preemption.

7. The Plaintiffs' First Amended Complaint is barred, in whole or in part, by the defense of avoidable consequences.

8. The SR Defendants lack a special relationship and/or a pre-existing legal duty to Plaintiffs necessary to support Plaintiffs' causes of action.

9. The First Amended Complaint is barred by the doctrine of unclean hands by reason of Plaintiffs Maria A. Perez-Sanchez and/or Andrea A. Avila-Perez's own actions and course of conduct.

10. Plaintiffs Maria A. Perez-Sanchez and/or Andrea A. Avila-Perez have unreasonably delayed in the filing of the First Amended Complaint, and the SR Defendants have been unjustifiably prejudiced by that delay. Therefore, the causes of action asserted in the First Amended Complaint are barred by the doctrine of laches.

11. The SR Defendants allege that Plaintiffs' First Amended Complaint, claims, and damages – including but not limited to loss of enjoyment of life -, if any, as alleged, are speculative, uncertain, and not capable of being determined by a finder of fact.

12. The SR Defendants allege that they did not breach any duty owed to Plaintiffs and, as such, are not responsible for Plaintiffs' alleged injuries and damages, if any.

13.   Plaintiffs' claimed injuries and damages were not proximately caused by and conduct of the SR Defendants, and, therefore, they are not entitled to any recovery from the SR Defendants.

14.   The occurrence referred to in the First Amended Complaint and all damages, if any, arising therefrom were caused by the acts, omissions, negligence or other fault of a third person or persons over whom SR Defendants had no control.

15.   SR Defendants alleges that at the time and place alleged in the complaint, Plaintiffs Maria A. Perez-Sanchez and/or Andrea A. Avila-Perez did not exercise ordinary care, caution or prudence to avoid said incident and the resulting injuries, if any, complained of were directly and proximately contributed to and caused by the fault, carelessness and negligence of the Plaintiffs.

16.   SR Defendants alleges that the injuries, if any, suffered by the Plaintiffs were caused in whole or in part by an independent intervening cause over which SR Defendants had no control and said independent intervening cause was not the result of negligence or fault on the part of SR Defendants.

17.   Plaintiffs Maria A. Perez-Sanchez and/or Andrea A. Avila-Perez have failed to mitigate their damages and, thus, their recovery, if any, should be reduced accordingly.

18.   The SR Defendants had no duty to warn about obvious conditions that were known or reasonably should have been known or to guard or warn about the alleged condition.

19.   Plaintiffs' claims are barred in that the subject product was not in an unreasonably dangerous or defective condition at the time it left the SR Defendants' control.

20.   The SR Defendants are informed and believe, and based upon such information and belief allege, that Plaintiffs knowingly and voluntarily assumed the risks of the matters alleged in the First Amended Complaint such that any damages, if any, suffered by the Plaintiffs were the result of risks knowingly and voluntarily assumed by Plaintiffs thereby barring any recovery herein by them.

21.   The SR Defendants are informed and believe, and based upon such information and belief allege, there was an alteration of the subject product after leaving the control of SR Defendants and said alteration contributed to and was a proximate cause of the alleged incident referred to in the First Amended Complaint and the alleged injuries and damages, if any, sustained by the Plaintiffs, and if Plaintiffs are entitled to recover damages against the SR Defendants by

virtue of the First Amended Complaint, the SR Defendants pray that said recovery be diminished or extinguished by reason of such alteration of the subject product.

22. That any product or products supplied to Plaintiffs by SR Defendants, if any, were altered by parties either named or unnamed in this litigation to such an extent said alteration contributed to and was a proximate cause of the alleged incident referred to in the First Amended Complaint, such that no liability attaches to SR Defendants.

23. The SR Defendants are informed and believe, and based upon such information and belief allege, that either Plaintiff Maria A. Perez-Sanchez, or by parties either named or unnamed in this litigation, misused, abused, and/or used in an improper and unforeseeable manner the subject product, and such misuse, abuse, and/or improper use contributed to and was a proximate cause of the alleged incident referred to in the First Amended Complaint and the alleged injuries and damages, if any, sustained by the Plaintiffs, and if Plaintiffs are entitled to recover against the SR Defendants by virtue of the First Amended Complaint, the SR Defendants pray that said recover be diminished or extinguished by reason of such misuse, abuse, and/or improper use of the product in an improper and unforeseeable manner.

24. That any product or products supplied to the Plaintiffs by SR Defendants, if any, were not used in the manner for which they were intended and, as such, no liability attaches to SR Defendants.

25. Adequate and complete warnings and instructions were provided with the subject product and the subject product was neither defective nor unreasonably dangerous when used according to label instructions.

26. The subject tire was fit and proper for the use for which it was designed and intended.

27. Plaintiffs Maria A. Perez-Sanchez and/or Andrea A. Avila-Perez were, or should have been, adequately warned and fully appreciated, were aware of, or should have been aware of, the proper and safe use of the subject tire.

28. The SR Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff Maria A. Perez-Sanchez failed to properly maintain, service, and/or inspect the subject product, and that said failure to maintain, service, and/or inspect contributed to and was a proximate cause of the alleged incident referred to in the First Amended Complaint, and

the alleged injuries and damages, if any, sustained by the Plaintiffs, and if Plaintiffs are entitled to recover damages against the SR Defendants by virtue of the First Amended Complaint, the SR Defendants pray that said recovery be diminished or extinguished by reason of such failure to maintain, service, and/or inspect.

29. The SR Defendants are informed and believe, and based upon such information and belief allege, that the subject product and its factory original components were designed and manufactured according to the state of the art and no other similar products contain safety characteristics or mechanisms not in existence on the subject product and its factory original components.

30. The SR Defendants are informed and believe, and based upon such information and belief allege, that the subject product and its factory original components were designed and manufactured in compliance with regulatory and statutory standards, guidelines, rules and regulations and performed to the reasonable consumer expectations.

31. The SR Defendants allege that the subject tire was not defective, and, therefore, there is no liability based on the subject tire.

32. The SR Defendants allege that at all relevant times, they acted with due care and circumspection in the respective performance of any and all duties imposed on them.

33. That at all relevant times, the SR Defendants did not act negligently nor did their actions fall below a standard of reasonable care, and, therefore, cannot be held liable.

34. To the extent that any physical evidence has been changed, modified, altered, lost, or destroyed, the First Amended Complaint and each purported cause of action contained herein is barred by the doctrines of intentional and/or negligent spoliation of evidence.

35. To the extent that Plaintiffs Maria A. Perez-Sanchez and/or Andrea A. Avila-Perez have failed to preserve evidence, the First Amended Complaint and each purported cause of action contained therein is barred by the doctrines of intentional and/or negligent spoliation of evidence.

36. The events, injuries, and damages complained of in Plaintiffs' First Amended Complaint, if any, were the result of an unavoidable accident.

37. Plaintiffs' claims are barred in that the subject tire was not in an unreasonably dangerous or defective condition at the time it left the SR Defendants' control.

38.   The Court selected by the Plaintiffs is an improper forum pursuant to 28 USC § 1391(a).

39.   Pursuant to N.R.C.P. 11, as amended, all possible Affirmative Defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer and, therefore, SR Defendants reserve the right to amend this Answer to allege additional Affirmative Defenses if subsequent investigation warrants.

40.   Some of the foregoing Affirmative Defenses may have been pled for the purpose of non-waiver. Because SR Defendants have not concluded discovery, they reserve the right to amend this Answer to withdraw affirmative defenses if warranted.

41.   Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of the Answer to the Complaint; therefore these Defendants reserve the right to amend their answer and affirmative defenses as discovery progresses if the subsequent investigation warrants.

**III.**

**LIST OF ALL DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS IN THE POSSESSION, CUSTODY OR CONTROL OF EACH PARTY WHICH WERE IDENTIFIED OR PROVIDED AT THE EARLY CASE CONFERENCE OR AS A RESULT THEREOF: [16.1(a)(1)(b) and 16.1(c)(4)]**

**A.     Documents provided by Plaintiffs:**

1.     Arizona Crash Report (P000001-P000013)

2.     Complete Arizona Crash Report (P000014-P000071)

3.     Maria Sandoval Permanent Resident Card and Nevada Driver's License (P000072)

4.     Flagstaff Medical Center Medical Records – Maria (P000073-P001773)

5.     Las Vegas Radiology Records – Maria (P001774-P001802)

6.     Las Vegas Radiology Films – Maria (P001803)

7. Fire Recovery USA for Seligman Fire Department Billing Records – Maria (P001804-P001805)

8. Flagstaff Medical Center Billing Records – Maria (P001806-P001811)

9. Las Vegas Radiology Billing Records – Maria (P001812-P001813)

10. Andrea Avila Identification Card (P001814)

11. Andrea Avila Birth Certificate (P001815)

12. Iker Axel Garcia-Avila Birth Certificate (P001816)

13. United Funeral Support Records – Iker (P001817-P001820)

14. Luis Antonio Martinez-Perez Birth Certificate (P001821)

15. Las Vegas Athletic Club ID – Luis (P001822)

16. United Funeral Support Records – Luis (P001823-P001826)

17. Tire Xpress Business Card (P001827-P001829)

18. Tire Xpress Receipt (P001830)

19. State of Nevada DMV – 2014 Vehicle Inspection Report (P001831)

20. State of Nevada DMV – 2015 Registration Card (P001832-P001833)

21. 2014 Vehicle Certificate of Title (Original) (P001834-P001835)

22. 2015 Vehicle Certificate of Title (P001836)

23. 2016 Vehicle Certificate of Title (P001837)

24. Carfax Report (P001838-P001842)

25. Nevada Vehicle Title History (P001843-P001852)

26. 911 Arizona DPS Audio Calls (P001853)

27. Transcripts of 911 Arizona DPS Calls Transcripts (P001854)

28. Tire Photos [by Consulting Expert] (P001855)

29. Vehicle Photos [by Consulting Expert] (P001856)

30. Exemplar Tire Cut Section Photos (P001857)

31. A650 Macro Digital Scan Photos (P001858)

32. Accident Photos from Arizona Department of Public Safety (P001859)

33. Client Family Photos (P001860)

34. Client Injury Photos (P001861)

35. Client Photos (P001862)

36. Subject Tire Photos (P001863)

37. Subject Tire Preliminary Photos (P001864)

38. Vehicle & Tire Photos (P001865)

39. Yavapai County Medical Examiner Photos – Luis (P001866)

40. Accident Scene Photos & Family Photos (P001867-P001868)

41. Family Photos (P001869-P001886)

42. Iker Photos (P001887-P001935)

43. Luis Photos (P001936-P001949)

44. Maria Injury Photos (P001950-P001954)

45. Scene Photos (P001955-P001975)

46. Tire Collection (P001976)

47. Compendium for FMVSS Minimum Standards Collection (P001977)

48. Engineering Ethics Collection (P001978)

**B. Documents provided by Defendant Tire Xpress, Inc.:**

1. Summons;

2. Complaint;

3. Answer to Complaint;

4. First Amended Complaint;

5. Answer to First Amended Complaint;

6. Tire Express receipt dated 06/25/15;

7. Wholesale Tire Distributors Invoice dated 6/18/15.

**C. Documents provided by the Sumitomo Defendants:**

1. Arizona Crash Report and color photos (SR00001-SR00151)

**IV.**

**LIST NAMES OF PERSONS IDENTIFIED BY EACH PARTY AS LIKELY TO HAVE INFORMATION DISCOVERABLE UNDER RULE 26(b), INCLUDING IMPEACHMENT OR REBUTTAL WITNESSES: [16.1(a)(1)(A) and 16.1(c)(3)]**

**A. Plaintiff's Witnesses:**

1. Maria A. Perez-Sanchez

   Maria A. Sandoval-De-Delgado (on police report)
   2423 N. Crawford Street
   North Las Vegas, Nevada 89030

2. Andrea A. Avila Perez
   2423 N. Crawford Street
   North Las Vegas, Nevada 89030

3. Christopher D. Crawford
   4027 Allegheny Terrace
   Springdale, Arkansas 72764
   Telephone: (870) 270-0502

4. Trooper N. Harnois, Investigating Trooper, Badge #6757
   Arizona Department of Public Safety
   P. O. Box 6638
   Phoenix, Arizona 85005
   Telephone: (602) 223-2000

5. Native Air Rescue #44
   P.O. Box 2532
   Fontana, California 92335
   Telephone: (800) 499-9495

6. Yuri M. Lewicky, M.D.
   Flagstaff Medical Center
   1200 N. Beaver Street
   Flagstaff, Arizona 86001
   Telephone: (928) 779-3366

7. Bhuvana P. Kittusamy, M.D.
Las Vegas Radiology
7500 Smoke Ranch Road
Las Vegas, Nevada 89128
Telephone: (702) 254-5004

8. Nianjun Tang, M.D.
Centennial Medical Group
4454 N. Decatur Boulevard
Las Vegas, Nevada 89130
Telephone: (702) 839-1203

9. Mark Fischione, M.D., Chief Medical Examiner
Yavapai County Medical Examiner
918 Prosser Lane
Prescott, Arizona 86301
Telephone: (928) 771-3163

10. United Funeral Support Services
10409 N. 21st Avenue, Suite 2
Phoenix, Arizona 85021
Telephone: (602) 258-8855

**B. Defendant Tire Xpress, Inc.'s Witnesses:**

1. MARIA A. PEREZ-SANCHEZ, as Surviving Mother of
LUIS ANTONIO MARTINEZ-PEREZ
c/o Donald J. Cambpell, Esq.
Samuel R. Mirkovich, Esq.
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101

- AND -

Robert E. Ammons, Esq.
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006

2. AVILA-PEREZ, as Surviving Mother of
IKER AXEL GARCIA-AVILA
c/o Donald J. Cambpell, Esq.
Samuel R. Mirkovich, Esq.
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101

- AND -

Robert E. Ammons, Esq.
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006

3. NRCP 30(b)(6) Witness(es) for
TIRE XPRESS, INC., Defendant
c/o HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128

4. HEALTH CARE PROVIDERS.

5. MEDICAL EXPERT(S).

6. BIOMECHANICAL/HUMAN FACTORS EXPERT(S).

**C. The Sumitomo Defendants' Witnesses:**

1. Maria A. Perez-Sanchez
Andrea A. Avila-Perez
c/o Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101; and

Robert E. Ammons, Esq.
The Ammons Law Firm, LLP
3700 Montrose Boulevard
Houston, Texas 770066

2. Maria A. Sandoval De Delgado
2624 E. Tonopah Ave.
Las Vegas, Nevada 89030
(702) 410-0726

3. These individuals are listed in the Arizona Crash Report as witnesses to some of the events before the accident or arriving after the crash and witnessing events post- accident:

A. Christopher D. Crawford
4027 Allegheny Terrace
Springdale, Arkansas 72764
(870) 270-0502

     B.     Dino D. Yazzie
               P.O. Box 1342
               Chinle, Arizona 86503

     C.     Cheryl Oquendo
               Patrick Oquendo
               3450 S. Poplar St. #103
               Denver, Colorado 80224
               (303) 589-7204
               (303) 782-5678

     D.     Sean L'Hullier
               709 S. Lochiel Rd.
               Golden Valley, Arizona 86413

    4.     These individuals are listed in the Arizona Crash Report as being highway patrol troopers involved in the post-accident investigation and witnessing events post-accident:

     A.     Capt. G.R. Manera, #4577
     B.     Sgt. M. Hardt, #4463
     C.     Trooper N. Harnois, #06757
     D.     Trooper R. Gateley, #4775
     E.     Trooper G. Huddleston, #5759
     F.     Trooper B. Merrit, #5498
     G.     Trooper T. M. Humphrey, #7153
               c/o Arizona Department of Transportation
               206 S. 17th Avenue
               Phoenix, Arizona 85007-3233

    5.     These individuals are listed in the Arizona Crash Report as being first responders involved in providing emergency medical services, fire or other related activities:

     A.     Gordon Beasley
               c/o Seligman Fire Department
               200 Chino St.
               Seligman, Arizona 86337

     B.     N.R.C.P 30(b)(6) Persons with Knowledge
               Seligman Fire Department
               200 Chino St.
               Seligman, Arizona 86337

     C.     N.R.C.P 30(b)(6) Persons with Knowledge
               Ash Fork Fire Department
               47202 5th Street
               Ash Fork, Arizona 86320

D. N.R.C.P 30(b)(6) Persons with Knowledge
Native Air Ambulance
6229 S. Sossaman Rd. #101
Mesa, Arizona 85212

E. N.R.C.P 30(b)(6) Persons with Knowledge
Life Line Ambulance
1099 W. Iron Springs Rd.
Prescott, Arizona 86305

6. Chelsea M. Zablo, RN
Flagstaff Medical Center
1200 N. Beaver St.
Flagstaff, Arizona 86001

7. Dr. Mark Fischione, Chief Medical Examiner
Yavapai County Medical Examiner's Office
7100 N. County Fair Trail B
Prescott, Arizona 86314

8. N.R.C.P 30(b)(6) Persons with Knowledge
Maryland Transport, LLC
2231 North Lowell Rd.
Springdale, Arkasas 72764

9. N.R.C.P 30(b)(6) Persons with Knowledge
Tire Xpress, Inc.
c/o Hall Jaffe & Clayton, LLP
7425 Peak Drive
Las Vegas, Nevada 89128

10. These individuals are identified in the Arizona Crash Report as being close family friends with Sandoval De Delgado and Avila-Perez who spoke with Arizona Highway Patrol Troopers regarding the identity of Luis Antonio Martinez-Perez and Iker Axel Garcia-Avila and the care of Sandoval De Delgado.

A. Solevada Braulio
South Carolina
(864) 382-9567

B. Melissa Osorio
Las Vegas, Nevada
(702) 410-0726

11. N.R.C.P 30(b)(6) Persons with Knowledge

Johnson's Heavy Towing, Inc.
3700 N. Eagle Mountain Dr.
Flagstaff, Arizona 86004

12. N.R.C.P 30(b)(6) Persons with Knowledge
Yavapai County Sheriff/Evidence Lot
255 E. Gurley St.
Prescott, Arizona 86301

13. Any witness listed by any party.

**V.**

**DISCOVERY PLAN PURSUANT [16.1(b)(2) and 16.1(c)(2)]**

**A. What changes, if any, should be made in the timing, form or requirements for disclosures under NRCP 16.1(a):**

1. The Parties' view: None.

When Disclosures under NRCP 16.1(a)(1) were made or will be made:

1. Plaintiffs' disclosures: February 27, 2018

2. Defendant, Tire Express Inc.'s disclosures: February 14, 2018

3. Defendant, Sumitomo Rubber Industries and Sumitomo Rubber North America, Inc.'s disclosures: February 26, 2018

**B. Subjects on which discovery may be needed:**

1. The Parties' view: Normal subjects in a wrongful death/products liability matter, including but not limited to liability, causation, and damages.

**C. Should discovery be conducted in phases or limited to or focused on particular issues:**

1. The Parties' view: No.

**D. What changes, if any, should be made in limitations on discovery imposed under these rules and what, if any, other limitations should be imposed:**

1. The Parties' view: None.

**E. What, if any, orders should be entered by court under Rule 26(c) or rule 16(b) and (c):**

1. The Parties' view: The parties are currently working on a protective order of confidentiality which includes but is not limited to ESI data.

**F. Estimated time for trial:**

1. The Parties' view: 7-10 days.

**VI.**

**DISCOVERY AND MOTION DATES: [16.1(c)(5)-(8)]**

**A. Dates agreed by the parties (at the early case conference):**

1. Close of discovery: February 18, 2019

2. Final date to file motions to amend pleadings or add parties (without a further court order): November 19, 2018

4. Final dates for liability expert disclosures:

   i. Plaintiffs' initial expert disclosure: November 19, 2018

   ii. Defendants' initial expert disclosures: December 19, 2018

   iii. Rebuttal expert disclosures: January 18, 2019

4. Dates for damages expert disclosures:

   i. Initial disclosures: December 19, 2018

   ii. Rebuttal disclosures: January 18, 2019

5. Final date to file dispositive motions: April 18, 2019

The parties recognize that these deadlines may need to be extended as there are international defendants; therefore, there will be an additional lead time to obtain discovery documents which may also need to be translated. Additionally, there are approximately 25 individuals who either witnessed or were first responders to the accident. These witnesses reside outside the State of Nevada. Moreover, it is anticipated that the parties will have multiple expert witnesses who also reside outside the State of Nevada.

**B. In the event the parties do not agree on dates, the following section must be completed:**

Not applicable.

**VII.**

**JURY DEMAND [16.1(c) (10)]**

A Jury Demand has been filed: **Yes.**

**VIII.**

**INITIAL DISCLOSURES/OBJECTIONS [16.1(a)(1)]**

All parties reserve the right to object to the disclosures at a later date.

This report is signed in accordance with rule 26(g)(1) of the Nevada Rules of Civil Procedure. Each signature constitutes a certification that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, the disclosures made by the signer are complete and correct as of this time.

DATED: March 2, 2018

CAMPBELL AND WILLIAMS

By:______________________
Samuel R. Mirkovich, Esq.
700 South 7th Street
Las Vegas, Nevada 89101
Facsimile: (702) 382-0540
*Attorneys for Plaintiffs*

STEPHENSON DICKINSON

By:______________________
Bruce S. Dickinson, Esq.
2820 W. Charleston Blvd., Suite B-19
Las Vegas, Nevada 89102
Facsimile: (702) 474-7237
*Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.*

HALL JAFFE CLAYTON

By:______________________
Steven T. Jaffe, Esq.
Kenneth E. Goates, Esq.
7425 Peak Drive
Las Vegas, Nevada 89128
Facsimile (866) 595-3371
*Attorneys for Tire Xpress, In*

Not applicable.

**VII.**

**JURY DEMAND [16.1(c) (10)]**

A Jury Demand has been filed: **Yes.**

**VIII.**

**INITIAL DISCLOSURES/OBJECTIONS [16.1(a)(1)]**

All parties reserve the right to object to the disclosures at a later date.

This report is signed in accordance with rule 26(g)(1) of the Nevada Rules of Civil Procedure. Each signature constitutes a certification that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, the disclosures made by the signer are complete and correct as of this time.

DATED: March 2, 2018

CAMPBELL AND WILLIAMS

By:__________________________
Samuel R. Mirkovich, Esq.
700 South 7th Street
Las Vegas, Nevada 89101
Facsimile: (702) 382-0540
*Attorneys for Plaintiffs*

STEPHENSON DICKINSON

By:__________________________
Bruce S. Dickinson, Esq.
2820 W. Charleston Blvd., Suite B-19
Las Vegas, Nevada 89102
Facsimile: (702) 474-7237
*Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.*

HALL JAFFE CLAYTON

By:__________________________
Steven T. Jaffe, Esq.
Kenneth E. Goates, Esq.
7425 Peak Drive
Las Vegas, Nevada 89128
Facsimile (866) 595-3371
*Attorneys for Tire Xpress, In*

Not applicable.

**VII.**

**JURY DEMAND [16.1(c) (10)]**

A Jury Demand has been filed: **Yes.**

**VIII.**

**INITIAL DISCLOSURES/OBJECTIONS [16.1(a)(1)]**

All parties reserve the right to object to the disclosures at a later date.

This report is signed in accordance with rule 26(g)(1) of the Nevada Rules of Civil Procedure. Each signature constitutes a certification that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, the disclosures made by the signer are complete and correct as of this time.

DATED: March 2, 2018

CAMPBELL AND WILLIAMS

By:______________________________
Samuel R. Mirkovich, Esq.
700 South 7th Street
Las Vegas, Nevada 89101
Facsimile: (702) 382-0540
*Attorneys for Plaintiffs*

STEPHENSON DICKINSON

By:______________________________
Bruce S. Dickinson, Esq.
2820 W. Charleston Blvd., Suite B-19
Las Vegas, Nevada 89102
Facsimile: (702) 474-7237
*Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.*

LAW OFFICE OF KENNETH E. GOATES

By:______________________________
Kenneth E. Goates, Esq.
3960 Hoard Hughes Pkwy, Suite 600
Las Vegas, Nevada 89169
Facsimile (866) 595-3371
*Attorneys for Tire Xpress, In*

45

Electronically Filed
3/5/2018 2:22 PM
Steven D. Grierson
CLERK OF THE COURT

NEOJ
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,<br><br>Plaintiffs,<br><br>SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,<br><br>Defendants. | Case No.: A-17-761291-C<br>Dept. No.: XXXII<br><br>**NOTICE OF ENTRY OF ORDER** |

Please take notice that on the 28th day of January, 2018, an Order Admitting to Practice, was duly entered in the above entitled matter, a copy of which is attached as "Exhibit 1" and by this

. . . . .

. . . . .

. . . . .

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

referenced made part hereof.

DATED this 5th day of March, 2018.

CAMPBELL AND WILLIAMS

By: */s/ Sam Mirkovich*
Samuel R. Mirkovich, Esq. (11662)
700 South 7th Street
Las Vegas, NV 89101
Telephone: 702-382-5222
Facsimile: 702-382-0540

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of Campbell & Williams, and that on this 5th day of March, 2018, I caused the foregoing document entitled **NOTICE OF ENTRY OF ORDER** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

By: /s/ ***Lucinda Martinez***
An Employee of Campbell and Williams

# EXHIBIT 1

EXHIBIT 1

Electronically Filed
2/28/2018 3:11 PM
Steven D. Grierson
CLERK OF THE COURT

**ORAP**

THE AMMONS LAW FIRM
ROBERT E. AMMONS, ESQ. (*Pro Hac Vice Pending*)
rob@ammonslaw.com
RANDY A. CANCHÉ, ESQ. (*Pro Hac Vice Pending*)
randy@ammonslaw.com
3700 Montrose Blvd.
Houston, Texas 77006
Tel.: (713) 523-1606
Fax: (713) 523-4159
&
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATTERY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: XXXII

**ORDER ADMITTING TO PRACTICE**

. . . . .

FEB 2 0 2018

Case Number: A-17-761291-C

Robert E. Ammons, Esq. having filed this **MOTION TO ASSOCIATE COUNSEL** under Nevada Supreme Court 42, together with a Verified Application for Association of Counsel, a Certificates of Good Standing from the State of Texas, State of Florida, State of New York, State of Arizona and the State Bar of Nevada Statement; said application having been noticed, no objections having been made, and the Court being fully apprised in the premises, and good cause appearing, it is hereby;

**ORDERED**, that said application is hereby granted, and Robert E. Ammons, Esq., is hereby admitted to practice in the above-entitled Court for the purposes of the above-entitled matter only.

DATED this 07 day of February, 2018.

District Judge
JB BARE
JUDGE, DISTRICT COURT, DEPARTMENT 32

By:________________

Donald J. Campbell, Esq. (1216)
Samuel R. Mirkovich, Esq. (11662)
Campbell & Williams
700 South Seventh Street
Las Vegas. Nevada 89101
(702) 382-5222-phone
(702) 382-0540-fax
*Attorneys for Plaintiffs*

46

Electronically Filed
4/24/2018 10:43 AM
Steven D. Grierson
CLERK OF THE COURT

DISTRICT COURT

CLARK COUNTY, NEVADA

MARIA A. Perez-Sanchez, et al.,

Plaintiff(s),

v.

SUMITOMO RUBBER INDUSTRIES, LTD., et al.,

Defendant(s).

CASE NO. A-17-761291-C
DEPT NO. XXXII

**NOTICE TO APPEAR FOR DISCOVERY CONFERENCE**

TO: SAMUEL R. MIRKOVICH, ESQ., CAMPBELL & WILLIAMS, attorney for Plaintiff(s);

TO: BRUCE S. DICKINSON, ESQ., STEPHENSON & DICKINSON, attorney for Defendant(s), SUMITOMO RUBBER INDUSTRIES, LTD./SUMITOMO RUBBER NORTH AMERICA, INC.; and

TO: KENNETH E. GOATES, ESQ., HALL JAFFE & CLAYTON, attorney for Defendant(s), TIRE XPRESS, INC.

IT IS HEREBY ORDERED that a Discovery Conference will be held on the **12th** day of **June**, **2018**, at the hour of **9:30** a.m. in the hearing room of the Discovery Commissioner on the 5th Floor of the Regional Justice Center, 200 Lewis Avenue.

This conference will consider:

1. Discussion of desired discovery deadline dates; and

. . .

**DISCOVERY COMMISSIONER**
EIGHTH JUDICIAL DISTRICT COURT

2. Discovery dates/Scheduling Order.

Date: April 23, 2018

DISCOVERY COMMISSIONER

**CERTIFICATE OF SERVICE**

I hereby certify that on the date filed, I placed a copy of the foregoing NOTICE TO APPEAR in the attorney folder(s), mailed or e-served as follows:

Samuel R. Mirkovich, Esq.
Bruce S. Dickinson, Esq.
Kenneth E. Goates, Esq.

COMMISSIONER DESIGNEE

47

Electronically Filed
4/24/2018 12:25 PM
Steven D. Grierson
CLERK OF THE COURT

MASS
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

THE AMMONS LAW FIRM
ROBERT E. AMMONS, ESQ.
rob@ammonslaw.com
KAREN K. KENNEDY, ESQ. (*Pro Hac Vice Pending)*
karen@ammonslaw.com
3700 Montrose Blvd.
Houston, Texas 77006
Tel.: (713) 523-1606
Fax: (713) 523-4159

*Attorneys for Plaintiff*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-761291-C
Dept. No.: XXXII

**MOTION TO ASSOCIATE COUNSEL**

Plaintiffs, Maria A. Perez-Sanchez, individually and as surviving mother of Luis Antonio Martinez-Perez, deceased, and Andrea A. Avila-Perez, as surviving mother of Iker Axel Garcia-Avila, deceased and by and through their undersigned counsel of record, Campbell & Williams, is

requesting Court for an order permitting Karen K. Kennedy, Esq. to practice in this Court for the purpose of this case only, pursuant to Nevada Supreme Court Rule 42 (SCR 42). Karen K. Kennedy, Esq., having complied with the requirements as set forth in SCR 42, hereby submits a "Verified Application for Association of Counsel," (Exhibit 1), "Certificate of Good Standing" from the State Bar of Texas (attached hereto as Exhibit 2), State Bar of Nevada Statement (attached hereto as Exhibit 3) and Proposed Order Admitting to Practice (attached hereto as Exhibit 4).

Dated this 24th day of April, 2018.

Submitted by:

By:____________________

Donald J. Campbell, Esq. (1216)
Samuel R. Mirkovich, Esq. (11662)
Campbell & Williams
700 South Seventh Street
Las Vegas. Nevada 89101
(702) 382-5222-phone
(702) 382-0540-fax

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**NOTICE OF MOTION**

To: All Interested Parties; and

To: All Counsel of Record;

PLEASE TAKE NOTICE that Plaintiffs, Maria A. Perez-Sanchez, individually and as surviving mother of Luis Antonio Martinez-Perez, deceased; and Andrea A. Avila-Perez, as surviving mother of Iker Axel Garcia-Avila, deceased will bring the foregoing **MOTION TO ASSOCIATE COUNSEL** on for decision on the 14 day of June, 2018, in Department XXXII of the above entitled Court. at 9:30 AM

Dated this 24th day of April, 2018.

By:____________________
Donald J. Campbell, Esq. (1216)
Samuel R. Mirkovich, Esq. (11662)
Campbell & Williams
700 South Seventh Street
Las Vegas. Nevada 89101
(702) 382-5222-phone
(702) 382-0540-fax

*Attorneys for Plaintiffs*

# EXHIBIT 1

EXHIBIT 1

VAPP

DISTRICT COU RT

CLARK COUNTY, NEVADA

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,

Defendants.

Case No.: A-17-76129I-C
Dept. No.: 32

**VERIFIED APPLICATION FOR ASSOCIATION OF COUNSEL UNDER NEVADA SUPREME COURT RULE 42**

Karen (First) Kristine (Middle Name) Kennedy (Last), Petitioner, respectfully represents:

1. Petitioner resides at: 5280 Caroline Street, #1613 (Street Address)

Houston, (City) Harris County, (County) Texas (State) 77004 (Zip Code)

(972) 310-9676 (Telephone)

2. Petitioner is an attorney at law and a member of the law firm of: The Ammons Law Firm

with offices at 3700 Montrose Boulevard (Street Address)

Houston, (City) Harris County, (County) Texas (State) 77006 (Zip Code)

(713) 523-1606 karen@ammonslaw.com
Telephone Email

3. Petitioner has been retained personally or as a member of the above named law firm by Maria A. Perez-Sanchez and Andrea Avila Perez to provide legal representation in connection with the above-entitled matter now pending before the above referenced court.

4. Since November of 2011, petitioner has been, and presently is, a member of good standing of the bar of the highest court of the State of Texas where petitioner regularly practices law.

5.Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States, and/or courts of other states on the dates indicated for each, and is presently a member in good standing of the bars of said Courts:

| | DATE ADMITTED |
|---|---|
| Supreme Court of Texas | 11/4/2011 |
| U.S. District Court /Southern District | 11/2017 |
| U.S. District Court / Eastern District | 12/28/17 |

6. Is Petitioner currently suspended or disbarred in any court? You must answer yes or no. If yes, give particulars; e.g., court, jurisdiction, date: No.

7. Is Petitioner currently subject to any disciplinary proceedings by any organization with authority at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No.

8. Has Petitioner ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law? You must answer yes or no. If yes, give particulars, e.g. court, discipline authority, date, status: No.

9. Has Petitioner ever had any certificate or privilege to appear and practice before any regulatory administrative body suspended or revoked? You must answer yes or no. If yes, give particulars, e.g., date, administrative body, date of suspension or reinstatement: No.

10. Has Petitioner, either by resignation, withdrawal, or otherwise, ever terminated or attempted to terminate Petitioner's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings? You must answer yes or no. If yes, give particulars: No.

11. Petitioner has filed the following application(s) to appear as counsel under Nevada Supreme Court Rule 42 during the past three (3) years in the following matters, if none, indicate so: *(do not include Federal Pro Hacs)*

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied? |
|---|---|---|---|
| None | | | |

12. Nevada Counsel of Record for Petition in this matter is:
(must be the same as the signature on the Nevada Counsel consent page)

| Samuel | R. | Mikovich | 11662 |
|---|---|---|---|
| First Name | Middle Name | Last Name | NV Bar # |

who has offices at Campbell & Williams,
Firm Name/Company

| 700 S. Seventh St. | Las Vegas, | Clark |
|---|---|---|
| Street Address | City | County |

| 89101 | (702) 382-5222 |
|---|---|
| Zip Code | Phone Number |

13. The following accurately represents the names and addresses of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the names and addresses of each counsel of record who appeared for said parties: (You may attach as an Exhibit if necessary.)

NAME MAILING ADDRESSS

See Exhibit "A" attached.

14. Petitioner agrees to comply with the provisions of Nevada Supreme Court Rule 42(3) and (13) and Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada in accordance with provisions as set forth in SCR 42(3) and (13). Petitioner respectfully requests that Petitioner be admitted to practice in the above-entitled court FOR THE PURPOSES OF THIS MATTER ONLY.

15. Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

I, Karen Kristine Kennedy , do hereby swear/affirm under penalty of perjury that the assertions of this application are true:

1) That I am the Petitioner in the above entitled matter.

2) That I have read Supreme Court Rule (SCR) 42 and meet all requirements contained therein, including, without limitation, the requirements set forth in SCR 42(2), as follows:

(A) I am not a member of the State Bar of Nevada;

(B) I am not a resident of the State of Nevada;

(C) I am not regularly employed as a lawyer in the State of Nevada;

(D) I am not engaged in substantial business, professional, or other activities in the State of Nevada;

(E) I am a member in good standing and eligible to practice before the bar of any jurisdiction of the United States; and

(F) I have associated with a lawyer who is an active member in good standing of the State Bar of Nevada as counsel of record in this action or proceeding.

2) That I have read the foregoing application and know the contents thereof; that the same is true of my own knowledge except as to those matters therein stated on information and belief, and as to the matter I believe them to be true.

That I further certify that I am subject to the jurisdiction of the Courts and disciplinary boards of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada; that I understand and shall comply with the standards of professional conduct required by members of the State Bar of Nevada; and that I am subject to the

disciplinary jurisdiction to the State Bar of Nevada with respect to any of my actions occurring in the course of such appearance.

DATED this 13th day of March, 2018

[signature]

Petitioner/Affiant (blue ink)

STATE OF Texas )
) ss
COUNTY OF Harris )

JOY PULLMAN
Notary Public, STATE OF TEXAS
My Comm. Exp. June 24, 2019
Notary ID #11614452

Subscribed and sworn to before me

this 13th day of March, 2018

[signature]

Notary Public

**DESIGNATION, CERTIFICATION AND CONSENT OF NEVADA COUNSEL**

SCR 42(14) Responsibilities of Nevada attorney of record.

(a) The Nevada attorney of record shall be responsible for and actively participate in the representation of a client in any proceeding that is subject to this rule.

(b) The Nevada attorney of record shall be present at all motions, pre-trials, or any matters in open court unless otherwise ordered by the court.

(c) The Nevada attorney of record shall be responsible to the court, arbitrator, mediator or administrative agency or governmental body for the administration of any proceeding that is subject to this rule and for compliance with all state and local rules of practice. It is the responsibility of Nevada counsel to ensure that the proceeding is tried and managed in accordance with all applicable Nevada procedural and ethical rules.

I Samuel R. Mirkovich hereby agree to associate with Petitioner referenced hereinabove and further agree to perform all of the duties and responsibilities as required by Nevada Supreme Court Rule 42.

DATED this 26th day of March, 2018

Nevada Counsel of Record (blue ink)

STATE OF Nevada )
) ss
COUNTY OF )

Subscribed and sworn to before me

this 26th day of March, 2018

Lucinda Martinez
Notary Public

LUCINDA MARTINEZ
Notary Public - State of Nevada
County of Clark
APPT. NO. 05-99788-1
My App. Expires June 28, 2021

**Exhibit "A"**

**Plaintiff**
Maria A. Perez-Sanchez, Individually, and as Surviving Mother of Luis Antonio Martinez-Perez, Deceased
c/o Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Fax: (702) 282-0540

and

Robert E. Ammons *(Pro Hac Vice Granted: 2/27/18)*
Texas Bar No. 01159820
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

**Plaintiff**
Andrea A. Avila-Perez, as Surviving Mother of Iker Axel Garcia-Avila, Deceased
c/o Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Fax: (702) 282-0540

and

Robert E. Ammons *(Pro Hac Vice Granted: 2/27/18)*
Texas Bar No. 01159820
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

**Defendant**
Sumitomo Rubber Industries, Ltd.
c/o Bruce S. Dickinson
Jacquelyn M. Franco
Michael Hottman
STEPHENSON & DICKINSON, P.C.
2820 West Charleston Boulevard, Suite 17
Las Vegas, Nevada 89102
Telephone:     (702) 474-7229
Facsimile:     (702) 474-7237

**Defendant**
Sumitomo Rubber North America, Inc.
c/o Bruce S. Dickinson
Jacquelyn M. Franco
Michael Hottman
STEPHENSON & DICKINSON, P.C.
2820 West Charleston Boulevard, Suite 17
Las Vegas, Nevada 89102
Telephone:     (702) 474-7229
Facsimile:     (702) 474-7237

**Defendant**
Sumitomo rubber (Thailand) Co., Ltd.
c/o President and Chief Executive Officer, Toru Nagahata
Amata City Industrial Estate
7/232 Moo 6, Soi Pornprapa, Map Yang Phon, Pluak Daeng,
21440 Rayond, Thailand

**Defendant**
Tire Xpress, Inc.
c/o Steven T. Jaffe
Jason R. Wigg
HALL JAFFE & CLAYTON LLP
7425 Peak Drive
Las Vegas, Nevada 89128
Telephone:     (702) 316-4111
Facsimile:     (702) 316-4114

# EXHIBIT 2

EXHIBIT 2

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

March 07, 2018

Re: Karen Kristine Kennedy, State Bar Number 24066599

To Whom It May Concern:

This is to certify that Karen Kristine Kennedy was licensed to practice law in Texas on November 04, 2011, and is an active member in good standing with the State Bar of Texas. "Good standing" means that the attorney is current on payment of Bar dues; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension from the practice of law.

This certification expires 30 days from the date, unless sooner revoked or rendered invalid by operation of rule or law.

Sincerely,

Linda A. Acevedo
Chief Disciplinary Counsel
LA/web



P.O. BOX 12487, CAPITOL STATION, AUSTIN, TEXAS 78711-2487, 512.427.1350; FAX: 512.427.4167

# EXHIBIT 3

EXHIBIT 3

STAT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

Case No. A-17-761291-C
Dept. No. XXXII

Maria A. Perez-Sanchez

vs.

Sumitomo Rubber Industries, LTD.

__________________________________/

**STATE BAR OF NEVADA STATEMENT PURSUANT TO SUPREME COURT RULE 42(3)(b)**

THE STATE BAR OF NEVADA, in response to the application of Petitioner, submits the following statement pursuant to SCR42(3):

SCR42(6)**Discretion.** The granting or denial of a motion to associate counsel pursuant to this rule by the court is discretionary. The court, arbitrator, mediator, or administrative or governmental hearing officer may revoke the authority of the person permitted to appear under this rule. Absent special circumstances, repeated appearances by any person or firm of attorneys pursuant to this rule shall be cause for denial of the motion to associate such person.

(a) **Limitation.** It shall be presumed, absent special circumstances, and only upon showing of good cause, that more than 5 appearances by any attorney granted under this rule in a 3-year period is excessive use of this rule.

(b) **Burden on applicant.** The applicant shall have the burden to establish special circumstances and good cause for an appearance in excess of the limitation set forth in subsection 6(a) of this rule. The applicant shall set forth the special circumstances and good cause in an affidavit attached to the original verified application.

1. DATE OF APPLICATION: March 30, 2018

2. APPLYING ATTORNEY: Karen Kristine Kennedy, Esq.

3. FIRM NAME AND ADDRESS: The Ammons Law Firm, 3700 Montrose Boulevard, Houston, TX 77006

4. NEVADA COUNSEL OF RECORD: Samuel Reid Mirkovich, Esq., Campbell & Williams, 700 S. 7th Street, Las Vegas, NV 89101

5. There is no record of previous applications for appearance by petitioner within the past three (3) years.

DATED this April 4, 2018

Suzy Moore
Member Services Admin.
Pro Hac Vice Processor
STATE BAR OF NEVADA

# EXHIBIT 4

EXHIBIT 4

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**ORAP**

CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

THE AMMONS LAW FIRM
ROBERT E. AMMONS, ESQ.
rob@ammonslaw.com
KAREN K. KENNEDY, ESQ. (*Pro Hac Vice Pending)*
karen@ammonslaw.com
3700 Montrose Blvd.
Houston, Texas 77006
Tel.: (713) 523-1606
Fax: (713) 523-4159
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,<br><br>Plaintiffs,<br><br>SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,<br><br>Defendants. | Case No.: A-17-761291-C<br>Dept. No.: XXXII<br><br>**ORDER ADMITTING TO PRACTICE** |

Karen K. Kennedy, Esq. having filed this **MOTION TO ASSOCIATE COUNSEL** under Nevada Supreme Court 42, together with a Verified Application for Association of Counsel, a Certificates of Good Standing from the State of Texas and the State Bar of Nevada Statement; said

. . . . .

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

application having been noticed, no objections having been made, and the Court being fully apprised in the premises, and good cause appearing, it is hereby;

**ORDERED**, that said application is hereby granted, and Karen K. Kennedy, Esq., is hereby admitted to practice in the above-entitled Court for the purposes of the above-entitled matter only.

DATED this _____ day of _______, 2018.

_______________________
District Judge

By:_____________________

Donald J. Campbell, Esq. (1216)
Samuel R. Mirkovich, Esq. (11662)
Campbell & Williams
700 South Seventh Street
Las Vegas. Nevada 89101
(702) 382-5222-phone
(702) 382-0540-fax
*Attorneys for Plaintiffs*

48

Electronically Filed
4/27/2018 3:56 PM
Steven D. Grierson
CLERK OF THE COURT

Donald J. Campbell (#1216)
djc@cwlawlv.com
Samuel R. Mirkovich (#11662)
srm@cwlawlv.com
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: 702-382-5222
Fax: 702-382-0540

Robert E. Ammons ***(Pro Hac Vice Granted: 2/27/18)***
Texas Bar No. 01159820
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,<br><br>Plaintiffs,<br><br>SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,<br><br>Defendants. | Case No.: A-17-761291-C<br>Dept. No.: XXXII<br><br>**REQUEST FOR INTERNATIONAL JUDICAL ASSISTANCE <u>(LETTERS ROGATORY)</u>** |

THE DISTRICT COURT OF CLARK COUNTY NEVADA presents its compliments to the Appropriate Judicial Authority of THAILAND, and respectfully requests international assistance to effect Service of Process upon SUMITOMO

RUBBER (THAILAND) CO., LTD. to be used in a civil proceeding before this Court in the above-captioned matter.

**I. REQUEST**

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the Appropriate Judicial Authority of THAILAND effect Service of Process of the PLAINTIFFS' FIRST AMENDED COMPLAINT, SUMMONS and CERTIFIED TRANSLATIONS on the below named BUSINESS ENTITY:

**SUMITOMO RUBBER (THAILAND) CO., LTD.**
**AMATA CITY INDUSTRIAL ESTATE**
**7/232 MOO 6, SOI PORNPRAPA, MAP YANG PHON, PLUAK DAENG,**
**21140 RAYONG, THAILAND**

The Appropriate Judicial Authority of THAILAND is requested to serve the above-mentioned documents by PERSONALLY SERVING THEIR PRESIDENT AND CHIEF EXECUTIVE OFFICER, MR. TORU NAGAHATA, OR by personally serving a director, managing agent or other person authorized to accept service or in a manner of service consistent with the law of THAILAND.

If service cannot be effected at the address provided, this Court respectfully requests judicial assistance to effect service by any means permitted under Thai law.

**II. FACTS OF CASE**

Plaintiffs claim that on December 13, 2015, Maria A. Perez-Sanchez was operating a 1992 Toyota Camry on I-40 W near Mile Post 125.4 125 in Yavapai County,

Arizona, with her son Luis Antonio Martinez-Perez and grandson Iker Axel Garcia-Avila as her passengers. The right rear tire on the Camry experienced a tread separation, and the Camry caused a collision with a tractor-trailer traveling in the right lane of the same highway. Maria was seriously injured in the crash, and the two minors were killed.

Plaintiffs bring this action against SUMITOMO RUBBER (THAILAND) CO., LTD., alleging strict liability, claiming the subject tire was defectively designed, manufactured and marketed. Plaintiffs also claim that safer alternative designs and proper manufacturing processes were known and reasonably available at the time the tire that failed was built. The subject tire was sold and installed while unreasonably dangerous and unsafe for its intended use by reason of its defects.

Plaintiffs seek monetary damages to compensate them for the wrongful death and personal injuries that occurred because of the December 13, 2015 automobile crash described above.

**III. RECIPROCITY**

The DISTRICT COURT OF CLARK COUNTY NEVADA is willing to provide similar assistance to the judicial authorities of THAILAND.

This Court extends to the judicial authorities of THAILAND the assurances of its highest consideration.

**IV. REIMBURSEMENT FOR COSTS**

Plaintiffs' counsel agrees to reimburse the judicial authorities of THAILAND for costs incurred in executing the letters rogatory issued from the DISTRICT COURT OF CLARK COUNTY NEVADA in an amount not to exceed Five Hundred Dollars

($500.00 USD). Should the costs incurred in executing this letters rogatory be expected to exceed Five Hundred Dollars ($500.00 USD), Plaintiffs' counsel respectfully requests that the Appropriate Judicial Authority of THAILAND contact Plaintiffs' counsel before exceeding this amount. Plaintiffs' counsel is Donald J. Campbell and Samuel R. Mirkovich of CAMPBELL & WILLIAMS and may be contacted at 700 South Seventh Street, Las Vegas, Nevada 89101 or by Telephone: 702-382-5222, Fax: 702-382-0540, or E-Mail: djc@cwlawlv.com and srm@cwlawlv.com.

In acknowledgment of the additional time which is needed to prepare and file an Answer to the attached documents, the time period for answering is extended to 45 days after service.

DATE: April 16, 2018

Rob Bare
PRESIDING JUDGE
Clark County District Court, Dept. 32
200 Lewis Avenue, RJC Courtroom 03C
Las Vegas, Nevada 89155
United States of America

49

Electronically Filed
5/7/2018 9:08 AM
Steven D. Grierson
CLERK OF THE COURT

SAO

Donald J. Campbell, Esq. (#1216)
Samuel R. Mirkovich, Esq. (#11662)
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: 702-382-5222
Fax: 702-382-0540

Robert E. Ammons, Esq. *(pro hac vice)*
Texas Bar No. 01159820
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Moth of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased, Plaintiffs, | CASE NO. A-17-761291-C<br>DEPT. NO. XXXII |
| vs. | |
| SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATERRY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive, Defendants. | **STIPULATION AND ORDER REGARDING TIRE INSPECTION** |

APR 2 - 2018

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED, by Plaintiffs Maria A. Perez-Sanchez, Individually, and as Surviving Mother of Luis Antonio Martinez-Perez, Deceased, and Andrea A. Avila-Perez, as Surviving Mother of Iker Axel Garcia-Avila ("Plaintiffs") and by Defendants Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc. ("Sumitomo"), through their respective undersigned counsel of record, that the Parties agree as follows:

Sumitomo may conduct a custodial inspection of the subject tire, tread piece and rim ("the tire evidence"). The subject tire is identified as follows: Falken Sincera SN828 size 195/70R14 91T bearing DOT number R8J93KFR1112.

Sumitomo may conduct a non-destructive inspection of the tire evidence so long as the tire evidence is not lost, misplaced, changed, altered, or otherwise modified. The condition of the tire evidence has already been documented and photographed to ensure there is no change, alteration or modification to the tire evidence while in the possession of Sumitomo. Nevertheless, Sumitomo will not alter the condition of the tire evidence as part of its inspection or perform any destructive examination or testing on the tire evidence as part of its inspection unless it obtains consent from Plaintiffs' counsel in a separate writing.

While the tire evidence is in Sumitomo's possession, Tire Xpress may conduct a non-destruction inspection of said tire evidence, in accordance with Page 2, lines 10-16, supra.

Plaintiffs will package the tire evidence for shipment to the following address: STEPHENSON & DICKINSON, P.C.; 2820 West Charleston Boulevard, Suite 17, Las Vegas, Nevada 89102; (702) 474-7229. Sumitomo will be responsible for all shipping costs for the tire evidence from and back to Plaintiffs' counsel's office. Specifically, Sumitomo shall provide the shipping label and shall arrange for the pickup and payment of the shipment of the tire evidence

by its selected shipping company (e.g., FedEx, UPS, etc.). The tire evidence shall be considered "in Sumitomo's possession" once the tire evidence has been provided by Plaintiffs to that shipping company.

Once the tire evidence is in Sumitomo's possession, all risk of loss shifts to Sumitomo. For the purposes of this Stipulation, "risk of loss" is intended to refer to the burden of risk for damage occurring to the tire evidence after the delivery to Sumitomo has occurred. In other words, Sumitomo will bear full responsibility for the tire evidence from the time the tire evidence leaves counsel for Plaintiffs' offices until it is received by same upon its return from Sumitomo. Special care and protection of the tire evidence should be taken to ensure that the tire evidence is not lost, misplaced, damaged, or otherwise modified. Loss, destruction, alteration, or modification of the tire evidence may result in sanctions.

Sumitomo will make reasonable efforts to complete its inspection of the tire evidence and return same to counsel for Plaintiffs within sixty (60) days of its receipt of same. If Sumitomo cannot complete its inspection of the tire evidence within this period of time, either the parties hereto will agree to an extension of time for Sumitomo to complete its examination, or if Plaintiffs need the tire evidence to be returned at that time, Sumitomo will be allowed additional time to examine the tire evidence at a later date.

///

///

///

DATED this _____ day of April, 2018.

______________________________
Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101
&
Robert E. Ammons, Esq. *(pro hac vice)*
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 77006
*Attorneys for Plaintiffs*

DATED this 11th day of April, 2018.

______________________________
Bruce Scott Dickinson, Esq.
Jacquelyn M. Franco, Esq.
STEPHENSON & DICKINSON
2820 W. Charleston Blvd., Suite 17
Las Vegas, Nevada 89102
*Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.*

DATED this _____ day of April, 2018.

______________________________
Steven T. Jaffe, Esq.
Kenneth E. Goates, Esq.
HALL JAFFE & CLAYTON, L.L.P.
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Tire Express, Inc.*

**ORDER**

The Court having considered the papers and pleadings on file herein, together with the terms of the preceding Stipulation;

IT IS ORDERED that the inspection of the subject tire in this case shall proceed as set forth in the preceding Stipulation.

DATED this _____ day of ________________________, 2018.

______________________________
DISTRICT COURT JUDGE

DATED this 23rd day of April, 2018.

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101
&
Robert E. Ammons, Esq. *(pro hac vice)*
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 77006
*Attorneys for Plaintiffs*

DATED this _____ day of April, 2018.

Bruce Scott Dickinson, Esq.
Jacquelyn M. Franco, Esq.
STEPHENSON & DICKINSON
2820 W. Charleston Blvd., Suite 17
Las Vegas, Nevada 89102
*Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.*

DATED this 11th day of April, 2018.

Steven T. Jaffe, Esq.
Kenneth E. Goates, Esq.
HALL JAFFE & CLAYTON, L.L.P.
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Tire Express, Inc.*

**ORDER**

The Court having considered the papers and pleadings on file herein, together with the terms of the preceding Stipulation;

IT IS ORDERED that the inspection of the subject tire in this case shall proceed as set forth in the preceding Stipulation.

DATED this 4th day of May, 2018.

DISTRICT COURT JUDGE
ROB BARE
JUDGE, DISTRICT COURT, DEPARTMENT 32

50

Electronically Filed
5/11/2018 11:57 AM
Steven D. Grierson
CLERK OF THE COURT

NTSO

CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas Bar No. 01159820
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,<br><br>Plaintiffs,<br><br>SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO RUBBER (THAILAND) CO., LTD., TIRE XPRESS, INC., and DOES ONE through TWENTY, inclusive,<br><br>Defendants. | Case No.: A-17-761291-C<br>Dept. No.: XXXII<br><br>**NOTICE OF ENTRY OF STIPULATION AND ORDER** |

Please take notice that on the 7th day of May, 2018, a Stipulation and Order Regarding Tire Inspection, was duly entered in the above entitled matter, a copy of which is attached as "Exhibit 1" and by this

. . . . .

. . . . .

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

referenced made part hereof.

DATED this 11th day of March, 2018.

CAMPBELL AND WILLIAMS

By: */s/ Sam Mirkovich*
Samuel R. Mirkovich, Esq. (11662)
700 South 7th Street
Las Vegas, NV 89101
Telephone: 702-382-5222
Facsimile: 702-382-0540

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of Campbell & Williams, and that on this 11th day of May, 2018, I caused the foregoing document entitled **NOTICE OF ENTRY OF STIPULATION AND ORDER** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

By: /s/ *Lucinda Martinez*
An Employee of Campbell and Williams

# EXHIBIT 1

# EXHIBIT 1

Electronically Filed
5/7/2018 9:08 AM
Steven D. Grierson
CLERK OF THE COURT

SAO

Donald J. Campbell, Esq. (#1216)
Samuel R. Mirkovich, Esq. (#11662)
Campbell & Williams
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: 702-382-5222
Fax: 702-382-0540

Robert E. Ammons, Esq. *(pro hac vice)*
Texas Bar No. 01159820
The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*Attorneys for Plaintiffs*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Moth of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROL TIRE COMPANY, LLC, TBC CORPORATION, now known as TBC-TIRE & BATERRY CORPORATION, MIDAS INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION and TIRE XPRESS, INC. and DOES ONE through TWENTY, inclusive,

Defendants.

CASE NO. A-17-761291-C

DEPT. NO. XXXII

**STIPULATION AND ORDER REGARDING TIRE INSPECTION**

APR 2 - 2018

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED, by Plaintiffs Maria A. Perez-Sanchez, Individually, and as Surviving Mother of Luis Antonio Martinez-Perez, Deceased, and Andrea A. Avila-Perez, as Surviving Mother of Iker Axel Garcia-Avila ("Plaintiffs") and by Defendants Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc. ("Sumitomo"), through their respective undersigned counsel of record, that the Parties agree as follows:

Sumitomo may conduct a custodial inspection of the subject tire, tread piece and rim ("the tire evidence"). The subject tire is identified as follows: Falken Sincera SN828 size 195/70R14 91T bearing DOT number R8J93KFR1112.

Sumitomo may conduct a non-destructive inspection of the tire evidence so long as the tire evidence is not lost, misplaced, changed, altered, or otherwise modified. The condition of the tire evidence has already been documented and photographed to ensure there is no change, alteration or modification to the tire evidence while in the possession of Sumitomo. Nevertheless, Sumitomo will not alter the condition of the tire evidence as part of its inspection or perform any destructive examination or testing on the tire evidence as part of its inspection unless it obtains consent from Plaintiffs' counsel in a separate writing.

While the tire evidence is in Sumitomo's possession, Tire Xpress may conduct a non-destruction inspection of said tire evidence, in accordance with Page 2, lines 10-16, supra.

Plaintiffs will package the tire evidence for shipment to the following address: STEPHENSON & DICKINSON, P.C.; 2820 West Charleston Boulevard, Suite 17, Las Vegas, Nevada 89102; (702) 474-7229. Sumitomo will be responsible for all shipping costs for the tire evidence from and back to Plaintiffs' counsel's office. Specifically, Sumitomo shall provide the shipping label and shall arrange for the pickup and payment of the shipment of the tire evidence

by its selected shipping company (e.g., FedEx, UPS, etc.). The tire evidence shall be considered "in Sumitomo's possession" once the tire evidence has been provided by Plaintiffs to that shipping company.

Once the tire evidence is in Sumitomo's possession, all risk of loss shifts to Sumitomo. For the purposes of this Stipulation, "risk of loss" is intended to refer to the burden of risk for damage occurring to the tire evidence after the delivery to Sumitomo has occurred. In other words, Sumitomo will bear full responsibility for the tire evidence from the time the tire evidence leaves counsel for Plaintiffs' offices until it is received by same upon its return from Sumitomo. Special care and protection of the tire evidence should be taken to ensure that the tire evidence is not lost, misplaced, damaged, or otherwise modified. Loss, destruction, alteration, or modification of the tire evidence may result in sanctions.

Sumitomo will make reasonable efforts to complete its inspection of the tire evidence and return same to counsel for Plaintiffs within sixty (60) days of its receipt of same. If Sumitomo cannot complete its inspection of the tire evidence within this period of time, either the parties hereto will agree to an extension of time for Sumitomo to complete its examination, or if Plaintiffs need the tire evidence to be returned at that time, Sumitomo will be allowed additional time to examine the tire evidence at a later date.

///

///

///

DATED this 23rd day of April, 2018.

Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101
&
Robert E. Ammons, Esq. *(pro hac vice)*
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 77006
*Attorneys for Plaintiffs*

DATED this ____ day of April, 2018.

Bruce Scott Dickinson, Esq.
Jacquelyn M. Franco, Esq.
STEPHENSON & DICKINSON
2820 W. Charleston Blvd., Suite 17
Las Vegas, Nevada 89102
*Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.*

DATED this 11th day of April, 2018.

Steven T. Jaffe, Esq.
Kenneth E. Goates, Esq.
HALL JAFFE & CLAYTON, L.L.P.
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Tire Express, Inc.*

**ORDER**

The Court having considered the papers and pleadings on file herein, together with the terms of the preceding Stipulation;

IT IS ORDERED that the inspection of the subject tire in this case shall proceed as set forth in the preceding Stipulation.

DATED this 4th day of May, 2018.

DISTRICT COURT JUDGE
ROB BARE
JUDGE, DISTRICT COURT, DEPARTMENT 32

DATED this _____ day of April, 2018.

______________________________
Donald J. Campbell, Esq.
Samuel R. Mirkovich, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101
&
Robert E. Ammons, Esq. *(pro hac vice)*
THE AMMONS LAW FIRM, LLP
3700 Montrose Boulevard
Houston, Texas 77006
*Attorneys for Plaintiffs*

DATED this 11th day of April, 2018.

______________________________
Bruce Scott Dickinson, Esq.
Jacquelyn M. Franco, Esq.
STEPHENSON & DICKINSON
2820 W. Charleston Blvd., Suite 17
Las Vegas, Nevada 89102
*Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.*

DATED this _____ day of April, 2018.

______________________________
Steven T. Jaffe, Esq.
Kenneth E. Goates, Esq.
HALL JAFFE & CLAYTON, L.L.P.
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Tire Express, Inc.*

**ORDER**

The Court having considered the papers and pleadings on file herein, together with the terms of the preceding Stipulation;

IT IS ORDERED that the inspection of the subject tire in this case shall proceed as set forth in the preceding Stipulation.

DATED this _____ day of ______________________, 2018.

______________________________
DISTRICT COURT JUDGE

51

A-17-761291-C

DISTRICT COURT
CLARK COUNTY, NEVADA

**Product Liability** COURT MINUTES **June 11, 2018**

A-17-761291-C Maria Perez-Sanchez, Plaintiff(s)
vs.
Sumitomo Rubber Industries Ltd, Defendant(s)

**June 11, 2018** **5:47 PM** **Minute Order**

HEARD BY: Bare, Rob COURTROOM: Chambers

COURT CLERK: Chante Williams

RECORDER:

REPORTER:

PARTIES
PRESENT:

JOURNAL ENTRIES

- Having examined the Motion to Associate Counsel, noting no Opposition filed, and good cause appearing, the Motion to Association Counsel is GRANTED. Pursuant to EDCR 2.23, the hearing on this matter set for June 14, 2018, is advanced and VACATED. Moving party to prepare and submit proposed order to chambers within 10 days.

CLERK'S NOTE: A copy of this minute order was placed in the attorney folder(s) of: Samuel R. Mirkovich, Esq., (Campbell & Williams), Josh C. Aicklen, Esq., (Lewis B B & S LLP), Bruce S. Dickinson, Esq., (Stephenson & Dickinson, P.C.), Steven T. Jaffe, Esq., (Hall Jaffe & Clayton, LLP)

52

Electronically Filed
6/18/2018 3:19 PM
Steven D. Grierson
CLERK OF THE COURT

**STIP**
BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*email: admin@sdlawoffice.net*

Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS ANTONIO MARTINEZ-PEREZ, Deceased; and ANDREA A. AVILA-PEREZ, as Surviving Mother of IKER AXEL GARCIA-AVILA, Deceased,

Plaintiffs,

vs.

SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC., SUMITOMO CORPORATION, SUMITOMO RUBBER (Thailand) CO., INC., TIRE EXPRESS, INC. and DOES ONE through TWENTY, inclusive,

Defendants.

CASE NO. A-17-761291-C

DEPT. NO. XXXII

**STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY AND ORDER THERON**

IT IS HEREBY STIPULATED TO BY AND AMONG THE PARTIES TO THE ABOVE-ENTITLED ACTION AS FOLLOWS:

The parties recognize that discovery in this action may call for production of material containing information which is confidential and subject to privacy protections guaranteed by the

JUN 13 2018

Perez-Sanchez, et al. v. Sumitomo Rubber Industries, Ltd, et al.
District Court – Clark County, Nevada
Case No. A-17-761291-C

United States and Nevada Constitutions, Nevada Rules of Professional Conduct 1.6, NRCP 26(c), and/or which a party or third-party contends is confidential and proprietary business information or other commercially sensitive information or personal confidential information in which a party has a protected proprietary and property interest. In order to preserve and maintain the confidentiality of such information produced in discovery in this litigation and in order to facilitate an orderly, timely, and economic discovery process, the parties stipulate to the following Court Order:

1. **"Confidential Material".** As used in this Protective Order, **confidential material** shall refer to information **records** of any party protected as proprietary or commercially sensitive information, trade secrets, and/or other confidential information, such as personal medical or financial records. All **confidential material** is the exclusive, inalienable property of the producing party.
Any party producing **confidential material** shall be required to also produce an index identifying the **confidential material** by name, title, Bates label, or other identifying mark. The index will be separate from, but in conjunction with, the required NRCP 16.1 disclosures to allow the receiving party to identify, retrieve, and return or destroy (as discussed in Paragraph 15) said **confidential material**.

2. **"Records".** As used in this Protective Order, **records** shall mean information, both discrete and cumulative, that is inscribed or otherwise recorded on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form. **Records** includes both electronic records and printed or typewritten.

3. **Scope.** This Protective Order shall govern **confidential material** produced or disclosed by the producing party in response to formal or informal discovery conducted in this matter. Nothing in this Protective Order shall be deemed to preclude the producing party's right to: (a) oppose discovery on grounds not addressed under the terms of this Protective Order, or (b) object on any ground to the admission of any **confidential material** into evidence at trial. Further, nothing contained in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the **confidential material** sought.

4. **Designation of Confidential Material.** The producing party may designate all or any portion of documents, things, and information it produces formally or informally to other parties in

Page 2 of 13

Perez-Sanchez, et al. v. Sumitomo Rubber Industries, Ltd, et al.
District Court – Clark County, Nevada
Case No. A-17-761291-C

this litigation as **confidential material** so long as the producing party has a good faith basis for designating the material as confidential. The designation of **confidential material** shall be made by any practicable means, including placing on the things so designated, such that it will not interfere with its legibility, an appropriate notice such as the following: **confidential material. Confidential material** will be Bates stamped, if appropriate. All materials designated as **confidential material** shall be treated as such pursuant to the terms of this Protective Order until further ordered by the Court.

5. **Inadvertent or Unintentional Production.** The inadvertent, unintentional, or in camera production of any **confidential material** shall not, under any circumstances, be deemed a waiver, in whole or in part, of the confidentiality of the **confidential material** in question. If the producing party should inadvertently produce any **confidential material** not responsive to a formal discovery demand and/or order of the Court, the recipient, upon being notified in writing of the inadvertent production, shall immediately return the **confidential material**, including all copies thereof, to the producing party, and shall make no use of the **confidential material** for any purpose.

If the information subject to a claim of attorney-client privilege, attorney work product, or any other legal privilege protecting information from discovery is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party or other person otherwise would be entitled. If a claim of inadvertent production is made pursuant to this Section, with respect to information then in the custody of another party, such party promptly shall return to the claiming party or person that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product reflecting the content of such material, and shall delete such material from any litigation-support or other database.

6. **Objection to Designation.** If any party objects to the designation of any record as **confidential material**, the party shall promptly notify the designating party in writing within sixty (60) days of receipt of the **confidential material**, specifying the factual and legal basis for the objection. If a dispute arises that cannot be resolved by agreement, then the dispute will be submitted

Page 3 of 13

Perez-Sanchez, et al. v. Sumitomo Rubber Industries, Ltd, et al.
District Court – Clark County, Nevada
Case No. A-17-761291-C

to the Court by the objecting party. Pending such determination (or the expiration of the period in which the producing party may make a challenge to an adverse ruling), the **records** shall be maintained as **confidential material.**

7. **Access to Confidential Material.** Access to **confidential material** shall be limited to **authorized persons**, solely in the performance of their duties in connection with trial preparation of this case. **Authorized persons** are:

a. Counsel of record and insurers for the parties to the pending civil action articulated above;

b. Paralegal, secretarial, administrative, and legal personnel working under the direction and control of those counsel of record or insurers for the parties (including contract staff and copy services; who will be required to sign Exhibits A and B);

c. Outside experts and consultants retained by counsel of record or insurers for the parties who have first consented to this Protective Order and signed the Promise of Confidentiality and agreed in writing to be bound by its terms, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of the producing party; and

d. The parties in this case, including their employees and representatives.

Disclosure of **confidential material** shall be made to **authorized persons** only as necessary for the prosecution or defense of the above-referenced lawsuit.

Access to **confidential material** shall not be given to any person or entity not specifically described above, including but not limited to attorneys or their staff whom are not counsel of record for this instant case and/or to members of the general public. However, nothing in this Protective Order shall prohibit the producing party from utilizing the **confidential material** as it deems appropriate, and any such use by the producing party shall not destroy the confidentiality of the **confidential material** in question for purposes of this litigation.

**Authorized persons** shall not include any organization or entity, or any representative thereof that regularly maintains and/or disseminates documents or information regarding documents,

Page 4 of 13

Perez-Sanchez, et al. v. Sumitomo Rubber Industries, Ltd, et al.
District Court – Clark County, Nevada
Case No. A-17-761291-C

including abstracts or summaries, or any other **records** as a service to its members, subscribers, or others.

8. **Promises of Confidentiality.** Each **authorized person** under Section 7(c) above who receives access to any **confidential material** shall be first given a copy of this Protective Order and advised by the counsel making the disclosure that such person must not divulge any **confidential material** to any other person except in the litigation of this lawsuit, and that such disclosure is limited to **authorized persons**. A Promise of Confidentiality is attached as Exhibit A. This Promise of Confidentiality must be signed by each **authorized person** under Section 7(c) receiving any **confidential material** in advance of receipt. The signed original of each such Promise of Confidentiality shall be provided to counsel of record for the producing party when experts are disclosed. In the case of consultants, the signed original shall be maintained by the disclosing counsel and provided to counsel for the producing party by the earlier of: (a) ten (10) days after the consulting forensic expert is designated as a testifying expert in this lawsuit; or (b) twenty (20) days after the final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment) if the consulting forensic expert is not designated as a testifying expert.

9. **Storage of Confidential Material. Authorized persons** shall maintain all **confidential material** in a secure location.

10. **Use of Confidential Material.** All **confidential material** shall be used for the purpose of the present, pending lawsuit only.

a. No **confidential material** will be produced, disclosed, or otherwise utilized in any other litigation, whether or not that litigation involves parties to this case. Further, no **confidential material** shall be disseminated or shared with any organization or entity, or any representative thereof, that regularly disseminates documents or information regarding documents, including abstracts or summaries, or any other **records** as a serve to its members, subscribers, or others, or the representative of such an organization.

b. If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any party to this Protective Order, or

Page 5 of 13

Perez-Sanchez, et al. v. Sumitomo Rubber Industries, Ltd, et al.
District Court – Clark County, Nevada
Case No. A-17-761291-C

any **authorized person** defined hereunder, that party will immediately notify the producing party's counsel of record, provide the producing party's counsel with a copy of the subpoena or other discovery request, and will take no action to interfere with the producing party obtaining an order from the appropriate Court protecting the **confidential material** from being disseminated outside the scope of this Protective Order.

11. **Court Records.** If any party wishes to file **confidential material** with the Court, that party shall comply with NRCP 26(c) and file redacted copies of the documents as necessary. In addition, the disclosure, whether produced by pleading, motion, deposition transcript, videotape, exhibit, photograph, or other material filed with any Court, the **confidential material** shall be filed in an attached sealed separate envelope containing the style of the case marked "CONFIDENTIAL MATERIAL Protected by Court Order", dated and kept under seal by the clerk of that Court until further Court order. Such **confidential material** shall, however, remain available to personnel authorized by that Court and to **authorized persons**. When practicable, however, only the confidential portion of the pleadings filed with the Court will be filed in a separate sealed envelope. If any **confidential material** is furnished to any Court by any party, a duplicate copy with the discrete **confidential material** deleted may be substituted in the public record, if appropriate.

12. **Depositions.** If any **confidential material** is used or referred to during any deposition, counsel for the producing party may require that only its representatives, **authorized persons**, the deponent, the court reporter, and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with **confidential material.** Counsel for the producing party may also serve a copy of this Protective Order upon the deponent, the court reporter, and camera operator, and require that each sign the Promise of Confidentiality (Exhibit A). Counsel for the producing party may state on the record at the deposition that the deposition includes information claimed to be **confidential material.** This designation shall be placed on the first page in the original and all copies of the deposition by the court reporter and by counsel for the parties. Those portions of the deposition which are designated as **confidential material** shall be bound separately under seal and prominently marked "Confidential material subject to Protective Order". The portions of each

Page 6 of 13

Perez-Sanchez, et al. v. Sumitomo Rubber Industries, Ltd, et al.
District Court – Clark County, Nevada
Case No. A-17-761291-C

deposition so designated shall be returned to trial counsel for the producing party within twenty (20) days of final termination of this action (the earlier of execution of a settlement agreement or entry of judgment). If the deposition includes information claimed to be **confidential material** (either testimony about **confidential material** or **confidential material** that was marked as an exhibit to the deposition), the producing party shall have thirty (30) days from receipt of any deposition transcript containing any **confidential material** or testimony thereon to designate such transcript or testimony as **confidential.**

13. **Evidence at Trial.** The treatment of **confidential material** at the time of trial is not the subject of this Protective Order. Such treatment will be addressed at a later time.

14. **Inadvertent Disclosure.** Should any **confidential material** be disclosed to any unauthorized persons, through inadvertence of a party or through the act or omission of any person, the unauthorized person: (a) shall be informed promptly of the provisions of this Protective Order by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order; (b) shall be identified immediately to counsel of record for the producing party; and (c) shall be directed if within the control of a party, or otherwise asked, to sign the Promise of Confidentiality (Exhibit A). At the producing party's sole discretion, such unauthorized person may be required to surrender to the producing party all copies of **confidential material** in such unauthorized person's possession. The person or entity whose inadvertence caused the unauthorized disclosure shall be responsible for securing the unauthorized person's assent to the Promise of Confidentiality.

15. **Return or Destruction of Confidential Material.** Within twenty (20) days of final termination of this action (the earlier of execution or a settlement agreement or entry of judgment), counsel or record for each party shall either, at the choice of that party and/or its counsel:

a. Assemble and return to counsel of record for the producing party all **confidential material** produced, including all copies, notes, summaries, renderings, photographs, recordings, electronic storage logs, and reproductions of every kind of such **confidential material.** Any **confidential material** entered on a computer database or other electronic media shall also be deleted and written over or

Page 7 of 13

Perez-Sanchez, et al. v. Sumitomo Rubber Industries, Ltd, et al.
District Court – Clark County, Nevada
Case No. A-17-761291-C

reformatted. Any direct quote from or description of **confidential material** will also be returned to counsel of record for the producing party within twenty (20) days of final termination of this action (the earlier of execution of a settlement agreement or entry of judgment). Accompanying the return of all **confidential material,** counsel of record for each party shall provide to counsel of record for the producing party a cover letter which includes: (a) the index of confidential material, as created by the producing party and (b) a detailed explanation for the failure to return any original **confidential material** that had been produced to said counsel of record. Said cover letter shall not disclose the title or substance of the **confidential material.** All signed Promises of Confidentiality shall also be forwarded to counsel of record for the producing party as provided in Paragraph 8.

b. Alternatively, all **confidential material,** including all copies, notes, summaries, renderings, photographs, recordings, electronic storage data, and reproductions of every kind of such **confidential material,** shall be destroyed in their entirety. Any **confidential material** entered on a computer database or other electronic media shall also be deleted and written over or reformatted. Following the destruction, counsel of record for each party shall provide to counsel of record for the producing party a cover letter which includes: (a) the index of confidential material, as created by the producing party and (b) a detailed explanation for the failure to destroy and original **confidential material** that had been produced to said counsel of record. Said cover letter shall not disclose the title or substance of the **confidential material.** All signed Promises of Confidentiality shall also be forwarded to counsel of record for the producing party as provided in Paragraph 8.

Each **authorized person** under Section 7(c) above who receives access to any **confidential material** shall sign the Confirmation of Return of Protected Documents upon return of the **confidential material** to the counsel of record who provided them. The Confirmation of Return of Protected Documents is attached Exhibit B. The Confirmation of Return of Documents shall be returned to the producing party within twenty (20) days of final termination of this action (the earlier

Page 8 of 13

Perez-Sanchez, et al. v. Sumitomo Rubber Industries, Ltd, et al.
District Court – Clark County, Nevada
Case No. A-17-761291-C

of execution or a settlement agreement or entry of judgment).

16. **Modifications to this Protective Order.** If any party wishes to modify this Protective Order, or its application to certain **confidential materials** or **records**, it shall first request such modification from the undersigned counsel of record. If no satisfactory agreement is reached, the party may petition the Court for modification. Until and unless modification is granted by agreement of the parties or Court Order, the terms of this Protective Order will govern.

Page 9 of 13

Perez-Sanchez, et al. v. Sumitomo Rubber Industries, Ltd, et al.
District Court – Clark County, Nevada
Case No. A-17-761291-C

**THIS PROTECTIVE ORDER IS AGREED TO BY:**

Dated: 18th day of June 2018.

CAMPBELL & WILLIAMS

By: ______________________
Donald J. Campbell, Bar No. 1216
Samuel R. Mirkovich, Bar No. 11662
700 South Seventh Street
Las Vegas, Nevada 89101

&

THE AMMONS LAW FIRM

By: ______________________
Robert E. Ammons, *pro hac vice*
3700 Montrose Law Firm, LLP
Houston, TX 77006

Dated: _____ day of __________ 2018.

STEPHENSON & DICKINSON

By: ______________________
Bruce Scott Dickinson, Bar No. 2297
Jacquelyn M. Franco, Bar No. 13484
2820 West Charleston Blvd., Suite 17
Las Vegas, NV 89102

Dated: _____ day of __________ 2018.

HALL JAFFE CLAYTON

By: ______________________
Steven T. Jaffee, Bar No. 7035
Kenneth E. Goates, Bar No. 8087
7425 Peak Drive
Las Vegas, NV 89128

**IT IS SO ORDERED**

______________________
**DISTRICT COURT JUDGE**

**DATED:** ______________________

Page 10 of 13

Perez-Sanchez, et al. v. Sumitomo Rubber Industries, Ltd, et al.
District Court – Clark County, Nevada
Case No. A-17-761291-C

**THIS PROTECTIVE ORDER IS AGREED TO BY:**

Dated: _____ day of __________ 2018.

CAMPBELL & WILLIAMS

By: ______________________
Donald J. Campbell, Bar No. 1216
Samuel R. Mirkovich, Bar No. 11662
700 South Seventh Street
Las Vegas, Nevada 89101

&

THE AMMONS LAW FIRM

By: ______________________
Robert E. Ammons, *pro hac vice*
3700 Montrose Law Firm, LLP
Houston, TX 77006

Dated: 12th day of June 2018.

STEPHENSON & DICKINSON

By: ______________________
Bruce Scott Dickinson, Bar No. 2297
Jacquelyn M. Franco, Bar No. 13484
2820 West Charleston Blvd., Suite 17
Las Vegas, NV 89102

Dated: 12th day of June 2018.

HALL JAFFE CLAYTON

By: ______________________ 14193 for:
Steven T. Jaffee, Bar No. 7035
Kenneth E. Goates, Bar No. 8087
7425 Peak Drive
Las Vegas, NV 89128

**IT IS SO ORDERED**

______________________
**DISTRICT COURT JUDGE**

**DATED:** June 15, 2018

ROB BARE
JUDGE, DISTRICT COURT, DEPARTMENT 32

Page **10** of **13**

Perez-Sanchez, et al. v. Sumitomo Rubber Industries, Ltd, et al.
District Court – Clark County, Nevada
Case No. A-17-761291-C

**EXHIBIT A**

**PROMISE OF CONFIDENTIALITY**

1. My name is ______________. My address is ________________________________. I am employed as ___________________ by ___________________.

2. I am aware that a Protective Order of Confidentiality has been entered in the above-referenced lawsuit, styled *Perez-Sanchez, et al. v. Sumitomo Rubber Industries, Ltd., et al.*, Case No. A-17-761291-C, and a copy of that Protective Order of Confidentiality has been given to me.

3. I promise that I will use the **confidential material** as defined under that Protective Order of Confidentiality only in connection with assisting counsel of record for the Plaintiffs or Defendants in preparing for litigation of this matter.

4. I promise that I will not disclose or discuss such **confidential material** with any person other than counsel of record for the parties or members of their staff who are actively engaged in the preparation of this case.

5. I promise that I will not use any **confidential material** produced in this matter, including but not limited to documents, indexes, pictures, depictions, listings, or summaries of said **confidential material** in any other litigation or claim against the producing party.

6. I understand that any use of the **confidential material** I obtain in any manner contrary to the provisions of the Protective Order of Confidentiality or the Promise of Confidentiality may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

7. I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order of Confidentiality.

8. Within twenty (20) days of final termination of this action (the earlier of execution of a settlement agreement or entry of judgment), I will return to the producing party, through delivery to counsel of record representing Plaintiffs or Defendants in this case, all **confidential material** or any portion or summary thereof, along with my Confirmation of Return of Documents confirming the return of said **confidential material** and listing that Bates number of each document returned. I promise that under no circumstance will I retain any originals or duplicate of any such **confidential**

Page 11 of 13

Perez-Sanchez, et al. v. Sumitomo Rubber Industries, Ltd, et al.
District Court – Clark County, Nevada
Case No. A-17-761291-C

**material**. I assume all responsibility for returning the **confidential material** to the producing party, as set forth herein, and I bear all risks associated with the purported loss, destruction, or inadvertent disclosure of such **confidential material** that has been entrusted to my care. My failure to return all such **confidential material** in violation of the Protective Order of Confidentiality may subject me to sanctions.

Signature ______________________ Date ______________

Page 12 of 13

Perez-Sanchez, et al. v. Sumitomo Rubber Industries, Ltd, et al.
District Court – Clark County, Nevada
Case No. A-17-761291-C

**EXHIBIT B**

**CONFIRMATION OF RETURN OF DOCUMENTS**

1. My name is ______________. My address is ________________________________. I am employed as ___________________ by ___________________.

2. I am aware that a Protective Order of Confidentiality has been entered in the above-referenced lawsuit, styled *Perez-Sanchez, et al. v. Sumitomo Rubber Industries, Ltd., et al.*, Case No. A-17-761291-C, and a copy of that Protective Order of Confidentiality has been given to me.

3. I acknowledge that I received **confidential material** for the sole purpose of assisting in the litigation of in the above-captioned lawsuit.

4. I promise that immediately upon being notified that this matter was terminated, I returned any and all documents or information along with all copies, prints, summaries and other reproductions of such documents or information to the counsel of record who provided them to me.

5. I promise that under no circumstance have I retained any originals or duplicate of any such **confidential material**. I have assumed all responsibility for retuning the **confidential material** to the counsel of record who provided them to me, as set forth herein, and I bear all risks associated with the purported loss, destruction, or inadvertent disclosure of such **confidential material** that had been entrusted to my care. My failure to return all such **confidential material** in violation of the Protective Order of Confidentiality may subject me to sanctions.

6. I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order of Confidentiality.

7. I understand that violating the terms of the Protective Order of Confidentiality or this Promise of Confidentiality could result in civil sanctions levied against me by the Court as well as possible criminal penalties.

_________________________________ _____________________

Signature Date

53

Electronically Filed
7/10/2018 10:16 AM
Steven D. Grierson
CLERK OF THE COURT

DSO

DISTRICT COURT

CLARK COUNTY, NEVADA

MARIA A. PEREZ-SANCHEZ, et al.,

Plaintiff(s),

v.

SUMITOMO RUBBER INDUSTRIES, LTD., et al.,

Defendant(s).

CASE NO. A-17-761291-C
DEPT NO. XXXII

**SCHEDULING ORDER**

**(Discovery/Dispositive Motions/Motions to Amend or Add Parties)**

NATURE OF ACTION: **Wrongful death**

DATE OF FILING JOINT CASE CONFERENCE REPORT(S): **3/5/18**

TIME REQUIRED FOR TRIAL: **7-10 days**

DATES FOR SETTLEMENT CONFERENCE: **None requested**

Counsel for Plaintiff(s):
**Samuel R. Mirkovich, Esq., Campbell & Williams**

Counsel for Defendant(s) SUMITOMO RUBBER INDUSTRIES, LTD./ SUMITOMO RUBBER NORTH AMERICA, INC.:
**Bruce S. Dickinson, Esq., Stephenson & Dickinson**

Counsel for Defendant(s) TIRE XPRESS, INC.:
**Kenneth E. Goates, Esq., Hall Jaffe & Clayton**

Counsel representing all parties have been heard and after consideration by the Discovery Commissioner,

. . .

. . .

**DISCOVERY COMMISSIONER**
EIGHTH JUDICIAL DISTRICT COURT

IT IS HEREBY ORDERED:

1. all parties shall complete discovery on or before 2/18/19.

2. all parties shall file motions to amend pleadings or add parties on or before 11/19/18.

**Liability Experts**

3. Plaintiffs shall make initial expert disclosures pursuant to N.R.C.P. 16.1(a)(2) on or before 11/19/18.

4. Defendants shall make initial expert disclosures pursuant to N.R.C.P. 16.1(a)(2) on or before 12/19/18.

**Damages Experts**

5. Plaintiffs & Defendants shall make initial expert disclosures pursuant to N.R.C.P. 16.1(a)(2) on or before 12/19/18.

6. all parties shall make rebuttal expert disclosures pursuant to N.R.C.P. 16.1(a)(2) on or before 1/18/19.

7. all parties shall file dispositive motions on or before 4/18/19.

Certain dates from your case conference report(s) may have been changed to bring them into compliance with N.R.C.P. 16.1.

Within 60 days from the date of this Scheduling Order, the Court shall notify counsel for the parties as to the date of trial, as well as any further pretrial requirements in addition to those set forth above.

Unless otherwise directed by the court, all pretrial disclosures pursuant to N.R.C.P. 16.1(a)(3) must be made at least 30 days before trial.

Motions for extensions of discovery shall be made to the Discovery Commissioner in strict accordance with E.D.C.R. 2.35. Discovery is completed on the day responses are due or the day a deposition begins.

Unless otherwise ordered, all discovery disputes (except disputes presented at a pre-trial conference or at trial) must first be heard by the Discovery Commissioner.

Date: July 9, 2018

DISCOVERY COMMISSIONER

**CERTIFICATE OF SERVICE**

I hereby certify that on the date filed, I placed a copy of the foregoing SCHEDULING ORDER in the attorney folder(s), mailed or e-served as follows:

Samuel R. Mirkovich, Esq.
Bruce S. Dickinson, Esq.
Kenneth E. Goates, Esq.

COMMISSIONER DESIGNEE