# EXHIBIT B

Electronically Filed
9/12/2017 9:17 AM
Steven D. Grierson
CLERK OF THE COURT

1 | Donald J. Campbell, Esq. (#1216)
2 | Samuel R. Mirkovich, Esq. (#11662)
Campbell & Williams
3 | 700 South Seventh Street
Las Vegas, Nevada 89101
4 | Telephone:    702-382-5222
Fax:              702-382-0540

5 | Robert E. Ammons, Esq.        *(pro hac vice pending)*
Texas Bar No. 01159820
6 | Randy Canché, Esq.            *(pro hac vice pending)*
Texas Bar No. 24050373
7 | The Ammons Law Firm, L.L.P.
3700 Montrose Boulevard
8 | Houston, Texas 77006
Telephone:    713-523-1606
9 | Fax:              713-523-4159

10 | *Attorneys for Plaintiffs*

11 |                        **DISTRICT COURT**

12 |                **CLARK COUNTY, NEVADA**          A-17-761291-C

13 | MARIA A. PEREZ-SANCHEZ, Individually,    ) Case No.:
and as Surviving Mother of LUIS ANTONIO   ) Dept. No.:    Department 29
14 | MARTINEZ-PEREZ, Deceased; and ANDREA     )
A. AVILA-PEREZ, as Surviving Mother of    )
15 | IKER AXEL GARCIA-AVILA, Deceased,        ) **COMPLAINT**
                                          ) **(Wrongful Death: Product Liability**
16 |              Plaintiffs,                ) **and Negligence)**
                                          ) **(Personal Injury: Product Liability**
17 |      vs.                               ) **and Negligence)**
                                          )
18 | SUMITOMO RUBBER INDUSTRIES, LTD.,        ) **Exempt from Arbitration**
SUMITOMO RUBBER NORTH AMERICA,            ) **[Amount in Excess of $75,000]**
19 | INC., SUMITOMO CORPORATION,              )
SUMITOMO CORPORATION OF                   )
20 | AMERICAS, CARROLL TIRE COMPANY,          )
LLC, TBC CORPORATION, now known as        )
21 | TBC-TIRE & BATTERY CORPORATION,          )
MIDAS INTERNATIONAL CORPORATION,          )
22 | MIDAS, LLC, TREADWAYS CORPORATION        )
and TIRE XPRESS, INC., and DOES ONE       )
23 | through TWENTY, inclusive,               )
                                          )
24 |              Defendants.                )
                                          )
25 | _____ )

26 |      Plaintiffs MARIA A. PEREZ-SANCHEZ, Individually, and as Surviving Mother of LUIS

27 | ANTONIO MARTINEZ-PEREZ, Deceased, and ANDREA A. AVILA-PEREZ, as Surviving Mother

*Complaint*                                                                    *Page 1*

1  of IKER AXEL GARCIA-AVILA, Deceased, (collectively, "Plaintiffs") bring this action against
2  SUMITOMO RUBBER INDUSTRIES, LTD., SUMITOMO RUBBER NORTH AMERICA, INC.,
3  SUMITOMO CORPORATION, SUMITOMO CORPORATION OF AMERICAS, CARROLL TIRE
4  COMPANY, LLC, TBC CORPORATION, N/K/A TBC-TIRE & BATTERY CORPORATION, MIDAS
5  INTERNATIONAL CORPORATION, MIDAS, LLC, TREADWAYS CORPORATION, TIRE
6  EXPRESS, INC., and DOES ONE through TWENTY ("Defendants"), and allege as follows:

7                                    **I. PARTIES**

8       1.    Does One through Twenty, inclusive, and each of them, are sued herein by fictitious
9  names because their true names and capacities, whether individual, associate, corporate or governmental,
10 are not now known to Plaintiffs. Plaintiffs will ask for leave to insert herein the true names and
11 capacities of such Defendants when the same are ascertained. Plaintiffs are informed and believe and
12 upon such information and belief allege that each of the Doe Defendants, which include but are not
13 limited to those providing automotive and/or tire services, is legally responsible and liable for the
14 injuries and damages hereinafter set forth, by reason of strict product liability. Plaintiffs will ask leave
15 to amend this Complaint to insert their true names and capacities and further charging allegations once
16 such facts are ascertained.

17      2.    At all times mentioned herein, Defendants and Does One through Twenty, inclusive, and
18 each of them, were the agents, servants and employees of each and the other, and were engaged in the
19 course and scope of such agency and employment. In doing the acts herein alleged, each Defendant and
20 Does were acting with the consent, permission, advance knowledge and authorization of each of the
21 other Defendants and Does, and all of such acts were ratified and approved by the officers or managing
22 agents of each and every other Defendant and Does One through Twenty.

23      3.    At all times mentioned herein, Plaintiff Maria A. Perez-Sanchez was an adult resident
24 of Nevada.

25      4.    At all times mentioned herein, Plaintiff Andrea A. Avila-Perez was an adult resident
26 of Nevada.

27

*Complaint*                                                                      *Page 2*

5.      At all times mentioned herein, decedent Luis Antonio Martinez-Perez was a minor resident of Nevada, and the son of Plaintiff Maria A. Perez-Sanchez.

6.      At all times mentioned herein, decedent Iker Axel Garcia-Avila was a minor resident of Nevada, and the son of Plaintiff Andrea A. Avila-Perez.

7.      At all times mentioned herein, Defendant Sumitomo Rubber Industries, Ltd. was and is a Japanese business organization that manufactures, markets, and sells tires, and does business in Nevada. Sumitomo Rubber Industries, Ltd. caused events to occur in Nevada out of which this action arises. Defendant Sumitomo Rubber Industries, Ltd. engages in substantial and not isolated business activities in the State of Nevada but does not maintain an agent for service in Nevada. Sumitomo Rubber Industries, Ltd. is subject to the jurisdiction of this Court and can be served by mail or pursuant to the Hague Convention, 20 U.S.T. 361 (February 10, 1969), as authorized by the Nevada Rules of Civil Procedure. Pursuant thereto, service of process may be effected by serving, by mail, a true and correct copy of the summons, with a copy of the Complaint attached thereto, to its President, Ikuji Ikeda, or any officer, director or agent for Sumitomo Rubber Industries, Ltd., 3-6-9 Wakinohamacho, Chuo-Ku, Kobe, Hyogo 651-0072 Japan.

8.      At all times mentioned herein, Defendant Sumitomo Rubber North America, Inc. was and is a California corporation doing business in Nevada out of which this action arises. Sumitomo Rubber North America, Inc. manufactures, markets, and sells tires to consumers. Defendant Sumitomo Rubber North America, Inc. does not maintain an agent for service in Nevada and can be served with process at its home office address of 8656 Haven Ave., Rancho Cucamonga, California 91730 or, alternatively, through its California registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, California 95833.

9.      At all times mentioned herein, Defendant Sumitomo Corporation was and is a Japanese business organization, which manufactures, markets, and sells tires, and does business in Nevada. Sumitomo Corporation caused events to occur in Nevada out of which this action arises.

*Complaint*                                                                *Page 3*

1  Defendant Sumitomo Corporation engages in substantial and not isolated business activities in the
2  State of Nevada but does not maintain an agent for service in Nevada. Sumitomo Corporation is
3  subject to the jurisdiction of this Court and can be served by mail or pursuant to the Hague
4  Convention, 20 U.S.T. 361 (February 10, 1969), as authorized by the Nevada Rules of Civil
5  Procedure.  Pursuant thereto, service of process may be effected by serving via mail a true and
6  correct copy of the summons, with a copy of the complaint attached thereto, to its President,
7  Kuniharu Nakamura, or any officer, director or agent for Sumitomo Corporation, Harumi Island
8  Triton Square Office Tower Y 8-11 Harumi I-chome, Chuo-ku, Tokyo 104-8610 Japan.

9       10.   At all times mentioned herein, Defendant Sumitomo Corporation of Americas was
10  and is a New York corporation doing business in the state of Nevada.  It is engaged in the
11  manufacturing, marketing and sale of tires to consumers. It can be served with process through its
12  registered agent, The Corporation Trust Company of Nevada, 701 S. Carson St., Suite 200, Carson
13  City, Nevada 89701.

14       11.   At all times mentioned herein, Defendant Carroll Tire Company, LLC, was and is a
15  Georgia limited liability company with its principal place of business in Riverdale, Georgia.  It is
16  engaged in the manufacturing, marketing, and sale of tires to consumers.  Carroll Tire Company,
17  LLC does business in the state of Nevada but does not maintain a principal place of business in
18  Nevada.  Service of process can be made on Carroll Tire Company, LLC, through the Secretary of
19  State of Nevada who is requested to forward a copy of process and this complaint to Carroll Tire
20  Company, LLC's president, Erik R. Olsen, or alternatively its registered agent, Christopher Smith, at
21  its home office at 184 Hickory Trail, Riverdale, Georgia 30274.

22       12.   At all times mentioned herein, Defendant TBC Corporation, now known as TBC-Tire
23  & Battery Corporation, was and is a Delaware corporation with its principal place of business in
24  Palm Beach Gardens, Florida. TBC Corporation is engaged in the marking and sale of tires. TBC
25  Corporation n/k/a TBC-Tire & Battery Corporation, does business in the state of Nevada but does
26  not maintain a principal place of business in Nevada. Service of process can be made on TBC
27

*Complaint*                                                                                            *Page 4*

1  Corporation n/k/a TBC-Tire & Battery Corporation through the Secretary of State of Nevada who is

2  requested to forward a copy of process and this complaint to TBC-Tire & Battery Corporation's

3  president, Erik R. Olsen, at TBC-Tire & Battery Corporation, 4300 TBC Way, Palm Beach Gardens,

4  Florida 33410, or alternatively, its registered agent, Corporation Service Company, 1201 Hays Street,

5  Tallahassee, Florida 33410.

6          13.     At all times mentioned herein, Defendant Midas International Corporation was and is

7  a Nevada corporation doing business in the state of Nevada. Midas International Corporation is

8  engaged in the marketing, sale, inspection, maintenance, and installation of tires. It can be served

9  with process through its registered agent, CSC Services of Nevada, Inc., 2215-B Renaissance Dr.,

10  Las Vegas, Nevada 89119.

11         14.     At all times mentioned herein, Defendant Midas, LLC was and is a Florida limited

12  liability company with its principal place of business in North Miami Beach, Florida. Midas, LLC is

13  engaged in the marketing, sale, inspection, maintenance, and installation of tires.  Midas LLC does

14  business in the state of Nevada but does not maintain a principal place of business in Nevada.

15  Service of process can be made on Midas, LLC through the Secretary of State of Nevada who is

16  requested to forward a copy of process and this complaint to registered agent ES Accounting

17  Services, 18401 Collins Ave. 100-241, North Miami Beach, Florida 33160.

18         15.     At all times mentioned herein, Defendant Treadways Corporation was and is a

19  Pennsylvania corporation with its principal place of business in Lansdale, Pennsylvania. Treadway

20  Corporation is engaged in the marketing, sale, inspection, maintenance, and installation of tires.

21  Treadways Corporation does business in the state of Nevada but does not maintain a principal place

22  of business in Nevada.  Service of process can be made on Treadways Corporation through the

23  Secretary of State of Nevada who is requested to forward a copy of process and this complaint to any

24  officer of Treadways Corporation, 1000 N. Cannon Ave., Lansdale, Pennsylvania 19446.

25         16.     At all times mentioned herein, Defendant Tire Xpress, Inc. was and is a Nevada

26  corporation doing business in this state and can be served with process through its registered agent,

27

*Complaint*                                                                                          *Page 5*

1  Jose Moises Arevalo, 400 S. 4th Street, Suite 270, Las Vegas, Nevada 89101.

2       17.     The named defendants are sued jointly and severally.

3  **II. VENUE AND JURISDICTION**

4       18.     Venue of this case is proper and maintainable in Clark County, Nevada, where

5  Defendant Tire Xpress, Inc. has its principal place of business.

6       19.     Personal jurisdiction is proper as to all of the defendants.

7       20.     Personal jurisdiction is proper as to Defendant Tire Xpress, Inc. because it has its

8  principal place of business in Clark County, Nevada.

9       21.     Personal jurisdiction is proper as to Defendants Sumitomo Rubber Industries, Ltd.,

10  Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of

11  Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas,

12  LLC, Treadways Corporation, and Does One through Twenty under the provisions of Nevada

13  Revised Civil Statues, Section 14.080 because each manufactures, produces, makes, markets,

14  inspects, installs, or supplies directly or indirectly products for distribution, sale, or use in this state,

15  and is thus subject to both personal jurisdiction and service of process in Nevada.

16  **III. FACTS COMMON TO ALL CAUSES OF ACTION**

17       22.     On December 13, 2015, Maria A. Perez-Sanchez (Maria) was operating a 1992

18  Toyota Camry on the highway with her son and grandson as her passengers.

19       23.     The right rear tire on the Camry experienced a tread separation, and the Camry caused

20  collided with a tractor-trailer traveling on the same highway.

21

22

23

24

25

26

27

*Complaint*                                                                                    *Page 6*



24.     Maria was seriously injured in the crash, and the two minors were killed.

25.     The tire that failed through tread separation was a Falken Sincera SN828 size 195/70R14 91T ("the tire that failed") that had been purchased at Tire Xpress, Inc.

26.     As a direct result of the incident addressed in this complaint, Plaintiff Maria sustained injuries and damages.

27.     As a direct and proximate result of the death of Luis Antonio Martinez-Perez, his mother, Maria A. Perez-Sanchez ("Marta"), has been deprived of his love, affection, society and companionship that she would have received from Luis Antonio Martinez-Perez had he lived, in addition to damages for Decedent's pain and suffering and mental anguish before his death. Maria has also sustained grief and sorrow, stress, pain and shock, all to her damage in an amount exceeding the minimum jurisdictional limits of this Court.

28.     As a direct and proximate result of the death of Iker Axel García-Avila, his mother, Andrea A. Avila-Perez ("Andrea"), has been deprived of Iker Axel García-Avila's love, affection, society and companionship that she would have received from him had he lived, in addition to damages for Decedent's pain and suffering and mental anguish he experienced before his death.

*Complaint*                                                                                                    *Page 7*

1   Andrea has also sustained grief and sorrow, stress, pain and shock, all to her damage as a result of

2   the loss of her son in an amount exceeding the minimum jurisdictional limits of this Court.

3        29.     As a direct and proximate result of the deaths of minor decedents, their estates have

4   incurred special damages, including funeral expenses.  No formal estates exist or are necessary.

5   

## IV. FIRST CAUSE OF ACTION

6   **(Strict Liability Against Sumitomo Rubber Industries, Ltd., Sumitomo Rubber
7   North America, Inc., Sumitomo Corporation, Sumitomo Corporation of Americas,
Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation,
Midas, LLC, Treadways Corporation, and Does One through Twenty)**

8

9        30.     As a first, separate and distinct cause of action, Plaintiffs complain of Sumitomo

10   Rubber Industries, Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo

11   Corporation of Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International

12   Corporation, Midas, LLC, Treadways Corporation, and Does One through Twenty, and allege:

13        31.     Plaintiffs reallege paragraphs 1 through 30 as if herein set forth verbatim.

14        32.     The tire that failed was designed and/or manufactured and/or marketed and/or

15   distributed and/or sold by Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America,

16   Inc., Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC

17   Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation, and Does One

18   through Twenty. .

19        33.     The tire that failed was unreasonably dangerous and unsafe for its intended use by

20   reason of defects.

21        34.     The tire that failed was defectively designed by Sumitomo Rubber Industries, Ltd.,

22   Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of

23   Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas,

24   LLC, Treadways Corporation, and Does One through Twenty.

25        35.     The tire that failed was defectively manufactured by Sumitomo Rubber Industries,

26   Ltd., Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of

27   Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas,

*Complaint*                                                              *Page 8*

1   LLC, Treadways Corporation, and Does One through Twenty.

2       36.     At the time of the crash, the tire that failed was being used in a manner that was

3   reasonably foreseeable by Defendants.

4       37.     The tire that failed was expected to and did reach the Plaintiffs without substantial

5   change affecting its condition.

6       38.     The tire that failed was defective because it failed by tread separation before its tread

7   wore to 2/32 of an inch.

8       39.     The tire that failed is defective because it had inadequate fatigue resistance.

9       40.     The tire that failed is defective because it was not sufficiently durable.

10       41.     The tire that failed is defective because it lacked full nylon.

11       42.     The tire that failed is defective because there is poor adhesion between the

12   components of the tire.

13       43.     The tire that failed is defective because its inner liner compound and construction are

14   inadequate.

15       44.     The tire that failed is defective because its belt skim compound formula and the

16   preparation of its belt skim was deficient.

17       45.     The tire malfunctioned while being used by the Plaintiffs. Plaintiffs provide notice of

18   their intent to rely upon the malfunction doctrine.

19       46.     The malfunction of the defective tire occurred prior to Plaintiffs' use.

20       47.     Plaintiffs did not materially alter or modify the defective tire after it was sold by the

21   Defendants and prior to the incident.

22       48.     Plaintiffs did not misuse the defective tire after it was sold by the Defendants and

23   before the defective tire malfunctioned.

24       49.     Safer alternative designs and proper manufacturing processes were known and

25   reasonably available to Sumitomo Rubber Industries, Ltd., Sumitomo Rubber North America, Inc.,

26   Sumitomo Corporation, Sumitomo Corporation of Americas, Carroll Tire Company, LLC, TBC

27

*Complaint*                                                                                    *Page 9*

1  Corporation, Midas International Corporation, Midas, LLC, Treadways Corporation, and Does One

2  through Twenty at the time the tire that failed was built.

3       50.    Plaintiffs' injuries and damages described in this Complaint were as a direct and

4  proximate result of the defective tire for which Defendants Sumitomo Rubber Industries, Ltd.,

5  Sumitomo Rubber North America, Inc., Sumitomo Corporation, Sumitomo Corporation of

6  Americas, Carroll Tire Company, LLC, TBC Corporation, Midas International Corporation, Midas,

7  LLC, Treadways Corporation, and Does One through Twenty, are strictly liable and for which

8  Plaintiffs seek judgment as set out below.

9  **V. SECOND CAUSE OF ACTION**

10  **(Strict Liability Against Tire Xpress Inc. and Does One through Twenty)**

11       51.    As a second, separate, and distinct cause of action, Plaintiffs complain of Tire Xpress,

12  Inc. and Does One through Twenty, and allege:

13       52.    Plaintiffs reallege paragraphs 1 through 51 as if herein set forth verbatim.

14       53.    The tire that failed was sold and installed by Tire Xpress, Inc. and Does One through

15  Twenty while unreasonably dangerous and unsafe for its intended use by reason of its defects.

16       54.    The tire that failed as sold and installed by Tire Xpress, Inc. and Does One through

17  Twenty  is defective because it has inadequate fatigue resistance.

18       55.    The tire that failed as sold and installed by Tire Xpress, Inc. and Does One through

19  Twenty is defective because it is not sufficiently durable.

20       56.    The tire that failed as sold and installed by Tire Xpress, Inc. and Does One through

21  Twenty is defective because it lacks full nylon.

22       57.    The crash and Plaintiffs' injuries and damages described in this Complaint were as a

23  direct and proximate result of the defective product (the tire that failed) for which Defendant Tire

24  Xpress, Inc. and Does One through Twenty are strictly liable and for which Plaintiffs seek judgment

25  as set out below.

26

27

*Complaint*                                                                                     *Page 10*

1

**VI. THIRD CAUSE OF ACTION**

2

**(Negligence Against Tire Xpress Inc. and Does One through Twenty)**

3          58.     As a third, separate and distinct cause of action, Plaintiffs complain of Tire Xpress,

4    Inc. and Does One through Twenty, and allege:

5          59.     Plaintiffs reallege paragraphs 1 through 58 as if herein set forth verbatim.

6          60.     Prior to the crash, Defendant Tire Xpress, Inc. and Does One through Twenty sold

7    and installed on the Camry the tire that failed.

8          61.     Subsequently, and only shortly before the crash, the Camry was serviced – including

9    tire inspection – by Tire Xpress, Inc. and Does One through Twenty.

10         62.     Defendant Tire Xpress, Inc. and Does One through Twenty were negligent in failing

11   to inform its customer of the dangers associated with the sale and installation of the defective Falken

12   Sincera SN828 tire on the Camry.

13         63.     Because of such negligence, the tire positioned on the right rear of the Camry

14   experienced a tread separation failure that caused the crash.

15         64.     The crash and Plaintiffs' injuries and damages described in this Complaint were as a

16   direct and proximate result of Defendant Tire Xpress, Inc.'s and Does One through Twenty's

17   negligence, for which Plaintiffs seek judgment as set out below.

18

**VI. FOURTH CAUSE OF ACTION**

19

**(Wrongful Death Against All Defendants)**

20         65.     As a fourth, separate and distinct cause of action, Plaintiffs complain of all

21   Defendants and allege:

22         66.     Plaintiffs reallege paragraphs 1 through 65 as if herein set forth verbatim.

23         67.     Plaintiffs are heirs of decedents as that term is defined under NRS 41.085 and

24   therefore may maintain an action for damages against Defendants.

25         68.     As a result of the injuries to and deaths of decedents, Plaintiffs are entitled to:

26   pecuniary damages for grief, sorrow, support, loss of probable support, companionship, society,

27

*Complaint*                                                                                    *Page 11*

1  comfort and consortium as well as for damages for the pain, suffering, mental anguish, and

2  disfigurement of the decedents.

3      69.    In addition, Plaintiffs are entitled to recover damages including, but not limited to,

4  any special damages including funeral expenses.

5  **VII. FIFTH CAUSE OF ACTION**

6  **(Personal Injury Against All Defendants)**

7      70.    As a fifth, separate and distinct cause of action, Plaintiff Maria A. Perez-Sanchez

8  complains of all Defendants and alleges:

9      71.    Plaintiff realleges paragraphs 1 through 70 as if herein set forth verbatim.

10      72.    As a direct and proximate result of injuries Plaintiff Maria A. Perez-Sanchez suffered

11  in the crash, she has incurred medical expenses for treatment.

12      73.    Maria A. Perez-Sanchez's injuries resulted in pain, disability, loss of function,

13  emotional distress and loss of enjoyment of life, all to Plaintiff's damage according to proof.

14      74.    Plaintiff are entitled to recover the above damages.

15  **VIII. SIXTH CAUSE OF ACTION**

16  **(Negligent Infliction of Emotional Distress Against All Defendants)**

17      75.    As a sixth, separate and distinct cause of action, Plaintiff Maria A. Perez-Sanchez

18  complains of all Defendants and alleges:

19      76.    Plaintiffs reallege paragraphs 1 through 75 as if herein set forth verbatim.

20      77.    As a direct and proximate result of the crash, Plaintiff Maria A. Perez-Sanchez

21  suffered severe nervous shock and emotional upset secondary to her close proximity to and

22  observation of her fatally-injured son and grandson.

23      78.    As a direct and proximate result of the crash, Plaintiff Andrea A. Avila-Perez suffered

24  severe emotional distress and anguish as a result of the death of her son which will burden her for the

25  rest of her life.

26      79.    The actions of Defendants inflicted enormous emotional distress and anguish on

27

*Complaint*      *Page 12*

1    Plaintiffs which will burden Plaintiffs for the remainder of their lives.

2        80.     Defendants had a duty to protect the decedents, Maria A. Perez-Sanchez and Andrea

3    A. Avila-Perez, from the progression of the horrific events which led to the deaths of their two

4    children.

5        81.     Defendants breached their duties which caused emotional distress to Maria A. Perez-

6    Sanchez and Andrea A. Avila-Perez for which they are entitled to damages.

7                            **IX. PUNITIVE DAMAGES**

8        82.   ·   Plaintiffs reallege paragraphs 1 through 81 as if herein set forth verbatim.

9        83.     The conduct of the Defendants constitutes gross negligence and malice as those terms

10    are defined and understood in Nevada law because it showed such an entire want of care as to

11    establish that the acts or omissions complained of resulted from actual conscious indifference to the

12    right, welfare, or safety of the persons affected by it, including Plaintiffs, Accordingly, Plaintiffs seek

13    exemplary damages in addition to their compensatory damages.

14

15           **X. EXEMPTION FROM ARBITRATION AND STATEMENT**
                  **REGARDING RIGHT TO TRIAL BY JURY**

16        84. ˙    Because the case seeks damages in excess of $50,000, this case is exempt from the

17    arbitration program as set forth in the Nevada Rules. Concurrent with this pleading, Plaintiffs seek

18    exemption from arbitration and right to trial by jury.

19        WHEREFORE, Plaintiffs, and each of them, expressly reserve the right to amend this

20    Complaint to include all items of damages not yet ascertained, pray for judgment in their favor and

21    against Defendants, and each of them, jointly and severally, as follows.

22        On the FIRST, SECOND, THIRD, FOURTH, FIFTH and SIXTH CAUSES OF ACTION:

23        1.      For general and special damages each in a sum in excess of FIFTY-THOUSAND

24               DOLLARS ($50,000.00);

25        2.      For all pure economic loss in a sum in excess of FIFTY-THOUSAND DOLLARS

26               ($50,000.00);

27

*Complaint*                                                                  *Page 13*

3.     For pre-judgment interest at the legal rate according to proof;

4.     For post-judgment interest as appropriate;

5.     For attorneys' fees and costs of suit incurred herein, including costs of expert witnesses and all other allowable costs;

6.     For such other and further relief as the Court may deem just and proper in the premises.

DATED this 11ᵗʰ day of _September_, 2017.

By:              

Donald J. Campbell (#1216)
Samuel R. Mirkovich (#11662)
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, NV 89101
Telephone:    702-382-5222
Fax:         702-382-0540

Robert E. Ammons *(pro hac vice pending)*
Texas State Bar No. 01159820
Randy Canché *(pro hac vice pending)*
Texas State Bar No. 24050373
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:    (713)523-1606
Fax:         (713)523-4159

ATTORNEYS FOR PLAINTIFFS