UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARIA A. PEREZ-SANCHEZ, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>SUMITOMO RUBBER INDUSTRIES LTD., et al.,<br><br>Defendant(s). | Case No. 2:18-CV-1278 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiffs Maria Perez-Sanchez ("Maria"), individually and as surviving mother of Luis Martinez-Perez ("Luis"), and Andrea Avila-Perez's ("Andrea"), as surviving mother of Axel Garcia-Avila ("Axel"), (collectively "plaintiffs") motion to remand. (ECF No. 12). Defendants Sumitomo Rubber Industries, LTD ("SRI") and Sumitomo Rubber North America, Inc. ("SRNA") filed a response. (ECF No. 14). Defendant Tire Xpress, Inc. ("Tire Xpress") also filed a response (ECF No. 15), to which plaintiffs replied (ECF No. 16).

Also before the court is defendant Sumitomo Robber (Thailand) Co. Ltd.'s ("SRT") motion to dismiss. (ECF No. 17). Plaintiffs filed a response (ECF No. 20), to which SRT replied (ECF No. 23).

Also before the court is plaintiffs' motion to extend. (ECF No. 19). SRI, SRNA, SRT, and Tire Xpress (collectively "defendants") did not file a response and the time to do so has passed.

Also before the court is Robert E. Ammons verified petition to practice *pro hac vice*. (ECF No. 6).

James C. Mahan
U.S. District Judge

**I.   Facts**

Plaintiffs allege that on December 13, 2015, Maria was operating a 1992 Toyota Camry on I-40 West in Yavapai County, Arizona. (ECF No. 1-3). Her son, Luis, and grandson, Axel, were passengers in the vehicle. *Id*. The right rear tire on the Camry experienced a tread separation and caused the vehicle to collide with a tractor-trailer traveling in an adjacent lane. *Id*. Maria was seriously injured in the crash and the two minors passed away. *Id*.

Plaintiffs further allege that SRI, SRNA, and SRT designed, manufactured, and distributed the tire that experienced the tread separation. *Id*. Plaintiffs also allege that Tire Xpress sold and installed the tire. *Id*.

On September 12, 2017, plaintiffs initiated this action in Nevada state court. (ECF No. 1-3). In their amended complaint, plaintiffs allege five causes of action: (1) strict liability against all defendants; (2) negligence against Tire Xpress; (3) wrongful death against all defendants; (4) "personal injury" against all defendants; and (5) negligent infliction of emotional distress against all defendants. (ECF No. 1-3).

On July 12, 2018, defendants removed this action to federal court. (ECF No. 1). Now, plaintiffs move to remand this case back to state court. (ECF No. 12).

**II.   Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of

proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

### III. Discussion

Plaintiffs argue that the court should remand this case back to state court because it lacks jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 12). Specifically, plaintiffs argue that the court lacks diversity jurisdiction because they and two defendants, STI and SRT, are aliens. *Id.*

Plaintiffs' claims arise under state law. (ECF No. 1-3). Thus, the court's sole basis for subject matter jurisdiction is diversity jurisdiction. *See id.* A federal district court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and that the action is between "citizens of different states."

When a case involves an alien plaintiff suing an alien defendant, federal courts cannot exercise diversity jurisdiction even if there is a citizen defendant present. *Faysound, Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294-95 (9th Cir. 1989); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990–91 (9th Cir. 1994). However, the presence of aliens on both sides does not defeat diversity jurisdiction when there are residents of the United States on both sides. *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1298–99 (9th Cir. 1985).

When this case was pending in Nevada state court, Maria disclosed her Nevada drivers license and permanent residence card. (ECF No. 15-1). Maria has also disclosed her Mexican Metricula Consular card, which is an identification card that the Mexican government issues to nationals residing outside of Mexico. (ECF No. 16-1). Thus, Maria is a citizen of Mexico who is lawfully present in the United States.

James C. Mahan
U.S. District Judge

- 3 -

Aliens lawfully admitted to permanent residence in the United States are treated as aliens for jurisdiction purposes. *Yokeno v. Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014) (holding that 28 U.S.C. § 1332 does not confer jurisdiction in cases between a permanent resident alien and alien defendants). Therefore, the court will treat Maria as an alien when determining whether it can exercise diversity jurisdiction.

Plaintiffs have also shown that Andrea is a Mexican citizen by disclosing her Mexican birth certificate and her Mexican voter identification card. (ECF No. 36). Moreover, the litigants do not dispute that SRI is a citizen of Japan and SRT is a citizen of the Kingdom of Thailand. (ECF Nos. 5, 12).

In light of the foregoing, this case involves alien plaintiffs, Maria and Andrea, suing alien defendants, SRI and SRT. Accordingly, the court will remand this case to state court for lack of subject matter jurisdiction. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990–91 (9th Cir. 1994) ("diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants").

## IV. Conclusion

In light of the foregoing, the court will remand this case back to state court and deny all other pending motions.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 12) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that SRT's motion to dismiss (ECF No. 17) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiffs' motion to extend (ECF No. 19) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that Ammons' verified petition to practice *pro hac vice* (ECF No. 6) be, and the same hereby is, DENIED.

. . .

. . .

The clerk shall close the case accordingly.

DATED January 17, 2019.

_____
UNITED STATES DISTRICT JUDGE